IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
:
PETER J. MILLER, CLIFFORD HOYT, and :
CAMBRIDGE RESEARCH AND :
INSTRUMENTATION, INC. :
    Plaintiffs, :
: Case No. 05-1367 RWZ
    v. :
:
PATRICK TREADO and CHEMIMAGE CORP. :
    Defendants. :
_____:

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO DISMISS COUNTS 2-5 AND TO STAY COUNT 1**

    Defendants Patrick Treado and ChemImage Corporation (collectively "Defendants") hereby reply to Plaintiffs' Response to Defendants' Motion to Stay Count 1 and Dismiss Counts 2-5 ("Plaintiffs' Response"), filed by Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively "Plaintiffs").

**INTRODUCTION**

    In recognition of the defects in their initial pleading, Plaintiffs have consented to the dismissal of Counts 2-5 of their five-count Complaint in response to the motion to dismiss filed by Defendants. Thus, the sole issue remaining before the Court on Defendants' motion is whether litigation over Count 1 of the Complaint should be stayed pending completion of the reissue proceedings currently pending before the United States Patent and Trademark Office ("PTO").

    In an effort to avoid a stay of Count 1, Plaintiffs offer various unsupportable arguments. First, Plaintiffs mischaracterize the state of the law regarding the issue of whether a stay should

be granted. As discussed more fully below, the law fully supports granting a stay in this case. The action is at its very early stages. Moreover, the reissue proceedings will determine the proper scope of the claims in the patent at issue in this litigation. Accordingly, a stay of Count 1 will clarify the inventorship issues that this Court will need to decide while, at the same time, reducing the burden of the litigation on the Court and the parties.

Plaintiffs argue that a stay should be denied because the PTO will not address the issue of inventorship in the reissue proceedings. This argument, however, misses the fundamental point of the reissue proceedings. As previously noted, the reissue proceedings will address the proper scope of the patent in question so that the Court and the parties need not waste time, effort and expense litigating inventorship questions regarding claims that are not at issue in this litigation.

Plaintiffs also argue that no stay should be granted because the reissue proceedings will not decide the question of "deceptive intent" on the part of Defendants. However, the question of whether Defendants acted with "deceptive intent" is altogether irrelevant to Plaintiffs' inventorship claim. First, under the statute governing correction of inventorship (35 U.S.C. § 256), the relevant question is whether the person seeking to be added as an inventor acted with deceptive intent – not whether the already-named inventors had such intent. Second, Plaintiffs have agreed to dismiss their claims of inequitable conduct from this case (Counts 2-3). Thus, the question of alleged deceptive intent by Defendants is, by Plaintiffs' agreement, no longer at issue in this litigation. Moreover, Plaintiffs' inconsistent position regarding the relevance of Defendants' supposed inequitable conduct serves only to highlight the fundamental flaws in Plaintiffs' attempt to avoid a stay of this litigation.

Finally, Plaintiffs argue that the reissue proceedings will not resolve the inventorship question, because they claim that Plaintiffs Miller and Hoyt are co-inventors even of the claims

as amended in the reissue proceedings.  In support of this argument, Plaintiffs rely on documents published in 1994 and 1996 and co-authored by Hoyt and Miller.  This argument is equally deficient.  Any subject matter contained in these printed publications is prior art to the patent in suit under 35 U.S.C. § 102(b).  Plaintiffs cannot succeed on their claim of inventorship unless they prove, by clear and convincing evidence, that they did "more than merely explain to the real inventors well-known concepts and/or the current state of the art."  Pannu v. Iolab Corp., 144 F.3d 1344, 1351 (Fed. Cir. 1998).  Thus, Plaintiffs' prior art publications are irrelevant to the question of inventorship.

Accordingly, Defendants respectfully request that the Court enter an Order staying the litigation in this action pending resolution of the reissue proceedings pending before the PTO.

**ARGUMENT**

**A.   A Stay Should Be Granted Because It Will Preserve Judicial Resources And Avoid Unnecessary Litigation Over The Inventorship Of Invalid Claims Not At Issue In This Case:**

In the Complaint, Plaintiffs originally asserted that claims of the patent-in-suit were invalid over prior art.[1]  Defendants agree with this point and, to that end, have sought reissue of claims in the patent that are apparently overbroad in view of prior art.[2]  It would be an utter waste of judicial resources for the Court to resolve an inventorship dispute over patent claims that both parties agree are seemingly invalid.

---

[1]   See Complaint, Count 5.

[2]   See Exhibit A to the Memorandum of Law In Support of Defendants' Motion to Dismiss Counts 2 – 5 and to Stay Count 1 Pending Completion of the Reissue Proceedings Before the United States Patent and Trademark Office, Reissue Declaration by the Inventors, ¶ 5 ("We verily believe the original patent to be wholly or partly inoperative or invalid by reason of the patentee claiming more or less than the patentee had the right to claim in the patent.").

Nevertheless, Plaintiffs argue that, because the PTO will not be making a determination of inventorship during the reissue proceedings, it is appropriate to allow this action to proceed on that issue simultaneously with the reissue proceeding. Unquestionably, if adopted, this procedure would result in a waste of judicial resources and unnecessary litigation expense to the parties. The manner in which the claims will change, or even whether the claims will survive reissue, is not currently known. Accordingly, if this action is not stayed, the parties will be litigating, and this Court will be deciding, issues that may ultimately be irrelevant in view of the claims resulting from the reissue proceedings, and possibly even moot.

For similar reasons, a stay pending completion of the reissue proceedings will simplify the issues and streamline a trial of this case. The reissue proceedings will define the claims that need to be litigated and tried.

To the extent claims emerge from the reissue proceedings, Plaintiffs will have an opportunity to resolve the alleged inventorship issues as to those claims before this Court.[3] There will be no prejudice to Plaintiffs, particularly where this litigation has not advanced beyond the pleading stage.

**B.   Plaintiffs' Argument That A Stay Should Not Be Granted, Because The PTO Will Not Address Alleged "Deceptive Intent" by Defendants, Is Meritless:**

In an attempt to support their position, Plaintiffs make much of the fact the PTO does not investigate "deceptive intent" on the part of Defendants.[4] Plaintiffs, however, ignore the basic

---

[3]   Plaintiffs have cited PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc., 225 F.3d 1315, 1322 (Fed. Cir. 2000), for the proposition that the "argument that the patents' claims were narrowed during prosecution, thereby curing any possible inventorship problems, misses the point." In PerSeptive, however, the court was addressing an issue of inequitable conduct, which is not at issue in this litigation. Accordingly, PerSeptive is neither relevant nor controlling here.

[4]   See Plaintiffs' Response, p. 5 ("[R]eissue proceedings today permit essentially no third party participation and do not consider issues such as deceptive intent. For example, the reissue proceeding commenced by defendants will not consider whether defendant Treado's reissue oath

point that the Court will not be investigating this issue either. First, under the statute governing correction of inventorship (35 U.S.C. § 256), the relevant question is whether the person seeking to be added as an inventor acted with deceptive intent – not whether the already-named inventors had such intent.[5] Second, Counts 2 and 3 of the Complaint – which alleged fraud and inequitable conduct -- are no longer in the case because Plaintiffs have agreed to dismiss those Counts. Accordingly, Plaintiffs' argument that the stay should be denied in order permit litigation in this forum over charges of "deceptive intent" is legally irrelevant because any such charges are now outside the scope of the remaining Count in this case.

C.      **Plaintiffs' Argument That The Law Weighs Against A Stay Is Wrong:**

Plaintiffs argue that the law now disfavors a stay because of a change in the regulations governing reissue proceedings. This is incorrect under the decisional authorities.

While the regulations pertaining to the conduct of reissue proceedings before the PTO changed in 1982, under the current regulations, courts <u>still</u> regularly order stays of litigation pending the outcome of reissue proceedings. <u>See, e.g.</u>, <u>ASCII Corp. v. STD Entertainment USA, Inc.</u>, 844 F. Supp. 1378 (N.D. Cal. 1994) (granting stay); <u>Clintec Nutrition Co. v. Abbott Labs.</u>, 1995 WL 228988, No. 94 C 3152 (N.D. Ill. April 13, 1995) (same). Thus, under the appropriate

---

that defendant Treado, Nelson, and Keltzer are 'the original and first inventor(s) of the subject matter which is described and claimed in' the '962 patent was made with deceptive intent."); p. 9 ("[T]oday, an Examiner in a reissue proceeding . . . is explicitly directed to not investigate fraud or other inequitable conduct (such as deliberately not listing co-inventors) when raised by a third party protester."); p. 15 ("Plaintiffs dispute this, and believe that the defendants had 'deceptive intent' when they made that oath.").

[5]      The statute provides, in relevant part, that inventorship of an issued patent may be corrected "[w]henever . . . through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part . . . ." 35 U.S.C. § 256.

5

circumstances, such as those of the present case, a stay is entirely appropriate and well within the Court's discretion.[6]

Plaintiffs' assertion that this Court should not consider the cases cited by Defendants -- as such cases are "outdated" – also has no merit. The reasoning in those cases for staying litigation pending a parallel PTO proceeding remain applicable, despite the changes in the regulations relating to the scope of issues considered by the PTO and limitations on third-party participation in reissue proceedings. See, e.g., Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1993) (purpose of stay is to eliminate trial of issue that can be addressed by PTO); GPAC, Inc. v. D.W. Enters., Inc., 144 F.R.D. 60, 64 (D.N.J. 1992) ("Most often, cases have been denied a stay due to the late stage of litigation, the fact that discovery was or would be almost completed, or the matter had been marked for trial"); Fisher Controls Co. v. Control Components, Inc., 443 F. Supp. 581, 581-82 (S.D. Iowa 1977) (granting motion for stay because it would provide significant benefit to litigation, even where substantial discovery already taken by parties). Notwithstanding Plaintiffs' contention to the contrary, whether the PTO will consider allegations of fraud or deceptive intent, and the extent to which third parties will be given an opportunity to participate in the reissue beyond the ability to file a protest, are not controlling on a court's decision whether to grant a stay pending a reissue proceeding. See Fisher Controls, 443 F. Supp. at 582 (discussing benefits of stay procedure).

---

[6]   Plaintiffs' contention regarding the state of the law is particularly curious given that they cite only one case that denies a stay request. See, e.g., Yates-American Machine Co. v. Newman Mach. Co., 694 F. Supp. 155, 157 (M.D.N.C. 1988). Moreover, even this decision is easily distinguishable from the case before the Court. Unlike here, in Yates-American, no determination by the PTO would have affected the issues in the pending litigation, and the reissue proceedings did not implicate two of the three patents at issue. Id. at 157-58.

Finally, Plaintiffs' argument that they will be denied an opportunity to present arguments to the PTO in the context of the reissue proceedings is without merit. Under 37 C.F.R. 1.291(a)(1), Plaintiffs are permitted to participate in the reissue proceedings by filing a protest. Furthermore, Plaintiffs will be able to fully challenge the claims that emerge from the reissue proceedings.

**D.    Plaintiffs' Argument That A Stay Should Be Denied, Because The Reissue Proceeding Will Not Resolve The Claim Of Co-Inventorship, Is Flawed:[7]**

Plaintiffs argue that, no matter how the claims are narrowed in the reissue, one or both of Plaintiffs Miller and Hoyt are still appropriately listed as inventors, and as such, the reissue proceeding will not address their claim of co-inventorship. Plaintiffs' claim of co-inventorship, however, is meritless under the relevant statutory authorities as a matter of law.

In support of their claim of co-inventorship, Plaintiffs rely on several documents published in 1994 and 1996 and co-authored by Plaintiffs Hoyt and Miller (namely, a Small Business Innovation Research ("SBIR") Phase I Proposal and SBIR Phase II Proposal). Any subject matter contained in these printed publications would be unpatentable prior art under 35 U.S.C. § 102(b) ("A person shall be entitled to a patent unless . . . (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States", in this case October 13, 2000). Plaintiffs cannot succeed on their claim of inventorship unless they prove, by clear and convincing evidence, that they did "more than merely explain to the real inventors well-known concepts and/or the current state of the art." Pannu v. Iolab Corp., 144

---

[7]    Defendants acknowledge that this argument is directed to the merits of the inventorship question rather than issues pertinent to the stay, but nonetheless feel compelled to address this point because it was raised by Plaintiffs in opposing the stay. See Plaintiffs' Response, p. 13.

7

F.3d 1344, 1351 (Fed. Cir. 1998). Thus, Plaintiffs' prior art publications cannot form the basis of a co-inventorship claim.[8]

Moreover, Defendants have already brought to the attention of the PTO, in connection with the reissue proceeding, all of the documents Plaintiffs have cited in support of their position, as all of these documents constitute prior art to the claims in the reissue proceedings.[9] The PTO will consider the question of whether these documents are relevant to the question of patentability. To the extent that the documents are relevant, the PTO may decide to invalidate certain of the claims. In that event, the Court and the parties will not be burdened with litigating those claims, and judicial economy will be served by the granting of a stay pending completion of the reissue proceedings.

## CONCLUSION

For the reasons set forth herein, and those in Defendants' Motion to Dismiss Counts 2-5, and to Stay Count 1 Pending Completion of Reissue Proceedings Before the U.S. Patent and

---

[8] By way of example, if Company A filed a patent application claiming a new and non-obvious way of securing wheels to a car during the assembly process, Henry Ford would not be properly named as an inventor in that patent application because he invented an assembly line for automobile manufacture.

[9] Copies of the Information Disclosure Statements filed by Defendants in connection with the reissue proceeding, citing to the prior art raised by Plaintiffs, are attached hereto as Exhibits A and B.

Trademark Office and memorandum in support thereof, Defendants respectfully request that the Court grant a stay of these proceedings.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: June 14, 2005 | /s/ Anthony J. Fitzpatrick<br>Anthony J. Fitzpatrick<br>Duane Morris LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Telephone: 617.289.9220<br>Fax: 617.289.9201<br>e-mail: ajfitzpatrick@duanemorris.com<br><br>Counsel for Defendants,<br>Patrick Treado and ChemImage Corp. |

OF COUNSEL:

Paul D. Weller
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5530
eFax:  215.963.5001
e-mail:  pweller@morganlewis.com

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re application of: | Treado et al. | : Group Art Unit: Not Yet Known |
| | | : |
| Serial No.: | 11/103,423 | : Examiner: Not Yet Known |
| Filed: | April 11, 2005 | : |
| For: | NEAR INFRARED CHEMICAL IMAGING MICROSCOPE | : Attorney Docket No.:<br>: 056751-5008 RE |

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
## PURSUANT TO 37 C.F.R. §§ 1.56 ET SEQ.

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In accordance with 37 C.F.R. § 1.97(b), the above-identified Applicants cite the following applications which may be material to the examination of this application and in respect of which there may be a duty of disclosure in accordance with 37 C.F.R. § 1.56. In compliance with 37 C.F.R. § 1.98(d), copies of publications set forth below and listed on the attached Form PTO/SB/08B (1 sheet) is enclosed.

### CERTIFICATE OF MAILING UNDER 37 CFR § 1.8

I hereby certify that this paper and the documents and/or fees referred to herein as transmitted, submitted or enclosed are being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to the Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date indicated below.

Name: __Sharon B. McCullen__   Signature: _Sharon B. McCullen_   Date __May 5, 2005__

1-PH/2213178.1

**PUBLICATIONS**

1. Peter Miller, National Science Foundation Small Business Innovation Research Program, "High Definition Raman Imaging Microscope," June, 1994.

2. Peter J. Miller, Small Business Innovation Research (SBIR) Phase I, "SBIR Phase I: High Definition Raman Imaging Microscope," September 13, 1996.

3. Peter J. Miller, National Science Foundation SBIR Phase II Proposal, "High-Definition Raman Imaging Microscope," October, 1996.

4. Patrick J. Treado, Letter to Peter V. Foukal, Ph.D., October 24, 1996.

5. Patrick J. Treado, Letter to Peter Miller, October 28, 1996.

Applicants respectfully request that these items be considered by the Examiner, and that the Examiner acknowledge consideration of these references by initialing and returning copies of the enclosed Form PTO/SB/08B with the next official action.

While this Information Disclosure Statement may be "material" pursuant to 37 C.F.R. § 1.56, it is not intended to constitute an admission that any information referred to herein is "prior art" for this invention or otherwise material to the patentability of this invention as defined in 37 C.R.F. § 1.56.

In accordance with 37 C.F.R. § 1.97(g), the filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made or that other material information as defined in 7 C.F.R. § 1.56(b) exists.

The Commissioner is hereby authorized to charge any fees dues in connection with this submission to Deposit Account No. **50-0310**. A duplicate copy of this page is enclosed.

Respectfully submitted,

Dated: May 5, 2005   By: _Shaun B. M'Cullen_
Daniel H. Golub
Registration Number 33,701
Alison B. Weisberg
Registration Number 45,206
Sharon B. McCullen
Registration No. 54,303
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Facsimile: (215) 963-5299

1-PH/2213178.1

**PUBLICATIONS**

1. Peter Miller, National Science Foundation Small Business Innovation Research Program, "High Definition Raman Imaging Microscope," June, 1994.

2. Peter J. Miller, Small Business Innovation Research (SBIR) Phase I, "SBIR Phase I: High Definition Raman Imaging Microscope," September 13, 1996.

3. Peter J. Miller, National Science Foundation SBIR Phase II Proposal, "High-Definition Raman Imaging Microscope," October, 1996.

4. Patrick J. Treado, Letter to Peter V. Foukal, Ph.D., October 24, 1996.

5. Patrick J. Treado, Letter to Peter Miller, October 28, 1996.

Applicants respectfully request that these items be considered by the Examiner, and that the Examiner acknowledge consideration of these references by initialing and returning copies of the enclosed Form PTO/SB/08B with the next official action.

While this Information Disclosure Statement may be "material" pursuant to 37 C.F.R. § 1.56, it is not intended to constitute an admission that any information referred to herein is "prior art" for this invention or otherwise material to the patentability of this invention as defined in 37 C.R.F. § 1.56.

In accordance with 37 C.F.R. § 1.97(g), the filing of this Information Disclosure Statement shall not be construed as a representation that a search has been made or that other material information as defined in 7 C.F.R. § 1.56(b) exists.

The Commissioner is hereby authorized to charge any fees dues in connection with this submission to Deposit Account No. **50-0310**. A duplicate copy of this page is enclosed.

Respectfully submitted,

Dated: **May 5, 2005**     By: ____Sharon B. McCullen____
Daniel H. Golub
Registration Number 33,701
Alison B. Weisberg
Registration Number 45,206
Sharon B. McCullen
Registration No. 54,303
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Facsimile: (215) 963-5299

1-PH/2213178.1

PTO/SB/08B (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 11/103,423 |
| | Filing Date | April 11, 2005 |
| | First Named Inventor | Treado et al. |
| | Art Unit | Not Yet Known |
| | Examiner Name | Not Yet Known |
| Sheet        of | Attorney Docket Number | 056751-5008 RE |

| NON PATENT LITERATURE DOCUMENTS ||||
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| | | PETER MILLER, National Science Foundation Small Business Innovation Research Program, "High Definition Raman Imaging Microscope," June, 1994 | |
| | | PETER J. MILLER, Small Business Innovation Research (SBIR) Phase I, "SBIR Phase I: High Definition Raman Imaging Microscope," September 13, 1996 | |
| | | PETER J. MILLER, National Science Foundation SBIR Phase II Proposal, "High-Definition Raman Imaging Microscope," October, 1996 | |
| | | PATRICK J. TREADO, Letter to Peter V. Foukal, Ph.D., October 24, 1996 | |
| | | PATRICK J. TREADO, Letter to Peter Miller, October 28, 1996 | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: Treado et al. | : Group Art Unit: 2877 |
| | : |
| Serial No.: 11/103,423 | : Examiner: Layla Lauchman |
| | : |
| Filed: April 11, 2005 | : |
| | : Attorney Docket No.: |
| For: NEAR INFRARED CHEMICAL IMAGING MICROSCOPE | : 056751-5008 RE |

**THIRD SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT
PURSUANT TO 37 C.F.R. §§ 1.56 ET SEQ.**

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In accordance with 37 C.F.R. § 1.97(b), the above-identified Applicants cite the following publication which may be material to the examination of this application and in respect of which there may be a duty of disclosure in accordance with 37 C.F.R. § 1.56. In compliance with 37 C.F.R. § 1.98(d), a copy of the publication set forth below and listed on the attached Form PTO/SB/08B (1 sheet) is enclosed.

**CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R . § 1.8(a))**

I hereby certify that this correspondence is, on the date shown below, being transmitted by facsimile to the Patent and Trademark Office Fax Number 703-872-9306.

Name  Daniel H. Golub         Signature _____         Date of Deposit_____June 1, 2005_____

1-PH/2217119.1

**PUBLICATIONS**

PETER J. MILLER AND CLIFFORD C. HOYT, "Multispectral Imaging with a Liquid Crystal Tunable Filter," SPIE Vol. 2345, (1995) pp. 354-365.

Applicants respectfully request that this item be considered by the Examiner, and that the Examiner acknowledge consideration of this reference by initialing and returning a copy of the enclosed Form PTO/SB/08B with the next official action.

While this Third Supplementary Information Disclosure Statement may be "material" pursuant to 37 C.F.R. § 1.56, it is not intended to constitute an admission that any information referred to herein is "prior art" for this invention or otherwise material to the patentability of this invention as defined in 37 C.R.F. § 1.56.

In accordance with 37 C.F.R. § 1.97(g), the filing of this Third Supplementary Information Disclosure Statement shall not be construed as a representation that a search has been made or that other material information as defined in 7 C.F.R. § 1.56(b) exists.

The Commissioner is hereby authorized to charge any fees dues in connection with this submission to Deposit Account No. **50-0310**. A duplicate copy of this page is enclosed.

Respectfully submitted,

Dated: June 1, 2005       By: _____
Daniel H. Golub
Registration Number 33,701
Alison B. Weisberg
Registration Number 45,206
Sharon B. McCullen
Registration No. 54,303
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
    Phone: (215) 963-5055
    Facsimile: (215) 963-5299

1-PH/2217119.1

PTO/SB/08B (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | Application Number | 11/103,423 |
| | Filing Date | April 11, 2005 |
| | First Named Inventor | Treado et al. |
| | Art Unit | 2877 |
| | Examiner Name | Layla Lauchman |
| Sheet 1 of 1 | Attorney Docket Number | 056751-5008 RE |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
|---|---|---|---|
| | | MILLER, PETER J. and HOYT, CLIFFORD C., "Multispectral Imaging with a Liquid Crystal Tunable Filter," SPIE Vol. 2345, (1995) pp. 354-365. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*