IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

PETER J. MILLER, CLIFFORD HOYT, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.
    Plaintiffs,

v.

PATRICK TREADO and CHEMIMAGE CORP.
    Defendants.

Case No. 05-10367 RWZ

## ANSWER

Defendants Patrick Treado and ChemImage Corporation (collectively "Defendants"), by and through their attorneys, hereby answer the allegations of the Complaint as follows:

The unnumbered introductory paragraph requires no response.

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1. Accordingly, they are denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Accordingly, they are denied.

3. Admitted.

4. Admitted in part and denied in part. Defendants admit that Patrick Treado resides in Pennsylvania. Defendants deny the remaining allegations of Paragraph 4.

5. Admitted in part and denied in part. Defendants admit that ChemImage Corporation was previously called ChemIcon, Inc. Defendants deny the remaining allegations of Paragraph 5.

6. The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.

7. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 7. Accordingly, they are denied. The remaining allegations purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are inconsistent in any way with the document they purport to characterize. Defendants deny the remaining allegations of Paragraph 7.

8. The allegations contained in Paragraph 8 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

9. The allegations contained in Paragraph 9 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

10. Denied.

11. The allegations contained in Paragraph 11 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize. Defendants deny the remaining allegations of Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12. Accordingly, they are denied. The allegations in the second sentence of Paragraph 12 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny

those allegations to the extent that they are in any way inconsistent with the document they purport to characterize. Defendants deny the allegations in the third sentence of paragraph 12.

13. The allegations contained in Paragraph 13 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

14. The allegations contained in Paragraph 14 purport to characterize written documents which speak for themselves. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the documents they purport to characterize.

15. The allegations contained in Paragraph 15 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

16. The allegations contained in Paragraph 16 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

17. Defendants admit the allegations in the first sentence of paragraph 17. The remaining allegations contained in Paragraph 17 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

18. Denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. The allegations contained in Paragraph 22 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

23. The allegations contained in Paragraph 23 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

24. The allegations contained in Paragraph 24 purport to characterize a written document which speaks for itself. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the document they purport to characterize.

25. Admitted.

26. Denied.

27. Admitted.

28. Admitted.

29. Answering the allegations contained in the first sentence of Paragraph 29, Defendants admit that plaintiff Cambridge Research and Instrumentation, Inc. contacted defendant ChemImage Corporation concerning the '962 patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph 29; accordingly, those allegations are denied. The remaining allegations contained in Paragraph 29 purport to characterize written documents which speak for themselves. Accordingly, Defendants deny those allegations to the extent that they are in any way inconsistent with the documents they purport to characterize.

## Count 1: Correction of Inventorship

30. Defendants repeat their responses to Paragraphs 1-29 of the Complaint as if fully stated herein.

31. Denied.

32. Denied.

33. Paragraph 33 requests a prayer for relief to which no responsive pleading is required.

34. Paragraph 34 requests a prayer for relief to which no responsive pleading is required.

Defendants have not answered Counts 2-5 (paragraphs 35-60) because those Counts have been dismissed pursuant to the Court's Order dated June 17, 2005.

## Affirmative Defenses

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff Cambridge Research and Instrumentation, Inc. lacks standing with respect to Count I and the relief sought in connection therewith.

3. Plaintiffs' Complaint is premature is light of the pendency of an application for reissue of the '962 patent.

**WHEREFORE**, Defendants respectfully pray that the Court:

    a. Dismiss Plaintiffs' complaint and enter judgment in favor of Defendants;

    b. Find this to be an exceptional case under 35 U.S.C. § 285 and award Defendants their costs (including expert witness fees) and reasonable attorneys' fees incurred in this action; and

    c. Grant such other and further relief as is appropriate.

                                        Respectfully submitted,

Date: July 1, 2005
                           /s/ Anthony J. Fitzpatrick
                           Anthony J. Fitzpatrick
                           Duane Morris LLP
                           470 Atlantic Avenue, Suite 500
                           Boston, MA 02210
                           Telephone: 617.289.9220
                           Fax: 617.289.9201
                           e-mail: ajfitzpatrick@duanemorris.com

                           Counsel for Defendants,
                           Patrick Treado and ChemImage Corp.

OF COUNSEL:

Paul D. Weller
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5530
eFax: 215.963.5001
e-mail: pweller@morganlewis.com

                                                6