**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>                  Plaintiffs,<br><br>                  v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>                  Defendants. | **Civil Action No. 05-10367-RWZ** |

## JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE

Pursuant to Local Rule 16.1(b), counsel for plaintiffs Cambridge Research and Instrumentation, Inc. ("CRI"), Peter J. Miller, and Clifford Hoyt and counsel for defendants ChemImage Corporation ("ChemImage") and Patrick Treado conferred both on and before July 13, 2005 for the purpose of, *inter alia*: 1) preparing an agenda for the July 27, 2005 Scheduling Conference; 2) discussing a proposed joint discovery plan and pretrial schedule; and 3) considering the possibility of referral to a magistrate.

Pursuant to Local Rule 16.1(d), the parties hereby submit their Joint Statement and Proposed Pretrial Schedule.

### I.  SCHEDULING CONFERENCE AGENDA

The parties have agreed to the framework of a joint schedule. The dates on which the parties agree and disagree are listed in the table below.

## II. PROPOSED PRETRIAL SCHEDULE

| Discovery/Motion Deadline | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Rule 26(a)(1) Disclosures | August 10, 2005 | same |
| 1st Set of Document Requests | September 1, 2005 | same |
| Joinder of Parties/Amendment of Pleadings | October 1, 2005 | same |
| Exchange proposed claim constructions | October 1, 2005 | See defendants' statement concerning claim construction below. |
| Submit joint statement on claim construction | October 15, 2005 | |
| File memoranda in support of any disputed claim terms | November 1, 2005 | |
| File opposition to claim construction memoranda | November 15, 2005 | |
| Completion of fact discovery: deadline for:<br>- completion of non-expert depositions<br>- responses to all discovery requests | March 1, 2006 | April 30, 2006 |
| Identification of Experts<br>(FRCP 26(a)(2)(A)) | March 15, 2006 | May 15, 2006 |
| Opening Expert Reports - i.e., for which the party has the burden of proof<br>(FRCP 26(a)(2)(B)) | April 15, 2006 | June 15, 2006 |
| Rebuttal Expert Reports<br>(FRCP 26(a)(2)(B)) | May 15, 2006 | July 15, 2006 |
| Completion of Expert Depositions | June 15, 2006 | August 15, 2006 |
| Filing and service of Motions for Summary Judgment | July 15, 2006 | September 15, 2006 |
| Filing and service of oppositions to Motions for Summary Judgment | August 5, 2005 | October 6, 2006 |

- In the table, all dates, unless otherwise indicated, apply to all parties.

- The date for Joinder of Parties/Amendment of Pleadings is intended as a matter of right (i.e., if the judge approves the date, either party may join/amend without motion or certification until that date).

A.   DEFENDANTS' STATEMENT CONCERNING CLAIM CONSTRUCTION

Plaintiffs have proposed that the Court construe disputed terms in the claims of the patent at a very early stage in the case, before the parties have completed fact and expert discovery. Defendants submit that this approach is inadvisable and unworkable, for at least three reasons:

First, this case has just begun, and the parties have not yet identified issues, let alone claim terms in dispute.

Second, fact discovery will almost certainly impact the scope and nature of the parties' claim interpretation dispute(s).

Third, as the Court knows, the patent in suit is the subject of a reissue application now pending before the United States Patent and Trademark Office. The claims will likely be amended in the course of that proceeding. Thus, if the Court construes claim limitations early in the case, those limitations may well have been amended (and may require re-interpretation) by the time the case reaches summary judgment or trial.

For these reasons, defendants submit that claim construction should be deferred until discovery has been completed, and ask that the Court construe the claims in the context of deciding motion(s) for summary judgment to be filed after discovery is complete. See MacNeill Engineering Company, Inc. v. Trisport, Ltd., 126 F. Supp. 2d 51, 54 (D. Mass. 2001) (Young, D.J.) ("It has now become generally accepted that, barring a case so clear that quick resolution is manifestly in the litigant's interests to minimize transaction costs, the best time to hold the Markman hearing is at the summary judgment stage of the litigation – at or near the close of discovery while some time yet remains before trial for the parties to gear up (or settle) in light of the judge's claim construction.").

B.  PLAINTIFFS' STATEMENT CONCERNING CLAIM CONSTRUCTION

Defendants oppose the early scheduling of claim construction, asserting that claim construction should occur after fact and expert discovery. Plaintiffs disagree for at least the following reasons:

First, although it is true, as defendants note above, that Chief Judge Young favors claim construction after fact discovery (see, e.g., Amgen, Inc. v. Hoechst Marion Roussel, 126 F.Supp. 2d 69, 72 (D. Mass 2001) — "I have consistently taken the procedural approach of conducting the Markman hearing at the summary judgment stage of litigation or at the point when discovery has closed and trial is approaching."), it is also true that district courts differ on their approach to the timing of claim construction (Id., "District courts have differed significantly in the timing and procedure for Markman hearings -- some engaging in claim construction prior to trial and others after hearing all of the evidence at trial."). For example, the Northern District of California has standardized its pretrial proceedings so that the scheduled procedure for claim construction begins directly after pleading. N.D. Cal. Civil L.R. 16-6 through 16-11. Moreover, regardless of Judge Young's preference, this Court may set any schedule it views most appropriate for this particular case.

Second, the first step in determining inventorship is claim construction. Torvan, Ltd., v. Sokymat SA, 299 F.3d 1292, 1302 (Fed. Cir. 2002). Thus, it is claim construction that must be determined before the other issues at trial, and should, if possible, be used to direct the scope of discovery. For example, the manner of evidence required to show inventorship can be guided and limited by an appropriate understanding of the meaning of the claims.

Third, discovery is not required to determine the construction of the claims. As recently emphasized by the Federal Circuit, the starting point for claim construction is intrinsic evidence—the wording of the claims themselves, the specification, and the file history. Phillips

v AWH Corp., Docket No. 03-1269, -1286, (Fed. Cir. July 12, 2005).  Extrinsic evidence, such as may come from fact or expert discovery, should not be used for claim construction unless the intrinsic evidence is insufficient to resolve any facial ambiguity in the claims.  Vitronics Corp. v. Conceptronics Inc., 90 F.3d 1576, 1583-4 (Fed. Cir. 1996).  Because it is in the public record, no discovery is required to review the intrinsic evidence.  Vivid Technologies Inc. v. American Science & Engineering Inc., 200 F.3d 759, 803 (Fed. Cir. 1999).  Since the language of the claims is not overly technical, it is appropriate for the Court to determine the meaning of the claims as early as possible.

Fourth, the amendments which may or may not be made in the reissue proceeding are irrelevant because, until the reissue patent is granted, the claims of the '962 patent are still in effect.  35 U.S.C. §252.  See also In re Clement, 131 F.3d 1464 (Fed. Cir. 1997).

### III.  SERVICE OF, AND COMPLIANCE WITH, WRITTEN DISCOVERY REQUESTS

Service of all discovery requests shall be in PDF by e-mail to all addresses listed herein:

Plaintiffs:  mpavane@cplplaw.com
tidge@cplplaw.com
wmason@cplplaw.com
mmcmeo@cplplaw.com
scantres@cplplaw.com

Defendants:  ajfitzpatrick@duanemorris.com
pweller@morganlewis.com

| | | |
|---|---|---|
| Number of Interrogatories per side: | 25 | (LR 26.1(c)) |
| Number of Requests for Admission per side: | 25 | (LR 26.1(c)) |
| Number of Document Requests per side: | 2 sets | (LR 26.1(c)) |
| Number of Non-Expert Depositions per side: | 10 | (LR 26.1(c)) |

## IV. SETTLEMENT PROPOSAL

Pursuant to Local Rule 16.1(c), plaintiffs' counsel discussed a preliminary settlement proposal with defendants' counsel on June 29, 2005.  Subsequently, plaintiffs' counsel forwarded a written settlement proposal to defendants' counsel on July 18, 2005.

## V. ALTERNATIVE DISPUTE RESOLUTION ("ADR")

Plaintiffs are willing to participate in any of the ADR mechanisms set out in Local Rule 16.4 provided the parties can agree on a mutually acceptable mechanism for doing so. Defendants are willing to participate in mediation after completion of fact and expert discovery. At this early stage in the case, defendants are not in a position to evaluate whether another form of ADR (e.g. mini-trial or summary jury trial) may be appropriate in this matter.

## VI. CONSENT TO A MAGISTRATE JUDGE

The parties do not, at present, consent to trial before a Magistrate Judge.

## VII. CERTIFICATION

The plaintiffs' certification as required by Local Rule 16.1(D)(3) is attached hereto; defendants' certification as required by Local Rule 16.1(D)(3) will be filed at or before the scheduling conference on July 27, 2005.

| PETER J. MILLER,<br>CLIFFORD HOYT, and<br>CAMBRIDGE RESEARCH AND<br>INSTRUMENTATION, INC. | PATRICK TREADO, and<br>CHEMIMAGE CORPORATION |
|---|---|
| By their attorneys, | By their attorneys, |
| _____/s/ Teodor Holmberg_____<br>Martin B. Pavane<br>Teodor J. Holmberg (BBO #634708)<br>Cohen, Pontani, Lieberman, and Pavane<br>551 Fifth Avenue<br>New York, NY 10176<br>Tel. (212) 687-2770<br>Fax. (212) 972-5487<br>e-mail: tidge@cplplaw.com | _____/s/ Anthony J. Fitzpatrick_____<br>Anthony J. Fitzpatrick (BBO #564324)<br>Duane Morris LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA 02210<br>Tel. 617-289-9220<br>Fax 617-289-9201<br>e-mail: ajfitzpatrick@duanemorris.com |
| Brian L. Michaelis (BBO# 555159)<br>Erin E. McLaughlin (BBO# 647750)<br>Brown Rudnick Berlack Israels LLP<br>One Financial Center<br>Boston, MA 02111<br>Tel. (617) 856-8200<br>Fax (617) 856-8201 | Paul D. Weller<br>(to be admitted pro hac vice)<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>Tel. (215) 963-5530<br>eFax (215) 963-5001 |

DATED:  July 20, 2005

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

Plaintiffs,

v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

Defendants.

Civil Action No. 05-10367-RWZ

### PLAINTIFF'S LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(d)(3), plaintiffs Peter Miller, Clifford Hoyt, and Cambridge Research and Instrumentation (represented by Theodore Les), certify that they have conferred with counsel (a) with a view to establishing a budget for the costs of conducting the full course— and various alternative courses—of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

_/s/ Plaintiff Peter Miller_

_/s/ Plaintiff Clifford Hoyt_

_/s/ Theodore Les_
Vice President and Chief Financial Officer
**Plaintiff Cambridge Research & Instrumentation**

DATED: July 19, 2005

_/s/ Attorneys for Plaintiffs_
Martin B. Pavane
Teodor J. Holmberg (BBO #634708)
Cohen, Pontani, Lieberman, and Pavane
551 Fifth Avenue
New York, NY 10176
Tel. (212) 687-2770

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200