**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

                Plaintiffs,

                v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

                Defendants.

**Civil Action No. 05-10367-RWZ**

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
TO PRODUCE DOCUMENTS
IN RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS**

Pursuant to Rule 37(2)(A) of the Federal Rules of Civil Procedure, the plaintiffs, Peter J. Miller, Clifford Hoyt, and Cambridge Research and Instrumentation, Inc. (collectively, "CRI"), hereby move to compel defendants, Patrick Treado and ChemImage Corp. (collectively, "ChemImage"), to produce documents and things responsive to CRI's first set of document requests.

The grounds for this motion are set forth in the accompanying memorandum.

A proposed order is attached to this motion.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:


 _/s/ Teodor Holmberg_____
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN AND PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487
E-mail: tidge@cplplaw.com


Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201
E-mail:  BMichaelis@brownrudnick.com


Dated:  March 14, 2006

## LOCAL RULE 37.1(b) CERTIFICATION

Counsel for Plaintiffs certifies that the provisions of LR 37.1 have been complied with, as is described in the accompanying memorandum.

_/s/ Teodor Holmberg_____
Teodor J. Holmberg (BBO# 634708)

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiffs certifies that counsel for plaintiffs has conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, as is described in the accompanying memorandum.

_/s/ Teodor Holmberg_____
Teodor J. Holmberg (BBO# 634708)

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on March 14, 2006.

_/s/ Teodor Holmberg_____
Teodor J. Holmberg (BBO# 634708)

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

          Plaintiffs,

          v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

          Defendants.

**Civil Action No. 05-10367-RWZ**

**[PROPOSED] ORDER**

Defendants ChemImage and Patrick Treado are hereby ordered to:

      immediately produce documents responsive to plaintiffs' first set of document
requests.


Dated: _____, 2006

                 _____
                 RYA W. ZOBEL
                 UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

             Plaintiffs,

             v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

             Defendants.

**Civil Action No. 05-10367-RWZ**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL PRODUCTION

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford

Hoyt, (collectively, "CRI"), pursuant to LR 7.1(b)(1), hereby present a memorandum of reasons,

including citations of proper authorities, in support of the accompanying motion for an order

requiring defendants ChemImage and Patrick Treado (collectively, "ChemImage") to

immediately produce documents in response to CRI's first set of document requests.  As

described herein, counsel for CRI have complied with the provisions of LR 37.1 regarding

discovery disputes.

## INTRODUCTION

No documents have been produced in this litigation because, as described below, the parties have been unable to agree about confidentiality designations, an issue which the parties wanted to resolve before documents were produced.

CRI sees no need for any confidentiality, and ChemImage has failed to provide a concrete, specific justification for confidentiality.  Accordingly, by this motion, CRI asks the Court to compel ChemImage to produce documents responsive to CRI's first set of document requests.  Upon resolution of this issue, CRI will produce documents responsive to ChemImage's document requests.

## STATEMENT OF FACTS

On February 24, 2005, CRI commenced this action by filing the complaint.  The only presently pending claim of the complaint, Count 1, seeks an order under 35 U.S.C. §256 correcting inventorship of the '962 patent by adding plaintiffs Peter J. Miller and Clifford Hoyt as co-inventors of '962 patent.

On September 1, 2005, CRI served its first set of document requests. **Exhibit A**.  On October 3, 2005, ChemImage served its response.  **Exhibit B**.  In November, CRI sent a draft Protective Order to ChemImage.  **Exhibit C**.  In CRI's draft Protective Order, there was one tier of confidentiality, under which "CONFIDENTIAL" documents would not be made public, but would otherwise be available to the parties and the attorneys.  See **Ex. C**, pp. 4-5.

On January 23, 2006, CRI requested a discovery conference under LR 37.1 to discuss, *inter alia*, the draft Protective Order.  **Exhibit D**.  On January 30, 2006, having heard no response, CRI sent another letter to ChemImage indicating that CRI would seek an order from the Court concerning, *inter alia*, the draft Protective Order, in accordance with LR 37.1(a)'s

requirement that opposing counsel respond within 7 days to a request for a discovery conference.

**Exhibit E**.

The following day, January 31, 2006, ChemImage sent a letter presenting its position in regards to the various discovery issues, and attached a revised draft Protective Order. **Exhibits F and G**. ChemImage's revised draft Protective Order had two levels of confidentiality, "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY'S EYES ONLY". **Exhibit G**, pp. 2-3. CRI did not see the need for such a draconian second level of confidentiality, and voiced its concerns in a February 2, 2006 letter to ChemImage:

> We do not see the need for the two-level confidentiality designations in your draft protective order. The technology being discussed is all over seven years old and the subject of multiple patents. Furthermore, we are fighting over inventorship, which means both of our clients (who are imputed co-inventors) will need to have access to the produced materials. We need to understand this as more than a hypothetical necessity: what kind of document would **both** be responsive to one of the document requests that you've agreed to answer **and** pose the risk of competitive injury by disclosure to our client? Our concerns about your protective order are, *inter alia*, (1) the possibility of key documents about inventorship being designated as "attorneys eyes only"; and (2) the cost and expense of having to get experts to interpret a large number of documents when they could be analyzed more easily and effectively by our client (keeping in mind, once again, that this is a co-inventorship suit between admitted collaborators). If you will tell us your concerns (e.g., the specific documents that would necessitate an "attorneys only" designation), we will try to reach a compromise that addresses all of our concerns.

**Exhibit H**, p. 2.

On February 8, 2006, ChemImage responded to CRI's concerns:

> It is not practical to explain at this stage, on a document-by-document basis, our reasons why specific documents need to be designated "Confidential – Attorney's Eyes Only" under the Protective Order. Moreover, since no "Confidential – Attorney's Eyes Only" level of protection currently exists between the parties, engaging in a document-by-document dialogue with you at this juncture risks disclosing to CRI's employees the very information that ChemImage needs to protect.

> Logically, the better course is to allow each side to designate, in good faith, information that merits "Confidential – Attorney's Eyes Only" level of protection, and then permit each side to challenge the other side's designations under the procedures set forth in the Protective Order. …

**Exhibit I**, p. 2.

On February 10, 2006, CRI responded:

> Regarding the protective order, we believe the burden is on defendants to show the need for an "attorney's eye only" designation, not on us to show there is no need. Your suggestion that we merely accept this designation, for which we see no need, and then bear the burden of showing that the documents do not merit this designation places an undue burden on us and misconstrues the law, which frowns on protective orders in the first place. If you will not agree to our last proposal we see no choice but to let the Court decide the issue. If you can see some other way out of this impasse, let us know, but if we don't hear from you by next Wednesday we'll go ahead and file a motion for a protective order.

**Exhibit J**, p. 2.

Upon reviewing the documents which are ready for production, CRI has reached the conclusion that ***no*** confidentiality is required for its documents, because the information is out of date and will provide no one with a competitive advantage.

In a voicemail message to counsel for ChemImage, counsel for CRI informed ChemImage that it no longer believed that any Protective Order was needed for the documents which CRI had ready for production. **Exhibit K** (e-mail memorializing the voicemail message). Counsel for CRI informed ChemImage that because ChemImage had not "provided [CRI] with any specific basis for the potential harm that requires that some of your documents be held as 'confidential' and/or 'confidential - attorneys' eyes only'," CRI would be filing the present motion to compel production. **Ex. K**.

## ARGUMENT

### A.   DESPITE REPEATED REQUESTS, CHEMIMAGE
### HAS NOT SHOWN ANY BASIS FOR A PROTECTIVE ORDER

A protective order will be granted if it is required "to protect a party or person from annoyance, embarassment, oppression, or undue burden or expense".  Fed. R. Civ. P. 26(c).  The party seeking a protective order bears the burden of proving "good cause".  *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. Mass. 1986).  "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."  *Anderson*, 805 F.2d at 19 (1986); see also, e.g., *Multi-Core, Inc. v. Southern Water Treatment Co.*, 139 F.R.D. 262, 264 (D. Mass. 1991) ("Defendants must show a factual basis of potential harm.").

Despite repeated requests, ChemImage has refused to provide CRI with a particular factual basis for any harm which could possibly be caused by disclosing documents responsive to CRI's first set of document requests.  As shown above, all ChemImage has offered is "conclusory statements".

### B.   CONCLUSION

Accordingly, CRI respectfully request that this Court order ChemImage to produce all documents responsive to CRI's first set of document requests.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:


 _/s/ Teodor Holmberg_____
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN AND
PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487
E-mail: tidge@cplplaw.com


Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201
E-mail:  BMichaelis@brownrudnick.com


Dated:  March 14, 2006

*EXHIBIT A*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

        Plaintiffs,

        v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

        Defendants.

**Civil Action No. 05-10367-RWZ**

## PLAINTIFFS' FIRST SET OF
## REQUESTS FOR DOCUMENTS AND THINGS

    Plaintiffs, Peter J. Miller, Clifford Hoyt, and Cambridge Research and Instrumentation, Inc.

hereby submit their First Set Of Requests For The Production Of Documents and Things to

defendants Peter Treado and ChemImage Corp.

# DEFINITIONS

1.    "*document*" - synonymous in meaning and equal in scope to the usage of this term in Rule 34(a), Fed. R. Civ. P., and Local Rule 26.5(c)(2), including, but not limited to, any data or communication, in any storage format (e.g., paper, electromagnetic memory, optical disks), and in any presentation format (e.g., text, image, audio, etc.).

Thus, it is expected that all electronic storage media will be appropriately searched in response to any requests for documents herein, and that all electronically stored responsive information will be produced, either in its original format on electronic storage media (providing that the original format is decipherable by commonly used software) or printed out on paper (if all information of the original electronically stored responsive information is retained without modification when printed out).

Any draft or non-identical copy is a separate document within the meaning of this term.

2.    "*communication*" - means the transmittal or reception of information (in the form of facts, ideas, inquiries, or otherwise).

3.    "*CHEMIMAGE*" - means the corporate entity presently known as ChemImage Corporation (and previously known as ChemIcon, Inc.), including, but not limited to, its past and present officers, directors, employees, agents, representatives, attorneys, accountants, partners, corporate parent(s), subsidiaries, affiliates, predecessors, and successors (including, but not limited to, ChemIcon, Inc.). Thus, defendant Patrick Treado is encompassed within this definition.

4.    "*CRI*" - means Cambridge Research and Instrumentation, Inc., including, but not limited to, its past and present officers, directors, employees, agents, representatives, attorneys, accountants, partners, corporate parent(s), subsidiaries, affiliates, predecessors, and successors. Thus, plaintiffs Peter J. Miller and Clifford Hoyt are encompassed within this definition.

5.    "*and*" and "*or*" - shall be construed to give them the broadest, most expansive meaning, which includes, without limitation, reading such terms in the disjunctive or conjunctive, as necessary, to give them a broader meaning.

6.    As indicated in Local Rule 26.5(a), the definitions of Local Rule 26.5(c) are herein incorporated by reference; however, if any definition found herein has a greater scope than any definition in Local Rule 26.5(c), the definition with greater scope found herein is intended.

7.    As used herein, the singular form shall include the plural and vice versa whenever such a dual construction shall serve to bring within the scope of any request any documents or things which would otherwise not be brought within its scope.

## INSTRUCTIONS

1.    These requests shall be deemed to include any and all relevant documents and things within the possession, custody, or control of CHEMIMAGE.

2.    CHEMIMAGE shall supplement its production if it comes into the possession, custody or control of any responsive document or thing after the time of initial production and before the time of trial herein by promptly producing such document or thing.

3.    CHEMIMAGE is required to produce not only the original or an exact copy of the original of all documents and things responsive to any of the following requests, but also all copies of any such document and thing which bears any note, marking, or modification not found on the original and all preliminary, intermediate, final, and revised drafts or embodiments of the same.   CHEMIMAGE is required to produce all versions of such documents including any English translations thereof, as well as identical copies found in different files.

4.    Documents from any single file should be produced in the same order as they were found in such file.  If copies of documents are produced, such copies should be legible and bound, clipped, or stapled in the same manner as the original.

5.    Documents should be produced in such a manner as will facilitate their identification with the particular request(s) to which they are responsive.

6.    For all documents and things produced in response to the requests herein, produce documents that reflect the name and location from which the document or thing was retrieved, including, but not limited to, labels or other identifying information for each file in which responsive documents were found, and/or documents indicating the location of each file and the identity of the custodians of each such file.

7.    All documents that are responsive in whole or in part to any of the requests herein shall be produced in full, without abridgment, abbreviation, or expurgation of any sort.  Similarly, all things that are responsive in whole or in part to any of the requests herein shall be produced in full, without modification of any sort.  If any document or thing cannot be produced in full, CHEMIMAGE shall produce the document or thing to the extent possible and indicate in its written response what portion of the document is not being produced and why it can not be produced, or how the thing has been modified and why it has been modified.  See Local Rule 34.1(c)(2) and Instruction #11(b) below.

8.    If a document or thing responsive to these requests has been destroyed, CHEMIMAGE shall describe said thing or the content of said document, the location of any copies of said document or thing, the date of such destruction, and the name of the person who ordered or authorized such destruction.

9.    If there are no documents or things responsive to a specific request, CHEMIMAGE's response should so state.

10.    To the extent CHEMIMAGE believes that any term, phrase, or sentence in this document is open to interpretation, such term, phrase, or sentence should be given the broadest possible interpretation. Furthermore, the requests for documents and things should not be interpreted as necessarily mutually exclusive, i.e., the subject matter of individual requests may overlap. Thus, if and when requests appear to overlap, they should be interpreted as overlapping.

11.    In addition to the requirements of Rule 45(d), Fed. R. Civ. P., and Local Rule 34.1(e), concerning privilege claims:
  (a)  With respect to any documents or things otherwise responsive to the request that CHEMIMAGE withholds or refuses to divulge on a claim of privilege, CHEMIMAGE must provide a statement signed by its attorneys setting forth as to each document (or thing, where applicable):
    (i)    the names of the sender, author, and recipient of the document and any persons to whom the document was circulated or its contents communicated;
    (ii)   the date of the document, or, if no date appears, the date on which it was prepared;
    (iii)  a general description of the subject matter of the document;
    (iv)   the name of the person who has custody of the document or any copy thereof;
    (v)    the specific grounds, including the statute, rule, or decision, which provides the authority for the claim of privilege.
  (b)  Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion excised. CHEMIMAGE shall identify the specific location on each page where matter has been excised, and provide all information required by paragraph 11(a) above concerning the excised matter.

12.    In accordance with Local Rule 26.1(a) concerning Cooperative Discovery and Local Rule 37.1 concerning Discovery Disputes, counsel for plaintiffs suggest that CHEMIMAGE (or counsel for CHEMIMAGE) contact counsel for plaintiffs promptly after service of these requests in order to discuss CHEMIMAGE's response to these requests.
    To the extent that CHEMIMAGE has any objection to any definition, instruction, or request herein, this instruction is intended as a request for a discovery conference under Local Rule 37.1.
    For such a teleconference, counsel for plaintiffs suggest the following topics:
  (a)  any questions, comments, or objections concerning the scope of the requests for documents and things, including, but not limited to:
    (i)    any definition, instruction, or request which CHEMIMAGE believes to be overly broad or burdensome, or with which CHEMIMAGE does not intend to comply; and/or
    (ii)   any term, phrase, or sentence in this document which CHEMIMAGE finds vague, confusing, or otherwise indefinite;
  (b)  the scheduling of production, including, but not limited to, such issues as:
    (i)    the possible staggering of initial production on different dates; and
    (ii)   establishing a date on which the statement(s) concerning privilege claims called for in Instruction 11 will be served.
    The purpose of this teleconference is so that the parties may confer in good faith as early as possible after service of the request, to reduce the burden on CHEMIMAGE, if possible,

while achieving the appropriate scope of production, and to work out any differences without involving the court.  See Local Rule 37.1(a).

Any modification, no matter how slight, of the definitions, instructions, or requests in this document, and any establishment of a schedule or logistical plan regarding production, must be reduced to writing, and consent to that writing given by both CHEMIMAGE and counsel for plaintiffs.

## <u>REQUESTS FOR DOCUMENTS AND THINGS</u>

**1.** All documents and things concerning the following United States Patent Applications and
United States Patents:

| | |
|---|---|
| U.S. Prov. Pat. App. Ser. No. 60/144,518 | U.S. Pat. App. Ser. No. 10/698,584 |
| U.S. Prov. Pat. App. Ser. No. 60/187,560 | U.S. Pat. App. Ser. No. 10/773,077 |
| U.S. Prov. Pat. App. Ser. No. 60/239,969 | U.S. Pat. App. Ser. No. 10/934,885 |
| U.S. Prov. Pat. App. Ser. No. 60/422,604 | U.S. Pat. App. Ser. No. 10/935,423 |
| U.S. Pat. App. Ser. No. 09/064,347 | U.S. Pat. App. Ser. No. 11/091,126 |
| U.S. Pat. App. Ser. No. 09/619,371 | U.S. Reissue Pat. App. Ser. No. 11/103,423 |
| U.S. Pat. App. Ser. No. 09/800,953 | U.S. Pat. No. 6,002,476 |
| U.S. Pat. App. Ser. No. 09/976,391 | U.S. Pat. No. 6,717,668 |
| U.S. Pat. App. Ser. No. 10/610,481 | U.S. Pat. No. 6,734,962 |
| U.S. Pat. App. Ser. No. 10/698,243 | U.S. Pat. No. 6,788,860 |

This includes, but is not limited to:

(a) all documents and things concerning the preparation and prosecution of the listed
patents and patent applications, including, but not limited to, all documents and things
concerning:

    (i) the preparation of any draft patent applications covering the subject matter of
any of the listed patents or patent applications, such as, without limitation, all
invention disclosures, all drafts, and any meetings or communications with
patent counsel concerning the preparation of any such drafts;

    (ii) the decision to file any of the listed patents or patent applications or to file any
application covering any of the subject matter of any of the listed patents or
patent applications; and

    (iii) the abandonment of any of the listed patents or patent applications;

(b) all documents and things concerning the conception and the actual and/or constructive
reduction to practice of any invention(s) claimed in any of the listed patents or patent
applications, including, but not limited to, all laboratory notebooks, notes, memoranda,
workbooks, reports, or other documents;

(c) all documents and things concerning the inventorship of any of the listed patents or
patent applications or of the subject matter of any of the listed patents or patent
applications. This includes, but is not limited to, all documents and things concerning:

    (i) the identity of each inventor; and

    (ii) the decision to name each inventor;

(d) all documents and things concerning any testing, experimentation, development, study,
and/or evaluation of any invention(s) claimed in any of the listed patents or patent
applications;

(e) all documents and things concerning the ownership of any of the listed patents or patent
applications or of the subject matter of any of the listed patents or patent applications;

(f) all documents and things concerning the infringement of any of the listed patents or
patent applications;

(g) all documents and things describing any invention(s) in any of the listed patents or
patent applications; and

(h) all documents and things concerning any agreement, contract, covenant, or license that
grants or conveys any rights under any of the listed patents or patent applications.

2. Insofar as this request is not covered by any other request herein, all documents and things concerning foreign patent applications or patents which cover any subject matter recited in any of the patents and patent applications listed in Request 1. This request is intended to have the same scope as Request 1.

3. Insofar as this request is not covered by any other request herein, all documents and things concerning any product which embodies any invention(s) in any of the listed patents or patent applications.

4. Insofar as this request is not covered by any other request herein, all documents and things concerning the Covenant Not To Sue on U.S. Pat. No. 6,002,476 executed by Patrick Treado on November 11, 2000, including, but not limited to, all documents and things concerning:
   (a) the decision to sign the Covenant;
   (b) any analyses of CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,002,476;
   (c) any assessments of rights and responsibilities, such as, but not limited to, the "assessing" of "our rights and responsibilities" referred to by Patrick Treado in his May 10, 2000 e-mail to Peter J. Miller; and
   (d) the preparation of any draft Covenants, draft letters, or drafts of any documents in response to CRI's allegations concerning the inventorship and validity of U.S. Pat. No. 6,002,476, including, but not limited to, the "draft of a non-royalty bearing license agreement" and the "draft of a purchase agreement" referred to in Michael Dever's August 17, 2000 letter to Martin B. Pavane.

5. Insofar as this request is not covered by any other request herein, all documents and things concerning CRI's attempts to have CHEMIMAGE execute a Covenant Not to Sue on U.S. Pat. No. 6,734,962, including, but not limited to, all documents and things concerning:
   (a) the decision not to sign a Covenant;
   (b) any analyses of CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,734,962;
   (c) any assessments of rights and responsibilities;
   (d) the preparation of any draft Covenants, draft letters, or drafts of any documents in response to CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,734,962; and
   (e) Daniel Golub's January 20, 2005 letter asserting that Patrick Treado was "sole inventor of the technology that he (and ChemIcon) brought to the SBIR proposal".

6. Insofar as this request is not covered by any other request herein, all documents and things concerning CRI, including, but not limited to, all documents and things concerning:
   (a) any collaborations between CRI and CHEMIMAGE, including, but not limited to, the collaboration on the Small Business Innovation Research (SBIR) grant from the National Science Foundation (as discussed in Complaint, [Docket#1]; see Exhibit A);
   (b) any merger of CRI and CHEMIMAGE, including, but not limited to, any possible buyout of CHEMIMAGE by CRI;
   (c) any offer to Patrick Treado of a position at CRI;

    (d) any agreements with or concerning CRI;

    (e) any publications, presentations, advertisements, products, patents, patent applications, and inventions of CRI;

    (f) all communications concerning CRI, regardless of recipient and subject matter; and

    (g) all communications with CRI, regardless of subject matter.

7. Insofar as this request is not covered by any other request herein, all documents and things concerning Peter J. Miller and/or Clifford Hoyt, including, but not limited to:

    (a) all documents and things concerning publications, presentations, patents, and inventions of Peter J. Miller and/or Clifford Hoyt, either alone or jointly;

    (b) all communications concerning Peter J. Miller and/or Clifford Hoyt, regardless of recipient and subject matter; and

    (c) all communications with Peter J. Miller and/or Clifford Hoyt, regardless of subject matter.

8. Insofar as this request is not covered by any other request herein, all documents and things concerning any of the following articles:

    (a) H. Morris, C. Hoyt, P. Miller, and P. Treado, "Liquid Crystal Tunable Filter Raman Chemical Imaging", Vol. 50, Applied Spectroscopy, No. 6, pp. 805-811 (1996);

    (b) P. Treado, I. Levin, E. Lewis, "Indium Antimonide (InSb) Focal Plan Array (FPA) Detection for Near-Infrared Imaging Microscopy", Vol. 48, Applied Spectroscopy, No. 5, p. 607 (1994);

    (c) P. Miller and C. Hoyt, "Multispectral Imaging with a Liquid Crystal Tunable Filter", SPIE, Vol. 2345, pp. 354-365 (1995); and

    (d) P. Miller, "Tunable Narrowband Birefringent Filters for Astronomical Imaging", SPIE, Vol. 1235, pp. 466-470 (1990).

9. Insofar as this request is not covered by any other request herein, all documents and things concerning the "line of Raman microscopes" for which CHEMIMAGE had "quotations pending with several customers totaling over $300K" as stated in Appendix 2A of the SBIR Phase II Proposal (Complaint, [Docket #1], Exhibit C).

10. All documents and things concerning liquid crystal tunable filter (LCTF) technology, including, but not limited to, all documents and things concerning:

    (a) Evans Split-Element LCTF technology, including, but not limited to, its development and all inventive contributions thereto; and

    (b) Gary D. Sharp's and/or Colorlink, Inc.'s inventive contribution to LCTF technology.

11. All documents and things sufficient to show the corporate and organizational structure of CHEMIMAGE from 1994 to the present, including, but not limited to, its personnel, directors, officers, parents, subsidiaries, and all documents and things concerning any and all persons with any ownership interest in CHEMIMAGE.

12. All documents and things concerning any document retention, document destruction, or record keeping policy, past or present, of CHEMIMAGE.

13. All documents and things concerning the present litigation, including, but not limited to, all documents and things concerning the location of any documents or things responsive to these requests, and the gathering of documents and things responsive to these requests.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

 /s/ Teodor Holmberg
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN AND PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201
E-mail:  BMichaelis@brownrudnick.com

Dated: September 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify than on this 1st day of September, 2005, I am serving a copy of the foregoing Plaintiffs' First Set of Requests for Documents and Things via electronic mail upon counsel for the defendants at the following e-mail address:

afitzpatrick@duanemorris.com

pweller@morganlewis.com


    /s/ Teodor Holmberg    
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN AND PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201
E-mail: BMichaelis@brownrudnick.com

Dated: September 1, 2005

*EXHIBIT B*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

PETER J. MILLER, CLIFFORD HOYT, and          :
CAMBRIDGE RESEARCH AND                       :
INSTRUMENTATION, INC.                        :
      Plaintiffs,                            :
                                             :          Case No. 05-10367 RWZ
               v.                     :
                                             :
PATRICK TREADO and CHEMIMAGE CORP.           :
      Defendants.                            :

## DEFENDANTS' RESPONSE TO PLAINTIFFS'
## FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable

Local Rules of the District of Massachusetts, defendants Patrick J. Treado and ChemImage Corp.

(collectively "Defendants"), by and through their undersigned counsel, hereby respond to

Plaintiffs' First Set of Requests for Documents and Things as follows:

## GENERAL OBJECTIONS

### General Objection No. 1:

Defendants object to the "Definitions" and "Instructions" contained in Plaintiffs' First Set

of Requests for Documents and Things to the extent that they are inconsistent with or seek to

impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local

Rules of the United States District Court for the District of Massachusetts or any applicable

Court Order.

**General Objection No. 2:**

Defendants object to the document requests to the extent that they would require disclosure of either documents or information protected by the attorney-client privilege or the work product doctrine, or of otherwise privileged material. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

**General Objection No. 3:**

Defendants object to the document requests to the extent that they require Defendants to search for and reveal privileged information from their and their attorney's litigation files concerning the inventorship claims that are the subject of Count I of the Complaint. Defendants will not schedule on their privilege log any attorney-client privileged materials or materials protected by the work product doctrine that concern the inventorship claims that are the subject of Count I of the Complaint and that were created on or after December 29, 2004, the date of the letter attached as Exhibit G to Complaint, wherein Plaintiffs stated their intent "to take steps to remove the '962 patent as an obstacle."

**General Objection No. 4:**

Defendants object to the document requests to the extent they call for information which is confidential or proprietary to, or the trade secrets of, Defendants or a third party. Subject to the objections stated herein, Defendants will produce documents in their possession, custody or control upon the execution of an appropriate protective order.

**General Objection No. 5:**

Defendants object to the document requests to the extent that they seek information that is not relevant to the subject matter of this litigation and that is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES**

**Request No. 1:**

All documents and things concerning the following United States Patent Applications and United States Patents:

| | |
|---|---|
| U.S. Prov. Pat. App. Ser. No. 60/144,518 | U.S. Pat. App. Ser. No. 10/698,584 |
| U.S. Prov. Pat. App. Ser. No. 60/187,560 | U.S. Pat. App. Ser. No. 10/773,077 |
| U.S. Prov. Pat. App. Ser. No. 60/239,969 | U.S. Pat. App. Ser. No. 10/934,885 |
| U.S. Prov. Pat. App. Ser. No. 60/422,604 | U.S. Pat. App. Ser. No. 10/935,423 |
| U.S. Pat. App. Ser. No. 09/064,347 | U.S. Pat. App. Ser. No. 11/091,126 |
| U.S. Pat. App. Ser. No. 09/619,371 | U.S. Reissue Pat. App. Ser. No. 11/103,423 |
| U.S. Pat. App. Ser. No. 09/800,953 | U.S. Pat. No. 6,002,476 |
| U.S. Pat. App. Ser. No. 09/976,391 | U.S. Pat. No. 6,717,668 |
| U.S. Pat. App. Ser. No. 10/610,481 | U.S. Pat. No. 6,734,962 |
| U.S. Pat. App. Ser. No. 10/698,243 | U.S. Pat. No. 6,788,860 |

This includes, but is not limited to:

(a) all documents and things concerning the preparation and prosecution of the listed patents and patent applications, including, but not limited to, all documents and things concerning:

    (i) the preparation of any draft patent applications covering the subject matter of any of the listed patents or patent applications, such as, without limitation, all invention disclosures, all drafts, and any meetings or communications with patent counsel concerning the preparation of any such drafts;

    (ii) the decision to file any of the listed patents or patent applications or to file any application covering any of the subject matter of any of the listed patents or patent applications; and

    (iii) the abandonment of any of the listed patents or patent applications;

(b) all documents and things concerning the conception and the actual and/or constructive reduction to practice any invention(s) claimed in any of the listed patents or patent applications, including, but not limited to, all laboratory notebooks, notes, memoranda, workbooks, reports or other documents;

(c) all documents and things concerning the inventorship of any of the listed patents or patent applications or of the subject matter of any of the listed patents or patent applications. This includes, but is not limited to, all documents and things

3

concerning:

    **(i)**    the identity of each inventor;

    **(ii)**   the decision to name each inventor;

**(d)**    all documents and things concerning any testing, experimentation, development, study, and/or evaluation of any invention(s) claimed in any of the listed patents or patent applications;

**(e)**    all documents and things concerning the ownership of any of the listed patents or patent applications or the subject matter of any of the listed patents and patent applications;

**(f)**    all documents and things concerning the infringement of any of the listed patents or patent applications;

**(g)**    all documents and things describing any invention(s) in any of the listed patents or patent applications; and

**(h)**    all documents and things concerning any agreement, contract, covenant, or license that grants or conveys any rights under any of the listed patents or patent applications.

## Response to Request No. 1:

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

Defendants specifically object to the request for production of documents and things concerning any patents and patent applications other than: (i) U.S. Provisional Patent Application No. 60/239,969 (i.e., the provisional application upon which the patent-in-suit is based), (ii) U.S. Patent Application No. 09/976,391 (i.e., the patent application that matured into the patent-in-suit), (iii) U.S. Patent No. 6,734,962 (i.e., the patent-in-suit) and (iv) U.S. Reissue Application No. 11/103,423 (i.e., the reissue application corresponding to the patent-in-suit), on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to

4

lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of "documents and things concerning the conception and the actual and/or constructive reduction to practice of <u>any</u> invention(s) claimed in any of the listed patents or patent applications ...." (Request 1(b)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control concerning the conception and actual and/or constructive reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims. Defendants object to the request for production of documents and things concerning the conception and actual and/or constructive reduction to practice of subject matter other than that set forth in claims 3 and 4 of the patent-in-suit, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of all documents and things concerning "the subject matter of any of the listed patents and patent applications" (Request 1(c)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and

5

control concerning the inventorship of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims. Defendants object to the request for production of documents and things concerning "the subject matter of any of the listed patents and patent applications" to the extent that such subject matter extends beyond the inventorship of the subject matter of claims 3 and 4 of the patent-in-suit, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of all documents and things concerning "any testing, experimentation, development, study and/or evaluation of any invention(s) claimed in any of the listed patents or patent applications" (Request 1(d)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control concerning any testing, experimentation, development, study and/or evaluation performed as part of the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims. Defendants object to the request for production of documents and things concerning "any testing, experimentation, development, study and/or evaluation of any invention(s) claimed in any of the listed patents or patent applications" to the extent that such request extends beyond documents and things concerning any testing, experimentation, development, study and/or evaluation performed as part of the conception and/or reduction to

6

practice of the subject matter of claims 3 and 4 of the patent-in-suit, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of all documents and things concerning "the infringement of any of the listed patents or patent applications" (Request 1(f)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of all documents and things describing "any inventions in any of the listed patents or patent applications" (Request 1(g)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims. Defendants object to the request for production of documents and things describing "any inventions in any of the listed patents or patent applications " to the extent that such request extends beyond documents and things that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to

the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the request for production of all documents and things concerning "any agreement, contract, covenant, or license that grants or conveys rights under any of the listed patents or patent applications" (Request 1(h)) on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

**Request No. 2:**

Insofar as this request is not covered by any other request herein, all documents and things concerning foreign patent applications or patents which cover any subject matter recited in any of the patents and patent applications listed in Request 1. This request is intended to have the same scope as Request 1.

**Response to Request No. 2:**

Defendants object to this request on all of the grounds set forth in the General Objections Defendants' Response to Request No. 1, and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims.

**Request No. 3:**

Insofar as this request is not covered by any other request herein, all documents and things concerning any product which embodies any invention(s) in any of the listed patents or patent applications.

**Response to Request No. 3:**

Defendants object to this request on all of the grounds set forth in the General Objections Defendants' Response to Request No. 1, and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims.

**Request No. 4:**

Insofar as this request is not covered by any other request herein, all documents and things concerning the Covenant Not To Sue on U.S. Pat. No. 6,002,476 executed by Patrick Treado on November 11, 2000, including but not limited to, all documents and things concerning:

    **(a)**    the decision to sign the Covenant;

    **(b)**    any analyses of CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,002,476;

    **(c)**    any assessments of rights and responsibilities, such as, but not limited to, the "assessing" of "our rights and responsibilities" referred to by Patrick Treado in his May 10, 2000 e-mail to Peter J. Miller; and

    **(d)**    the preparation of any draft Covenants, draft letters, or drafts of any documents in response to CRI's allegations concerning the inventorship and validity of U.S. Pat. No. 6,002,476, including but not limited, the "draft of a non-royalty bearing license agreement" and the "draft of a purchase agreement" referred to in Michael

Dever' August 17, 2000 letter to Martin B. Pavane.

**Response to Request No. 4:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

**Request No. 5:**

Insofar as this request is not covered by any other request herein, all documents and things concerning CRI's attempts to have CHEMIMAGE execute a Covenant Not to Sue on U.S. Pat. No. 6,734,962, including, but not limited to, all documents and things concerning:

    **(a)**    the decision not to sign a Covenant;

    **(b)**    any analyses of CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,734,962;

    **(c)**    any assessments of rights and responsibilities;

    **(d)**    the preparation of any draft Covenants, draft letters, or drafts of any documents in response to CRI's allegations concerning the inventorship, invalidity, and unenforceability of U.S. Pat. No. 6,734,962; and

    **(e)**    Daniel Golub's January 20, 2005 letter asserting Patrick Treado was "sole inventor of the technology that he (and ChemIcon) brought to the SBIR proposal".

**Response to Request No. 5:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to

this action. Defendants further object to this request as seeking documents or information

protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged

material.   Subject to and without waiver of the foregoing objections, Defendants will produce

any documents and things in their possession, custody and control that describe the conception

and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which

are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship

claims.

### Request No. 6:

Insofar as this request is not covered by any other request herein, all documents and things
concerning CRI, including, but not limited to, all documents and things concerning:

    **(a)**    any collaborations between CRI and CHEMIMAGE, including but not limited to,
the collaboration on the Small Business Innovation Research (SBIR) grant from
the National Science Foundation (as discussed in Complaint, [Docket #1]; see
Exhibit A);

    **(b)**    any merger of CRI and CHEMIMAGE, including, but not limited to, any possible
buyout of CHEMIMAGE by CRI;

    **(c)**    any offer to Patrick Treado of a position at CRI;

    **(d)**    any agreements with or concerning CRI;

    **(e)**    any publications, presentations, advertisement, products, patents, patent
applications, and inventions of CRI;

    **(f)**    all communications concerning CRI, regardless of recipient and subject matter;
and

    **(g)**    all communications with CRI, regardless of subject matter.

### Response to Request No. 6:

Defendants object to this request on all of the grounds set forth in the General Objections

and incorporate those objections as if set forth in full herein.  Defendants further object to this

request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to

the discovery of admissible evidence relevant and material to the claim or defense of any party to

this action. Defendants further object to this request as seeking documents or information

protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

Defendants specifically object to the request for production of all "documents and things concerning CRI" on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that concern the purported collaboration between CRI and ChemImage on the Small Business Innovation Research (SBIR) grant from the National Science Foundation described in the Complaint. Defendants object to Request No. 6 to the extent that such request extends beyond documents and things that concern the purported collaboration between CRI and ChemImage on the Small Business Innovation Research (SBIR) grant from the National Science Foundation described in the Complaint, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

Defendants specifically object to the requests for production set forth in subparts (b), (c), (d), (e), (f) and (g) of Request No. 6, as being overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

**Request No. 7:**

Insofar as this request is not covered by any other request herein, all documents and things concerning Peter J. Miller and/or Clifford Hoyt, including, but not limited to:

    **(a)**    all documents and things concerning publications, presentations, patents, and inventions of Peter J. Miller and/or Clifford Hoyt, either alone or jointly;

    **(b)**    all communications concerning Peter J. Miller and/or Clifford Hoyt, regardless of recipient and subject matter; and

    **(c)**    all communications with Peter J. Miller and/or Clifford Hoyt, regardless of subject matter.

**Response to Request No. 7:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

Defendants specifically object to the request for production of "all documents and things concerning Peter J. Miller and/or Clifford Hoyt ...including all communications ... regardless of subject matter" on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. In response to Request No. 7, Defendants will produce any documents and things in their possession, custody and control that relate to communications with Miller and Hoyt concerning the conception and actual and/or constructive reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims. Defendants object to Request No. 7 to the extent that such request extends

beyond documents and things that relate to communications with Miller and Hoyt concerning the

conception and actual and/or constructive reduction to practice of the subject matter of claims 3

and 4 of the patent-in-suit, on the grounds that such requests overly broad, unduly burdensome,

vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant

and material to the claim or defense of any party to this action.

**Request No. 8:**

Insofar as this request is not covered by any other request herein, all documents and things
concerning any of the following articles:
- (a)   H. Morris, C. Hoyt, P. Miller and P. Treado, "Liquid Crystal Tunable Filter
        Raman Chemical Imaging", Vol. 50, Applied Spectroscopy, No. 6, pp. 805-811
        (1996);
- (b)   P. Treado, I. Levin, E. Lewis, "Indium Antimonide (InSb)Focal Plan Array (FPA)
        Detection for Near-Infrared Imaging Microscopy", Vol. 48, Applied
        Spectroscopy, No. 5,  p. 607 (1994);
- (c)   P. Miller and C. Hoyt, "Multispectral Imaging with a Liquid Crystal Tunable
        Filter", SPIE, Vol. 2345, pp. 354-365 (1995); and
- (d)   P. Miller, "Tunable Narrowband Birefringent Filters For Astronomical Imaging",
        SPIE, Vol. 1235, pp. 466-470 (1990).

**Response to Request No. 8:**

        Defendants object to this request on all of the grounds set forth in the General Objections

and incorporate those objections as if set forth in full herein.  Defendants further object to this

request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to

the discovery of admissible evidence relevant and material to the claim or defense of any party to

this action.  Defendants further object to this request as seeking documents or information

protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged

material.  Defendants further object to this request to the extent that the articles in question have

not been furnished to Defendants.

Defendants specifically object to the requests for production set forth in subparts (b), (c) and (d) of Request No. 8, as being overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

**Request No. 9:**

Insofar as this request is not covered by any other request herein, all documents and things concerning the "line of Raman microscopes" for which CHEMIMAGE had "quotations pending with several customers totaling over $300K" as stated in Appendix 2A of the SBIR Phase II Proposal (Complaint, [Docket #1], Exhibit C).

**Response to Request No. 9:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims.

**Request No. 10:**

All documents and things concerning liquid crystal tunable filter (LCTF) technology, including, but not limited to, all documents and things concerning:
    **(a)**    Evans Split-Element LCTF technology, including, but not limited to, its development and all inventive contributions thereto; and
    **(b)**    Gary D. Sharp's and/or Colorlink, Inc.'s inventive contribution to LCTF

technology.

**Response to Request No. 10:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

Defendants specifically object to the request for production of all documents and things concerning "liquid tunable filter (LCTF) technology" on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control concerning the conception and actual and/or constructive reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit (including any such documents and things that concern LCTF technology). Defendants object to the request for production of documents and things concerning "liquid tunable filter (LCTF) technology" to the extent that such request extends beyond documents and things concerning the conception and actual and/or constructive reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, on the grounds that such request is overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action.

16

**Request No. 11:**

All documents and things sufficient to show the corporate and organizational structure of CHEMIMAGE from 1994 to the present, including but not limited, its personnel, directors, officers, parents subsidiaries, and all documents and things concerning any and all persons with any ownership interest in CHEMIMAGE.

**Response to Request No. 11:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims.

**Request No. 12:**

All documents and things concerning any document retention, document destruction, or record keeping policy, past or present, of CHEMIMAGE.

**Response to Request No. 12:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to

17

this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material.

**Request No. 13:**

All documents and things concerning the present litigation, including, but not limited to, all documents and things concerning the location of any documents or things responsive to these requests, and the gathering of documents and things responsive to these requests.

**Response to Request No. 13:**

Defendants object to this request on all of the grounds set forth in the General Objections and incorporate those objections as if set forth in full herein. Defendants further object to this request as overly broad, unduly burdensome, vexatious and not reasonably calculated to lead to the discovery of admissible evidence relevant and material to the claim or defense of any party to this action. Defendants further object to this request as seeking documents or information protected by the attorney-client privilege, or the work product doctrine, or otherwise privileged material. Subject to and without waiver of the foregoing objections, Defendants will produce any documents and things in their possession, custody and control that describe the conception and/or reduction to practice of the subject matter of claims 3 and 4 of the patent-in-suit, which are recited in Count I of the Complaint as the purported bases for Plaintiffs' co-inventorship claims.

Date  October 3, 2005

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: 617.289.9220
Fax: 617.289.9201
e-mail:  ajfitzpatrick@duanemorris.com

Counsel for Defendants,
Patrick Treado and ChemImage Corp.

OF COUNSEL:

Paul D. Weller
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5530
eFax:  215.963.5001
e-mail:  pweller@morganlewis.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing document was served upon counsel for the plaintiffs by electronic mail on October 3, 2005.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

BOS\138382.1

# *EXHIBIT C*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

        Plaintiffs,

        v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

        Defendants.

**Civil Action No. 05-10367-RWZ**

## STIPULATED [PROPOSED] PROTECTIVE ORDER

Subject to approval by the Court, plaintiffs Peter J. Miller, Clifford Hoyt and Cambridge

Research and Instrumentation, Inc. and defendants, Patrick Treado and ChemImage Corp., hereby

stipulate to the entry of the following [Proposed] Protective Order, which shall govern all

production of documents and things produced or filed by any party or non-party to this action.

**A.  SCOPE**

1.  The protections conferred by this Order cover not only Protected Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

2.  Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained including, but not limited to, documents, things, and information produced or generated in disclosures or responses to discovery in this action.

3.  Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" in accordance with this Order.

**B.  DESIGNATION OF PROTECTED MATERIAL**

1.  Each party or non-party shall only designate as "CONFIDENTIAL" all or part of any document, thing, or information that contain or constitute commercial, or business information which that party in good faith believes constitutes proprietary business information which information is not generally known and which that party would normally not reveal to third party or, if disclosed, would require such third party to maintain in confidence.

2.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.
    Designation in conformity with this Order requires:

    (a)  Documents (apart from transcripts of depositions or other pretrial or trial proceedings): the producing party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g. by making appropriate markings in the margins).

    (b)  Depositions will be treated as CONFIDENTIAL until 20 days after receipt of the transcript thereof. The producing party shall, within said 20 days, identify and designate any portions of such testimony as to which it requires protection from disclosure under this Order.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered thereafter by the provisions of this Stipulated Protective Order.

    (c)  For information produced in other than documentary form, and for any other tangible items, the producing party shall affix in a prominent place on the exterior of said item the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER".  If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

3.  Inadvertent failure to designate appropriate material produced as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of any otherwise valid claim for protection under this Order.  A party may cure an inadvertent failure to place a legend or otherwise designate a document or other information at the time of its production

as "CONFIDENTIAL" by so notifying the receiving party within ten (10) business days after the initial production, whereupon such Protected Material shall be treated as "CONFIDENTIAL".  Upon receipt of a timely corrective notification, the receiving party shall immediately take all reasonable steps to retrieve the Protected Material and any copies thereof, and either

    (a) designate the Protected Material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or

    (b) return the Protected Material to the producing party for proper designation.  The cost of re-designation will be borne by the producing party.

Unless the producing party seeks to cure the inadvertent failure to designate the material as specified in this section, the producing party will have waived any right to designate said material.

4.    If it comes to a Party's or a non-party's attention that information or items that it designated do not qualify for protection at all, that Party or non-party is obligated to promptly notify all other parties that it is withdrawing the mistaken designation.

## C.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    A party shall not be obligated to challenge the propriety of any designation of Protected Material as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

2.    In the event that any party disagrees at any stage of this action with any confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation.  Within seven (7) days of service of the written notice, the parties will have a conference in order to dispose of such dispute in good faith and on an informal basis.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

3.    Within seven (7) days of the conference, if the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court by motion.  The burden of proving that Protected Material has been properly designated as "CONFIDENTIAL" is on the designating party.

4.    Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, to impose unnecessary expenses and burdens on other parties, or to avoid disclosing information which it has a duty to disclose to an administrative agency), expose the designating party to sanctions.

## D.  DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS

1.    a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.   Protected Material may be disclosed by counsel of a receiving party to an expert, subject to the provisions of this section.
3.   Twenty days before Protected Material is disclosed to an expert, the receiving party retaining said expert must serve upon the counsel of record:
     (a)   written notice to counsel of record stating the name, address, and current employer of said expert;
     (b)   a curriculum vitae of said expert, setting forth said expert's area of expertise, experience, qualifications, relevant work experience, etc.; and
     (c)   an undertaking in the form of Exhibit A, attached hereto, signed by said expert.
4.   If no party objects in writing to said expert, setting forth the grounds for such objection, within twenty days of service of the notice described above, Protected Material may be shown to said expert.
5.   If a party objects to an expert, a conference between the parties will be held within seven days of service of the written objection.  If agreement of the parties cannot be reached at said conference, then the objecting party must file a motion with the Court within seven days of said conference seeking to bar the expert.  Failure to file such motion shall constitute a withdrawal of said objection.

**E.   ACCESS TO AND USE OF PROTECTED MATERIAL**
1.   A receiving party may use Protected Material solely for the purpose of conducting this Action, not for any other litigation, domestics or foreign, and not for any other purpose whatsoever, unless a Court having jurisdiction over the Plaintiffs or Defendants shall order otherwise. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of section below, entitled FINAL DISPOSITION.
2.   In the event that any Protected Material is used in any Court proceeding in connection with this action, it shall not lose its status as "CONFIDENTIAL" through such use, and the parties shall take all reasonable steps to protect the confidentiality of such Protected Material during such use.
3.   The receiving party of any Protected Material shall exercise the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such Protected Material as is exercised by the receiving party with respect to their own proprietary information.
4.   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Protected Material only to:
     (a)   The receiving party's Outside Counsel of record in this action, employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, and professional vendors which provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors to whom it is reasonably necessary to disclose the information for this litigation;

    (b) The receiving party's Experts (as defined and limited in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

    (c) The receiving party's officers, directors, and employees to whom disclosure is reasonably necessary for this litigation;

    (d) The Court, jury, or other Court personnel, including, but not limited to, stenographers and videographers covering any deposition, hearing, or trial in this action;

    (e) Any individual whom the "CONFIDENTIAL" document or information clearly identifies as an author, addressee or recipient; and

    (f) Deponents or witnesses to whom disclosure is reasonably necessary and who have signed the attached "Agreement To Be Bound by the Protective Order" (Exhibit A).

5.   Any party may disclose or use, in any manner and for any purpose, information which they have designated as "CONFIDENTIAL".

6.   Any material, regardless of designation, which is material to a proceeding before the United States Patent and Trademark Office may be submitted to the United States Patent and Trademark Office without fear of sanctions under this Order.

## F.   PROTECTED vs. PRIVILEGED MATERIAL.

1.   Nothing in this Order is intended to address the grounds of attorney-client privilege or work product, or to preclude any party from seeking relief or other protective orders from the Court as may be appropriate in regards to attorney-client privilege or work product.

2.   The inadvertent production of any document or thing by any party shall be without prejudice to any claim by the producing party that such document or thing is protected by attorney-client privilege or protected from discovery as work product within the meaning of Fed.R.Civ.P. 26. If after documents are disclosed, a producing party asserts that such documents are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party. The cost, if any, for excising such documents by the receiving party shall be borne by the producing party. The receiving party may thereafter contest such claims of privilege or work product as if the materials had not been produced, but in contesting such claim shall not rely on any portion of the document other than the description set forth in the producing party's privilege log as per Fed. R. Civ. P. 26(b)(5) and the receiving party shall not assert that a waiver occurred as a result of the inadvertent production.

## G   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

1.   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the receiving party must so notify the designating party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

2.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

3.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## H.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party discloses, by inadvertence or otherwise, Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately:

   (a)  notify in writing the designating party of the unauthorized disclosures;
   (b)  use its best efforts to retrieve all copies of the Protected Material;
   (c)  inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and
   (d)  request such person or persons to execute the "Agreement to Be Bound by the Protective Order" that is attached hereto as Exhibit A.

## I.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until

   (a)  a designating party agrees otherwise in writing;
   (b)  a court order otherwise directs; or
   (c)  the material otherwise becomes public through no fault of the receiving party.

## J.   FINAL DISPOSITION

1.  Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Material to the producing party.  Further, this Order shall survive the final termination of the Action and the Court shall retain jurisdiction to resolve any dispute concerning the use of any Protected Material designated "CONFIDENTIAL", provided, however, that this Order shall not be construed:

   (a)  to prevent any party or its attorneys from making use of Protected Material lawfully in their possession prior to its disclosure by the producing party;
   (b)  to apply to Protected Material which appears in issued patents or printed publications;
   (c)  to apply to Protected Material which is, or later becomes, publicly known through no fault of the receiving party; or

      (c) to apply to Protected Material which any party or its attorney has, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such Protected Material.

2. As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With prior permission in writing from the designating party, the receiving party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

3. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in the Section entitled DURATION above.

## K.  MISCELLANEOUS

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.


Respectfully submitted,


**PLAINTIFFS**                                    **DEFENDANTS**
**PETER J. MILLER,**                       **PATRICK TREADO and**
**CLIFFORD HOYT, and**                **CHEMIMAGE CORPORATION**
**CAMBRIDGE RESEARCH AND**
**INSTRUMENTATION, INC.**

By their attorneys,                              By their attorneys,

/s/ Teodor J. Holmberg                      /s/ Anthony J. Fitzpatrick
Martin B. Pavane (admitted pro hac vice)      Anthony J. Fitzpatrick (BBO #564324)
Teodor J. Holmberg (BBO #634708)              Duane Morris LLP
Cohen, Pontani, Lieberman, and Pavane         470 Atlantic Avenue, Suite 500
551 Fifth Avenue                              Boston, MA 02210
New York, NY 10176                            Tel. 617-289-9220

Tel. (212) 687-2770
Fax. (212) 972-5487
e-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201

DATED:  November 10, 2005

Fax 617-289-9201
e-mail: ajfitzpatrick@duanemorris.com

Paul D. Weller (admitted pro hac vice)
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
Tel. (215) 963-5530
eFax (215) 963-5001



# EXHIBIT A

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

              Plaintiffs,

              v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

              Defendants.

**Civil Action No. 05-10367-RWZ**
**in the**
**U.S. DISTRICT COURT**
**FOR MASSACHUSETTS**

### AGREEMENT TO BE BOUND
### BY THE PROTECTIVE ORDER
### ENTERED IN THE
### UNITED STATES DISTRICT COURT FOR MASSACHUSETTS
### ON_____, 2005

The undersigned hereby acknowledges that he or she has read the protective order in the case identified above, and that he or she understands the terms thereof, and that he or she agrees to be bound by such terms.

The undersigned hereby agrees that he or she will not provide non-litigation related services to any party to this litigation, for a period of five years from the final disposition of this litigation including any and all appeals.

Dated:_____     _____

*EXHIBIT D*



**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

———————

Sidney R. Bresnick
Of Counsel

———————

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
James P. Doyle
Mher Hartoonian
Alphonso A. Collins
Jason S. Howell
Douglas D. Zhang
Edward V. DiLello
F. Brice Faller
Edward M. Reisner

———————

Enshan Hong
Technical Advisor

January 23, 2006

***VIA E-MAIL (CONFIRMATION BY MAIL)***

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Document Production/Protective Order in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt  v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Messrs. Weller and Fitzpatrick:

This letter is a request for a discovery conference under Local Rule 37.1 on Friday, January 27, 2006 at 3 p.m.  As you know, failure to respond to this request within 7 days may result in sanctions, including automatic allowance of any motion based on the discovery problems listed herein.

We have still not heard a response to our January 11, 2006 letter, in which we (at least temporarily) agreed to many of your limitations on the scope of discovery so that the process of document production may begin.  At this point, the only thing holding us up is the protective order, which awaits your revisions.  Please provide your revisions to the protective order as soon as possible so that we may finally begin document production.

We look forward to your response.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Teodor J. Holmberg

MBP/TJH/tdg

H:\34250 - C.R.I\-60L\ltrs to opp counsel\tdg to AJF+PDW - disc 02.doc

*EXHIBIT E*



**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

———————

Sidney R. Bresnick
Of Counsel

———————

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
James P. Doyle
Mher Hartoonian
Alphonso A. Collins
Jason S. Howell
Douglas D. Zhang
Edward V. DiLello
F. Brice Faller
Edward M. Reisner

———————

Enshan Hong
Technical Advisor

January 30, 2006

***VIA E-MAIL (CONFIRMATION BY MAIL)***

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Document Production/Protective Order in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt  v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Messrs. Weller and Fitzpatrick:

On the evening of January 23, 2006, we transmitted a letter requesting a discovery conference under Local Rule 37.1 (and we suggested 3 PM last Friday as a suitable time), but we have still not been contacted by you.  Accordingly, we will, by the end of this week, seek an order by the Court to (a) grant our protective order, and (b) compel production of all documents concerning U.S. Pat. No. 6,002,476 and U.S. Pat. App. Ser. No. 09/064,347 which are responsive to our document requests (e.g., document requests nos. 1 and 4).

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Teodor J. Holmberg

MBP/TJH/tdg

H:\34250 - C.R.I\-60L\ltrs to opp counsel\tdg to AJF+PDW - disc 03.doc

*EXHIBIT F*

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

ANTHONY J. FITZPATRICK
DIRECT DIAL:  617.289.9220
E-MAIL:  ajfitzpatrick@duanemorris.com

www.duanemorris.com

January 31, 2006

VIA E-MAIL AND REGULAR MAIL

Teodor J. Holmberg, Esq.
Cohen Pontani Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176-1022

>      Re:    **Cambridge Research & Instrumentation, Inc., Peter J. Miller and
>             Clifford Hoyt v. ChemImage Corporation and Patrick Treado
>             Civil No. 05-10367-(RWZ) (D. Mass.)**

Dear Mr. Holmberg:

   We respond as follows to your letter dated January 11, 2006:

   1.    Discovery Requests Propounded by Defendants

Interrogatory No. 7

   Interrogatory No. 7 goes to the heart of this litigation, and requires plaintiffs to describe in detail the basis for their contentions of inventorship with respect to each claim of the patent-in-suit.  During the conference before Judge Zobel on October 25, 2005, plaintiffs agreed to supplement their original response to this Interrogatory, which was clearly deficient.  During our discovery conference on November 30, 2005, plaintiffs agreed to supplement this Interrogatory by December 14, 2005.  Plaintiffs have failed to honor this deadline.  At this point, two months have passed since plaintiffs committed to supplement this Interrogatory, and seven weeks has passed since the agreed deadline for supplementation.  We intend to file a Motion To Compel a response to this Interrogatory within the next several days, and will be seeking reimbursement for costs.

Document Request No. 47

   Document Request No. 47 also goes to the heart of this litigation, and requires plaintiffs to produce all agreements whereby plaintiffs license intellectual property rights to liquid crystal tunable filter (LCTF) technology from a third-party.  Plaintiffs contend that they are co-inventors

DuaneMorris

Teodor J. Holmberg, Esq.
January 31, 2006
Page 2

of the patent-in-suit because they claim to have invented LCTF technology. To the extent that plaintiffs license LCTF technology from third-parties, such licenses would clearly be relevant to plaintiffs' contention that they invented LCTF technology. You state that you do not believe that we "have adequately shown that the subject matter of document request no. 47 is relevant to this litigation." We believe that the Court will readily see the relevance of this Document Request, and therefore intend to file a Motion To Compel a response to this Document Request within the next few days.

      2.    <u>Discovery Requests Propounded by Plaintiffs</u>

      <u>Document Request No. 1 – U.S. Pat. No. 6,002,476 and U.S. Pat. Appl. No. 09/064,347</u>

In response to plaintiffs' assertion that we should produce documents concerning U.S. Patent No. 6,002,476 and U.S. Patent Appl. No. 09/064,347, we stand by our position that this patent and patent application are completely unrelated to the issue in this case, namely whether Miller and Hoyt co-invented subject matter claimed in the patent-in-suit (i.e., U.S. Patent No. 6,734,962). It strains the imagination to understand how a patent and patent application for which no claim of co-ownership is even being asserted are pertinent to this litigation. In addition, we strenuously disagree with plaintiffs' suggestion that U.S. Patent No. 6,002,476 and U.S. Patent Appl. No. 09/064,347 were based on a collaboration between CRI and ChemImage.

      <u>Document Request No. 4</u>

We continue to stand by our objection to production of documents relating to the Covenant Not To Sue that was executed in connection with U.S. Patent No. 6,002,476 and U.S. Patent Appl. No. 09/064,347. Again, this patent and patent application are completely unrelated to the issue in this case, namely whether Miller and Hoyt co-invented subject matter claimed in the patent-in-suit (i.e., U.S. Patent No. 6,734,962). Plaintiffs have been unable to explain how a Covenant Not To Sue concerning a patent and patent application for which no claim of co-ownership is even being asserted could possibly lead to the discovery of admissible evidence in this litigation.

      3.    <u>Protective Order</u>

We enclose a revised draft of the Protective Order, together with a black-line version showing our changes. As you will see, we have added a "Confidential – Attorneys Eyes Only" level of protection, and deleted the provision that would have allowed either side to freely disclose the other party's confidential information to the Patent Office.

DuaneMorris

Teodor J. Holmberg, Esq.
January 31, 2006
Page 3

Sincerely,

Anthony J. Fitzpatrick

AJF/lnw
Enclosures
cc:     Paul D. Weller, Esq.

*EXHIBIT G*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation, | |
| Plaintiffs, | |
| v. | Civil Action No. 05-10367-RWZ |
| PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation, | |
| Defendants. | |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

Subject to approval by the Court, plaintiffs Peter J. Miller, Clifford Hoyt and Cambridge Research and Instrumentation, Inc. and defendants, Patrick Treado and ChemImage Corp., hereby stipulate to the entry of the following [Proposed] Protective Order, which shall govern all production of Protected Material (defined below), including documents and things produced or filed by any party or non-party to this action.

## A.  SCOPE

1. The protections conferred by this Order cover not only Protected Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

2. Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained including, but not limited to, documents, things, testimony and information produced or generated in disclosures or responses to discovery in this action.

3. Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

## B.  DESIGNATION OF PROTECTED MATERIAL

1. Each party or non-party shall only designate as "CONFIDENTIAL" all or part of any document, thing, testimony or information that contain or constitute commercial, technical or business information which that party in good faith believes constitutes proprietary business information which information is not generally known and which that party would normally not reveal to third party or, if disclosed, would require such third party to maintain in confidence.

2. If a party or non-party believes in good faith that (a) certain information is of an especially sensitive commercial or proprietary nature, and (b) disclosure of such information to the persons described in paragraph E(4)(c) would pose an undue risk of competitive injury, the party or non-party may designate such information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) Documents (apart from transcripts of depositions or other pretrial or trial proceedings): the producing party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b) Depositions will be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY until 20 days after receipt of the transcript thereof. The producing party shall, within said 20 days, identify and designate any portions of such testimony as to which it requires protection from disclosure under this Order. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered thereafter by the provisions of this Stipulated Protective Order.

(c) For information produced in other than documentary form, and for any other tangible items, the producing party shall affix in a prominent place on the exterior of said item the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER". If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

4. Inadvertent failure to designate appropriate material produced as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of any otherwise valid claim for protection under this Order. A party may cure an inadvertent failure to place a legend or otherwise designate a document or other information at the time of its production as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so notifying the receiving party within ten (10) business days after the initial production, whereupon such Protected Material shall be treated as designated in the corrective notification. Upon receipt of a timely corrective notification, the receiving party shall immediately take all reasonable steps to retrieve the Protected Material and any copies thereof, and either

(a) designate the Protected Material in the manner specified in the corrective notification as either "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" , or

(b) return the Protected Material to the producing party for proper designation. The cost of re-designation will be borne by the producing party.

Unless the producing party seeks to cure the inadvertent failure to designate the material as specified in this section, the producing party will have waived any right to designate said material.

5. If it comes to a Party's or a non-party's attention that information or items that it designated do not qualify for protection at all, that Party or non-party is obligated to promptly notify all other parties that it is withdrawing the mistaken designation.

## C.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. A party shall not be obligated to challenge the propriety of any designation of Protected Material as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

2. In the event that any party disagrees at any stage of this action with any confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation. Within seven (7) days of service of the written notice, the parties will have a conference in order to dispose of such dispute in good faith and on an informal basis. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

3. Within seven (7) days of the conference, if the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court by motion. The burden of proving that Protected Material has been properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is on the designating party.

4. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, to impose unnecessary expenses and burdens on other parties, or to avoid disclosing information which it has a duty to disclose to an administrative agency), expose the designating party to sanctions.

## D. DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS

1. **[CRI to supply missing language]** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2. Protected Material may be disclosed by counsel of a receiving party to an expert, subject to the provisions of this section.

3. Ten days before Protected Material is disclosed to an expert, the receiving party retaining said expert must serve upon the counsel of record:
   (a) written notice to counsel of record stating the name, address, and current employer of said expert;
   (b) a curriculum vitae of said expert, setting forth said expert's area of expertise, experience, qualifications, relevant work experience, etc.; and
   (c) an undertaking in the form of Exhibit A, attached hereto, signed by said expert.

4. If no party objects in writing to said expert, setting forth the grounds for such objection, within twenty days of service of the notice described above, Protected Material may be shown to said expert.

5. If a party objects to an expert, a conference between the parties will be held within seven days of service of the written objection. If agreement of the parties cannot be reached at said conference, then the objecting party must file a motion with the Court within seven days of said conference seeking to bar the expert. Failure to file such motion shall constitute a withdrawal of said objection.

## E. ACCESS TO AND USE OF PROTECTED MATERIAL

1. A receiving party may use Protected Material solely for the purpose of conducting this Action, not for any other litigation, domestics or foreign, and not for any other purpose whatsoever, unless a Court having jurisdiction over the Plaintiffs or Defendants shall order otherwise. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been

terminated, a receiving party must comply with the provisions of section below, entitled FINAL DISPOSITION.

2.   In the event that any Protected Material is used in any Court proceeding in connection with this action, it shall not lose its status as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" through such use, and the parties shall take all reasonable steps to protect the confidentiality of such Protected Material during such use.

3.   The receiving party of any Protected Material shall exercise the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such Protected Material as is exercised by the receiving party with respect to their own proprietary information.

4.   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Protected Material designated as "CONFIDENTIAL" only to:

    (a)   The receiving party's Outside Counsel of record in this action, employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, and professional vendors which provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors to whom it is reasonably necessary to disclose the information for this litigation;

    (b)   The receiving party's Experts (as defined and limited in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

    (c)   The receiving party's officers, directors, and employees to whom disclosure is reasonably necessary for this litigation;

    (d)   The Court, jury, or other Court personnel, including, but not limited to, stenographers and videographers covering any deposition, hearing, or trial in this action;

    (e)   Any individual whom the "CONFIDENTIAL" document or information clearly identifies as an author, addressee or recipient; and

    (f)   Deponents or witnesses to whom disclosure is reasonably necessary and who have signed the attached "Agreement To Be Bound by the Protective Order" (Exhibit A).

5.   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Protected Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a)   The receiving party's Outside Counsel of record in this action, employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, and professional vendors which provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors to whom it is reasonably necessary to disclose the information for this litigation;

(b) The receiving party's Experts (as defined and limited in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

(c) The Court, jury, or other Court personnel, including, but not limited to, stenographers and videographers covering any deposition, hearing, or trial in this action;

(d) Any individual whom the "CONFIDENTIAL" document or information clearly identifies as an author, addressee or recipient; and

(e) Deponents or witnesses to whom disclosure is reasonably necessary and who have signed the attached "Agreement To Be Bound by the Protective Order" (Exhibit A).

6. Any party may disclose or use, in any manner and for any purpose, information which they have designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY.".

## F.  PROTECTED vs. PRIVILEGED MATERIAL

1. Nothing in this Order is intended to address the grounds of attorney-client privilege or work product, or to preclude any party from seeking relief or other protective orders from the Court as may be appropriate in regards to attorney-client privilege or work product.

2. The inadvertent production of any document or thing by any party shall be without prejudice to any claim by the producing party that such document or thing is protected by attorney-client privilege or protected from discovery as work product within the meaning of Fed.R.Civ.P. 26. If after documents are disclosed, a producing party asserts that such documents are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party. The cost, if any, for excising such documents by the receiving party shall be borne by the producing party. The receiving party may thereafter contest such claims of privilege or work product as if the materials had not been produced, but in contesting such claim shall not rely on any portion of the document other than the description set forth in the producing party's privilege log as per Fed. R. Civ. P. 26(b)(5) and the receiving party shall not assert that a waiver occurred as a result of the inadvertent production.

## G   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

1. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the receiving party must so notify the designating party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

2. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by

the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

3. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

## H.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party discloses, by inadvertence or otherwise, Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately:

    (a)  notify in writing the designating party of the unauthorized disclosures;

    (b)  use its best efforts to retrieve all copies of the Protected Material;

    (c)  inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    (d)  request such person or persons to execute the "Agreement to Be Bound by the Protective Order" that is attached hereto as Exhibit A.

## I.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until:

    (a)  a designating party agrees otherwise in writing;

    (b)  a court order otherwise directs; or

    (c)  the material otherwise becomes public through no fault of the receiving party.

## J.  FINAL DISPOSITION

1. Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Material to the producing party. Further, this Order shall survive the final termination of the Action and the Court shall retain jurisdiction to resolve any dispute concerning the use of any Protected Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", provided, however, that this Order shall not be construed:

    (a)  to prevent any party or its attorneys from making use of Protected Material lawfully in their possession prior to its disclosure by the producing party;

    (b)  to apply to Protected Material which appears in issued patents or printed publications;

    (c)  to apply to Protected Material which is, or later becomes, publicly known through no fault of the receiving party; or

      (c) to apply to Protected Material which any party or its attorney has, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such Protected Material.

2. As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With prior permission in writing from the designating party, the receiving party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

3. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in the Section entitled DURATION above.

## K.  MISCELLANEOUS

1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

**PLAINTIFFS**
**PETER J. MILLER,**
**CLIFFORD HOYT, and**
**CAMBRIDGE RESEARCH AND**
**INSTRUMENTATION, INC.**

**DEFENDANTS**
**PATRICK TREADO and**
**CHEMIMAGE CORPORATION**

By their attorneys,

/s/ Teodor J. Holmberg
Martin B. Pavane (admitted pro hac vice)
Teodor J. Holmberg (BBO #634708)
Cohen, Pontani, Lieberman, and Pavane
551 Fifth Avenue

By their attorneys,

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO #564324)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Stipulated [Proposed] Protective Order

New York, NY 10176
Tel. (212) 687-2770
Fax. (212) 972-5487
e-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201

Tel. 617-289-9220
Fax 617-289-9201
e-mail: ajfitzpatrick@duanemorris.com

Paul D. Weller (admitted pro hac vice)
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
Tel. (215) 963-5530
eFax (215) 963-5001

  DATED:  January 31, 2006



# EXHIBIT A

| | |
|---|---|
| PETER J. MILLER, an individual,<br>CLIFFORD HOYT, an individual, and<br>CAMBRIDGE RESEARCH AND<br>INSTRUMENTATION, INC.,<br>a Delaware corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>PATRICK TREADO, an individual, and<br>CHEMIMAGE CORP., a Delaware<br>corporation,<br><br>        Defendants. | Civil Action No. 05-10367-RWZ<br>in the<br>U.S. DISTRICT COURT<br>FOR MASSACHUSETTS |

**AGREEMENT TO BE BOUND**
**BY THE PROTECTIVE ORDER**
**ENTERED IN THE**
**UNITED STATES DISTRICT COURT FOR MASSACHUSETTS**
**ON_____, 2005**

The undersigned hereby acknowledges that he or she has read the protective order in the

case identified above, and that he or she understands the terms thereof, and that he or she agrees

to be bound by such terms.


Dated:_____        _____

*EXHIBIT H*



**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
James P. Doyle
Mher Hartoonian
Alphonso A. Collins
Jason S. Howell
Douglas D. Zhang
Edward V. DiLello
F. Brice Faller
Edward M. Reisner

Enshan Hong
Technical Advisor

February 2, 2006

***VIA E-MAIL (CONFIRMATION BY MAIL)***

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Document Production/Protective Order in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt  v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Messrs. Weller and Fitzpatrick:

I am rather surprised at the tone of your letter e-mailed on the night of January 31, 2005, which completely ignores (a) our January 23, 2006 request for a discovery teleconference under LR 37.1, and (b) our follow-up letter of January 30, 2006. The follow-up letter, which mentioned a motion to grant our protective order and a motion to compel, was required because you did not bother to respond to our request for a teleconference, and the motions were the appropriate sanction under the local rules. In short, we asked to talk and were greeted with a deafening silence.

The day after our January 30, 2006 letter, Paul called and left a voicemail message indicating that you were not ignoring our request for a discovery teleconference, would like to schedule one, and would get back to us in "the next 48 hours". The problem, Paul said in his voicemail, was that he had been unable to "catch up" with Tony who had been "in depositions literally every day for the past two weeks".

That night you forwarded the above-mentioned letter, ignoring our request for a teleconference, and instead threatening us with two motions to compel, which "will be seeking reimbursement for costs". Similarly to Paul's comments in his voicemail, we too have been busy in other cases, including depositions in other countries and states. That combined with the holiday season, which among other things made it difficult to coordinate with our client, has slowed us down. We are meeting with the client next week and expect to serve our supplemental response to interrogatory no. 7 shortly thereafter.

H:\34250 - C.R.I\-60L\ltrs to opp counsel\ltdg to AJF+PDW - disc 04.doc



Page 2
February 2, 2006

We didn't threaten motions in our January 30, 2006 follow-up letter as some show of gamesmanship. We had asked to talk about the discovery issues and you hadn't responded in any fashion, which understandably worried us, since all it required was picking up a phone or jotting off an e-mail. After what sounded like an apologetic voicemail, you send us a letter which looks very much like a show of gamesmanship. We would prefer working this out as reasonable people; if you feel it is appropriate and necessary to bother the Court at this point, we certainly can't stop you.

In regards to the particular issues:

(a) As stated above, we will be meeting with the client next week and will serve our supplemental response to interrogatory no. 7 shortly thereafter.

(b) We do not think that Defendants' Doc. Req. No. 47 is relevant. Nevertheless, as we have mentioned before, we will raise the issue in our meeting with the client next week to see if they will be willing to produce the material under the protective order to avoid wasting time and money over an irrelevant matter that will have no effect on the case.

(c) You assert that U.S. Patent No. 6,002,476 and U.S. Pat. App. No. 09/064,347 are "completely unrelated to the issue in this case" and that "it strains the imagination" to understand how they are related to this case. We cannot agree and, unless you relent, we will seek redress with the Court.

(d) We do not see the need for the two-level confidentiality designations in your draft protective order. The technology being discussed is all over seven years old and the subject of multiple patents. Furthermore, we are fighting over inventorship, which means both of our clients (who are imputed co-inventors) will need to have access to the produced materials. We need to understand this as more than a hypothetical necessity: what kind of document would **both** be responsive to one of the document requests that you've agreed to answer **and** pose the risk of competitive injury by disclosure to our client? Our concerns about your protective order are, *inter alia*, (1) the possibility of key documents about inventorship being designated as "attorneys eyes only"; and (2) the cost and expense of having to get experts to interpret a large number of documents when they could be analyzed more easily and effectively by our client (keeping in mind, once again, that this is a co-inventorship suit between admitted collaborators). If you will tell us your concerns (e.g., the specific documents that would necessitate an "attorneys only" designation), we will try to reach a compromise that addresses all of our concerns.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Teodor J. Holmberg

MBP/TJH/tdg

*EXHIBIT I*

## DuaneMorris°

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

ANTHONY J. FITZPATRICK
DIRECT DIAL: 617.289.9220
E-MAIL: ajfitzpatrick@duanemorris.com

www.duanemorris.com

February 8, 2006

VIA E-MAIL AND REGULAR MAIL

Teodor J. Holmberg, Esq.
Cohen Pontani Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176-1022

     **Re:**   **Cambridge Research & Instrumentation, Inc., Peter J. Miller and
Clifford Hoyt v. ChemImage Corporation and Patrick Treado
Civil No. 05-10367-(RWZ) (D. Mass.)**

Dear Mr. Holmberg:

     I am writing in response to your letter dated February 2, 2006.

     First, in response to your allegations of "gamesmanship," there has been no
gamesmanship on our part. Our positions concerning the discovery issues in dispute were stated
very clearly in my letter to you of December 9, 2005. Those positions have not changed in the
interim. If there has been "gamesmanship," it has been on the part of the plaintiffs. On
November 30, 2005, the plaintiffs agreed to provide a supplemental response to Interrogatory
No. 7 by December 14. As you well know, that interrogatory asks the plaintiffs to articulate the
basis for their claim of inventorship. When we spoke on November 30, Attorney Pavane
indicated that the supplemental response would likely incorporate much of what the plaintiffs
had said in their preliminary injunction motion papers. Thus, it did not appear that preparation of
the response would be burdensome or time-consuming. Yet the supplemental response is now
eight weeks overdue, and your letter of February 2, 2006 fails to specify a date certain for its
delivery. The plaintiffs filed this case one year ago. Presumably, before they filed the case, the
plaintiffs had investigated and knew the basis for their claim. They should disclose it in
adequate detail, or dismiss the case.

     Furthermore, it was our clear understanding from the November 30 discovery conference
that the plaintiffs had withdrawn their objection to the defendants' request for production no. 47.
I confirmed as much in my December 9 letter to you. Now we learn that you have reneged on
that understanding, and it appears that neither you nor your colleagues have even discussed this
issue (nor, it appears, the supplemental response to interrogatory no. 7) with your clients.

DUANE MORRIS LLP
470 ATLANTIC AVENUE, SUITE 500   BOSTON, MA 02210

                                                  PHONE: 617.289.9200   FAX: 617.289.9201

DuaneMorris

Teodor J. Holmberg, Esq.
February 8, 2006
Page 2

The indication in my letter of January 31, 2006 that the defendants would file motions to compel was not a "show of gamesmanship" in any way. On the contrary, it was in response to the plaintiffs' ongoing failure and refusal to meet their discovery obligations and agreements. If you still wish to have a further teleconference to discuss discovery issues, we are willing to do so. However, unfortunately we will be forced to file a motion to compel unless the plaintiffs provide by Friday, February 10: (i) their supplemental response to Interrogatory No. 7; and (ii) written confirmation of their agreement to produce documents in response to Defendants' Document Request No. 47.

Second, the defendants believe that there is a strong need for a "Confidential - Attorneys' Eyes Only" level of protection in the Protective Order. The plaintiffs have served broad document requests that seek information far beyond what is disclosed in the single patent-in-suit. Some of the documents sought by the plaintiffs contain commercially sensitive/proprietary information of ChemImage. For obvious reasons, ChemImage would be irreparably harmed if that information were to be revealed to CRI, which is a competitor.

It is not practical to explain at this stage, on a document-by-document basis, our reasons why specific documents need to be designated "Confidential - Attorneys' Eyes Only" under the Protective Order. Moreover, since no "Confidential - Attorneys' Eyes Only" level of protection currently exists between the parties, engaging in a document-by-document dialogue with you at this juncture risks disclosing to CRI's employees the very information that ChemImage needs to protect. Logically, the better course is to allow each side to designate, in good faith, information that merits "Confidential - Attorneys' Eyes Only" level of protection, and then permit each side to challenge the other side's designations under the procedures set forth in the Protective Order. Please let us know whether you are agreeable to our proposed changes to the Protective Order, and supply the language that was missing from section D1 of your original draft of the document.

Sincerely,

Anthony J. Fitzpatrick

AJF/lnw
cc:    Paul D. Weller, Esq.

*EXHIBIT J*



**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
James P. Doyle
Mher Hartoonian
Alphonso A. Collins
Jason S. Howell
Douglas D. Zhang
Edward V. DiLello
F. Brice Faller
Edward M. Reisner

Enshan Hong
Technical Advisor

February 10, 2006

*VIA E-MAIL (CONFIRMATION BY MAIL)*

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Document Production/Protective Order in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       Our File No.: 34250-60L

Dear Messrs. Weller and Fitzpatrick:

As discussed in our previous letter, we have met with our client and will be serving our supplemental answer to interrogatory no. 7 by Tuesday, February 14, 2006.

Regarding the protective order, we believe the burden is on defendants to show the need for an "attorney's eye only" designation, not on us to show there is no need. Your suggestion that we merely accept this designation, for which we see no need, and then bear the burden of showing that the documents do not merit this designation places an undue burden on us and misconstrues the law, which frowns on protective orders in the first place. If you will not agree to our last proposal we see no choice but to let the Court decide the issue. If you can see some other way out of this impasse, let us know, but if we don't hear from you by next Wednesday we'll go ahead and file a motion for a protective order.

Regarding "allegations of 'gamesmanship'", perhaps we should all cool down the rhetoric. We used term in our February 2, 2006 letter because your threat of multiple motions to compel and for costs seemed unnecessary. Perhaps our choice of words was overly harsh. We suggest



cplp

Page 2
February 10, 2006

from now on, we stick to the merits. With that in mind, we suggest having a teleconference about discovery as soon as possible, in which we can discuss, among other things, an extension of discovery since it's already February and we have yet to exchange documents. Please suggest whatever times are convenient for you so that we may schedule one as soon as possible.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Martin B. Pavane
MBP/TJH/tdg

*EXHIBIT K*

**Raymond Torres**

| | |
|---|---|
| **From:** | Tidge Holmberg |
| **Sent:** | Thursday, March 09, 2006 5:59 PM |
| **To:** | 'AJFitzpatrick@duanemorris.com' |
| **Cc:** | 'pweller@morganlewis.com'; 'LNWalker@duanemorris.com'; Martin B. Pavane; Raymond Torres |
| **Subject:** | CRI v ChemImage :: Extended deadlines and confidentiality designations |
| | |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Dear Tony:

This e-mail is to confirm and elaborate on the voicemail message I left earlier at your number.

(1) Regarding our proposed amendments to the scheduling order, please provide the defendants' position on the proposed deadlines so that we may proceed as quickly as possible. If we do not hear anything by next Tuesday, 14 March 2006, we will proceed alone.

(2) Having reviewed the five or six documents in our production that we believed might have required confidentiality, we have conferred with our client and, because, *inter alia*, the documents are all more than ten years old, our client does not believe any confidentiality is required for any of the documents in our production.

(3) Because you have not provided us with any specific basis for the potential harm that requires that some of your documents be held as "confidential" and/or "confidential - attorneys' eyes only", we will be filing a motion to compel production, as that will bring the protective order issue to a head.

Best Regards,
Tidge


-------------------------------------------------

Teodor J. Holmberg
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, New York 10176
Phone: 212-687-2770
Fax: 212-972-5487
e-mail: tidge@cplplaw.com

**CONFIDENTIALITY NOTICE**
**The information contained in this message is legally privileged and/or confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message or its content is strictly prohibited. If you have received this message in error, please immediately notify us and erase it without making a copy. Thank you.**