**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>             Plaintiffs,<br><br>             v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>             Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER [D.E. 31]**

Pursuant to the Court's April 6, 2006 Order ("The parties shall attempt to agree on a one level confidentiality order."), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt have reached an agreement with defendants ChemImage Corporation and Patrick Treado on a one level confidentiality order, which is attached as **Exhibit 1**.

In light of this agreement, defendants' Cross-Motion for a Protective Order [D.E. 31] is moot, and an Opposition is unnecessary. Instead, as explained in a voicemail message to the Court clerk, this Response is being used as a vehicle to present the agreed-upon protective order to the Court.

Thus, all parties respectfully request the Court enter the attached [Proposed] Protective Order (**Exhibit 1**).

Plaintiffs' Response<br>to Defendants' Cross-Motion for a Protective Order [D.E. 31]

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

Dated: April 27, 2006

 /s/ Teodor Holmberg
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201
E-mail: BMichaelis@brownrudnick.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on April 27, 2006.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>Defendants. | **Civil Action No. 05-10367-RWZ** |

## STIPULATED [PROPOSED] PROTECTIVE ORDER

Plaintiffs Peter J. Miller, Clifford Hoyt and Cambridge Research and Instrumentation, Inc., and defendants Patrick Treado and ChemImage Corp., hereby stipulate to and request entry of the following [Proposed] Protective Order, which shall govern all discovery of Protected Material (defined below), including documents and things produced or filed by any party or non-party to this action.

<u>Protective Order</u>

**A. SCOPE**
1. The protections conferred by this Order cover not only Protected Material (as defined below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.
2. <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained including, but not limited to, documents, things, testimony, and information produced or generated in disclosures or responses to discovery in this action.
3. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" in accordance with this Order.

**B. DESIGNATION OF PROTECTED MATERIAL**
1. Each party or non-party shall only designate as "CONFIDENTIAL" all or part of any document, thing, testimony, or information that contain or constitute commercial, technical or business information which that party in good faith believes constitutes proprietary business information which information is not generally known and which that party would normally not reveal to third party or, if disclosed, would require such third party to maintain in confidence.
2. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.
   Designation in conformity with this Order requires:
   (a) <u>Documents</u> (apart from transcripts of depositions or other pretrial or trial proceedings): the producing party affix the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).
   (b) <u>Depositions</u> will be treated as CONFIDENTIAL until 20 days after receipt of the transcript thereof. The producing party shall, within said 20 days, identify and designate any portions of such testimony as to which it requires protection from disclosure under this Order. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered thereafter by the provisions of this Stipulated Protective Order.
   (c) For information produced in other than documentary form, and for any other tangible items, the producing party shall affix in a prominent place on the exterior of said item the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.
3. Inadvertent failure to designate appropriate material produced as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of any otherwise valid claim for protection under this Order. A party may cure an inadvertent failure to place

Protective Order

    a legend or otherwise designate a document or other information at the time of its production as "CONFIDENTIAL" by so notifying the receiving party within ten (10) business days after the initial production, whereupon such Protected Material shall be treated as "CONFIDENTIAL".  Upon receipt of a timely corrective notification, the receiving party shall immediately take all reasonable steps to retrieve the Protected Material and any copies thereof, and either

        (a) designate the Protected Material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or

        (b) return the Protected Material to the producing party for proper designation.  The cost of re-designation will be borne by the producing party.

    Unless the producing party seeks to cure the inadvertent failure to designate the material as specified in this section, the producing party will have waived any right to designate said material.

4. If it comes to a Party's or a non-party's attention that information or items that it designated do not qualify for protection at all, that Party or non-party is obligated to promptly notify all other parties that it is withdrawing the mistaken designation.

**C.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1. A party shall not be obligated to challenge the propriety of any designation of Protected Material as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto.
2. In the event that any party disagrees at any stage of this action with any confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation.  Within seven (7) days of service of the written notice, the parties will have a conference in order to dispose of such dispute in good faith and on an informal basis.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.
3. Within seven (7) days of the conference, if the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court by motion.  The burden of proving that Protected Material has been properly designated as "CONFIDENTIAL" is on the designating party.
4. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, to impose unnecessary expenses and burdens on other parties, or to avoid disclosing information which it has a duty to disclose to an administrative agency), expose the designating party to sanctions.

**D.  DISCLOSURE OF PROTECTED MATERIAL TO EXPERTS**

1. An "expert" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

<u>Protective Order</u>

      employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.
2. Protected Material may be disclosed by counsel of a receiving party to an expert, subject to the provisions of this section.
3. Ten days before Protected Material is disclosed to an expert, the receiving party retaining said expert must serve upon the counsel of record:
    (a) written notice to counsel of record stating the name, address, and current employer of said expert;
    (b) a curriculum vitae of said expert, setting forth said expert's area of expertise, experience, qualifications, relevant work experience, etc.; and
    (c) an undertaking in the form of Exhibit A, attached hereto, signed by said expert.
4. If no party objects in writing to said expert, setting forth the grounds for such objection, within twenty days of service of the notice described above, Protected Material may be shown to said expert.
5. If a party objects to an expert, a conference between the parties will be held within seven days of service of the written objection. If agreement of the parties cannot be reached at said conference, then the objecting party must file a motion with the Court within seven days of said conference seeking to bar the expert. Failure to file such motion shall constitute a withdrawal of said objection.

**E.** **ACCESS TO AND USE OF PROTECTED MATERIAL**
1. A receiving party may use Protected Material solely for the purpose of conducting this Action, not for any other litigation, domestics or foreign, and not for any other purpose whatsoever, unless a Court having jurisdiction over the Plaintiffs or Defendants shall order otherwise. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a receiving party must comply with the provisions of section entitled FINAL DISPOSITION below.
2. In the event that any Protected Material is used in any Court proceeding in connection with this action, it shall not lose its status as "CONFIDENTIAL" through such use, and the parties shall take all reasonable steps to protect the confidentiality of such Protected Material during such use.
3. The receiving party of any Protected Material shall exercise the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such Protected Material as is exercised by the receiving party with respect to their own proprietary information.
4. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Protected Material only to:
    (a) The receiving party's Outside Counsel of record in this action, employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, and professional vendors which provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors to whom it is reasonably necessary to disclose the information for this litigation;

<u>Protective Order</u>

  (b) The receiving party's Experts (as defined and limited in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

  (c) Two individuals designated by the receiving party from among the officers, directors, and employees of the receiving party who have signed the "Agreement to Be Bound by the Protective Order" (Exhibit A);

  (d) The Court, jury, or other Court personnel, including, but not limited to, stenographers and videographers covering any deposition, hearing, or trial in this action;

  (e) Any individual whom the "CONFIDENTIAL" document or information clearly identifies as an author, addressee or recipient; and

  (f) Deponents or witnesses to whom disclosure is reasonably necessary and who have signed the attached "Agreement To Be Bound by the Protective Order" (Exhibit A).

5. Any party may disclose or use, in any manner and for any purpose, information which it has designated as "CONFIDENTIAL".

**F. PROTECTED vs. PRIVILEGED MATERIAL**

1. Nothing in this Order is intended to address the grounds of attorney-client privilege or work product, or to preclude any party from seeking relief or other protective orders from the Court as may be appropriate in regards to attorney-client privilege or work product.

2. The inadvertent production of any document or thing by any party shall be without prejudice to any claim by the producing party that such document or thing is protected by attorney-client privilege or protected from discovery as work product within the meaning of Fed. R. Civ. P. 26.  If after documents are disclosed, a producing party asserts that such documents are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party.  The cost, if any, for excising such documents by the receiving party shall be borne by the producing party.  The receiving party may thereafter contest such claims of privilege or work product as if the materials had not been produced, but in contesting such claim shall not rely on any portion of the document other than the description set forth in the producing party's privilege log as per Fed. R. Civ. P. 26(b)(5) and the receiving party shall not assert that a waiver occurred as a result of the inadvertent production.

**G. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the receiving party must so notify the designating party, in writing (by e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

2. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by

the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.
3. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

### H.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party discloses, by inadvertence or otherwise, Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately:
   (a) notify in writing the designating party of the unauthorized disclosures;
   (b) use its best efforts to retrieve all copies of the Protected Material;
   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and
   (d) request such person or persons to execute the "Agreement to Be Bound by the Protective Order" that is attached hereto as Exhibit A.

### I.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until
   (a) a designating party agrees otherwise in writing;
   (b) a court order otherwise directs; or
   (c) the material otherwise becomes public through no fault of the receiving party.

### J.  FINAL DISPOSITION

1. Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must return all Protected Material to the producing party.  Further, this Order shall survive the final termination of the Action and the Court shall retain jurisdiction to resolve any dispute concerning the use of any Protected Material designated "CONFIDENTIAL", provided, however, that this Order shall not be construed:
   (a) to prevent any party or its attorneys from making use of Protected Material lawfully in their possession prior to its disclosure by the producing party;
   (b) to apply to Protected Material which appears in issued patents or printed publications;
   (c) to apply to Protected Material which is, or later becomes, publicly known through no fault of the receiving party; or
   (c) to apply to Protected Material which any party or its attorney has, after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such Protected Material.

<u>Protective Order</u>

2. As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With prior permission in writing from the designating party, the receiving party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.
3. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in the Section entitled DURATION above.

## K.  **MISCELLANEOUS**
1. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.
2. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

| | |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **PETER J. MILLER,** | **PATRICK TREADO and** |
| **CLIFFORD HOYT, and** | **CHEMIMAGE CORPORATION** |
| **CAMBRIDGE RESEARCH AND** | |
| **INSTRUMENTATION, INC.** | |
| | |
| By their attorneys, | By their attorneys, |
| | |
| /s/ Teodor J. Holmberg | /s/ Anthony J. Fitzpatrick |
| Martin B. Pavane (admitted pro hac vice) | Anthony J. Fitzpatrick (BBO #564324) |
| Teodor J. Holmberg (BBO #634708) | Duane Morris LLP |
| Cohen, Pontani, Lieberman, and Pavane | 470 Atlantic Avenue, Suite 500 |
| 551 Fifth Avenue | Boston, MA 02210 |
| New York, NY 10176 | Tel. 617-289-9220 |
| Tel. (212) 687-2770 | Fax 617-289-9201 |
| Fax. (212) 972-5487 | e-mail: ajfitzpatrick@duanemorris.com |
| e-mail: tidge@cplplaw.com | |

Protective Order

| | |
|---|---|
| Brian L. Michaelis (BBO# 555159) | Paul D. Weller (admitted pro hac vice) |
| Erin E. McLaughlin (BBO# 647750) | Morgan, Lewis & Bockius, LLP |
| Brown Rudnick Berlack Israels LLP | 1701 Market Street |
| One Financial Center | Philadelphia, PA 19103 |
| Boston, MA 02111 | Tel. (215) 963-5530 |
| Tel. (617) 856-8200 | eFax (215) 963-5001 |
| Fax (617) 856-8201 | |

 DATED:  April 27, 2006

<u>Protective Order</u>

# **EXHIBIT A**

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>                 Plaintiffs,<br><br>      v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>                 Defendants. | **Civil Action No. 05-10367-RWZ**<br>**in the**<br>**U.S. DISTRICT COURT**<br>**FOR MASSACHUSETTS** |

**AGREEMENT TO BE BOUND**
**BY THE PROTECTIVE ORDER**
**ENTERED IN THE**
**UNITED STATES DISTRICT COURT FOR MASSACHUSETTS**
**ON_____, 2006**

The undersigned hereby acknowledges that he or she has read the protective order in the case identified above, and that he or she understands the terms thereof, and that he or she agrees to be bound by such terms.

Dated:_____     _____