IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>        Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE
DOCUMENTS RESPONSIVE TO REQUEST NO. 47 OF
DEFENDANTS' FIRST SET OF DOCUMENTS REQUESTS [D.E. 35]**

    Plaintiffs Cambridge Research and Instrumentation, Inc. ("CRI"), Peter J. Miller, and Clifford Hoyt hereby respond to defendants ChemImage Corporation's ("ChemImage") and Patrick Treado's Motion to Compel Plaintiffs to Produce Documents Responsive to Request No. 47 of Defendant's First Set of Documents Request [D.E. 35].

    As required by LR 7.1(b)(2), plaintiffs hereby present, in the same document, a memorandum of reasons, including citation of supporting authorities, concerning defendants' Motion to Compel Plaintiffs to Produce Documents Responsive to Request No. 47 of Defendant's First Set of Documents Request.

As noted in defendants' memorandum, it has always been plaintiffs' position that the agreements sought in defendants' document request no. 47 were irrelevant, but that fighting over their production was not worth "wasting time and money over an irrelevant matter that will have no effect on the case." Defendant's Memorandum [D.E. 36], page 3, quoting plaintiffs' February 2, 2006 letter (Ex. G to [D.E. 36]). This is still plaintiffs' position; thus, once both parties begin producing documents, plaintiffs will produce documents responsive to document request no. 47.

Defendants' request under Fed. R. Civ. P. 37(a)(4) for their expenses should be denied with prejudice because defendants did *not* make "a good faith effort to obtain the disclosure of discovery without court action." Fed. R. Civ. P. 37(a)(4)(A). Defendants conveniently gloss over the almost two months between the last communication cited by the defendants in their memorandum, defendants' February 8, 2006 letter in which they threatened to file a motion to compel (Ex. H to [D.E. 36]), and defendants' March 28, 2006 filing of the present motion to compel. Not only did plaintiffs respond to defendants' February 8, 2006 letter with a February 10, 2006 letter asking for a discovery teleconference (**Exhibit A** hereto), plaintiffs and defendants had such a discovery teleconference, as well as many other communications and discovery teleconferences in the almost two months between defendants' February 8, 2006 letter and defendants' March 28, 2006 filing. Yet in those almost two months of communications and discovery teleconferences, there was little or no mention of defendants' intent to file the present motion. If defendants had bothered conferring with plaintiffs in good faith, rather than leaving a voicemail message immediately before filing this motion, there would have been no need for this waste of the Court's time.

Plaintiffs' Response to
Defendants' Motion to Compel Plaintiffs to Produce
Documents Responsive to Req. No. 47 [D.E. 35]

Moreover, because neither party has yet to produce a single document (pending resolution of issues regarding the protective order), defendants' motion to compel is needlessly premature, and defendants' protestations of prejudice ring hollow.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

Dated:  April 27, 2006

 /s/ Teodor Holmberg
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail:  BMichaelis@brownrudnick.com

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on April 27, 2006.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

# EXHIBIT A



**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  phone 212.687.2770  fax 212.972.5487  www.cpiplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
James P. Doyle
Mher Hartoonian
Alphonso A. Collins
Jason S. Howell
Douglas D. Zhang
Edward V. DiLello
F. Brice Faller
Edward M. Reisner

Enshan Hong
Technical Advisor

February 10, 2006

*VIA E-MAIL (CONFIRMATION BY MAIL)*

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:   Document Production/Protective Order in
      Cambridge Research & Instrumentation, Inc., Peter J. Miller
      and Clifford Hoyt v. ChemImage Corporation and Patrick Treado
      Civ. No. 05-10367-RWZ (D.Mass.)
      Our File No.: 34250-60L

Dear Messrs. Weller and Fitzpatrick:

As discussed in our previous letter, we have met with our client and will be serving our supplemental answer to interrogatory no. 7 by Tuesday, February 14, 2006.

Regarding the protective order, we believe the burden is on defendants to show the need for an "attorney's eye only" designation, not on us to show there is no need. Your suggestion that we merely accept this designation, for which we see no need, and then bear the burden of showing that the documents do not merit this designation places an undue burden on us and misconstrues the law, which frowns on protective orders in the first place. If you will not agree to our last proposal we see no choice but to let the Court decide the issue. If you can see some other way out of this impasse, let us know, but if we don't hear from you by next Wednesday we'll go ahead and file a motion for a protective order.

Regarding "allegations of 'gamesmanship'", perhaps we should all cool down the rhetoric. We used term in our February 2, 2006 letter because your threat of multiple motions to compel and for costs seemed unnecessary. Perhaps our choice of words was overly harsh. We suggest



Page 2
February 10, 2006

from now on, we stick to the merits. With that in mind, we suggest having a teleconference about discovery as soon as possible, in which we can discuss, among other things, an extension of discovery since it's already February and we have yet to exchange documents. Please suggest whatever times are convenient for you so that we may schedule one as soon as possible.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Martin B. Pavane
MBP/TJH/tdg