IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>Defendants. | Civil Action No. 05-10367-RWZ<br><br>*FILED*<br>*VIA*<br>*ECF* |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR A FOURTEEN-DAY EXTENSION OF TIME [D.E. 43]**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "plaintiffs" or "CRI") hereby respond to defendants ChemImage Corporation's and Patrick Treado's (collectively, "defendants" or "ChemImage") Motion [D.E. 43] for a Fourteen-Day Extension of Time to Respond to Plaintiffs' Motions (A) for Leave to File an Amended Complaint [D.E. 40] and (B) to Impound [D.E. 42].

As required by LR 7.1(b)(2), plaintiffs hereby present, in the same document, a memorandum of reasons, including citation of supporting authorities, concerning defendants' Motion [D.E. 43] for a Fourteen-Day Extension of Time to Respond.

[****NOTE****: THIS MEMORANDUM HAS BEEN REDACTED. AN UNREDACTED VERSION OF THIS MEMORANDUM IS BEING FILED BY HAND WITH A MOTION TO IMPOUND. THE REASONS FOR REDACTION ARE DISCUSSED IN THE UNREDACTED VERSION AND EXPLAINED IN THE MOTION TO IMPOUND. ]

6865_5.DOC

Defendants had 14 days to prepare a response to plaintiffs' motion for leave to file an amended complaint [D.E. 40]. LR 7.1(b). Plaintiffs agreed to extend that period to 18 days. Defendant's Motion [D.E. 43], pages 4-5, and Ex. E thereto. But defendants insisted they need 28 days to prepare a response. Defendant's Motion [D.E. 43]. As of today, more than a week after it was due, defendants have not filed their opposition.

*First*, 18 days is more than enough time to prepare a response to a motion for leave to file an amended complaint, especially considering that (a) as is explained further below, the facts and issues underlying the present case and the proposed amended complaint are the same; and (b) contrary to defendants' assertion that "the additional time is necessary to enable the defendants to analyze and determine how to respond", the facts and issues raised in the proposed amended complaint have been well known to defendants for a considerable amount of time. Moreover, all of the new causes of action revolve around "the discrete issue of inventorship" currently being contested in the present case.

*Second*, defendants protest that plaintiffs' motion for leave was filed "just 2½ months before the deadline for completion of fact discovery," yet, if defendants are allowed to file their opposition on June 15th, there will only be a little over one month before the deadline for completion of fact discovery. Defendants will likely use their own delay to argue that there is even less time left for discovery.

In reality, however, and as defendants well know, discovery has just begun in this case: the first production of documents and defendants' final response to plaintiffs' first set of interrogatories were served within the last month (May 11th and May 24th, respectively);

privilege logs were just exchanged yesterday; no depositions have been noticed (never mind taken); no subpoenas have issued; etc. Considering the present status of discovery (i.e., it is just starting), it is highly likely the present deadlines would need to be modified, regardless of plaintiffs' motion to amend. Moreover, once the amended complaint is entered, a new pretrial scheduling conference would need to be held, appropriately altering discovery limits and deadlines; defendants' complaint regarding discovery deadlines would be mooted.

*Third*, defendants state that "this case has proceeded on the discrete issue of inventorship of the '962 patent" but now plaintiffs' proposed amended complaint "advances a radically different and expanded case." Defendant's Motion [D.E. 43], pages 1, 2. It is, however, the same *discrete issue of inventorship* that underlies the new causes of action in plaintiffs' proposed amended complaint, as is well-known to defendants.

In the mid-1990's, plaintiffs and defendants collaborated to create certain technology. ¶¶7-22, [Proposed] Amended Complaint ("Amd. Complt."), Ex. 1 to Plaintiffs' Memo [D.E. 41] in Support of Plaintiffs' Motion for Leave to File Amended Complaint [D.E. 40]. In 2000, plaintiffs discovered that defendants had patented that technology ("the '476 patent") and

<u>REDACTED VERSION; FILED VIA ECF</u>                              Plaintiffs' Opposition to
*(unredacted version being filed by hand)*            Defendants' Motion for a 14-day Ext of Time [D.E. 43]

The provisional patent application described the same technology as the '476 patent, the technology resulting from the earlier collaboration between plaintiffs and defendants

The subject matter for which plaintiffs are currently seeking their inventorship rights in the present case (in the '976 patent) is

the same technology which resulted from the earlier collaboration between plaintiffs and defendants.  "The discrete issue of inventorship" being decided in the present case is the nexus of all the causes of action added in the Amd. Complt., Ex. 1 to [D.E. 41].

*Fourth*, defendants argue that "plaintiffs failed to fulfill their Local Rule 7.1 conferral requirement before filing their motions." Defendant's Motion [D.E. 43], page 1.  Yet defendants ignore the purpose of LR 7.1.  LR 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith ***to resolve or narrow the issue***"

- 4 -

(emphasis added).  LR 7.1 is intended as a means to force the parties to attempt in good faith to narrow or resolve *the issues* before a motion is filed, so that the motion may be either more focused or avoided entirely.[*]

Plaintiffs' Motion for Leave to File [D.E. 40] asks the Court to modify the scheduling order to extend the deadline for filing an amended pleading, so that plaintiffs may file the Amd. Complt., Ex. 1 to [D.E. 41].  Defendants had already categorically rejected such an extension.  See Ex. A to Def.'s Motion [D.E. 43] ("We see no reason for an extension of the deadline for … amendment of pleadings, and *will not agree to any such extension*."—emphasis added).  The issue had been narrowed as much as it could, and it could not be resolved between the parties.  Thus, the conditions of LR 7.1(a)(2) had been met.  And, of course, defendants can simply assent to plaintiffs motion at any time.

Plaintiffs' Motion to Impound [D.E. 42] asks the Court to seal certain documents and portions of documents.  The material in those documents and portions is being sealed in order to satisfy an express contractual stipulation, *requested by defendants*, to keep such material from the public.  See ¶2 of Ex. X to the Amd. Complt., Ex. 1 to [D.E. 41], for the exact language of the contractual stipulation.  Plaintiffs have no interest or desire to keep this material sealed: it is only defendants' contractual stipulation that led plaintiffs to file the Motion to Impound [D.E. 42].  Thus, the conditions of LR 7.1(a)(2) had been met prior to filing the instant motions.

---

[*] Defendants appear to believe that LR 7.1(a)(2) is a mere procedural trick to provide advance warning (see, e.g., Def.'s Motion [D.E. 43], page 3, "… plaintiffs filed their motion for leave to amend and their motion to impound *without any notice or warning to the defendants*"—emphasis added), where the "advance" in "advance warning" can be as little as 15 minutes.  See **Exhibit 1** hereto, an e-mail sent at 3:35 PM on Friday, May 26, 2006 in which defendants threaten to file the present motion to extend; and **Exhibit 2** hereto, the Notice of Electronic Filing for the present motion to extend, showing it was electronically filed at 3:48 PM on Friday, May 26, 2006, *less than 15 minutes later*.

*Fifth and lastly*, since defendants have indicated that they might oppose the Motion to Impound [D.E. 42], plaintiffs wrote to the defendants concerning the sealing of this same material in connection with another motion:

**Exhibit 3** hereto, June 1, 2006 letter.

Defendants never responded to that letter, so plaintiffs sent another letter:

> Since you have not responded to our June 1, 2006 letter regarding the impoundment of materials that ChemImage sought to keep confidential by contractual stipulation

**Exhibit 4** hereto, June 7, 2006 letter.

Defendants still have not responded.  Based on defendants' silence, plaintiffs are filing an Assented-To Motion to Impound with the present Opposition.  If defendants inform plaintiffs that the subject matter need not be filed under seal, plaintiffs will happily withdraw the Motion to Impound [D.E. 42], as well as the Assented-To Motion to Impound being filed concurrently herewith, and re-file all the sealed material publicly.

**THEREFORE**, plaintiffs ask the Court to deny defendants' requested relief, the 14-day extension of time [D.E. 43].

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

Dated:  June 9, 2006

/s/ Teodor Holmberg
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail: BMichaelis@brownrudnick.com

<u>REDACTED VERSION; FILED VIA ECF</u>  Plaintiffs' Opposition to
*(unredacted version being filed by hand)*  Defendants' Motion for a 14-day Ext of Time [D.E. 43]

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **redacted** copy of the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2006.

    /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

I also hereby certify that a complete **unredacted** copy of this document identified in the top right-hand corner of this page is being filed by hand with the Court, as an attachment to a Motion to Impound, and that a complete **unredacted** copy of this document is being served on June 9, 2006, by first class mail, on:

> Anthony J. Fitzpatrick, Esq.
> DUANE MORRIS LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210
> 617-289-9220 (phone)
> 617-289-9201 (fax)
> ajfitzpatrick@duanemorris.com
>
>
> Paul D. Weller, Esq.
> MORGAN, LEWIS & BOCKIUS LLP
> 1701 Market Street
> Philadelphia, PA 19103
> 215-963-5530 (phone)
> 215-963-5001 (fax)
> pweller@morganlewis.com

    /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

- 8 -

# EXHIBIT 1

# Nancy M. Gonsalves

| | |
|---|---|
| **From:** | Fitzpatrick, Anthony J. [AJFitzpatrick@duanemorris.com] |
| **Sent:** | Friday, May 26, 2006 3:35 PM |
| **To:** | Tidge Holmberg |
| **Cc:** | pweller@morganlewis.com; Martin B. Pavane; Delphine Puybareau-Manaud; Nancy M. Gonsalves |
| **Subject:** | RE: Miller, et al. v. Treado, et al. :: Ext of time for reply |

Mr. Holmberg:

In view of your letter of May 25, we will be filing a motion with the Court for a fourteen-day extension of time. As a point of clarification, we will request the extension as to both the plaintiffs' motion for leave to amend and their motion to impound.

Anthony J. Fitzpatrick
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
617-289-9220 (phone)
617-289-9201 (fax)
ajfitzpatrick@duanemorris.com

-----Original Message-----
From: Tidge Holmberg [mailto:THolmberg@cplplaw.com]
Sent: Thursday, May 25, 2006 9:43 AM
To: Fitzpatrick, Anthony J.
Cc: pweller@morganlewis.com; Martin B. Pavane; Delphine Puybareau-Manaud; Nancy M. Gonsalves
Subject: Miller, et al. v. Treado, et al. :: Ext of time for reply
Importance: High

Please see atttached:


-------------------------------------------------
Teodor J. Holmberg
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, New York 10176
Phone: 212-687-2770
Fax: 212-972-5487
e-mail: tidge@cplplaw.com

CONFIDENTIALITY NOTICE
The information contained in this message is legally privileged and/or
confidential information intended only for the use of the individual or
entity named above. If you are not the intended recipient, you are
hereby notified that any use, dissemination, distribution, or copying of
this message or its content is strictly prohibited. If you have
received this message in error, please immediately notify us and erase
it without making a copy. Thank you.
Confidentiality Notice: This electronic mail transmission is privileged and confidential
and is intended only for the review of the party to whom it is addressed. If you have
received this transmission in error, please immediately return it to the sender.
Unintended transmission shall not constitute waiver of the attorney-client or any other
privilege.

1

**EXHIBIT 2**

**Nancy M. Gonsalves**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Friday, May 26, 2006 3:49 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10367-RWZ Miller et al v. Treado et al "Motion for Extension of Time to File Response/Reply"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Fitzpatrick, Anthony J. entered on 5/26/2006 at 3:48 PM EDT and filed on 5/26/2006
**Case Name:** Miller et al v. Treado et al
**Case Number:** 1:05-cv-10367
**Filer:** Patrick Treado
Chemimage Corp
**Document Number:** 43

**Docket Text:**
MOTION for Extension of Time to June 15, 2006 to File Response/Reply as to [40] MOTION to Amend [1] Complaint,, [42] MOTION to Seal *Docs with Mot fr lv to file Amd Complaint* by Patrick Treado, Chemimage Corp. (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E)(Fitzpatrick, Anthony)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-0
] [859d312791cc14cd0b97e75ae337aa4839b7005bdfa3439305a4ae7c003c3c0b762
b04eb5aa05ec37f4cc281d1120e1dd06170ecb46b7a222ee315fc11cf31bb]]
**Document description:** Exhibit A
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-1
] [520a46fad0119a10e36091b02842386bba89c100f991da747fc56b97017f387fa54
2f32535eba5e010ed86444c98733a042e3cff030c4f32d948132ac34d8ab7]]
**Document description:** Exhibit B
**Original filename:** yes
**Electronic document Stamp:**

6/1/2006

[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-2
] [cde2acb03dde6f358aab02a9fcb7f5db664ec55caae6a33e109499a33706d894ac9
54704b49982c314c87c823d4b375f92cc412e8a199adef486db1ae6fd6d12]]
**Document description:**Exhibit C
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-3
] [702879f179b834f969bd7e9364f07f41839cf87fa8b982365e1b3014c9df7ec816d
eadf39b64b526fdcea05c50b06b13727bd91b04b66782e3eb948747eac23d]]
**Document description:**Exhibit D
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-4
] [adbaa4b7d8b93374d7b1faa4b74aab7a70b45b3af7dd9b7015eb3b1f7ec8655eecf
384f17e01bd7512cddfc3e6e087c50afa2134d0073c0b3047e2c38cabdb83]]
**Document description:**Exhibit E
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=5/26/2006] [FileNumber=1442310-5
] [8a002ac403792c6d821a521c5efae5bd044a31e4f6e748e30a7e3b0a0e58bf5ca14
1b2cd6feda36aaf835359a641c432e5b9f849d5e67e49398c94712f66e607]]

**1:05-cv-10367 Notice will be electronically mailed to:**

Anthony J. Fitzpatrick    ajfitzpatrick@duanemorris.com, vlweeks@duanemorris.com;
lnwalker@duanemorris.com

Teodor Holmberg    tidge@cplplaw.com, wmason@cplplaw.com; ngonsalves@cplplaw.com

Erin E McLaughlin    emclaughlin@brbilaw.com

Brian Michaelis    bmichaelis@brownrudnick.com

Martin B. Pavane    mpavane@cplplaw.com

**1:05-cv-10367 Notice will not be electronically mailed to:**

Paul D. Weller
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

6/1/2006

**EXHIBITS 3 - 4 FILED UNDER SEAL**