### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

               Plaintiffs,

               v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

               Defendants.

**Civil Action No. 05-10367-RWZ**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
### TO PRODUCE DOCUMENTS
### IN RESPONSE TO PLAINTIFFS' DOCUMENT REQUEST NOS. 1 AND 10(a)

      Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt

(collectively, "CRI") pursuant to LR 7.1(b)(1), hereby present a memorandum of reasons,

including citations of proper authorities, in support of the accompanying motion to compel

defendants, Patrick Treado and ChemImage Corp. (collectively, "ChemImage"), to produce

documents and things responsive to CRI's document request nos. 1 and 10(a).

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

## **INTRODUCTION**

The only count currently pending in this litigation is to correct, under 35 U.S.C. §256, the inventorship of U.S. Pat. No. 6,734,962 ("the '962 patent"), assigned to defendant ChemImage and of which defendant Treado is a named inventor, by:

> (a) adding plaintiff Peter Miller as an inventor of the '962 patent, based at least on his original idea of using an Evans Split-Element liquid crystal tunable filer (LCTF) in a chemical imaging system (as recited, *inter alia*, in Claim 4 of the '962 patent); and

> (b) adding plaintiff Clifford Hoyt as an inventor of the '962 patent, based at least on his original idea of using a refractive type infinity-corrected microscope objective as the collecting/collimating device in a Raman chemical imaging system (as recited, *inter alia*, in Claim 3 of the '962 patent).

One of the subjects of the present motion, CRI's Doc. Req. No. 1, asks for all documents and things concerning certain patents and applications related to the '962 patent-in-suit, including, but not limited to, all documents and things concerning (a) the preparation and prosecution of the listed patents and applications; (b) the conception and reduction of practice of any inventions claimed therein; (c) the inventorship of any inventions claimed therein; (d) any testing/evaluation of any inventions claimed therein; (e) the ownership of any inventions claimed therein; (f) the infringement of any inventions claimed therein; (g) the descriptions of any inventions claimed therein; and (h) any agreement conveying any rights of any inventions claimed therein.  See Ex. 3 to [D.E. 30], p. 6, for complete copy of CRI's Doc. Req. No. 1.

ChemImage has agreed to produce documents and things in regards to only four of the patent and applications listed in CRI's Doc. Req. No. 1:

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

the '962 patent-in-suit;

U.S. Pat. App. Ser. No. 09/976,391 ("the '391 application" from which the '962 patent issued);

U.S. Prov. Pat. App. Ser. No. 60/239,969 ("the provisional application" from which the '391 application claimed priority); and

U.S. Reissue Pat. App. Ser. No. 11/103,423 ("the reissue application" filed by ChemImage to change the claims of the '962 patent after the present litigation started).

ChemImage also refused to produce any documents in response to subparts 1(f) and 1(h).

CRI is asking the Court to compel ChemImage to produce documents and things in response to Doc. Req. No. 1, sub-parts (a)-(e) and (g)-(h), in regards to U.S. Pat. No. 6,002,476 ("the '476 patent") and U.S. Pat. App. Ser. No. 09/064,347 ("the '347 application" from which the '476 patent issued), in addition to the four patents and applications ChemImage has already agreed to. The '476 patent is an earlier patent in which ChemImage claimed as their own invention the same technology at issue in the present case.

The other subject of the present motion, CRI's Doc. Req. No. 10(a), asks for all documents and things concerning "Evans Split-Element LCTF technology, including, but not limited to, its development and all inventive contributions thereto". When CRI complained that ChemImage produced almost no documents in response to this request, ChemImage gave an ambiguous response, i.e., it was not clear that an appropriate search had been performed and all responsive documents had either been produced or listed on ChemImage's privilege log. Because of this ambiguity, CRI twice requested confirmation that an appropriate search had been performed. As of today, ChemImage has not responded in any way.

One of the bases of CRI's inventorship claim is that the incorporation of the Evans Split-Element LCTF into a Raman imaging system (as claimed in the '976 patent-in-suit) was the idea

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

of plaintiff Peter Miller.  The relevance and importance to this case of the '347 application, the '476 patent, and the Evans Split-Element LCTF technology are explained in greater detail below.

Because CRI is not presently asking the Court to compel ChemImage's response to the original and complete wording of Doc. Req. Nos. 1 and 10(a) (e.g., the original list of patents and applications has been reduced to only six, etc.), an Appendix showing the wording of Doc. Req. Nos. 1 and 10(a) modified to show the relief requested herein is attached to the proposed order to compel.  To keep the record clear, the Appendix shows both the material ChemImage has already agreed to produce, as well as the material CRI is asking the Court to compel.  For example, the four patents and applications (the '962 patent, the '391 application, the provisional application, and the reissue application) ChemImage has agreed to are listed in Doc. Req. No. 1 in the Appendix, along with the '476 patent and '347 application (i.e., the material CRI is asking the Court to compel ChemImage to produce).

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

## BACKGROUND

In the mid-1990's, a collaboration between ChemImage's predecessor CheimIcon (i.e., defendants collectively) and CRI (i.e., plaintiffs collectively) ("the CRI/ChemIcon collaboration") resulted in the creation of at least the following technology—a chemical imaging device capable of imaging in the near infrared region (NIR) comprising:

> (a) a laser for illuminating a sample;
>
> (b) an infinity-corrected objective (i.e., an objective that produces a collimated beam) for reciving light from the sample and producing a collimated beam therefrom;
>
> (c) an Evans Split-Element liquid crystal tunable filter (LCTF) for receiving the collimated beam and producing a filtered Raman chemical image; and
>
> (d) a detector for collecting the filtered Raman image.

See ¶¶7-17, Complaint [D.E. 1].

At the least, plaintiff Peter Miller was the one who originally conceived of using an Evans Split-Element LCTF in the Raman imaging system resulting from the CRI/ChemIcon collaboration, and plaintiff Clifford Hoyt was the one who originally conceived using infinity-corrected optics (i.e., an objective that produces a collimated beam) in the context of such an imaging system. See ¶¶10-11, Complaint [D.E. 1].

Unbeknownst to CRI, on April 22, 1998, ChemImage filed U.S. Pat. App. Ser. No. 09/064,347 ("the '347 application") with the U.S. Patent & Trademark Office ("PTO"). Ex. M

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

to [D.E. 41], the '347 application.[1]  Defendant Treado was the sole named inventor on the '347

application in which he provided the following description of "his" invention:

> A Raman chemical imaging system uses a laser illumination source for illuminating an area of a sample. The spectrum of scattered light from the illuminated area of the sample is collected and a collimated beam is produced therefrom. An Evans Split-Element type liquid crystal tunable filter (LCTF) selects a Raman image of the collimated beam. A detector collects the filtered Raman images which are subsequently processed to determine the constituent materials. The Evans Split-Element-type LCTF suitable for high-definition Raman chemical imaging is incorporated into an efficient Raman imaging system that provides significant performance advantages relative to any previous approach to Raman microscopy.

Ex. M to [D.E. 41], p. CRI001755.

Portions of the '347 application appear to be almost-verbatim copies of written material

from documents created during the CRI/ChemIcon collaboration.  See, e.g., CRI's [Proposed]

Amended Complaint, Ex. 1 to [D.E. 41], at ¶25.

During prosecution of the '347 application,  the PTO Examiner stated (repeatedly) that

the only difference between the invention claimed in the '347 application and the cited prior art

was the use of an Evans Split-Element LCTF.  See, e.g., May 28, 1999 Office Action, **Exhibit 1**

hereto, CRI001884-CRI001888.

Moreover, defendant Treado repeatedly stressed the benefits of the Evans Split-Element

LCTF in a Raman imaging system, and the inventiveness of incorporating an Evans Split-

Element LCTF into a Raman chemical imaging system.  See, e.g., Treado's sworn Rule 1.132

Declaration, Ex. N to [D.E. 41], p. CRI001867 ("Persons having ordinary skill in the art of

Raman imaging would not have thought to use an Evans Split Element liquid crystal tunable filer

---

[1] Although portions of, and some exhibits to, CRI's Memorandum in Support of the Motion for Leave to File an Amended Complaint [D.E. 41] were filed with a Motion to Impound [D.E. 42] (i.e., are not available via ECF and are awaiting the Judge's ruling to be entered into the record), every exhibit but one cited herein from [D.E. 41] was filed via ECF and thus has been entered into the record and is publicly available via ECF.  For the exception, which is not relevant to the relief requested or argument herein, see Footnote 2, *infra*.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

(LCTF) in place of traditional liquid crystal filters."); p. CRI001868 ("Prior to my invention, Evans Split Element LCTFs were never previously envisioned for Raman imaging," and citing the "Treado/Morris article … in 1989" as an example that "[o]ther researchers in the field of Raman imaging were not active in the tunable filter field"); and p. CRI001869 ("Prior to my invention, the Evans Split Element filter was thought to not have sufficient spectral resolution for Raman spectroscopy applications.  Today, due to my work, it is becoming widely recognized that Evans Split Element LCTFs are a superior technology for Raman imaging when incorporated into a well designed chemical imaging system.  However, those practiced in Raman spectroscopy and imaging prior to 1998 would have assessed the performance of Evans Split Element technology based on traditional measures of Raman instrument performance and would likely have rejected the technology.").

The PTO Examiner was persuaded by Treado's sworn arguments, and on December 14, 1999, the '347 application issued as U.S. Pat. No. 6,002,476 ("the '476 patent").  Claim 1 of the '476 patent recites a chemical imaging system comprising:

> (a) a laser for illuminating an area of a sample;
>
> (b) an objective for collecting light from the illuminated area and producing a collimated beam therefrom (i.e., an infinity-corrected objective);
>
> (c) an Evans Split-Element LCTF for producing a filtered Raman chemical image from the collimated beam; and
>
> (d) a detector for collecting the filtered Raman Image.

See, p. CRI001164, Ex. O to [D.E. 41], the '476 patent.

In 2000, CRI first learned of the '476 patent and that defendant Treado had claimed as his own invention the technology resulting from the CRI/ChemIcon collaboration.  The parties'

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

actions following CRI's discovery are detailed in CRI's [Proposed] Amended Complaint, Ex. 1 to [D.E. 41], at ¶¶29-31, and 36.[2]

Unbeknownst to CRI, on October 13, 2000, ChemImage filed *another* patent application which described the technology resulting from the CRI/ChemIcon collaboration, U.S. Prov. Pat. No. 60/239,969 ("the provisional application"). See ¶¶19-20, Complaint [D.E. 1]; and Ex. V to [D.E. 41], excerpts from the provisional application.

Like the '347 application (which issued as the '476 patent), the provisional application describes an imaging system for Raman chemical imaging in the near infrared region (NIR), comprising:

> (a) a light source, which may be a laser, for illuminating a sample;
>
> (b) an infinity-corrected objective for receiving light from the sample and creating a collimated beam therefrom;
>
> (c) an Evans Split-Element LCTF for producing a Raman chemical image from the collimated beam; and
>
> (d) a detector for collecting the Raman chemical image.

Ex. V to [D.E. 41], see, e.g., pp. CRI001188, CRI001190-1, CRI001214, CRI001220, CRI001222, and CRI001252.

On October 12, 2001, ChemImage filed a regular patent application, U.S. Pat. App. Ser. No. 09/976,391 ("the '391 application"), claiming priority to, and reciting material from, the provisional application. The present patent-in-suit, U.S. Patent Number 6,734,962 ("the '962 patent"), issued from the '391 application on May 11, 2004. See ¶¶21, 27, Complaint [D.E. 1].

---

[2] This is the only material cited in this motion which was filed under the Motion to Impound [D.E. 42]. It is not necessary to describe that material in order to show the relevance and necessity of the relief requested herein.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

Claim 3[3] of the '962 patent recites, *inter alia*, an NIR chemical imaging system comprising:

> (a) an illumination source for illuminating an area of a sample;
>
> (b) a refractive type infinity-corrected near infrared optimized microscope objective for receiving light from the illuminated area and producing a collimated beam therefrom;
>
> (c) a near infrared spectrometer for selecting an image of the collimated beam; and
>
> (d) a detector for collecting the images.

Ex. F to [D.E. 1], the '962 patent.

Claim 4[4] of the '962 patent recites, *inter alia*, an NIR chemical imaging system comprising

> (a) an illumination source for illuminating an area of a sample;
>
> (b) a device for collecting light from an area illuminated by the illumination source and producing a collimated beam therefrom;
>
> (c) an Evans Split-Element liquid crystal tunable filter for selecting an image of the collimated beam; and
>
> (d) a detector for collecting the images.

Ex. F to [D.E. 1], the '962 patent.

As shown above, the subject matter of Claims 3 and 4 of the '962 patent substantially overlaps the subject matter recited in Claim 1 of the '476 patent. Moreover, the subject matter of

---

[3] The limitations of the independent claim (in this case, Claim 1) are included in any claim depending therefrom (such as, in this case, Claim 3). See 35 U.S.C. §112, 4th ¶ ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.").

[4] Like Claim 3, Claim 4 also depends from Claim 1, and thus also incorporates all of its limitations.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

Claims 3 and 4 of the '962 patent and Claim 1 of the '476 covers the technology which resulted from the CRI/ChemIcon collaboration.

Promptly upon learning of the '962 patent, CRI contacted ChemImage to negotiate a settlement that would avoid litigation. CRI was unsuccessful, and thereupon proceeded with the instant litigation. See ¶29, Complaint [D.E. 1], and Exs. G and H thereto.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

## THE PRESENT DISPUTE

On September 1, 2005, CRI served their First Set of Document Requests upon ChemImage, Ex. 3 to [D.E. 30], including Doc. Req. Nos. 1 and 10(a).

Following a "meet and confer" with ChemImage's counsel, CRI agreed to *provisionally*[5] reduce the list of 20 patents and patent applications in Doc. Req. No. 1 to six patents and applications: (1) the provisional application, (2) the '391 application which claims priority from the provisional application, (3) the '962 patent-in-suit which issued from the '391 application, (4) the application to reissue the '962 patent which ChemImage filed after this lawsuit started, (5) the '347 application, and (6) the '476 patent which issued from the '347 application. See, Ex. E to [D.E. 36], CRI's January 11, 2006 letter. In addition, CRI agreed to provisionally withdraw sub-parts 1(f) (about infringement) and 1(h) (about agreements).[6]

ChemImage rejected CRI's offer of compromise, refusing to produce material regarding the '347 application and the '476 patent. See ChemImage's Jan. 31, 2006 letter, Ex. F to [D.E. 30]:

> In response to plaintiffs' assertion that we should produce documents concerning U.S. Patent No. 6,002,476 and U.S. Patent Appl. No. 09/064,347, we stand by our position that this patent and patent application are completely unrelated to the issue in this case, namely whether Miller and Hoyt co-invented subject matter claimed in the patent-in-suit (i.e., U.S. Patent No. 6,734,962). It strains the imagination to understand how a patent and patent application for which no claim of co-ownership is even being asserted are pertinent to this litigation. In addition, we strenuously disagree with plaintiffs' suggestion that U.S. Patent No. 6,002,476 and U.S. Patent Appl. No. 09/064,347 were based on a collaboration between CRI and ChemImage.

---

[5] CRI made it clear in the January 11, 2006 letter that these provisional limitations and withdrawals were "without prejudice to [CRI] re-asserting [the full breadth of the original requests] if it becomes clear discovery is needed in those areas". ¶2(a), Ex. E to [D.E. 36].

[6] The letter has a typographical error. ChemImage had originally asserted it would not respond to sub-parts 1(f) and 1(h). In response, CRI agreed provisionally to withdraw those sub-parts, i.e., 1(f) and 1(h), as stated herein, not 1(f) and 1(g), as mistakenly written in CRI's January 11, 2006 letter. Ex. E to [D.E. 36].

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

Ex. F to [D.E. 30].

Once the Court entered a stipulated protective order on May 1, 2006, both parties made their initial production of documents and things on May 11, 2006.

After performing an initial review of the documents produced by ChemImage, counsel for CRI, by a letter dated May 15, 2006, requested a LR 37.1 teleconference with ChemImage, over a number of issues, including:

> … , based on our initial review, we would like to discuss these specific problems:
> (a) there appear to be no documents responsive to Req. No. 1 in reference to U.S. Pat. App. Ser. No. 09/064,347 and U.S. Patent No. 6,002,476;
> (b) there appear to be no documents responsive to our Req. No. 4;[7] and
> (c) there appear to be no documents responsive to our Req. No. 10(a).

**Exhibit 2**, May 15, 2006 letter.

On May 19, 2006, ChemImage responded that:

> … we previously articulated our positions with respect to [the '347 application and the '476 patent] … (see my letters to you dated December 9, 2005[8] and January 31, 2006). With respect to CRI's Document Request No. 10(a), we are presently not aware of any documents (beyond those already produced) that are responsive to this Request.

**Exhibit 3**, May 19, 2006 letter.

On May 22, 2006, CRI informed ChemImage that CRI's LR 37.1 obligations had been fulfilled in regards to Doc. Req. No. 1 vis-à-vis the '347 application and '476 patent, and that CRI would be filing this motion to compel. **Exhibit 4**, May 22, 2006 letter.

---

[7] CRI also intends to move to compel on Doc. Req. No. 4. However, Doc. Req. No. 4 concerns material for which ChemImage has requested, and received, a contractual stipulation of confidentiality. Thus, the motion to compel Doc. Req. No. 4 will require a motion to impound and will be filed separately at a later time.

[8] ChemImage's Dec. 9, 2005 letter, Ex. D to [D.E. 36] ("…[the '347 application and the '476 patent] have no priority or continuity claim in common with the above-referenced patent and patent applications. … Unless and until plaintiffs can articulate with specificity why they believe documents pertaining to these other patents and patent applications are discoverable in this case, the defendants will not agree to produce them.").

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

Furthermore, because of, e.g., Treado's declarations submitted to the Patent Office during prosecution of the '476 patent concerning his alleged work with Evans Split-Element LCTF technology, CRI was surprised by the lack of ChemImage documents concerning such technology (i.e., responsive to Doc. Req. No. 10(a)). In light of this, counsel for CRI sought confirmation that counsel for ChemImage's statement that "we are presently not aware of any documents" in the May 19, 2006 letter meant that ChemImage had searched for such documents but could not find any, and not merely that counsel for ChemImage was simply unaware of such documents. Thus, counsel for CRI also asked in the May 22, 2006 letter:

> Regarding our Req. No. 10(a), your remark that you "are presently not aware of any documents (beyond those already produced) that are responsive" is somewhat ambiguous. Please confirm by Wednesday, May 24, 2006 that an appropriate search has been made for any and all documents responsive to Req. No. 10(a) and that any such documents have either been produced or are being listed on the privilege log.

**Ex. 4**, page 2.

On June 1, 2006, having received no confirmation regarding Doc. Req. No. 10(a), CRI asked again:

> In our May 22, 2006, letter, we asked that you confirm by May 24, 2006 that an appropriate search has been made for any and all documents responsive to Req. No. 10(a) and that any such documents have either been produced or are being listed on the privilege log. You have not done so. We would prefer not adding this to the motion to compel if it is not necessary. Please confirm that all documents and things responsive to our Req. No. 10(a) "which are in the possession, custody or control" (Fed. R. Civ. P. 34(a)) of ChemImage and/or Patrick Treado have been produced or are being listed on the privilege log.[9]

As of today, ChemImage has still not responded concerning Doc. Req. 10(a). Because of

(a) the essential relevance and importance of Evans Split-Element LCTF technology to this case,

---

[9] The June 1, 2006 letter also refers to material covered by the contractual stipulation of confidentiality requested by ChemImage, and, thus, would require a motion to impound if filed as an exhibit herein.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

(b) the surprising lack of documents concerning such technology in ChemImage's production, and (c) ChemImage's refusal to provide clear confirmation that the appropriate search for such documents has been performed (even though CRI informed ChemImage that such refusal would force CRI to include Doc. Req. No. 10(a) in the present motion to compel), CRI is also asking the Court to compel ChemImage to respond to Doc. Req. 10(a).

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

## ARGUMENT

The First Circuit has held that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. Fed. R. Civ. P. 26(b)(2); *Ameristart Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001). Relevancy is to be broadly defined at the discovery stage of litigation: a document is relevant and subject to discovery "if there is **any** possibility that information sought may be relevant to the subject matter of the action." *Ares-Serono, Inc. v. Organon Int'l B.V.*, 151 F.R.D. 215, 219 (D.Mass. 1993) (quoting *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D.Mass. 1984)) (emphasis in original).

As shown above, the sole independent claim in the '476 patent recites substantially the same subject matter recited in Claims 3 and 4 of the '962 patent-in-suit—the same subject matter for which plaintiffs Miller and Hoyt are asserting inventorship rights in the present action. The '476 patent issued from the '347 application, which describes this subject matter in detail, and during the prosecution of which defendant Treado extolled the virtues and unexpected benefits of using an Evans Split-Element LCTF in a Raman chemical imaging system, the very concept which plaintiff Miller asserts was originally his, and not Treado's. It is difficult to discern any basis for arguing that the '347 application and the '476 patent are not relevant to the present suit, or that discovery regarding the '347 application and the '476 patent is not likely to lead to the discovery of admissible evidence.

As discussed above, CRI had provisionally agreed to exclude sub-parts 1(f) (concerning infringement of the patents and patent applications listed in Doc. Req. No. 1) and 1(h) (concerning agreements about rights to the patents and patent applications listed in Doc. Req. No. 1) in order to expedite the production of documents in this case. However, with respect to

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

sub-part (h), subsequent to that provisional agreement, ChemImage successfully argued that contracts concerning the technology underlying the present suit are highly relevant to the present action. See ChemImage's Motion to Compel [D.E. 36], e.g., p. 9 ("Essentially, Plaintiffs' licensing of technology that they claim to have invented is not only relevant to the subject matter of this lawsuit but cuts to the substantive basis for Plaintiffs' lawsuit"), which this Court granted on April 12, 2006.

Thus, and without prejudice to CRI's right to later compel production of all material originally requested in Doc. Req. No. 1, CRI is presently asking the Court to only compel production of all documents and things responsive to Doc. Req. No. 1, sub-parts (a)-(e) and (g)-(h), in regards to the following patents and patent applications:

> the provisional application (U.S. Prov. Pat. App. Ser. No. 60/239,969);
>
> the '347 application (U.S. Pat. App. Ser. No. 09/064,347);
>
> the '391 application (U.S. Pat. App. Ser. No. 09/976,391);
>
> the reissue application (U.S. Reissue Pat. App. Ser. No. 11/103,423);
>
> the '476 patent (U.S. Pat. No. 6,002,476); and
>
> the '962 patent (U.S. Pat. No. 6,734,962).

For similar reasons (and at least because a principal allegation in the present suit is that plaintiff Miller conceived the idea of incorporating such technology into a Raman chemical imaging system), all documents and things concerning "Evans Split-Element LCTF technology, including, but not limited to, its development and all inventive contributions thereto" (Doc. Req. No. 10(a), sub-part (a)) are clearly relevant to the present suit, and should be produced. Once again, and without prejudice to CRI's right to later compel production of all material originally requested in Doc. Req. No. 10, CRI is presently asking the Court to only compel production of all documents and things responsive to sub-part (a) of Doc. Req. No. 10.

Memorandum in support of
CRI's Motion to Compel ChemImage to Produce
in Resp. to CRI's Doc. Req. Nos. 1 and 10(a)

**THEREFORE**, plaintiffs CRI, Miller, and Hoyt ask the Court to enter the proposed order to compel production, which asks for the relief described herein and specifically detailed in the Appendix to the proposed order.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: June 16, 2006

  /s/ Teodor Holmberg        
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail:  BMichaelis@brownrudnick.com

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be mailed to those indicated as non-registered participants on the date indicated below.

Dated: June 16, 2006

  /s/ Teodor Holmberg       
Teodor J. Holmberg (BBO# 634708)

# EXHIBIT 1



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 097064,347 | 04/22/98 | TREADO | P | 980298 |

```
                        MM21/0528
  MICHAEL L DEVER
  BUCHANAN INGERSOLL
  ONE OXFORD CENTRE
  301 GRANT STREET 20TH FLOOR
  PITTSBURGH PA 15219-1410
```

| | EXAMINER |
|---|---|
| | HANTIS,K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2877 | |

DATE MAILED:          05/28/99


Please find below and/or attached an Office communication concerning this application or proceeding.

**Commissioner of Patents and Trademarks**

PTO-90C (Rev. 2/95)                                        1- File Copy

CRI001884

| **Office Action Summary** | Application No. 09/064347 | Applicant(s) Treado |
|---|---|---|
| | Examiner Hunter | Group Art Unit 2897 |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

- [X] Responsive to communication(s) filed on ___3/11/99___
- [X] This action is FINAL.
- [ ] Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

- [X] Claim(s) ___1-3___ is/are pending in the application.
  - Of the above claim(s) ___3___ is/are withdrawn from consideration.
- [ ] Claim(s) ___ is/are allowed.
- [X] Claim(s) ___1-2___ is/are rejected.
- [ ] Claim(s) ___ is/are objected to.
- [ ] Claim(s) ___ are subject to restriction or election requirement.

**Application Papers**

- [ ] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
- [ ] The proposed drawing correction, filed on ___ is [ ] approved [ ] disapproved.
- [ ] The drawing(s) filed on ___ is/are objected to by the Examiner.
- [ ] The specification is objected to by the Examiner.
- [ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

- [ ] Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
  - [ ] All [ ] Some* [ ] None of the CERTIFIED copies of the priority documents have been
  - [ ] received.
  - [ ] received in Application No. (Series Code/Serial Number) ___.
  - [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
  - *Certified copies not received: ___.

**Attachment(s)**

- [ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). ___
- [ ] Notice of Reference(s) Cited, PTO-892
- [ ] Notice of Draftsperson's Patent Drawing Review, PTO-948
- [ ] Interview Summary, PTO-413
- [ ] Notice of Informal Patent Application, PTO-152
- [ ] Other ___

**Office Action Summary**

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-97)

Part of Paper No. ___7___

CRI001885

Application/Control Number: 09/064,347                                    Page 1

Art Unit: 2877


## 112 REJECTION;SECOND PARAGRAPH

Claims 1-2 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to

particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claim 1, line 7 refers to "a filtered chemical image". Claim 1, line 9 refers to "said filtered chemical images"

Therefore, claim 1, line 9;"said filtered chemical images lacks antecednet basis.

Claim 2 is rejected due to its dependency on its base claim.


## 103 REJECTION

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set

forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in

section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are

such that the subject matter as a whole would have been obvious at the time the invention was made to a person

having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the

manner in which the invention was made.

Claims 1-2 (as understood by Examiner) are rejected under 35 U.S.C. 103(a) as being unpatentable over

Treado/Morris in view of Sharpe et al or the Prior art cited by Applicant on page 4of the Instant Application (herein

referred to as PA).

Treado/Morris disclose everything except the following item:

A)using a Evan Split Element liquid crystal filter

Sharpe/PA disclose item A.


At the time the invention was made it would have been obvious to one of ordinary skill in the art to modify

Treado/Morris  to incorporate item A   of Sharpe/PA        . The rationale for this modification would have arisen

for the following reason.

Application/Control Number: 09/064,347                                    Page 2

Art Unit: 2877

It would have been apparent tosubstitute the liquid crystal filter of Treado (see Fig. 5 and page 728A) or the liquid

crystal filter of Morris (see Fig.1) with item A of Sharpe/PA since it is well known in the art to use item A due to its

ability for enhanced optical output as evidenced by Sharpe;see col. 2 for example and Pasee page 4 of the Instant

Application.

**1.132 DECLARATION OF PATRICK TREADO**

The Declaration of Patrick Treado under 37 CFR 1.132 filed 3/11/99 is insufficient to overcome the

rejection of claims 1-2 based upon the 103 rejection of Treado/Morris in view of Sharpe et al or the prior Art cited

by Applicant on page 4 of the Instant Application (herein referred to as PA) as set forth in the last Office action

because: the facts presented are not germane to the rejection at issue; the showing is not commensurate with the

claims.

Also,The Declaration refer(s) only to the system described in the Instant Application and not to the

individual claims of the application. Thus, there is no showing that the objective evidence of nonobviousness is

commensurate in scope with the claims. See MPEP § 716.

The claims are silent as to the Raman imaging as argued by Applicant in this Declaration and as cited in

Applicant's arguments;see below.


**APPLICANT'S ARGUMENTS CONSIDERED**

Applicant's arguments filed 3/11/99 have been fully considered but they are not persuasive.
Applicant generally argue the following item:
A)the conclusion of the Examiner to substitute the liquid crystal filter of Treado or the liquid
crystal filter of Morris with an Evan Split-Elelemt LCTF as cited in the Examiner's objection neglects the significant
differences and non-interchangeablitiy of the Evans Split Elelemt LCTF of the present invention .(For clarification"
it is noted here that the Examiner did not make an objection, but rather a 103 rejection;see Office Action of 9/15/98).
As discussed in the attached Declaration of the inventor;i.e., the 1.132 Declaration of Patrick Treado, the
Evans Split-Element LCTF is not interchangeable with any filter device of the prior art. Specifically the Evans Split-
Element filter was invented for color imaging and display which is very different from Raman imaging. The
inhomogeneous response of the Evans Split-Element filter due to off-axis effects teaches away from the use of the
device for Raman imaging.

CRI001887

Application/Control Number: 09/064,347                                          Page 3

Art Unit: 2877

Examiner's Response to item A above: the claims are silent as to Raman imaging.

**FINAL**

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication should be directed to K. P. Hantis at telephone number (703) 308-4801. The Group fax number is (703)308-7722.

Hantis

May 25, 1999

K. P. Hantis
**K P Hantis**
**Primary Examiner**

CRI001888

# EXHIBIT 2



**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176   *phone* 212.687.2770   *fax* 212.972.5487   www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

---------

Sidney R. Bresnick
Of Counsel

---------

Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner

---------

Enshan Hong
Technical Advisor

May 15, 2006

***VIA E-MAIL (CONFIRMATION BY MAIL)***

Paul D. Weller, Esq.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Defendants' Document Production and
       Supp. Response to Plaintiffs' 1st Set of Interrogatories in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt  v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Messrs. Weller and Fitzpatrick:

This letter is a request for a discovery conference under Local Rule 37.1 (and Sect. C of the Protective Order) this Wednesday, May 17, 2006 at 3 p.m.

This teleconference will focus on the following issues:

1.      We have discussed, and already had a discovery teleconference regarding, one issue concerning your responses to our first set of interrogatories.  That issue is discussed in a separate letter sent to you on Friday.  And, assuming you do not respond by 5 PM today, we will be moving to compel a response.

        However, your supplemental response to our first set of interrogatories is insufficient in at least one additional way, which we want to discuss in Wednesday's teleconference. Specifically, responses such as "Defendant Patrick Treado contributed to the system of claim 1 using a variety of microscope objectives" (responding to Interrogatory No. 1(d) in reference to Claim 3) are unacceptably vague.  Claim 3 lists three specific types of objectives, yet you do not indicate which objective(s) were used in the system to which Treado contributed.  In fact, your response, if read literally, could mean that ***none*** of the objectives specifically listed in Claim 3 were used in the system to which Treado contributed.  We demand a complete answer to Interrogatory No. 1(d) in reference to Claims 3 and 4; Interrogatory 1(e) in reference to Claims 3 and; and Interrogatory 1(f) in reference to Claims 3 and 4.

5548_1.DOC



Page 2
May 15, 2006

    2.    We have not completed our analysis of the documents you produced last Thursday, May 11, 2005.  However, based on our initial review, we would like to discuss these specific problems:

        (a) there appear to be no documents responsive to Req. No. 1 in reference to U.S. Pat. App. Ser. No. 09/064,347 and U.S. Patent No. 6,002,476;

        (b) there appear to be no documents responsive to our Req. No. 4; and

        (c) there appear to be no documents responsive to our Req. No. 10(a).

    3.    We should set a date certain for the mutual exchange of privilege logs.

    4.    We challenge your confidentiality designations under Sect. C of the Protective Order.  Some of the documents marked "CONFIDENTIAL" have already been produced in this litigation and disclosed to the PTO in an IDS (e.g., the SBIR proposal).  Other documents marked "CONFIDENTIAL" relate to events almost ten years ago, and it is difficult to understand how such stale information could constitute "proprietary business information ... which [ChemImage] would not normally reveal to [a] third party or, if disclosed, would require such third party to maintain in confidence."  Protective Order, Sect. B.1.  Pursuant to the Protective Order, the parties must have a conference within 7 days of this e-mail and, if the parties cannot reach agreement, we will move the Court to remove the confidentiality designations on your documents.

    We note that you have not marked your pages "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as indicated in the Protective Order, but rather simply "CONFIDENTIAL".  Please confirm, in writing, that you intend those documents to be considered confidential under the Protective Order.

Pursuant to LR 37.2, you must respond to this request within 7 days (May 22, 2006), and participate in a conference within 14 days (May 29, 2006).  If neither of those events occur, or the issues are not resolved at Wednesday's conference (per LR 37.2(III)), we will move to compel production in regards to 1 and 2 above.  As stated in 4, the procedure for resolving disputes over confidentiality designations is stated in the Protective Order.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Teodor J. Holmberg

TJH/tdg

# EXHIBIT 3

**Duane Morris**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

ANTHONY J. FITZPATRICK
DIRECT DIAL: 617.289.9220
E-MAIL: ajfitzpatrick@duanemorris.com

www.duanemorris.com

May 19, 2006

VIA EMAIL

Teodor J. Holmberg, Esq.
Cohen Pontani Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176-1022

Re:    Miller, et al. v. Treado, et al.

Dear Mr. Holmberg:

For the sake of completeness, we are writing to respond to your letters dated May 12, 15, and 18, 2006 in connection with the above-referenced matter. We remind you of the following. With respect to Defendants' Interrogatory responses, as you know, we conferred with you in March, and you agreed to replace the phrase "invention covered by" in Plaintiff's Interrogatory Nos. 1(d), 1(e), and 1(f) with the phrase "subject matter hereof", and the phrase "invention in" in CRI's Interrogatory No. 2 with the phrase "subject matter of". You confirmed that these revisions satisfied your concerns by letter dated March 24, 2006. Defendants then served their Supplemental Responses to CRI's First Set of Interrogatories, making the precise changes that were memorialized in your letter dated March 24, 2006. As I indicated in my e-mail of May 17, while we do not agree with your positions concerning our clients' supplemental responses to your first set of interrogatories, in an effort to resolve this issue and because the prior answers inadvertently included language from the reissue claims, we will agree to provide further supplemental responses by Wednesday May 24.

If it is your intent in sending your May 12 and 15, 2006 letters, to accuse us of not properly supplementing our prior Interrogatory answers in accordance with our prior discussions, then we categorically deny and reject those accusations.

Referring to the issues raised in paragraph 2 of your letter dated May 15, 2006, we previously articulated our positions with respect to U.S. Patent Application Serial No. 09/064,347, U.S. Patent No. 6,002,476, and the "Covenant Not To Sue" that was the subject of Request No. 4 (see my letters to you dated December 9, 2005 and January 31, 2006). With respect to CRI's Document Request No. 10 (a), we are presently not aware of any documents (beyond those already produced) that are responsive to this Request.

DUANE MORRIS LLP

470 ATLANTIC AVENUE, SUITE 500    BOSTON, MA 02210                    PHONE: 617.289.9200  FAX: 617.289.9201

DuaneMorris

Teodor J. Holmberg, Esq.
May 19, 2006
Page 2


        With respect to setting a date certain for exchange of the privilege logs, we would
propose that the logs be the subject of a mutual exchange on June 7, 2006.

        Finally this letter will confirm that all documents produced by defendants and labeled
"CONFIDENTIAL" should be treated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE
ORDER" as indicated in the Protective Order.  To the extent that you have any specific
objections to our "CONFIDENTIAL" designations, we would ask that you specify the document
number(s) and the basis for your object in each case.

                                        Very truly yours,

                                        Anthony J. Fitzpatrick

AJF/lnw
cc:     Paul D. Weller, Esq.
        Martin Pavane, Esq.

# EXHIBIT 4



**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

———

Sidney R. Bresnick
Of Counsel

———

Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner

———

Enshan Hong
Technical Advisor

May 22, 2006

**VIA E-MAIL (CONFIRMATION BY MAIL)**

Anthony J. Fitzpatrick, Esq.
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Re:    Defendants' Document Production and
       Supp. Response to Plaintiffs' 1st Set of Interrogatories in
       Cambridge Research & Instrumentation, Inc., Peter J. Miller
       and Clifford Hoyt  v. ChemImage Corporation and Patrick Treado
       Civ. No. 05-10367-RWZ (D.Mass.)
       Our File No.: 34250-60L

Dear Mr. Fitzpatrick:

Contrary to the implication in your letter last Friday night, May 19, 2006, we changed the wording of our interrogatories at your request.  As you know, we did this with the express understanding that defendants would then answer the "re-worded" interrogatories in reference to the original '962 claims, rather than in reference to the yet-to-be-entered claims of the reissue proceeding.

Instead, the answers in your "supplemental" response were verbatim copies of your original answers.  After we stated our intent in our letter of May 12, 2006 to file a motion to compel, you advised us in your letter of May 15, 2006 that you believed you could "resolve [our] concerns and render moot the motion to compel that [we] have precipitously threatened to file."  Based on that statement, we did not file a motion to compel.  On May 17, 2006, you agreed "to provide further supplemental responses by Wednesday May 24".  If your further supplemental response does not clearly refer to the wording of the '962 claims as issued, we will move to compel.  We have more than fulfilled our LR 37.1 obligations on this issue, and we see no need to request more teleconferences.

We assume that your further supplemental response will also address the issues raised in our May 15, 2006 letter concerning defendants' unacceptably vague answers to Interrogatory No. 1(d) in reference to Claims 3 and 4; Interrogatory 1(e) in reference to Claims 3 and 4; and Interrogatory 1(f) in reference to Claims 3 and 4.  If your further supplemental response does not clearly refer to the wording of Claims 3 and 4 of the '962 patent as issued, we will move to compel.  We have fulfilled our LR 37.1 obligations on this issue, and will not request yet another teleconference.

6260_1.DOC



Page 2
May 22, 2006

Based on your May 19, 2006 letter, we have also fulfilled our LR 37.1 obligations and are free to move to compel production of documents responsive to Req. No. 4, and documents responsive to Req. No. 1 in regards to U.S. Pat. App. Ser. No. 09/064,347 and U.S. Patent No. 6,002,476.

Regarding our Req. No. 10(a), your remark that you "are presently not aware of any documents (beyond those already produced) that are responsive" is somewhat ambiguous. Please confirm by Wednesday, May 24, 2006 that an appropriate search has been made for any and all documents responsive to Req. No. 10(a) and that any such documents have either been produced or are being listed on the privilege log.

We agree to June 7, 2006 as the date for the mutual exchange of privilege logs.

Regarding the need for "specific objections" to the documents wrongly designated as "CONFIDENTIAL", we will provide a list. For the documents whose designation as confidential is "clearly unjustified", we reserve the right to seek sanctions pursuant to Sect. C.4 of the Protective Order.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Teodor J. Holmberg

MBP/TJH/tdg

cc: Paul D. Weller, Esq.