IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>Defendants. | **Civil Action No. 05-10367-RWZ** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO EXTEND DISCOVERY SCHEDULE</u>**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "CRI") hereby present, pursuant to LR 7.1.(b)(1), a memorandum in support of plaintiffs' motion to extend the discovery schedule. The [proposed] order adjusting the discovery schedule, attached to the motion to extend, would replace and supersede the discovery schedule approved in the Court's March 30, 2006 minute entry (granting motion at [D.E. 29]). The proposed schedule will result in a 90 day extension of all discovery deadlines.

The presently scheduled end of fact discovery, August 1st, is little more than two weeks away. This date, as well as the other discovery deadlines, must be extended, for at least the reasons presented below.

Discovery is still in its beginning stages in this case, as has been discussed in other recently filed motions. Plaintiffs have served their first set of deposition notices, which scheduled the depositions of defendants' named inventors of the '962 patent-in-suit (and the provisional application from which the '962 patent-in-suit claims priority) for July 18-21, 2006. Although defendants refuse to extend fact discovery, defendants refused to produce the deponents on the dates in the notices, and have advised plaintiffs that defendants will not produce any witnesses until *after* the end of fact discovery. **Exhibit 1**, ChemImage counsel's July 11, 2006 letter.

Under the current schedule, defendants' delay in providing witnesses for deposition will mean that plaintiffs will have no opportunity to perform follow up discovery after the depositions, because fact discovery will be over.

The identification of experts is presently scheduled for August 15th, with expert reports scheduled for September 15th. It is, of course, important to complete fact depositions before the expert report is prepared, yet it is unclear when plaintiffs will take such depositions, as noted above. There may not be sufficient time to adequately prepare the expert reports, depending on when defendants offer these witnesses.

Lastly, plaintiffs have a pending discovery motion before the Court (i.e., plaintiffs' motion to compel production in response to requests 1(a) and 10(a) [D.E. 50]). If and when granted, defendants will have ten days to comply, which will likely mean such production would occur after

August 1st, the present scheduled end of fact discovery. Should that happen, plaintiffs would not be able to perform any follow-up discovery concerning any materials produced, as fact discovery will have closed.

**WHEREFORE**, for at least the above reasons, plaintiffs respectfully request that the Court grant plaintiffs' motion to extend the discovery schedule, as proposed in the [proposed] order accompanying the motion.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: July 14, 2006

 /s/ Teodor Holmberg
Martin B. Pavane
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN AND PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail: BMichaelis@brownrudnick.com

Memorandum in Support of
Plaintiffs' Motion to Extend Discovery Schedule

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document (identified in the top right-hand corner) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 14, 2006, and a paper copy will be sent to the non-registered participant listed below:

> Paul D. Weller, Esq.
> MORGAN, LEWIS & BOCKIUS LLP
> 1701 Market Street
> Philadelphia, PA 19103
> 215-963-5530 (phone)
> 215-963-5001 (fax)
> pweller@morganlewis.com

        /s/ Teodor Holmberg
        Teodor J. Holmberg (BBO# 634708)

# EXHIBIT 1

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

ANTHONY J. FITZPATRICK
DIRECT DIAL: 617.289.9220
E-MAIL: ajfitzpatrick@duanemorris.com

www.duanemorris.com

July 11, 2006

VIA EMAIL

Teodor J. Holmberg, Esq.
Cohen Pontani Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Re:   Miller, et al. v. Treado, et al.
      United States District Court, District of Massachusetts
      Case No. 05-10367-RWZ

Dear Mr. Holmberg:

    I am writing in response to your letter of July 7, 2006. First, as to your deposition notices, we will not be able to proceed with the depositions on the dates noticed for next week. We are in the process of identifying available dates for each witness, and will respond with those dates as soon as practicable. Note that the defendants object to these depositions occurring in Boston. We will make the witnesses available in Pittsburgh, if and when you identify a location to take the depositions there. Further, please confirm whether the depositions will or will not be videotaped, in conformance with Fed. R. Civ. P. 30(b)(2).

    Second, as to your proposed motion to extend the fact discovery deadline, the defendants will not agree to a three-month extension of future deadlines at this time. Instead, we are willing to stipulate that any fact discovery that has been noticed or served for completion on or before August 1, 2006 may be taken or completed after August 1. Thus, the parties would agree that any fact depositions appropriately noticed for dates prior to August 1 would be taken, if necessary, on mutually agreeable dates after August 1.

    Please advise as to whether the plaintiffs will agree to this proposal.

Very truly yours,

*Anthony J. Fitzpatrick*

Anthony J. Fitzpatrick

DuaneMorris

Teodor J. Holmberg, Esq.
July 11, 2006
Page 2

AJF/klf
cc:    Paul D. Weller, Esq.