IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
:
PETER MILLER, CLIFFORD HOYT, and :
CAMBRIDGE RESEARCH AND :
INSTRUMENTATION, INC. :
:
:
Plaintiffs, :
: Case No. 05-10367 RWZ
v. :
:
PATRICK TREADO and CHEMIMAGE CORP. :
:
Defendants. :
_____:

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY
(INCORPORATING MEMORANDUM IN SUPPORT THEREOF)**

Defendants Patrick Treado and ChemImage Corp. respectfully move this Court under LR 7.2 for leave to file a Sur-Reply Memorandum In Opposition To Plaintiffs' Motion To Compel Discovery [D.E. 50]. As grounds for this request, Defendants state the following:

Plaintiffs filed a Motion for to Compel Production in Response to Requests Nos. 1 and 10(a) [D.E. 50] on June 16, 2006. In response, Defendants filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Compel [D.E. 63] on July 11, 2006.

Later that day, on July 11, 2006, Plaintiffs filed a [Proposed] Reply to Defendants' Opposition [D.E. 63] to Plaintiffs' Motion to Compel [D.E. 50].

Defendants now seek leave to file a Sur-Reply Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery to address numerous new issues raised for the first time in Plaintiffs' Reply [D.E. 63] as well as mistakes of law and fact contained in Plaintiffs' Reply [D.E. 63].

In particular, Plaintiffs' Reply fails to demonstrate how the '476 patent and the '347 application (both of which are limited to Raman imaging), are relevant to who invented the '962 patent, particularly in light of the fact that: (i) the '962 Patent does not mention Raman imaging, (ii) the apparatus of the '962 Patent is <u>incapable</u> of performing Raman imaging, and (iii) the Examiner's earlier finding that the '962 patent was <u>different</u> from the prior art Raman imaging technology.

Furthermore, Plaintiffs' Reply fails to explain how discovery with respect to "any agreement, contract, covenant, or license that grants or conveys any rights under any of the listed patents or patent applications" could reasonably lead to admissible evidence with respect to the sole issue in this case, <u>i.e.</u>, inventorship of the '962 patent. Plaintiffs' citation to various portions of Plaintiffs' [Proposed] Amended Complaint is not useful because the [Proposed] Amended Complaint is not presently part of the pleadings in this matter, and thus provides no basis for arguing that discovery should be compelled.

On this basis, Defendants respectfully request leave to file a Sur-Reply.

Respectfully submitted,

PATRICK TREADO AND CHEMIMAGE CORP.

By their attorneys,

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO # 564324)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: 617.289.9220
Fax: 617.289.9201
e-mail: ajfitzpatrick@duanemorris.com

2

Paul D. Weller (admitted *pro hac vice*)  
Morgan, Lewis & Bockius, LLP  
1701 Market Street  
Philadelphia, PA  19103  
Telephone:  215.963.5530  
eFax:  215.963.5001  
e-mail:  pweller@morganlewis.com

July 25, 2006

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to 7.1(A)(2), the undersigned certifies that counsel for the defendants have attempted to confer with counsel for plaintiffs regarding the issues raised in the foregoing motion.  Counsel for the plaintiffs indicated they would oppose the motion.

/s/ Anthony J. Fitzpatrick  
Anthony J. Fitzpatrick

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 25, 2006.

                                    /s/ Anthony J. Fitzpatrick
                                    Anthony J. Fitzpatrick