IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                                          :
PETER MILLER, CLIFFORD HOYT, and          :
CAMBRIDGE RESEARCH AND                      :
INSTRUMENTATION, INC.                              :
                                                          :
                    Plaintiffs,                          :
                                                          :        Case No. 05-10367 RWZ
                    v.                                     :
                                                          :
PATRICK TREADO and CHEMIMAGE CORP.    :
                                                          :
                    Defendants.                        :
_____:


**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE [PROPOSED] AMENDED
COMPLAINT**

Defendants Patrick Treado and ChemImage Corp. hereby respectfully submit the recently

decided decision in *Stevens v. Broad Reach Cos. LLC*, 79 U.S.P.Q. 2d 1501 (W.D. Mo. 2006) as

supplemental authority in opposition to Plaintiffs' pending motion to amend the Complaint.

(Attached hereto at Exhibit A).  The Court in *Stevens* squarely held that no private right of action

exists in federal court for resolution of inventorship disputes in <u>pending</u> patent applications.  *Id.*

at 1507.  In dismissing the action, the Court expressly found that the plaintiffs' state law claims

for fraud, fraud before the PTO, improper assignment and misappropriation – each of which

would have required the Court to resolve questions of inventorship in a <u>pending</u> patent

application – were not properly before the Court:

> Stevens' remaining claims for fraud, fraud before the PTO, improper assignment,
> and misappropriation of trade secrets are all state law claims that are premised on
> Stevens' assertion that he is either the sole or joint inventor of the fluid blending
> apparatus which the Defendants seek to patent.  These claims require the Court to
> resolve questions of inventorship in a pending patent application before granting

the relief sought. … As the Court has determined that the PTO is the proper forum for resolving questions of inventorship in pending patent applications, these claims will also be dismissed. *Id.* at 1507-1508.

In the present action, Plaintiffs' Proposed Counts 3 (unjust enrichment), 6 (conversion and/or misappropriation), 7 (unfair and/or deceptive acts under Mass. Gen. L., CH. 93A), 8 (RICO) and 9 (Common Law Civil Conspiracy), are each based, at least in part, on claims that Plaintiffs are the inventors of pending patent applications filed by Defendant ChemImage.  Since these Proposed Counts would require the Court to resolve questions of inventorship in pending patent applications, these Proposed Counts are futile and leave to amend with respect to these Proposed Counts should therefore be denied.

> Respectfully submitted,
>
> PATRICK TREADO AND CHEMIMAGE CORP.
>
> By their attorneys,
>
> /s/ Anthony J. Fitzpatrick
> Anthony J. Fitzpatrick (BBO # 564324)
> Duane Morris LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210
> Telephone: 617.289.9220
> Fax: 617.289.9201
> e-mail:  ajfitzpatrick@duanemorris.com
>
> Paul D. Weller (admitted *pro hac vice)*
> Morgan, Lewis & Bockius, LLP
> 1701 Market Street
> Philadelphia, PA  19103
> Telephone:  215.963.5530
> eFax:  215.963.5001
> e-mail:  pweller@morganlewis.com

August 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 22, 2006.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

# EXHIBIT A

LEXSEE

Copyright (c) 2006 The Bureau of National Affairs, Inc.

UNITED STATES PATENTS QUARTERLY

Stevens v. Broad Reach Cos. LLC

No. 05-647-CV-W-GAF

U.S. District Court Western District of Missouri

79 U.S.P.Q.2D (BNA) 1501

Decided May 31, 2006

**CASE HISTORY and DISPOSITION:** Action by Kirt Stevens against Broad Reach Cos. LLC and Paul R. Plache for declaratory judgment correcting alleged inventorship error in patent application pursuant to 35 U.S.C. Section 116, and for fraud, improper assignment, and misappropriation of trade secrets. On defendants' motion to dismiss. Granted.

**HEADNOTES:**
PATENTS

[**1H]  Practice and procedure in Patent and Trademark Office -- Prosecution -- Applications for patent (110.0916)

Practice and procedure in Patent and Trademark Office -- Certificate of correction -- Correction of named inventor (110.1205)

JUDICIAL PRACTICE AND PROCEDURE

Jurisdiction -- Subject matter jurisdiction -- In general (405.0701)

Federal law does not provide private right of action in federal court for resolution of inventorship disputes in patent applications, since 35 U.S.C. Section 116, which explicitly empowers Director of U.S. Patent and Trademark Office to amend patent applications with regard to inventorship, does not empower federal courts to correct inventorship errors in pending applications, whereas 35 U.S.C. Section 256 clearly delegates power to courts to order correction of errors in issued patents, and since there is no support in precedent for proposition that inventorship issues under Section 116 give rise to subject matter jurisdiction under 28 U.S.C. Section 1338(a); plaintiff's claim seeking declaration that he is either sole or joint inventor of apparatus that is subject of defendant's patent application must therefore be dismissed, since his claims arise under Section 116, rather than Section 256, and since there is no private right of action for claims arising under Section 116.

PATENTS

[**2H]  Practice and procedure in Patent and Trademark Office -- Prosecution -- Applications for patent (110.0916)

Practice and procedure in Patent and Trademark Office -- Certificate of correction -- Correction of named inventor (110.1205)

JUDICIAL PRACTICE AND PROCEDURE

Procedure -- Dismissal; default judgment (410.32)

Plaintiff's action for declaratory judgment correcting alleged inventorship error in pending patent application should be dismissed for failure to state claim, pursuant to Fed. R. Civ. P. 12(b)(6), rather than for lack of subject matter jurisdiction under Rule 12(b)(1), even though jurisdiction is not proper under 28 U.S.C. Section 1338(a), since federal district court has authority to hear plaintiff's claims, in that plaintiff asserts that he has private right to relief implied from federal law, since federal law does not provide plaintiff with cause of action in federal court to resolve dispute over inventorship in pending patent application, and since plaintiff therefore has failed to state claim upon which relief may be granted; plaintiff's state-law claims for fraud, fraud before U.S. Patent and Trademark Office, improper assignment, and misappropriation of [*1502] trade secrets are also dismissed, since claims are all premised on plaintiff's assertion that he is either sole or joint inventor of apparatus that is subject of defendant's patent application, and since PTO, rather than federal court, is proper forum for resolving inventorship questions in pending patent applications.

**CLASS-NO:** 110.0916, 110.1205, 405.0701, 410.32

**COUNSEL:** Arthur K. Shaffer, D.A.N. Chase, James J. Kernell, Michael Yakimo Jr., and Gennie C. Derusseau, of Chase Law Firm, Overland Park, Kan., for plaintiff.
Martin M. Meyers, of The Meyers Law Firm, Kansas City, Mo.; Richard Bland, Lafayette, Colo., for defendants.

**OPINIONBY:** Fenner, J.

**OPINION:**
ORDER

Presently before the Court is a Motion to Dismiss filed by the Defendants, Broad Reach Companies, L.L.C. ("BRC") and Paul R. Plache ("Plache"). (Doc. #21). The Defendants argue that the present action should be dismissed because this Court is not empowered to resolve inventorship disputes in patent applications; rather, such power is vested solely in the Director of the Patent and Trademark Office pursuant to 35 U.S.C. Section 116. Id . The Plaintiff, Kirt Stevens ("Stevens"), contends that the present dispute cannot be resolved pursuant to 35 U.S.C. Section 116 and the Court has subject matter jurisdiction to grant declaratory relief as to inventorship in a patent application. (Doc. #35). After careful consideration of the facts and arguments presented by the parties, the Court finds that the present action is governed by 35 U.S.C. Section 116, which does not provide a private right of action in federal court for resolution of inventorship disputes in a patent application. Accordingly, the Defendants' Motion to Dismiss is GRANTED.

DISCUSSION

I. Facts

The present action presents a dispute regarding the inventorship of a liquid polymer blender, referred to as a "fluid blending apparatus." (Doc. #1, Para. 13). Stevens contends that Plache approached him regarding the preliminary design of a fluid blending apparatus and throughout 2003 and 2004 Stevens rendered design and engineering services which were sufficient to confer inventor status on him pursuant to U.S. patent laws. (Doc. #1, Paras. 13-14).

Despite Stevens' contributions to the design and engineering of the fluid blending apparatus, Plache filed a patent application on October 7, 2004 for the fluid blending apparatus without informing Stevens and without Stevens' consent. (Doc. #1, Para. 16). Plache declared that he was the sole inventor of the fluid blending apparatus in the patent application. (Doc. #1, Para. 17). Contrarily, Stevens claims that he is the sole inventor of the fluid blending apparatus or, alternatively, that he should at least be recognized as a joint inventor in the patent application. (Doc. #1, Paras. 18, 20). Stevens asserts that Plache's failure to name him as an inventor in the patent application was an error and was without deceptive intent on the part of Stevens. (Doc. #1, Paras. 19, 20). Stevens contends that Plache has denied Stevens his rights in the patent application and has refused to acknowledge Stevens' status as an inventor. (Doc. #1, Para. 27).

Consequently, Stevens filed the present action. In Count I of his Complaint, Stevens seeks a declaratory judgment that he is the "first and original inventor of the fluid blending apparatus" pursuant to 35 U.S.C. Section 116. (Doc. #1, Para. 30). Stevens further asserts that Plache's failure to name him as the sole inventor constitutes an error to which Stevens is entitled to damages pursuant to 35 U.S.C. Section 256. (Doc. #1, Para. 32). Similarly, in Count II of his Complaint, Stevens seeks a declaratory judgment that he is "at least a joint inventor pursuant to 35 U.S.C. Section 116 of the fluid

blending apparatus." (Doc. #1, Para. 39). Stevens further asserts that this nonjoinder constitutes an error to which he is entitled to damages pursuant to 35 U.S.C. Section 256. (Doc. #1, Para. 41). Stevens also asserts claims for fraud, improper assignment and misappropriation of trade secrets. (Doc. #1, Paras. 45-95). [*1503]

In the present Motion, the Defendants assert that Stevens' lawsuit should be dismissed because this Court does not have jurisdiction to correct inventorship in a pending patent application; rather, such power is vested solely in the Director of the Patent and Trademark Office (PTO) under 35 U.S.C. Section 116. (Doc. #21). The Defendants contend that each of Stevens' claims require the Court to interfere with the PTO's exclusive jurisdiction over a pending patent application. Id . The Defendants also urge the Court to decline to exercise supplemental jurisdiction over any state law claims which the Court finds do not directly interfere with the PTO's exclusive jurisdiction over the pending patent application for the fluid blending apparatus. Id .

Stevens responds by arguing that the Court has subject matter jurisdiction over the claims in the Complaint because Stevens is seeking declaratory relief as to inventorship in the patent application. (Doc. #35). Stevens contends that the dispute between the parties cannot be resolved pursuant to 35 U.S.C. Section 116 because "correction of inventorship under 35 U.S.C. Section 116 requires both the consent of the assignee and the executed declaration of both inventors on the same form." Id . Because the Defendants assert that there was no error in the patent application or in the listing of inventors, Stevens claims that the PTO cannot resolve the dispute. Id .

II. Standard and Analysis

The present Motion requires the Court to decide whether federal law empowers a federal court to resolve inventorship disputes in patent applications. This Court finds that federal law does not provide a private right of action in federal court to resolve inventorship disputes in patent applications. Accordingly, the present action must be dismissed.

A. The amendment of inventorship in a patent application is governed by 35 U.S.C. Section 116.

Go to Headnotes [**1R] United States patent law requires all joint inventors be listed on a patent application. See 35 U.S.C. Section 116 ( Section 116). If the patent application incorrectly identifies the inventors, the patent application may be amended pursuant to Section 116 which provides in relevant part: Section 116 explicitly empowers the Director of the PTO to amend a patent application with regard to inventorship. However, Section 116 does not explicitly confer any authority on the federal courts to take any action with respect to patent applications.

Whenever through error a person is named in an application for patent as the inventor, or through error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Director may permit the application to be amended accordingly, under such terms as he prescribes.

If the dispute regarding inventorship does not arise until after the patent has been issued, 35 U.S.C. Section 256 ( Section 256) provides for the correction of issued patents: (emphasis added). Section 256 explicitly empowers both the Director of the PTO and the federal courts to remedy inventorship errors in issued patents.

Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error .

The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly .

Here, no patent for the fluid blending apparatus has been issued. Accordingly, Stevens is seeking to alter or amend the patent application for the fluid blending apparatus to include himself as the sole inventor, or alternatively as the joint inventor. Stevens, implicitly recognizing that this Court does not have the authority to alter or amend patent applications, seeks a declaratory judgment directing Plauche to take the necessary steps to correct the inventorship of the patent

application. As Stevens' lawsuit involves a pending patent application, rather than an issued patent, this Court finds that Section 116 governs the relief sought.  [*1504]

Stevens argues his lawsuit cannot be resolved pursuant to Section 116 because "correction of a patent under Section 116 requires both the consent of the assignee and the executed declaration by both inventors on the same form." (Doc. #35) (emphasis in original). Stevens contends that because BRC, the assignee, has refused to consent to the amendment and Plache refuses to acknowledge Stevens' inventive efforts, the Director of the PTO cannot resolve the disputed inventorship. However, Stevens offers no alternative federal statute under which his claim to amend a pending patent application arises. Accordingly, the Court finds that Stevens' claims to amend the pending patent application for the fluid blending apparatus arise under Section 116 rather than some other unidentified federal statute.

B. Section 116 does not provide a private right of action in federal court to resolve inventorship disputes in patent applications.

The Defendants contend that this Court does not have the authority pursuant to Section 116 to alter or amend the patent application. Rather, the Defendants argue that the Director of the PTO is vested with the sole authority to correct inventorship errors in patent applications. In support of their position, the Defendants rely on Eli Lilly and Company v. Aradigm Corporation , 376 F.3d 1352 [71 USPQ2d 1787 ] (Fed. Cir. 2004). Eli Lilly, a pharmaceutical company, filed suit seeking to have two of its scientists recognized as joint inventors on the insulin analog "lispro." Eli Lilly , 376 F.3d at 1354. The Federal Circuit noted that at the time Eli Lilly filed the action, the subject patent had not yet been issued. Id . at 1357, fn 1. Eli Lilly initially filed the action seeking a declaratory judgment establishing Eli Lilly's scientists as inventors on the defendant's patent applications pursuant to Section 116. Id . With respect to declaratory judgments filed under Section 116, the Federal Circuit observed: "The text of section 116, however, only grants the Director of the Patent and Trademark Office the authority to take certain actions and plainly does not create a cause of action in the district court to modify inventorship on pending patent applications." Id . Accordingly, the Federal Circuit concluded, "at the time it filed its complaint, [Eli] Lilly did not have a cause of action to challenge inventorship on the 477 patent application." Id . Despite this apparent defect in Eli Lilly's complaint, which was never amended, the Federal Circuit found that in ruling on the defendant's summary judgment motion, the district court effected a constructive amendment of the complaint to assert a claim arising under Section 256. Id .

The Sixth Circuit in E.I. Du Pont de Nemours & Co. v. Okuley , 344 F.3d 578 [68 USPQ2d 1309 ] (6th) Cir. 2003), cert. denied , 541 U.S. 1027 (2004) reached a similar result. In Du Pont , the defendant filed a counterclaim for a declaratory judgment asserting that he was the inventor of the subject matter of the patent application. Du Pont , 344 F.3d at 580. The Sixth Circuit affirmed the district court's dismissal of this counterclaim for lack of jurisdiction "on the basis of the language of Section 116 and Section 256 and their notable differences." Id . at 583. In comparing the language of Section 116 and Section 256, the Sixth Circuit observed: Id . at 583-84. The appellate court concluded that the district court lacked jurisdiction to consider the defendant's counterclaim, which was governed by Section 116 as the subject patent had not yet issued, because Section 116 does not empower the federal courts to correct inventorship errors in patent applications. Id . at 584.

Section 116 does not mention courts, but rather gives discretion to the Director of the PTO to permit amendments to patent applications and to do so under such terms as the Director deems proper. Section 256, by contrast, explicitly mentions the courts and the authority of the courts to compel action by the Director. Comparing these two sections, it is clear that Congress intended to draw a distinction between patent applications and issued patents. While the patent is still in the process of gestation, it is solely within the authority of the Director. As soon as the patent actually comes into existence, the federal courts are empowered to correct any error that the Director may have committed. Such a scheme avoids premature litigation and litigation that could become futile if the Director declined to grant a patent or voluntarily acceded to the claims of the would-be inventor prior to issue.

Like the claimants in Eli Lilly and Du Pont , Stevens also seeks a declaratory judgment that he is the inventor of the subject matter of a patent application. Stevens' claims are governed by Section 116 as they ultimately seek to [*1505] amend a patent application. As analyzed above, this Court has observed the same lingual distinctions in Section 116 and Section 256 which led the Sixth Circuit in Du Pont to conclude that federal courts are not empowered to hear suits arising under Section 116. Consistent with the decisions in Eli Lilly and Du Pont , this Court finds that it is not empowered

to resolve inventorship disputes in patent applications which arise under Section 116 and therefore, Stevens claims must be dismissed.

Stevens urges this Court to adhere to the Federal Circuit's 1998 decision in Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318 [47 USPQ2d 1769] (Fed. Cir. 1998) n1 in support of his contention that the Court has the authority to decide questions of inventorship in pending patent applications. In Hunter Douglas, the Federal Circuit sought to define the contours of the federal court's subject matter jurisdiction over state law causes of action involving issued patents. Hunter Douglas, 153 F.3d at 1321. The plaintiff in Hunter Douglas asserted a single federal claim seeking a declaratory judgment of noninfringment, invalidity or unenforceability of the defendant's patents and six state law claims. Id. at 1322. The Federal Circuit began its analysis by affirming the district court's dismissal of the plaintiff's single federal claim for lack of jurisdiction. Id. at 1328. The Federal Circuit proceeded to determine whether the district court could exercise subject matter jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1338(a). Id. 28 U.S.C. Section 1338(a) provides: In conducting its analysis, the Federal Circuit observed that in prior cases it had found that "at least four issues of federal patent law are substantial enough to satisfy the jurisdictional test" including "inventorship issues under 35 U.S.C. Sections 116, 256." Hunter Douglas, 153 F.3d at 1328. In support of this observation, the Federal Circuit cited MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d 1568, 1570-71 [10 USPQ2d 1287] (Fed. Cir. 1989) and RustEvader Corp. v. Cowatch, 842 F.Supp. 171, 173-74 [29 USPQ2d 1076] (W.D. Pa. 1993). Hunter Douglas, 153 F.3d at 1328. Although Stevens denies that Section 116 is applicable to his claims and Section 256 clearly doesn't apply because the dispute does not involve an issued patent, Stevens relies on this observation by the Federal Circuit in support of his contention that this Court has the authority to hear his lawsuit pursuant to 28 U.S.C. Section 1338(a).

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

n1 Overruled in part on other grounds by Midwest Indus., Inc. v. Karavan Trainlers, Inc., 175 F.3d 1356, 1359 [50 USPQ2d 1672] (Fed. Cir. 1999) (holding that the Federal Circuit will apply its own law, rather than the law of the regional Circuit, in determining whether patent law preempts a given state's law).

In deciding whether it should disregard Eli Lilly and Du Pont in favor of the Federal Circuit's observations in Hunter Douglas, the Court examined the cases upon which Hunter Douglas relied and found that neither case applied Section 116. Rather, both cases involved issued patents and, as such, applied Section 256. In MCV, Inc. v. King-Seeley Thermos Co., 870 F.2d at 1570, the Federal Circuit considered whether a suit in district court for determination of inventorship and correction of a patent under Section 256 is considered an action "arising under" the patent laws for purposes of 28 U.S.C. Section 1338(a). The Federal Circuit answered this question in the affirmative. In the second case cited in Hunter Douglas, Rustevader Corp. v. Cowatch, 842 F.Supp. at 173-74, a Pennsylvania district court denied a motion to remand a cause of action seeking to resolve questions of ownership of an issued patent. Id. The district court found that in order to determine ownership it must first resolve questions of inventorship pursuant to Section 256. Id. Relying on the Federal Circuit's decision in MCV that claims arising under Section 256 give rise to jurisdiction under 28 U.S.C. Section 1338(a), the court denied remand. Id.

The Court declines to disregard Eli Lilly and Du Pont in favor of Hunter Douglas for a number of reasons. First, the observation in Hunter Douglas that "inventorship issues under 35 U.S.C. Sections 116, 256" give rise to jurisdiction under 28 U.S.C. Section 1338(a) is not supported by the legal authority cited. Second, the Federal Circuit's decision in Eli Lilly came six years after the Hunter Douglas opinion. Third, the decisions in Eli Lilly and Du Pont specifically address the authority of the court to hear disputes arising under Section 116. The Court is unconvinced that it should abandon the more recent and narrowly tailored precedent [*1506] of Eli Lilly and Du Pont in favor of the unsupported dicta in Hunter Douglas. n2

n2 Later in this Order, it will become apparent that Hunter Douglas can be reconciled with Eli Lilly and Du Pont . In Hunter Douglas , the Federal Circuit observed that subject matter jurisdiction exists pursuant to 28 U.S.C. Section 1338(a) over inventorship issues arising under Section 116. In Eli Lilly and Du Pont , the appellate courts considered whether Section 116 creates a private cause of action for the amendment of patent applications to correct alleged errors in inventorship. The question of whether this Court has subject matter jurisdiction over Stevens' claims is separate from this Court's determination that Section 116 does not create a private cause of action. Accordingly, the Court is not declining to follow the Hunter Douglas decision, but rather finds that it is not applicable to the question of whether federal law empowers a federal court to resolve inventorship disputes in a pending patent application.

Stevens cites one other case in support of his argument that the Court has subject matter jurisdiction over his lawsuit: Heinken Technical Services, B.V. v. Darby , 103 F.Supp.2d 476 (D. Mass. 2000). However, the decision in Heinken relies solely upon the Federal Circuit's decision in Hunter Douglas . Heineken , 103 F.Supp.2d at 479. Based on the Court's finding that the Hunter Douglas decision is not adequately supported on this point, the Court is unpersuaded by the Heineken decision. n3

n3 Subsequent district court decisions have been similarly unpersuaded by the Hunter Douglas and Heineken decisions: Concrete Washout Systems, Inc. v. Minegar Environmental Systems, Inc. , 2005 WL 1683930 (E.D. Ca. July 12, 2005); Murray v. Gemplus International, S.A. , 2002 WL 32107942 (E.D. Pa. October 31, 2002); Display Research Laboratories, Inc. v. Telegen Corporation , 133 F.Supp.2d 1170, 1173-74 [58 USPQ2d 1149 ] (N.D. Ca. 2001); and Mieling v. Norkar Technologies, Inc. , 176 F.Supp.2d 817 (N.D. Ill. 2001).

The Court finds that the present case is closely analogous to a recent decision by a Maine district court. In Sagoma Plastics, Inc. v. Gelardi , 366 F.Supp.2d 185, 186 (D. Me. 2005), the plaintiff sought a declaration that he was the joint inventor of the subject matter of the defendant's patent application. In deciding whether the federal patent law empowers federal courts to determine questions of inventorship prior to the issuance of a patent by the PTO, the district court began by observing that Section 116 does not explicitly provide a private right of action. Sagoma , 366 F.Supp.2d at 187. Like the Sixth Circuit in Du Pont , the Maine district court compared Section 116 to the parallel provision of Section 256 to determine whether Congress intended to provide a private right of action for plaintiffs seeking to amend patent applications to correct alleged errors in inventorship. Id . The court observed that "unlike the process described in Section 116, the provision authorizing the correction of issued patents explicitly delineates a role for the courts as well as the Director." Id . at 188. The district court found that: Id . The district court further found that the Heineken decision, and by implicit extension the Hunter Douglas opinion, was inapplicable because it did not discuss whether Section 116 creates a private right of action for nonjoined inventors. Id .

[T]his clear delegation of power to the courts in Section 256 casts serious doubt upon the courts' power to adjudicate inventorship under Section 116. It is obvious from the parallel language of Section 116 and Section 256 that Congress drafted them to be complementary. The provisions contain identical requirements of error' on the application and lack of deceptive intention' on the part of the nonjoined or misjoined inventor. The language of the two provisions diverges only insofar as the requirements of each provision are substantively different. Given the structural parallels between the two provisions, it can be inferred that Congress' clear delegation of power to the courts in Section 256 to correct issued

patents and its failure to make any such express delegation in Section 116 indicates a conscious choice to bar the courts from correcting errors regarding inventorship until after the patent has issued.

Here, Stevens seeks a declaration that he is either the sole or joint inventor of the fluid blending apparatus which is the subject of the Defendant's patent. As Stevens seeks a declaratory judgment regarding inventorship in a patent application, rather than an issued patent, his claims arise under Section 116, rather than Section 256. Persuaded by the Maine district court's reasoning, this Court adopts the analysis set forth in Sagoma to conclude that Congress did not intend to provide a private right of action for claims arising under Section 116. As Congress did not intend to provide a private right of action for claims arising under Section 116, Stevens' claims fail.

The Court's finding that it may not resolve questions of inventorship in pending patent applications recognizes the authority of the PTO to evaluate and issue patents. As noted by one district court, "[t]he PTO has expertise [*1507] in resolving inventorship disputes over claims in patent applications" and is, therefore, a better forum to determine whether Stevens is the sole or joint inventor of the fluid blending apparatus. See Mieling, 176 F.Supp.2d at 819-20.

Furthermore, "[t]he statutory scheme seems to have been developed with the understanding that adjudicating claims over inventorship in patent applications would disrupt the patent application system." Concrete Washout Systems, 2005 WL 1683930 at *4. Allowing disputes over inventorship in pending patent applications to be heard in federal court would create "premature" and "futile" litigation because while the patent is still in the gestation process, the PTO has the authority to alter or amend the patent application. Du Pont, 344 F.3d at 584. Inventorship disputes in pending patents may be addressed by the PTO pursuant to Section 116 as discussed above. Alternatively, a party challenging inventorship in a patent application is empowered to file an interference proceeding pursuant to 35 U.S.C. Section 135. Finally, following the issuance of the patent, a party challenging inventorship may file an action pursuant to Section 256 to amend the issued patent. With regard to this final option, the party challenging inventorship "suffers only delay from this court's decision to let the PTO patent application review process run its natural course, whereas, reaching the inventorship issues now would be a waste of judicial resources." Concrete Washout Systems, 2005 WL 1683930 at *4. Accordingly, this Court finds that it is not empowered to adjudicate Stevens' claims and, therefore, the present action must be dismissed.

C. Stevens' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

The final question in the Court's analysis of the present Motion to Dismiss is whether the case should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). This issue was also analyzed in Sagoma, 366 F.Supp.2d at 190. The district court in Sagoma observed that 28 U.S.C. Section 1338(a) does not create a private right of action but rather "merely allows federal courts to hear causes of action independently created by Congress in federal patent law." Id. (internal citations omitted). Accordingly, the Sagoma court concluded, it did not have jurisdiction pursuant to 28 U.S.C. Section 1338(a) because Congress did not create a private right of action to resolve questions of inventorship in patent applications. Id. However, the Sagoma court found that it did have jurisdiction over the plaintiff's claims because "where a plaintiff asserts that a private right of action is implied from federal law, federal courts do have the requisite subject matter jurisdiction to determine whether such a federal remedy exists." Id. (internal citations omitted). Given the court's ruling that Section 116 does not create a private right of action, and the fact that the plaintiff sought a declaratory judgment of inventorship rather than relief directly under Section 116 did not alter this analysis, the court concluded that the plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Id. at 189, 190.

Go to Headnotes [**2R] As noted above, this Court finds the Sagoma decision highly persuasive and, therefore, adopts its analysis on this question as well. Accordingly, this Court finds that although jurisdiction is not proper pursuant to 28 U.S.C. Section 1338(a), it has the authority to hear Stevens' claims because Stevens asserts that he has a private right to relief implied from federal law. The Court has concluded that federal law does not provide Stevens with a cause of action in federal court to resolve a dispute over inventorship in a pending patent application. Accordingly, Stevens' claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as he has failed to state a claim upon which relief may be granted.

79 U.S.P.Q.2D (BNA) 1501, *; USPQ Headnotes 1501, **

Stevens' remaining claims for fraud, fraud before the PTO, improper assignment, and misappropriation of trade secrets are all state law claims that are premised on Stevens' assertion that he is either the sole or joint inventor of the fluid blending apparatus which the Defendants seek to patent. These claims require the Court to resolve questions of inventorship in a pending patent application before granting the relief sought. The Court's resolution of the inventorship dispute, prior to the issuance of the patent by the PTO, gives rise to the risk of an inconsistent determination of inventorship. As the Court has determined that the PTO is the proper forum for resolving [*1508] questions of inventorship in pending patent applications, these claims will also be dismissed.

CONCLUSION

The gravamen of Stevens' lawsuit is that the Defendants failed to acknowledge his inventive efforts by neglecting to name him either as the sole, or alternatively a joint, inventor in the patent application for the fluid blending apparatus. Section 116 governs the amendment of inventorship designations in a patent application. In Section 116, Congress did not provide a private right of action in federal court to resolve inventorship disputes in patent applications but rather vested the Director of the PTO with the sole authority to correct inventorship errors in patent applications. This Court would usurp the PTO's authority to decide questions of inventorship in patent applications if it decided whether Stevens was the sole, or joint, inventor of the fluid blending apparatus. As federal law does not provide Stevens with a cause of action in federal court to resolve an inventorship dispute in a pending patent application, Steven's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. As Stevens' remaining claims require resolution of the inventorship dispute, they must also be dismissed. Based on the foregoing, the Defendants' Motion to Dismiss is GRANTED.

IT IS HEREBY ORDERED.

**LOAD DATE:** 08/09/2006

# End Of LexisNexis® Get & Print Report

**Session Name:**       **GP010822**

**Date:**               **August 22, 2006**

**Client:**             **E2079-00091-02628**