IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>    Defendants. | **Civil Action No. 05-10367-RWZ** |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION [D.E. 75] FOR LEAVE TO FILE SUPPLEMENTAL
OPPOSITION, AND
DEFENDANTS' NOTICE [D.E. 74] OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "plaintiffs") hereby respond to defendants ChemImage Corporation's and Patrick Treado's (collectively, "defendants") Motion [D.E. 75] for Leave to File a Supplemental Memorandum in Opposition to Plaintiff's Motion for Leave to Amend Complaint, and defendants' Notice [D.E. 74] of Supplemental Authority in Opposition to Plaintiffs' Motion for Leave to File [Proposed] Amended Complaint.

14159_1.DOC

Plaintiffs' Opposition to
Defendants' Notice [D.E. 74] of Supp. Authority, and
Defendants' Motion [D.E. 75] to file Supp. Opposition

Having already filed a 42-page opposition [D.E. 55] and a sur-reply [D.E. 71] concerning plaintiff's motion [D.E. 40] for leave to file an amended complaint, defendants have now filed a notice [D.E. 74] of supplemental authority and a supplemental opposition (Ex. A to [D.E. 75]).

Defendants' efforts to drown the Court in paper have not made their arguments any more persuasive.

In their August 22, 2006 notice [D.E. 74] of supplemental authority ("Def.'s Notice"), defendants cite a three-month old Western District of Missouri Court decision, *Stevens v. Broad Reach Cos.*, 76 U.S.P.Q.2d 1501 (W.D.Mo. May 31, 2006), which issued before defendants filed their 42-page opposition [D.E. 55] on June 19, 2006. In *Stevens*, after a putative inventor filed a lawsuit under 35 U.S.C. §116 to correct the inventorship of a pending patent application, the court reached the unremarkable conclusion that §116 does not authorize a federal court to correct the inventorship of a pending patent application. See, e.g., *Stevens*, 76 U.S.P.Q.2d at 1504, Ex. A to Def.'s Notice [D.E. 74] ("Section 116 does not provide a private right of action in federal court to resolve inventorship disputes in patent applications.").

The only pending claim in the present litigation asks the Court to correct, under 35 U.S.C. §256, the inventorship of U.S. Pat. No. 6,734,962 ("the '962 patent-in-suit") which issued to defendants on May 11, 2004. As recognized by the *Stevens* court, §256 ***does*** authorize federal courts to correct the inventorship of an issued patent. See, e.g., *Stevens*, 76 U.S.P.Q.2d at 1503, Ex. A to Def.'s Notice [D.E. 74] ("Section 256 explicitly empowers … federal courts to remedy inventorship errors in issued patents."). And it is well-established law that causes of action based in state and other law (e.g., R.I.C.O.) which require the resolution of the inventorship of an ***issued*** patent lie within the jurisdiction of the federal courts. See, e.g., *Stevens*, 76 U.S.P.Q.2d at

Plaintiffs' Opposition to
Defendants' Notice [D.E. 74] of Supp. Authority, and
Defendants' Motion [D.E. 75] to file Supp. Opposition

1503, Ex. A to Def.'s Notice [D.E. 74] (citing *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998)).

The new causes of action in plaintiffs amended complaint require the resolution of the inventorship of the issued '962 patent-in-suit, and in some cases, the resolution of the inventorship of the same subject matter in defendants' issued U.S. Pat. No. 6,002,476 ("the '476 patent"), whose inventorship plaintiffs seek to correct under §256 in new Count 10 of the proposed amended complaint.

Despite this, defendants argue that new Counts 3 (unjust enrichment), 6 (conversion and/or misappropriation), 7 (unfair and/or deceptive acts under Mass. Gen. L. Ch. 93A), 8 (R.I.C.O.), and 9 (common law civil conspiracy) in plaintiffs' amended complaint "would require the Court to resolve questions of inventorship in pending patent applications," and, because of this (relying upon the *Stevens* case), "these Proposed Counts are futile and leave to amend with respect to these Proposed Counts should therefore be denied." Def.'s Notice [D.E. 74], p. 2.

Defendants do not identify any pending patent applications whose inventorship would require resolution in any of Counts 3, 6, 7, 8, and 9. To the contrary, new Count 3 (unjust enrichment) only requires the Court to resolve the inventorship of the issued '962 patent-in-suit and the issued '476 patent. See, e.g., Plaintiffs' [Proposed] Amended Complaint ("Amd. Complt."), Ex. 1 to Plaintiffs' Memo [D.E. 41] in Support of Plaintiffs' Motion for Leave to File Amended Complaint [D.E. 40], ¶¶76-82. Similarly, new Counts 6 (conversion and/or misappropriation), 7 (Mass. Gen.L. Ch. 93A), 8 (R.I.C.O.), and 9 (conspiracy) have multiple separate and independent bases, at least one of which only requires the resolution of the

Plaintiffs' Opposition to
Defendants' Notice [D.E. 74] of Supp. Authority, and
Defendants' Motion [D.E. 75] to file Supp. Opposition

inventorship of the issued '962 patent-in-suit and/or the '476 patent. See, e.g., Plaintiffs' Amd. Complt., Ex. 1 to [D.E. 41], Count 6, ¶¶102-103; Count 7, ¶112; Count 8, ¶¶131-132; and Count 9, ¶145.

Furthermore, most of the separate and independent bases in Counts 6-9 which do refer to pending patent applications only require the resolution of the inventorship of the subject matter in the '962 patent-in-suit and the '476 patent. For example, ¶¶104-105 in Count 6, ¶113 in Count 7, ¶133 in Count 8, and ¶145 in Count 9 refer to defendants' filing, after the initiation of this lawsuit, of U.S. Reissue App. Ser. No. 11/103,423 (which has yet to be accepted by the U.S. Patent & Trademark Office), seeking to amend the claims in the '962 patent-in-suit to eliminate the subject matter invented by plaintiffs in a reissue of the '962 patent-in-suit. Obviously, whether defendants are wrongfully attempting to delete the subject matter invented by the plaintiffs in the '962 patent-in-suit by deleting such subject matter in a reissue application (thereby extinguishing plaintiffs' ownership rights in such subject matter) only requires the resolution of the inventorship of the disputed subject matter in the '962 patent-in-suit.

Moreover, three of the pending patent applications referred to in the remaining separate and independent bases in Counts 6-9 have subsequently issued to defendants as patents, thereby completely mooting defendants' point. U.S. Pat. App. Ser. Nos. 10/773,077; 11/256,889; and 11/257,139, referred to in ¶106 of Count 6, ¶¶114-115 of Count 7, ¶¶134-136 in Count 8, and ¶¶145-146 in Count 9 have issued as U.S. Pat. Nos. 7,061,606; 7,019,296; and 7,068,357.

In their August 28, 2006 proposed supplemental opposition, Ex. A to [D.E. 75] ("Def.'s Supp. Opp."), defendants also argue that, because a new complaint recently filed by plaintiffs alleges causes of action substantially identical to the new causes of action in plaintiffs' proposed

Plaintiffs' Opposition to
Defendants' Notice [D.E. 74] of Supp. Authority, and
Defendants' Motion [D.E. 75] to file Supp. Opposition

amended complaint, plaintiffs' motion [D.E. 40] for leave to file plaintiffs' proposed amended complaint should be denied.  Def.'s Supp. Opp., Ex. A to [D.E. 75], p. 2.

Plaintiffs filed the new complaint to protect their rights.  Defendants have alleged that the statute of limitations on some of the new causes of action in plaintiffs' proposed amended complaint started to run on August 22, 2002, the date the patent application which ultimately issued as the '962 patent-in-suit was published. Defendants' Opposition [D.E. 55], pp. 20-21. Plaintiffs believe defendants are wrong because the statute of limitations was tolled under Mass. Gen. L. ch. 260, §12.  See Plaintiffs' Reply [D.E. 64], pp. 5-6.  However, because the Court had not yet ruled on the matter on August 21, 2006 (i.e., plaintiffs' motion [D.E. 40] to file the amended complaint was still pending), plaintiffs filed a new complaint in order to, *inter alia*, ensure that certain causes of action would not be time-barred[*].

Furthermore, plaintiffs will be filing a motion to consolidate the present litigation and the newly-filed action under Fed. R. Civ. P. 42(a), thereby eliminating the "duplication" of which defendants warn in their supplemental opposition.  Def.'s Supp. Opp., Ex. A to [D.E. 75], p. 2. Defendants' cited authorities fully support plaintiffs' proposed course of action.  See, e.g., defendants' primary authority, which is extensively quoted in defendants' supplemental opposition, *Flintkote Co. v. Diener*, 185 F.Supp. 509, 510 (D.P.R. 1960) (After denying plaintiff's motion for leave, the Court granted plaintiff's motion to consolidate, thereby joining the new causes of action in the pending litigation—"As the claim stated in No. 44-60 arises from the same general conduct, transaction, and occurrences as this action, they obviously involve

---

[*] For example, the statutes of limitations on Count 7 (Mass. Gen. L. ch. 93A) and Count 8 (R.I.C.O.) are both four years (see Mass. Gen. L., ch. 260, §5A, and *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U. S. 143, 156 (1987)), and thus, if defendants' arguments were accepted, plaintiffs would be time-barred from filing such actions after August 22, 2006.

Plaintiffs' Opposition to
Defendants' Notice [D.E. 74] of Supp. Authority, and
Defendants' Motion [D.E. 75] to file Supp. Opposition

common questions of law and fact; and it is therefore ordered, that they be, and they hereby are, consolidated for joint hearing and trial of all matters in issue in the actions, as requested by the plaintiff pursuant to Rule 42(a).").

**THEREFORE**, for all the reasons herein and in plaintiffs' prior submissions, plaintiffs ask the Court to grant plaintiffs' motion [D.E. 40] for leave to file an amended complaint.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

Dated:  September 11, 2006

 /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail:  BMichaelis@brownrudnick.com

**CERTIFICATE OF SERVICE**

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 11, 2006.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)