IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>    Defendants. | Civil Action No. 05-10367-RWZ<br><br>*FILED*<br>*VIA*<br>*ECF* |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION UNDER FED.R.CIV.P. 42(a) TO CONSOLIDATE
PLAINTIFFS' RECENTLY FILED ACTION WITH THE PRESENT LITIGATION**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "CRI") pursuant to LR 7.1(b)(1), hereby present a memorandum of reasons, including citations of proper authorities, in support of the accompanying motion to consolidate plaintiffs' recently filed action, *C.R.I. et al. v. ChemImage et al.*, Civ. Act. No. 06-11479-RWZ ("the new action" or "the new case"), with the present above-identified litigation ("the present action").

[****NOTE****: THIS MEMORANDUM HAS BEEN REDACTED.
A MOTION TO IMPOUND IS BEING FILED, REQUESTING
THE UNREDACTED VERSION BE FILED UNDER SEAL.]

14594_1.DOC

<u>*REDACTED VERSION; FILED VIA ECF*</u>                                                                       Memorandum in support of
*(motion to impound unredacted version being filed)*                                             Plaintiffs' Motion to Consolidate Present Action
                                                                                                                                with Newly-filed Action

– *REDACTED* –

## INTRODUCTION

Plaintiffs seek to consolidate under Fed.R.Civ.P. 42(a) the present action with a new case recently filed by plaintiffs. The complaint in the new case alleges essentially the same claims as plaintiffs' proposed amended complaint filed in the present action on May 31, 2006. See complaint [D.E. 1] and plaintiffs' proposed amended complaint ("Amd. Cmplt."), Ex. 1 to [D.E. 41]. Plaintiffs' motion for leave [D.E. 40] is pending.

The present action and the new case have identical plaintiffs and defendants, are before the same Judge, and involve common issues of law and fact. Moreover, discovery has just begun in the present action. For at least these reasons (as presented in detail below), the present action and the new case should be consolidated.

## BACKGROUND

In the mid-1990's, a collaboration between plaintiffs and defendants ("the CRI/ChemIcon collaboration") resulted in the creation of at least certain imaging technology, including, but not limited to, an inventive system design using an Evans Split-Element liquid crystal tunable filter (LCTF) conceived by plaintiff Peter J. Miller, and using an infinity-corrected objective conceived by plaintiff Clifford Hoyt. See ¶¶10-11, Complaint [D.E. 1].

On April 22, 1998, unbeknownst to plaintiffs, defendants filed a patent application with the U.S. Patent & Trademark Office ("PTO"), claiming defendant Treado was the sole inventor of inventive system design of plaintiffs Miller and Hoyt. Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶23-28; and Ex. M thereto. This patent application subsequently issued to defendants on December 14, 1999, as U.S. Pat. No. 6,002,476 ("the '476 patent"). Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶27; Ex. O thereto (the '476 patent).

<u>REDACTED VERSION; FILED VIA ECF</u>            Memorandum in support of
*(motion to impound unredacted version being filed)*      Plaintiffs' Motion to Consolidate Present Action
                                                                                   with Newly-filed Action

*– REDACTED –*

October 13, 2000,           counsel for defendants filed, on behalf of defendants, *another* patent application ("the new patent application") directed to plaintiffs' invention.  See, e.g., Complaint [D.E. 1], ¶¶19-20; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶32-34; and Ex. V to Amd. Cmplt. (Ex. 1 to [D.E. 41]), pp. CRI001188, CRI001190-1, CRI001214, CRI001220, CRI001222, and CRI001252.

On May 11, 2004, the present patent-in-suit, U.S. Patent Number 6,734,962 ("the '962 patent-in-suit"), issued from the new patent application.  Complaint [D.E. 1], ¶¶21, 27; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶37, 45; and Exs. Y and AA thereto.  Like the '476 patent, the '962

REDACTED VERSION; FILED VIA ECF
*(motion to impound unredacted version being filed)*

Memorandum in support of
Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

*– REDACTED –*

patent-in-suit also claims plaintiffs' invention. See, e.g., Complaint [D.E. 1], 21-24; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶38-41; Ex. AA thereto; and, explaining all of the details, plaintiffs' memorandum [D.E. 51] in support of plaintiffs' motion to compel, pp. 5-10. Defendants never informed plaintiffs of the filing of the new patent application or the issuance of the '962 patent-in-suit. See, e.g., Complaint [D.E. 1], ¶26; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶44.

Immediately after learning of the '962 patent-in-suit, plaintiffs demanded defendants execute      Covenant Not to Sue. See, e.g., Complaint [D.E. 1], ¶29; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶46. Defendants refused, and plaintiffs filed the present lawsuit. See, e.g., Complaint [D.E. 1], ¶29; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶46-47; and further description below.

## THE TWO LITIGATIONS

Plaintiffs filed the present action on February 24, 2006. Complaint [D.E. 1]. The only count currently pending is to correct, under 35 U.S.C. §256, the inventorship of the '962 patent-in-suit by adding plaintiffs Peter Miller and Clifford Hoyt as inventors.

About a month after plaintiffs commenced the present action, defendants filed an application to reissue the '962 patent-in-suit with the PTO, even though such a reissue application requires the assent of **all** the inventors of the '962 patent-in-suit (i.e., if plaintiffs are inventors of any subject matter claimed in the '962 patent-in-suit, defendants had no right to file the reissue application). Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶48-50; and Ex. CC thereto. Defendants' reissue application, which has yet to be accepted by the PTO, amends the claims of the '962 patent-in-suit in a way that attempts to delete subject matter invented by the plaintiffs. *Id.*

<u>REDACTED VERSION; FILED VIA ECF</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

– *REDACTED* –

Two weeks after filing the reissue application, defendants asked this Court to stay the present action because plaintiffs' "inventorship … claims will be <u>mooted</u>" by the amendment of the '962 patent-in-suit in the reissue proceedings.  Defendants' April 29, 2005 Motion to, *inter alia*, Stay Count 1 (Inventorship), [D.E. 2], page 10 (emphasis in original); see also Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶51. On June 17, 2005, the Court ruled that plaintiffs' inventorship claim would not be stayed and/or dismissed.  See the Court's June 17, 2005 Minute Entry Order.

Since that decision, defendants have filed eight new patent applications claiming priority from the '962 patent-in-suit, all of which describe the subject matter from the '962 patent-in-suit that plaintiffs invented.  Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶54-59; and Ex. GG thereto.

On May 31, 2006, plaintiffs filed a motion [D.E. 40] for leave to file an amended complaint.  In the proposed amended complaint, plaintiffs have added the following allegations to the sole pending inventorship claim:

> breach of the covenant of good faith and fair dealing
>
>   in-suit ), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶68-75;
> unjust enrichment (by receiving the benefits of, *inter alia*, the '962 patent-in-suit
>
>             ), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶76-83;
> fraud—i.e., intentional and/or negligent misrepresentation, common law fraud, and/or fraudulent inducement (
>
>                       ), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶84-92;
> breach of fiduciary duty (
>                                         , *inter alia*, prosecuting applications which covered plaintiffs' inventions, and allowing such applications to issue), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶93- 100;
> conversion/misappropriation (wrongfully exercising control over plaintiffs' property, i.e., plaintiffs' patentable invention, by, *inter alia*, filing the reissue application and the eight applications claiming priority from the '962 patent-in-suit), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶101- 109;

- 5 -

<u>REDACTED VERSION; FILED VIA ECF</u>  
*(motion to impound unredacted version being filed)*

Memorandum in support of
Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

*– REDACTED –*

>
> unfair and deceptive acts and/or practices under Mass. Gen. L. ch. 93A (as described therein, and based on, *inter alia*, the defendants' conduct underlying the breach of the covenant of good faith and fair dealing, unjust enrichment, fraud, breach of fiduciary duty, and conversion/misappropriation), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶110 - 124;
>
> claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1961-1968 ("RICO") (as described therein, and based on, *inter alia*, executing a scheme or artifice to take plaintiffs' invention                                                                           ), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶125 - 142;
>
> common law civil conspiracy (as described therein, and based on, *inter alia*, pursuing a common plan or agreement to take plaintiffs' invention                                                                           ), Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶143 - 154; and
>
> correction under §256 of the inventorship of the '476 patent, Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶155 - 160.

As of August 21, 2006, the Court had not ruled on plaintiffs' motion for leave to file an amended complaint. Therefore, to avoid, *inter alia*, any possible statute of limitation issues, on August 21, 2006, plaintiffs filed the new case (Civ. Act. No. 06-11479-RWZ) with this Court, alleging counts substantially the same as the counts in plaintiffs' proposed amended complaint. See Complaint [D.E. 1] and Amd. Cmplt. (Ex. 1 to [D.E. 41]).

## **THE LAW**

"The threshold issue" in determining whether to consolidate two cases "is whether the two proceedings involve a common party and common issues of fact or law." *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). The two actions must have common, but not identical, issues of facts and law. *Tingley Sys. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001) ("While the actions are not identical and do not completely overlap factually and legally, they contain the requisite commonalty for

<u>REDACTED VERSION; FILED VIA ECF</u>  
*(motion to impound unredacted version being filed)*

Memorandum in support of  
Plaintiffs' Motion to Consolidate Present Action  
with Newly-filed Action

– *REDACTED* –

consolidation purposes."); *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (citing *Tingley*). A "common question by itself is enough to permit consolidation, even if the claims arise out of separate transactions". Wright & Miller, FEDERAL PRACTICE & PROCEDURE, §2382, citing, *inter alia*, *Hall v. Babcock & Wilcox Co.*, 69 F. Supp. 2d 716 (D. Pa. 1999) and *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F. R. D. 500 (D. Ohio 1995).

Once it is determined that the two actions have the requisite commonalty, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate. *New England Energy, Inc. v. Keystone Shipping Co.*, 855 F.2d 1, 7 (1st Cir. 1988), *cert. denied*, 489 U.S. 1077 (1989); *Seguro*, 878 F.2d at 8. Factors pertinent to the cost/benefit analysis include convenience or inconvenience to the parties, judicial economy, savings in time, effort or expense, and "any confusion, delay, prejudice that might result from consolidation". *Data General Corporation v. Grumman Systems Support Corporation*, 834 F. Supp. 477, 487 (D.Mass. 1992), aff'd, 36 F.3d 1147 (1st Cir. 1994); *Tower of Cranes of America v. Public Service Company of New Hampshire*, 702 F. Supp. 371, 376 (D.N.H. 1988). Absent "demonstrable prejudice," consolidation is generally favored. *Seguro*, 878 F.2d at 8; accord *Town of Norfolk v. United State Environmental Protection Agency*, 134 F.R.D. 20, 21 (D. Mass. 1991) (quoting *Seguro*).

"Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, …" *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439, 441 (1st Cir. 1972) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933)).

Case 1:05-cv-10367-RWZ   Document 78   Filed 09/15/2006   Page 8 of 12

REDACTED VERSION; FILED VIA ECF                               Memorandum in support of
*(motion to impound unredacted version being filed)*       Plaintiffs' Motion to Consolidate Present Action
                                                                         with Newly-filed Action

*– REDACTED –*

## CONSOLIDATION IS APPROPRIATE

All of the relevant factors favor consolidating the present action and the new case. The two litigations involve common parties; in fact, the plaintiffs and defendants are identical. There are also common questions of fact and law. The pending claim from the original complaint concerns the inventorship of subject matter claimed in the '962 patent-in-suit, *viz.*, the subject matter plaintiffs allege they invented during the CRI/ChemIcon collaboration. The new counts in the proposed amended complaint and the new complaint concern defendants' attempts to wrongfully obtain an ownership interest in, and/or benefits from, the subject matter invented by the plaintiffs during the CRI/ChemIcon collaboration (including obtaining the '962 patent-in-suit and the '476 patent). Both litigations will necessarily involve the resolution of who invented what during the CRI/ChemIcon collaboration. See, e.g., *New England Energy*, 855 F.2d at 8 (where a first arbitration involved a breach of fiduciary duty between parties to a joint venture for renting out a ship, and a second arbitration concerned a party chartering the ship from the joint venture, the First Circuit found that consolidation was appropriate because the underlying basis for both arbitrations was the rate of hire for the ship—"Both will necessarily involve the resolution of the rate of hire questions, and the possibility of inconsistent results seems real.").

Consolidation will also substantially reduce the judicial time and resources required to manage and try the two litigations separately. See, e.g., *Cruickshank*, 402 F. Supp. at 341 ("The court will be able to coordinate the pretrial schedule, address any disputes that may arise in both cases in a single hearing, and hold one jury trial.") Consolidation will also reduce the parties' resources as compared to litigating two separate cases. *Id.* ("Likewise, … , consolidation will be more cost effective and less time consuming for the parties."). Moreover, the fact that discovery

Case 1:05-cv-10367-RWZ   Document 78   Filed 09/15/2006   Page 9 of 12

REDACTED VERSION; FILED VIA ECF
*(motion to impound unredacted version being filed)*

Memorandum in support of
Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

*– REDACTED –*

in the present action is still in the initial phase (e.g., not a single deposition has been taken, and a pending motion to compel production [D.E. 50] will affect the scope of discovery) also weighs in favor of consolidation.

## CONSOLIDATION WILL NOT MOOT PLAINTIFFS' PROPOSED AMENDED COMPLAINT

Consolidation should not deprive plaintiffs of the rights plaintiffs would have had if the two actions had proceeded separately.  See *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d at 441 (" … merger is never so complete even in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately."). Defendants have argued that plaintiffs' motion for leave to file an amended complaint should be denied in light of the identical claims in plaintiffs' new complaint, citing a case in which the court denied a motion for leave to amend the complaint because the court was granting consolidation with a newly-filed complaint having identical claims.  *See* defendants' supplemental opposition [D.E. 75] to plaintiffs' motion [D.E. 40] to amend the complaint, p. 3 (citing *Flintkote Co. v. Diener*, 185 F.Supp. 509, 510 (D.P.R. 1960)).

Here, however, simply denying or mooting plaintiffs' motion [D.E. 40] to amend after consolidation may deprive plaintiffs of substantive rights plaintiffs would have had if the two actions were to proceed separately.  Although plaintiffs' claims for breach of the covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, unfair/deceptive acts/practices under Mass. Gen. L. ch. 93A, and under R.I.C.O. are not barred by their respective statutes of limitations, defendants have argued that plaintiffs' claims for fraud, conversion, and conspiracy (Counts 4, 6, and 9, respectively, in the proposed amended complaint filed on May

<u>**REDACTED VERSION; FILED VIA ECF**</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

– *REDACTED* –

31, 2006) are barred by their three year statute of limitations. Defendants' opposition [D.E. 55], pp. 20-21. Plaintiffs disagree because (1) defendants had a duty to disclose the application which led to the '962 patent-in-suit, but fraudulently concealed it, thus tolling the statute of limitations under Mass. Gen. L. ch. 260, §12 (see plaintiffs' reply [D.E. 64], pp. 5-6); and (2) Massachusetts' liberal "relation-back" policy allows these Massachusetts claims in the amended complaint to relate back to the filing date of the original complaint for purposes of the statute of limitations (see plaintiffs' reply [D.E. 64], pp. 6-7). But Massachusetts' liberal "relation-back" policy does not extend to the identical claims in plaintiffs' new complaint.

If the Court were to grant consolidation, but then deny plaintiffs' motion [D.E. 40] for leave to file an amended complaint as moot, plaintiffs will lose their right to rely on Massachusetts' "relation-back" policy for the claims in the amended complaint. Thus, consolidation should not moot plaintiffs' motion [D.E. 40] for leave to file an amended complaint as that would "deprive [plaintiffs] of … substantial rights which [plaintiffs] may have possessed had the actions proceeded separately." *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d at 441. Accordingly, plaintiffs request that, upon consolidation, the Court consider (and not deny or dismiss as moot) plaintiffs' motion [D.E. 40] for leave to amend, at least insofar as Massachusetts' "relation-back" policy applies to the claims in plaintiffs' amended complaint. See, e.g., *Global NAPS, Inc. v. Verizon New Eng., Inc.*, 396 F.3d 16, 22 (1st Cir. Mass. 2005) (claims in a consolidated action remained separate—"We found this to be consistent with the theory behind consolidation, which was a procedural mechanism meant to serve the purposes of judicial economy and convenience of the parties, as here, but not to alter the substantial rights the parties had in the separate actions." ).

<u>REDACTED VERSION; FILED VIA ECF</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

*– REDACTED –*

Plaintiffs also request that, upon consolidation, the Court's consolidation order include a date for a LR 16.1(a) scheduling conference, so that the parties may confer concerning a new scheduling order reflecting the increased scope of discovery in the consolidated actions.

**THEREFORE**, plaintiffs ask the Court to consolidate the present action with the new action, as described herein and specifically detailed in the motion to consolidate.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.**,

By their attorneys:

Dated: September 15, 2006

/s/ Teodor Holmberg
Martin B. Pavane (*pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail: BMichaelis@brownrudnick.com

*REDACTED VERSION; FILED VIA ECF*  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Consolidate Present Action
with Newly-filed Action

*– REDACTED –*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **redacted** copy of the document identified in the top right-hand corner of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 15, 2006.

A motion to impound the complete **unredacted** version is being filed concurrently. Pursuant to instructions from the Clerk of the Court, an unredacted copy of the document listed above will be served, by hand, with the Court upon entry of the aforementioned motion to impound.

As a courtesy, a complete **unredacted** copy of this document is being served on September 15, 2006, via e-mail and by first class mail, on:

| | |
|---|---|
| Anthony J. Fitzpatrick, Esq. | Paul D. Weller, Esq. |
| DUANE MORRIS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 470 Atlantic Avenue, Suite 500 | 1701 Market Street |
| Boston, MA 02210 | Philadelphia, PA 19103 |
| 617-289-9220 (phone) | 215-963-5530 (phone) |
| 617-289-9201 (fax) | 215-963-5001 (fax) |
| ajfitzpatrick@duanemorris.com | pweller@morganlewis.com |

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)