IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>     Plaintiffs,<br><br>     v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>     Defendants. | Civil Action No. 05-10367-RWZ<br><br>*FILED*<br>*VIA*<br>*ECF* |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO UNSEAL
ALL PRESENTLY SEALED AND REQUESTED-TO-BE-SEALED DOCUMENTS**

  Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "CRI") pursuant to LR 7.1(b)(1), hereby present a memorandum of reasons, including citations of proper authorities, in support of the accompanying motion to unseal all sealed (and requested-to-be-sealed) documents filed with the Court. A spreadsheet listing all of the presently-sealed and presently-requested-to-be-sealed documents is attached to the present motion [D.E. 80] to unseal as Exhibit 1.

      **[****NOTE****: THIS MEMORANDUM HAS BEEN REDACTED.
      A MOTION TO IMPOUND IS BEING FILED, REQUESTING
      THE UNREDACTED VERSION BE FILED UNDER SEAL.]**

15052_1.DOC

<u>REDACTED VERSION; FILED VIA ECF</u>                                Memorandum in support of
*(motion to impound unredacted version being filed)*                    Plaintiffs' Motion to Unseal
                                                                               All Sealed Documents

*– REDACTED –*

## INTRODUCTION

Plaintiffs seek to unseal all hitherto-sealed and presently-sought-to-be-sealed documents in the present litigation. The sealing of all hitherto-sealed and presently-sought-to-be-sealed documents in the present litigation has been required by a contract between plaintiffs and defendants, because (i) the contract stipulated that the existence of the contract and all negotiations leading to the execution of the contract would not be disclosed by either party; and (ii) the contract and the negotiations leading to it have been repeatedly referred to in filings with the Court, since the contract is highly relevant to the present litigation, central to the new causes of action in plaintiffs' amended complaint in the present litigation, and central to the causes of action in plaintiffs' complaint in a newly-filed action (which plaintiffs are presently seeking to consolidate with the present litigation). The BACKGROUND section below will provide the facts concerning this contract, and describes the filings with the Court which have been sealed pursuant to this contract.

This same contract explicitly contemplates that a court may require its disclosure—i.e., precisely the relief sought by plaintiffs herein. Thus, at least because (a) the contract itself expressly recognizes a court may order its disclosure; (b) there is no compelling reason for the judicial records referring to this contract to be sealed; (c) there is no good cause for keeping the subject matter of these judicial records confidential; and (d) the contract itself is the subject of the new causes of action in plaintiffs' proposed amended complaint and of the substantially identical causes of action in plaintiffs' complaint in a newly-filed action, this Court should order that all hitherto-sealed and requested-to-be-sealed documents be unsealed.

*– REDACTED –*

## BACKGROUND

plaintiffs), defendants filed another patent application describing the same subject matter invented by plaintiffs and claimed in the '476 patent. See, e.g., Complaint [D.E. 1], ¶¶19-20; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶32-34; and exhibits thereto. When plaintiffs learned that defendants had attempted to patent plaintiffs' inventions again (i.e., after U.S. Pat. No.

<u>REDACTED VERSION; FILED VIA ECF</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Unseal
  All Sealed Documents

– *REDACTED* –

6,734,962—the '962 patent-in-suit—publicly issued from the application filed secretly in 2000 by defendants), plaintiffs demanded a         Covenant Not to Sue, and, when defendants refused, plaintiffs initiated the present action asking for, *inter alia*, correction of inventorship under 35 U.S.C. §256 of the '962 patent-in-suit by adding plaintiffs Peter Miller and Clifford Hoyt as inventors.  See, e.g., Complaint [D.E. 1], ¶29; Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶46-47.

*After* the present action was filed, defendants filed an application to reissue the '962 patent-in-suit in an attempt to delete the subject matter invented by plaintiffs, and filed multiple patent applications describing the subject matter invented by plaintiffs and claiming priority from the '962 patent-in-suit. See, e.g., Amd. Cmplt. (Ex. 1 to [D.E. 41]), ¶¶48-59 and exhibits thereto. On May 18, 2006, plaintiffs filed an amended complaint which encompassed the entire course of conduct defendants have engaged in since the CRI/ChemIcon collaboration in the mid-1990's. Specifically, the proposed amended complaint described (i) the CRI/ChemIcon collaboration, (ii) defendants' subsequent patenting, in the '476 patent, of subject matter invented by plaintiffs, (iii) plaintiffs' discovery of the '476 patent


                                                 , (iv) defendants' subsequent patenting again, in the '962 patent-in-suit, of the subject matter invented by plaintiffs, (v) plaintiffs' discovery of the '962 patent-in-suit and initiation of the present action, and (vi) subsequent to the filing of the complaint herein, defendants' attempts to delete the subject matter plaintiffs invented from the '962 patent-in-suit and defendants' efforts to escape a negative ruling concerning the inventorship of the '962 patent-in-suit by filing new patent applications describing the subject matter plaintiffs invented.  See, generally, Amd. Cmplt. (Ex. 1 to [D.E. 41]) and exhibits thereto.

<u>**REDACTED VERSION; FILED VIA ECF**</u>    Memorandum in support of
*(motion to impound unredacted version being filed)*    Plaintiffs' Motion to Unseal
    All Sealed Documents

– *REDACTED* –

Subsequent filings concerning plaintiffs' amended complaint have also been filed under seal: defendants' opposition [D.E. 55]; plaintiffs' opposition [D.E. 47] to defendants' motion for extension of time to reply to plaintiffs' motion to amend; and plaintiffs' reply [D.E. 64] to defendants' opposition. A spreadsheet listing all of the presently sealed and requested-to-be-sealed documents is attached to the present motion [D.E. 80] to unseal as Exhibit 1.

<u>**REDACTED VERSION; FILED VIA ECF**</u>     Memorandum in support of
*(motion to impound unredacted version being filed)*     Plaintiffs' Motion to Unseal
     All Sealed Documents

– *REDACTED* –

As of August 21, 2006, the Court had not ruled on plaintiffs' motion [D.E. 40] for leave to file an amended complaint. Therefore, to avoid, *inter alia*, any possible statute of limitation issues, on August 21, 2006, plaintiffs filed a new action (Civ. Act. No. 06-11479-RWZ) with this Court, alleging counts substantially the same as the counts in plaintiffs' proposed amended complaint. See Amd. Cmplt. (Ex. 1 to [D.E. 41]) and Complaint [D.E. 1] in Civ. Act. No. 06-11479-RWZ.                            plaintiffs were forced to file a redacted version of the complaint, with a motion to seal the complete version of the complaint. Plaintiffs' motion to seal in the newly-filed action is pending.

Plaintiffs have filed a motion to consolidate the present action with the newly-filed action. See, e.g., plaintiffs' motion [D.E. 77] to consolidate.

<u>*REDACTED VERSION; FILED VIA ECF*</u>    Memorandum in support of
*(motion to impound unredacted version being filed)*    Plaintiffs' Motion to Unseal
    All Sealed Documents

### – *REDACTED* –

plaintiffs filed a redacted version of plaintiffs' memorandum in support of the motion to consolidate at [D.E. 78] and filed a motion to impound an unredacted version of plaintiffs' memorandum at [D.E. 79]. That motion [D.E. 79] to impound is pending.

### SUMMARY OF DOCUMENTS UNDER SEAL AND TO BE SEALED

The documents listed below have been impounded, pursuant to the Court's grant of a motion to impound (see also Ex. 1 to the present motion [D.E. 80] to unseal):

Plaintiffs' motion to amend the complaint, which has redacted portions (redacted version at [D.E. 40]; no D.E. for unredacted version);

Plaintiffs' memorandum in support of plaintiffs' motion to amend the complaint, which has redacted portions (redacted version at [D.E. 41]; no D.E. for unredacted version);

Plaintiffs' proposed amended complaint, which has redacted portions (redacted version at Ex. 1 to [D.E. 41]; no D.E. for unredacted version);
- Exhibits P-U and W-X thereto, communications between plaintiffs and defendants (no D.E. for sealed exhibits);

Plaintiffs' opposition to defendants' motion for a 14-day extension of time to file opposition to plaintiffs' motion to amend the complaint, which has redacted portions
(redacted version at [D.E. 45]; sealed unredacted version at [D.E. 47]);
- Exhibits 3-4 thereto, comprising communications between plaintiffs' counsel and defendants' counsel (no D.E. for sealed exhibits);

**REDACTED VERSION; FILED VIA ECF**                                                          Memorandum in support of
*(motion to impound unredacted version being filed)*                                          Plaintiffs' Motion to Unseal
                                                                                                   All Sealed Documents

– *REDACTED* –


Defendants' opposition to plaintiffs' motion to amend the complaint,
(sealed copy at [D.E. 55]);
- All exhibits (A-D) thereto: Ex. A comprises defendants' first request for documents; and Exs. B-D are communications between plaintiffs and defendants
(no D.E. for sealed exhibits);

Defendants' opposition to plaintiffs' motion to compel production,
(sealed copy at [D.E. 63]);
- All exhibits (1-6) thereto: Ex. 1 consists of excerpts from plaintiffs' document requests; Exs. 2, 3, and 5 are publicly available patents; and Ex. 6 consists of responsive non-confidential documents (no D.E. for sealed exhibits); and

Plaintiffs' reply to defendants' opposition to plaintiffs' motion to amend the complaint, which has redacted portions
(redacted version at [D.E. 61]; sealed unredacted version at [D.E. 64]);
- Exhibit 2 thereto, comprising communication between plaintiffs and defendants (no D.E. for sealed exhibits).

There are presently pending motions to impound the following documents (see also Ex. 1 to the present motion [D.E. 80] to unseal):

Plaintiffs' proposed reply to defendants' opposition to plaintiffs' motion to compel production, which has redacted portions
(redacted version at Ex. 1 to [D.E. 65]);

Plaintiffs' memorandum in support of plaintiffs' motion to consolidate the present action with the newly-filed action, which has redacted portions
(redacted version at [D.E. 78]); and

Plaintiffs' instant memorandum in support of plaintiffs' motion to unseal all presently-sealed documents, which has redacted portions
(redacted version at [D.E. *n/a*]);
- All exhibits (1-3) hereto: Exs. 2-3 are communications between counsel in the present litigation.

<u>**REDACTED VERSION; FILED VIA ECF**</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Unseal
  All Sealed Documents

– *REDACTED* –


## **ARGUMENT**

***Second***, "only the most compelling reasons can justify the non-disclosure of judicial records." *FTC v. Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) (internal citations omitted).  This standard of "compelling reason" for judicial records is much more stringent than that applied to the non-disclosure of discovery material.  *Poliquin v. Garden Way*, 989 F.2d 527, 532 (1st Cir. 1993) (discussing how there is "ample reason to 'distinguish materials submitted into evidence from the raw fruits of discovery'"—"One generalization, however, is safe: the ordinary showing of good cause which is adequate to protect discovery material from disclosure cannot alone justify protecting such material after it has been introduced at trial.") (internal citations omitted); accord, *Nault's Auto. Sales, Inc. v. American Honda Motor Co., Acura Auto. Div.*, 148 F.R.D. 25, 45 (D.N.H. 1993) ("Where a court has already issued a Rule 26(c) protective order covering discovery materials and the parties subsequently seek to seal those materials when entered into the record, the court should make an additional inquiry before expanding the scope of the protective order.").  Defendants can not meet their burden of showing a "compelling reason" why the presently sealed and requested-to-be-sealed material must be sealed.

<u>**REDACTED VERSION; FILED VIA ECF**</u>     Memorandum in support of
*(motion to impound unredacted version being filed)*     Plaintiffs' Motion to Unseal
     All Sealed Documents

– *REDACTED* –

***Third***, defendants can not even meet the lesser standard of "good cause shown" for sealing the subject matter in the presently sealed and requested-to-be-sealed documents in the Court's records. See, e.g., *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). "Good cause" requires a showing that restrictions on the right to disseminate information obtained in discovery are necessary to protect a producing party from "annoyance, embarrassment or oppression," including, but not limited to, true trade secrets and confidential research, development and commercial information. Fed. R. Civ. P. 26(c); *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir. 1988) ("It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.") (quoting *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145-46 (2d Cir.), *cert. denied*, 484 U.S. 953 (1987)).

Defendants can show no harm from disclosure                              . Disclosure                                                                                        will not disclose trade secrets, confidential research, development, or commercial information. Moreover, any showing of "annoyance, embarrassment or oppression" possibly caused by disclosing court records must be "extraordinary" to prevent disclosure. See, e.g., *Poliquin*, 989 F.2d at 533 ("Trials after all commonly generate bad publicity for defendants. … At least in the absence of extraordinary circumstances, commercial embarrassment is not a 'compelling reason' to seal a trial record."). Defendants can not show any

<u>REDACTED VERSION; FILED VIA ECF</u>                                          Memorandum in support of
(*motion to impound unredacted version being filed*)                            Plaintiffs' Motion to Unseal
                                                                                 All Sealed Documents

– *REDACTED* –

"extraordinary circumstances" regarding their potential "annoyance, embarrassment or oppression" that would justify not disclosing                   .

   **THEREFORE**, plaintiffs respectfully ask the Court to:

   A.   Issue   an   order

                              ;

   B.   Issue an order unsealing all hitherto-sealed documents, including the following documents currently under seal (also see Ex. 1 to the present motion [D.E. 80] to unseal):

   Plaintiffs' motion to amend the complaint (redacted version at [D.E. 40]; no D.E. for sealed unredacted version);

   Plaintiffs' memorandum in support of plaintiffs' motion to amend the complaint (redacted version at [D.E. 41]; no D.E. for sealed unredacted version);

   Plaintiffs' proposed amended complaint (redacted version at Ex. 1 to [D.E. 41]; no D.E. for sealed unredacted version);
       - Exhibits P-U and W-X thereto;

   Plaintiffs' opposition to defendants' motion for a 14-day extension of time to file opposition to plaintiffs' motion to amend the complaint (redacted version at [D.E. 45]; sealed unredacted version at [D.E. 47]);
       - Exhibits 3-4 thereto;

**REDACTED VERSION; FILED VIA ECF**  
*(motion to impound unredacted version being filed)*
      Memorandum in support of  
      Plaintiffs' Motion to Unseal  
      All Sealed Documents

– *REDACTED* –

Defendants' opposition to plaintiffs' motion to amend the complaint (sealed copy at [D.E. 55]);
- All exhibits (A-D) thereto;

Defendants' opposition to plaintiffs' motion to compel production (sealed copy at [D.E. 63]);
- All exhibits (1-6) thereto; and

Plaintiffs' reply to defendants' opposition to plaintiffs' motion to amend the complaint (redacted version at [D.E. 61]; sealed unredacted version at [D.E. 64]);
- Exhibit 2 thereto.

C. Dismiss the following currently pending motions to impound as moot, and allow plaintiffs to publicly file the documents for which sealing was requested, including (also see Ex. 1 to the present motion [D.E. 80] to unseal):

Plaintiffs' motion [D.E. 66] to impound plaintiffs' proposed reply to defendants' opposition to plaintiffs' motion to compel production (redacted version at Ex. 1 to [D.E. 65]);

Plaintiffs' motion [D.E. 79] to impound plaintiffs' memorandum in support of plaintiffs' motion to consolidate the present action with the newly-filed action (redacted version at [D.E. 78]); and

Plaintiffs' motion [D.E. *being filed concurrently*] to impound plaintiffs' instant memorandum in support of plaintiffs' motion to unseal all presently-sealed documents (redacted version at [D.E. __]), and all exhibits (1-3) thereto.

D. Grant such further and other relief as this Court deems just, equitable and proper.

<u>REDACTED VERSION; FILED VIA ECF</u>  Memorandum in support of
*(motion to impound unredacted version being filed)*  Plaintiffs' Motion to Unseal
All Sealed Documents

– *REDACTED* –

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: September 21, 2006   /s/ Teodor Holmberg
Martin B. Pavane (*pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail: BMichaelis@brownrudnick.com

<u>**REDACTED VERSION; FILED VIA ECF**</u>                                  Memorandum in support of
*(motion to impound unredacted version being filed)*                     Plaintiffs' Motion to Unseal
                                                                              All Sealed Documents

*– REDACTED –*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **redacted** copy of the document identified in the top right-hand corner of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 21, 2006.

A motion to impound the complete **unredacted** version is being filed concurrently. Pursuant to instructions from the Clerk of the Court, an unredacted copy of the document listed above will be served, by hand, with the Court upon entry of the aforementioned motion to impound.

As a courtesy, a complete **unredacted** copy of this document is being served on September 21, 2006, via e-mail and by first class mail, on:

| | |
|---|---|
| Anthony J. Fitzpatrick, Esq. | Paul D. Weller, Esq. |
| DUANE MORRIS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| 470 Atlantic Avenue, Suite 500 | 1701 Market Street |
| Boston, MA 02210 | Philadelphia, PA 19103 |
| 617-289-9220 (phone) | 215-963-5530 (phone) |
| 617-289-9201 (fax) | 215-963-5001 (fax) |
| ajfitzpatrick@duanemorris.com | pweller@morganlewis.com |

                                                         /s/ Teodor Holmberg
                                                        Teodor J. Holmberg (BBO# 634708)

# EXHIBITS 1-3
# TO BE FILED UNDER SEAL