IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
THAT THE DISCOVERY SOUGHT BY DEFENDANTS THROUGH DEPOSITION
NOT BE HAD, OR, IN THE ALTERNATIVE, THAT SUCH DISCOVERY MAY BE
HAD ONLY THROUGH CONTENTION INTERROGATORIES OR, IN THE
ALTERNATIVE, THAT SUCH DISCOVERY BE APPROPRIATELY LIMITED IN
SCOPE**

Pursuant to Fed.R.Civ.P. 26(c), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "plaintiffs" or "CRI") move for a protective order that the discovery sought by defendants, Patrick Treado and ChemImage Corp. (collectively, "defendants" or "ChemImage"), through deposition not be had under Fed.R.Civ.P. 26(c)(1); or, in the alternative, that such discovery may be had only by means of contention interrogatories under Fed.R.Civ.P. 26(c)(3); or, in the alternative, that such discovery be appropriately limited in scope under Fed.R.Civ.P. 26(b)(1). Pursuant to LR 7.1(b)(1), a memorandum of reasons, including citations of proper authorities, in support of this motion is being filed concurrently.

21486_1.DOC

Plaintiff's Motion For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

In support, plaintiffs state as follows:

1. In defendants' October 17, 2006 deposition of plaintiff Peter J. Miller, counsel for plaintiffs instructed Miller not to answer two questions (the "Disputed Inquiries"):

(i) "If you've made a significant contribution in a broader system, accepting the definition of inventorship you gave a moment ago, Mr. Miller, and you don't know how the broader system works, do you still consider yourself a co-inventor of the broader system?"

Miller Deposition Transcript, **Exhibit 3** to Plaintiffs' Memorandum, p. 104:9-13.

(ii) "Mr. Miller do you consider there to be any novel invention set forth in the '962 patent?"

Miller Deposition Transcript, **Ex. 3** to Plaintiffs' Memorandum, p. 94:5-6.

2. Because, as explained in detail in the accompanying memorandum, these questions, *inter alia*, seek expert legal opinions from a lay fact witness, plaintiffs move this Court for a protective order that, *inter alia*, the Disputed Inquiries not be permitted.

3. Pursuant to LR 7.1(a)(2), counsel certifies that the parties have conferred and attempted in good faith to resolve or narrow the issue, as described in the accompanying memorandum.

4. Pursuant to LR 37.1(b), counsel certifies that the parties have conferred in good faith to narrow the areas of disagreement to the greatest possible extent, and counsel has complied with the provisions of LR 37, as described in the accompanying memorandum.

Plaintiff's Motion For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

**WHEREFORE**, plaintiffs respectfully request that this Court:

(1) grant a protective order barring ChemImage from asking Miller the Disputed Inquiries (i.e., order that such discovery not be had, pursuant to Fed.R.Civ.P. 26(c)(1)); or

(2) in the alternative, order that such discovery may be had, but *only* by means of contention interrogatories, under Fed.R.Civ.P. 26(c)(3); or

(3) in the alternative, order that such discovery, whether by deposition or contention interrogatory, be limited, under Fed.R.Civ.P. 26(b)(2), to CRI's contentions concerning inventorship of the claims in the '962 patent-in-suit.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: December 22, 2006

 /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN, PONTANI, LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail: BMichaelis@brownrudnick.com

Plaintiff's Motion For a Protective Order<br>
that the Discovery Sought by Defendants through Deposition Not be Had,<br>
or, In the Alternative, Be Had through Contention Interrogatories<br>
or, In the Alternative, Be Limited in Scope

## LOCAL RULE 37.1(b) CERTIFICATION

Counsel for Plaintiffs certifies that the provisions of LR 37.1 have been complied with, as is described in the accompanying memorandum.

        /s/ Teodor Holmberg
        Teodor J. Holmberg (BBO# 634708)

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Plaintiffs certifies that counsel for plaintiffs has conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, as is described in the accompanying memorandum.

        /s/ Teodor Holmberg
        Teodor J. Holmberg (BBO# 634708)

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: December 22, 2006        /s/ Teodor Holmberg
        Teodor J. Holmberg (BBO# 634708)