## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>　　　　　　　　　Defendants. | Civil Action No. 05-10367-RWZ |

## PLAINTIFFS' ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY BRIEF TO DEFENDANTS' OPPOSITION [D.E. *n/a*] TO PLAINTIFFS' MOTION [D.E. 92] FOR A PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to LR 7.1(b)(3), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "CRI" or "plaintiffs") request leave to file a reply brief to the opposition [D.E. *n/a*] of defendants ChemImage and Patrick Treado (collectively, "ChemImage" or "defendants") to plaintiffs' motion [D.E. 92] for a protective order that the discovery sought by defendants through deposition not be had under Fed.R.Civ.P. 26(c)(1); or, in the alternative, that such discovery may be had only by means of contention interrogatories under Fed.R.Civ.P. 26(c)(3); or, in the alternative, that such discovery be appropriately limited in scope under Fed.R.Civ.P. 26(b)(1).

Pursuant to LR 7.1.(b)(1), a memorandum of reasons why this motion should be granted is incorporated herein.

The proposed reply brief is attached as **Exhibit B** hereto.

Plaintiffs' ASSENTED-TO Motion for Leave to File a Reply to
Defendants' Opposition [D.E. *n/a*] to
Plaintiff's Motion for a Protective Order  [D.E. 92]

In support of this motion for leave, plaintiffs state as follows:

(1)  Defendants' opposition [D.E. *n/a*] to plaintiffs' motion [D.E. 92] for a protective order contains errors of law and fact, as well as mischaracterizations of plaintiffs' position and conduct.

(2)  At least because defendants' opposition [D.E. *n/a*] contains errors and mischaracterizations, plaintiffs respectfully ask the Court's leave to file a reply brief to defendants' opposition [D.E. *n/a*] to plaintiffs' motion [D.E. 92] for a protective order.  A {*proposed*} reply is attached as an **Exhibit B** hereto.

(3)  Pursuant to LR 7.1(a), plaintiffs sought defendants' assent to the relief requested herein.  Defendants responded that they do not object "on the following conditions: (1) provided that the reply is not simply an attempt to have the last word on issues that the plaintiffs could and should have addressed in their opening brief; and (2) provided that the motion for leave and the reply brief itself are filed simultaneously (in accordance with local practice) and promptly." **Exhibit A** hereto, Counsel for ChemImage's January 16, 2007 e-mail.

WHEREFORE, plaintiffs respectfully ask this Court:

1) grant plaintiffs leave to file a reply to defendants' opposition [D.E. *n/a*] to plaintiffs' motion [D.E. 92] for a protective order that the discovery sought by defendants through deposition not be had under Fed.R.Civ.P. 26(c)(1); or, in the alternative, that such discovery may be had only by means of contention interrogatories under Fed.R.Civ.P. 26(c)(3); or, in the alternative, that such discovery be appropriately limited in scope under Fed.R.Civ.P. 26(b)(1); and

2) grant such further and other relief as this Court deems just, proper, and equitable.

Plaintiffs' ASSENTED-TO Motion for Leave to File a Reply to
Defendants' Opposition [D.E. *n/a*] to
Plaintiff's Motion for a Protective Order  [D.E. 92]

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated:  January 16, 2007

 /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
E-mail:  BMichaelis@brownrudnick.com

### LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for plaintiffs conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion.  Counsel for defendants have assented to this relief, subject to certain conditions (see above).

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

### CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 16, 2007.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

**Tidge Holmberg**

| | |
|---|---|
| **From:** | kracowski@morganlewis.com |
| **Sent:** | Tuesday, January 16, 2007 11:30 AM |
| **To:** | Tidge Holmberg; Martin B. Pavane |
| **Cc:** | Fitzpatrick, Anthony J.; Kroon, Christopher S.; pweller@morganlewis.com; Ralph Grullon; Wanda Mason |
| **Subject:** | RE: Miller et al v Treado et al - Motion for Leave to file Reply |

The defendants do not object to the plaintiffs filing a reply brief, on the following conditions: (1) provided that the reply is not simply an attempt to have the last word on issues that the plaintiffs could and should have addressed in their opening brief; and (2) provided that the motion for leave and the reply brief itself are filed simultaneously (in accordance with local practice) and promptly.

Kenneth L. Racowski, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5593
Fax: 877.432.9652
kracowski@morganlewis.com
www.morganlewis.com


```
            "Tidge Holmberg"
            <THolmberg@cplpla
            w.com>                                                          To
                                      kracowski@morganlewis.com,
            01/15/2007 07:27          pweller@morganlewis.com,
            PM                        "Fitzpatrick, Anthony J."
                                      <AJFitzpatrick@duanemorris.com>,
                                      "Kroon, Christopher S."
                                      <CSKroon@duanemorris.com>
                                                                            cc
                                      "Martin B. Pavane"
                                      <MPavane@cplplaw.com>, "Ralph
                                      Grullon" <RGrullon@cplplaw.com>,
                                      "Wanda Mason" <WMason@cplplaw.com>
                                                                       Subject
                                      RE: Miller et al v Treado et al -
                                      Motion for Leave to file Reply
```

Please respond.  We will wait until noon tomorrow to file.

> -----Original Message-----

1

> From:            Tidge Holmberg
> Sent:            Monday, January 15, 2007 3:27 PM
> To:              'kracowski@morganlewis.com'; 'pweller@morganlewis.com'; 'Fitzpatrick, Anthony J.'; 'Kroon, Christopher S.'
> Cc:              Martin B. Pavane; Ralph Grullon; Wanda Mason
> Subject:         Miller et al v Treado et al - Motion for Leave to file Reply
> Importance:      High
>
> Dear Counsel:
>
> Plaintiffs will be filing a motion for leave to file a reply to defendants' opposition to plaintiffs' motion for a protective order [D.E. 92] today.  Please advise as to whether you assent to this motion.
>
> Best Regards,
> Tidge Holmberg
>
> -------------------------------------------------
> Teodor J. Holmberg
> Cohen Pontani Lieberman & Pavane LLP
> 551 Fifth Avenue
> New York, New York 10176
> Tel.:            212-687-2770
> Fax:             212-972-5487
> e-mail:          tidge@cplplaw.com
> CONFIDENTIALITY NOTICE
> The information contained in this message is legally privileged and/or confidential information intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message or its content is strictly prohibited.  If you have received this message in error, please immediately notify us and erase it without making a copy.  Thank you.
>
>

DISCLAIMER
This e-mail message is intended only for the personal
use of the recipient(s) named above. This message may
be an attorney-client communication and as such privileged
and confidential.  If you are not an intended recipient,
you may not review, copy or distribute this message. If
you have received this communication in error, please
notify us immediately by e-mail and delete the original
message.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>　　　　　　　　Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' {*PROPOSED*} REPLY TO
DEFENDANTS' OPPOSITION [D.E. *n/a*] TO
PLAINTIFFS' MOTION [D.E. 92] FOR A PROTECTIVE ORDER
THAT THE DISCOVERY SOUGHT BY DEFENDANTS THROUGH DEPOSITION
NOT BE HAD, OR, IN THE ALTERNATIVE, THAT SUCH DISCOVERY MAY BE
HAD ONLY THROUGH CONTENTION INTERROGATORIES OR, IN THE
ALTERNATIVE, THAT SUCH DISCOVERY BE APPROPRIATELY LIMITED IN
<u>SCOPE</u>**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "CRI" or "plaintiffs") hereby present a {*proposed*} reply to the opposition [D.E. *n/a*] of defendants ChemImage and Patrick Treado (collectively, "ChemImage" or "defendants") to plaintiffs' motion [D.E. 92] for a protective order that the discovery sought by defendants through deposition not be had under Fed.R.Civ.P. 26(c)(1); or, in the alternative, that such discovery may be had only by means of contention interrogatories under Fed.R.Civ.P. 26(c)(3); or, in the alternative, that such discovery be appropriately limited in scope under Fed.R.Civ.P. 26(b)(1).

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to<br>
Plaintiffs' Motion [D.E. 92] For a Protective Order<br>
that the Discovery Sought by Defendants through Deposition Not be Had,<br>
or, In the Alternative, Be Had through Contention Interrogatories<br>
or, In the Alternative, Be Limited in Scope

It is simply *false* that ChemImage's "pending questions simply seek to know what Mr. Miller claims to have contributed to the '962 patent and why he thinks CRI is a co-inventor." ChemImage's Memorandum in Opposition ("ChemImage's Opp.") [D.E. *n/a*], p. 14. During the questioning in dispute here, counsel for ChemImage *never* asked Miller "what [he] claims to have contributed to the '962 Patent", "why [he] considers himself a co-inventor of the '962 Patent", "why he thinks CRI is a co-inventor", or "what criteria Mr. Miller used to arrive at [the] conclusion [that he is a co-inventor of the '962 patent-in-suit]". ChemImage's Opp., pp. 8, 14, and 15.

Those questions are relevant and reasonable. The two questions-in-dispute are not. The first question-in-dispute is a request for a legal opinion about inventorship based on broad and vague hypothetical "facts" having nothing to do with the '962 patent-in-suit:

> Q. If you've made a significant contribution in a broader system, accepting the definition of inventorship you gave a moment ago, Mr. Miller, and you don't know how the broader system works, do you still consider yourself a co-inventor of the broader system?

Miller Deposition, Ex. 3 to CRI's Memorandum [D.E. 93] in Support of CRI's Motion for a Protective Order [D.E. 92] ("CRI's Memo"), sealed at [D.E. 96], p. 104:9-13.

For over thirty minutes before this question, counsel for ChemImage had been making substantially similar requests for legal opinions on inventorship, based on vague, hypothetical "facts." Counsel for ChemImage never connected, and never attempted to connect, any of these hypothetical "facts" with the '962 patent-in-suit. Despite this, and contrary to ChemImage's allegation that Miller "dodged" these questions, Miller did his best to answer counsel's hypothetical inventorship questions. See, e.g., Miller Deposition, Ex. 3 at [D.E. 96], pp. 87:15-

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

89:4 (Miller gave a four minute description of how CRI attempts to set up agreements to handle inventorship and ownership rights when working with another company); pp. 89:13-24 (where the hypothetical question had a third party buying a liquid crystal tunable filter (LCTF) from CRI and incorporating it into a "larger system", Miller answered that an inventorship determination would depend on, *inter alia*, whether the third party was buying an "'off-the-rack' component filter", in which case it would be the third party's "own business", or the third party was asking for something unusual); and pp. 90:13-91:18 (Miller *volunteered* a real-life example where CRI made a customized LCTF for a third party, and described how the inventorship issue and ownership rights were handled in that case).[1]

Miller repeatedly noted his unease with the vague and hypothetical nature of these questions, especially when the questions seemed to ask for legal conclusions.  See, e.g., Miller Deposition, Ex. 3 at [D.E. 96], p. 89:13-15 ("I guess [the question]'s a little bit of black and white.  I need to kind of break it up into pieces to see which one we're considering.  If, for example, …"); p. 90:13-14; pp. 93:17-94:2 (see, e.g., 93:21-2 - "I don't know the specifics of what it is."); pp. 100:23-101:3 (see, e.g., 101:2 - "I don't know what the legal standard is").

Finally, there was the following exchange:

> **Q.**  Using your definition of co-inventor, if you don't know how the broader system operates—[**A.**  Right.]—but you've made, as you've described, a significant contribution to the broader system say by building a component of the broader system, do you still consider yourself a co-inventor of the broader system?

---

[1] The Court has previously indicated its desire to have as many documents unsealed as possible. *See, e.g.*, Sept. 29, 2006 Order [D.E. 83] ("The parties have agreed to unseal as many documents as possible.  The court thanks the parties for their efforts.").  In order to keep this memorandum unsealed, only small portions of Miller's deposition transcript, which has been designated confidential in its entirety, are quoted herein, and certain portions are described/paraphrased so as to not make certain confidential information public.  No quotation in this memorandum constitutes a waiver of confidentiality of other portions of Miller's deposition transcript.

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

>    **MR. HOLMBERG:** Objection, vague.
>    **A.**   I don't know what system you're talking about.  If you're making reference to, for example, the [name omitted][2] one, I don't even know what it is.  I don't know what context you're looking for me to answer.

Miller Deposition, Ex. 3 at [D.E. 96], p. 102:11-22.

After this exchange, counsel for ChemImage asked the first question-in-dispute (quoted above), and counsel for CRI instructed Miller not to answer.  Counsel for CRI and counsel for ChemImage discussed the instruction not to answer, after which the deposition continued at 2:19 PM, moving on to other subjects, until counsel for ChemImage brought it to a close at 7:20 PM that night.  Miller Deposition, Ex. 3 at [D.E. 96], p. 107:3 *et seq.*, to 257:13-4 ("I would like to thank you for your time, Mr. Miller.").  During those five hours, counsel for ChemImage asked, *and Miller answered*, questions concerning what material Miller thought he had conceived of in the claims of the '962 patent-in-suit (*see, e.g.*, Miller Deposition, Ex. 3 at [D.E. 96], pp. 187:4-189:9 and 202:6-24), when he conceived of that material (*see, e.g.*, pp. 189:19-191:10), what documents showed that conception (see, e.g., pp. 191:11-192:12), how Miller interpreted different portions in the claims and specification of the '962 patent-in-suit (see, e.g., pp. 192:13-193:13, 194:4-197:17, and 203:1-204:11), the differences between what Miller conceived and the invention in the "Sharp patent" (see, e.g., pp. 199:5-202:5), the details of the mid-1990's collaboration between CRI and ChemImage which is the basis for CRI's inventorship claim (see, e.g., pp. 108:1-142:23 and 147:17-177:16), what was "jointly developed" by CRI and ChemImage during that collaboration (see, e.g., 147:17-150:22), and what Miller thought plaintiff Clifford Hoyt had contributed to the '962 patent-in-suit and/or what Hoyt contributed to

---

[2] See Footnote 1.

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

the CRI/ChemImage collaboration (see, e.g., pp. 147:17-150:22, 205:19-208:13, and 211:18-214:10).

ChemImage argues that CRI has not shown that Miller's deposition was "being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party". ChemImage's Opp., p. 11. The four page description of the more than thirty minutes of "counsel for ChemImage harangu[ing] Miller" was a sufficient showing of the unreasonableness, and the annoying and oppressive nature of ChemImage's questioning. *See* CRI's Memo [D.E. 93], pp. 1, 3-7. "Bad faith" involves what was in counsel for ChemImage's mind during this questioning, and that can only be known to counsel for ChemImage. However, counsel for ChemImage spent over thirty minutes asking different versions of the question "where you manufacture a part for a larger system, do you consider CRI a co-inventor of the larger system?" (Miller Deposition, Ex. 3 at [D.E. 96], p. 87:4-6), with no reference to CRI's factual or legal contentions in this case. One might surmise counsel for ChemImage was fishing for a "*gotcha!*" answer—a statement to apply later to the facts or contentions in this action, even though counsel made no attempt to refer to those facts and contentions in the question, and in spite of Miller's protests that the question was so vague and hypothetical that he was not sure what was being asked. See, e.g., *Williams v. Thomas Jefferson University*, 54 F.R.D. 615, 617 (E.D.Pa. 1972); and *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D.Ca. 1991).[3]

---

[3] In *McCormick-Morgan, Inc.*, the court ordered Teledyne to seek answers about MMI's legal contentions through contention interrogatories rather than through depositions of non-lawyer deponents, because, *inter alia*, "MMI feared that Teledyne would later try to use the transcripts of these depositions to limit the evidence and arguments MMI could present". *McCormick-Morgan, Inc*, 134 F.R.D. at 286. The court agreed this would be unfair in a *patent* case because "[p]atent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law. Understanding that dynamic … is something best done by patent lawyers". *McCormick-Morgan, Inc*, 134 F.R.D. at 287.

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

In regards to the second question-in-dispute ("do you consider there to be any novel invention set forth in the '962 patent?"), what's sauce for the plaintiffs is sauce for the defendants. It is undisputed that this Court has limited the present scope of discovery to inventorship. *See, e.g.,* Sept. 28, 2006 Elec. Docket Entry ("Inventorship only"). *Both* counsel for CRI *and* counsel for ChemImage have instructed a deposition witness (Miller for CRI; Nelson for ChemImage) not to answer a question concerning novelty because it was irrelevant to the issue of inventorship. See, e.g., CRI's Memo [D.E. 93] p. 3 n. 1; Ex. 1 thereto, excerpts from Nelson Deposition; ChemImage's Opp., p. 12 n. 4, p. 13, and p.14 n. 5.[4] Moreover, this Court has decided two motions based on this narrowed scope of discovery. *See* this Court's Sept. 29, 2006 Order [D.E. 83]; and Oct. 27, 2006 Order [D.E. 85]. At the least, if the Court allows ChemImage to recall Miller for a second deposition in order to go beyond the established scope of discovery, CRI must also be allowed to recall Nelson for a second deposition to do the same. However, the discovery plan established by this Court is that the inventorship issue should be decided in this initial phase before expanding the scope of discovery in the next phase to include other issues (if inventorship is proven).

Moreover, the "ample case law" cited in ChemImage's opposition (consisting of two cases) does not support the proposition that "novelty *needs* to be understood before inventorship can be determined". ChemImage's Opp., p. 7 n. 3; pp. 13-14 (emphasis added). The concept of novelty is completely absent from *Sewall v. Walters*, 21 F.3d 411 (Fed. Cir. 1994) (the words "novel" or "novelty" never appear in its pages), and the case does not even suggest that novelty

---

[4] Although ChemImage refers *three times* in its opposition to counsel for CRI's argument during Nelson's deposition that Nelson should answer a question concerning novelty, ChemImage does not mention that counsel for ChemImage instructed Nelson *not to answer the question* in spite of CRI's argument, and Nelson obeyed that instruction. *See* Ex. 1 to CRI's Memo [D.E. 93], sealed at [D.E. 96].

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

must be determined in an inventorship dispute. The word "novel" appears only once in *Bd. of Educ. ex rel. Bd. of Tr. of FSU. v. Am. Bioscience, Inc.*, 333 F.3d 1330 (Fed. Cir. 2003)—in the sentence quoted by ChemImage—as mere dicta. *Am. Bioscience, Inc.*, 333 F.3d at 1340. The word "novelty" never appears, and the concept of novelty is not used in the court's determination of who *conceived* the invention, i.e., who are the true inventors. *See, e.g.*, *Am. Bioscience, Inc.*, 333 F.3d at 1340 ("Invention requires conception, and 'conception does not occur unless one has a mental picture of the structure of the chemical ... or whatever characteristics sufficiently distinguish it. ....'. ... and the record does not support a finding that Holton or any of his co-workers conceived of the three claimed compounds, ...") (internal citations omitted). Indeed, even if the invention or inventions claimed in the '962 patent-in-suit were *not* novel at all, plaintiffs would still have the right to be named inventors. *See, e.g., Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1377 (Fed. Cir. 2002) (the court ordered the trial court to determine inventorship, despite the fact the patent had been ruled invalid— "Nothing in the statute governing a court's power to correct inventorship, 35 U.S.C. §256, however, prevents a court from correcting the inventorship of an unenforceable patent").

ChemImage argues that "Rule 30(d) provides the *only* mechanism for the relief sought by CRI in its present motion [which was brought under Rule 26(c)]" and that CRI has not made an adequate showing under Rule 30(d). ChemImage's Opp., p. 11 (emphasis added). CRI has made an adequate showing, whether measured by the standards of Rule 26(c) or the standards of Rule 30(d) (which encompasses motions under Rule 26(c)). *See also*, *e.g.*, *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 177 (D. Mass. 1985) ("During the deposition, counsel

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

for the defendant could have moved for a protective order *or* moved for an order pursuant to Rule 30(d).") (emphasis added).

Rule 30(d)(1) lists three grounds for instructing a deponent not to answer: "when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)". As shown in CRI's opening memorandum, the second question-in-dispute (concerning novelty) falls within the grounds of "enforc[ing] a limitation directed by the court"—this Court's express limitation of the scope of discovery to the inventorship issue. CRI's Memo, pp. 1, 9, 14; *see also* FED. R. CIV. P. 30, Advisory Committee's Notes to 1993 Amendments (describing the second grounds in Rule 30(d)(1): "to enforce a court directive limiting the scope or length of permissible discovery"). The third ground in Rule 30(d)(1) refers to Rule 30(d)(4), which, in turn, requires "a showing that that the examination is being conducted in bad faith or in such a manner as reasonably to annoy, embarrass, or oppress the deponent…" and expressly includes the relief of "limit[ing] the scope and manner of the taking of the deposition as provided in Rule 26(c)"—which is exactly the showing CRI has made for the first question-in-dispute, and the relief requested for both questions-in-dispute.

ChemImage argues that the "motion should be denied because it was untimely". ChemImage's Opp., p. 17. Miller's deposition was October 17, 2006. As shown in CRI's memorandum, CRI was conferring with ChemImage, and suggesting compromises, "in an effort to resolve the dispute without court action" (as required by Rule 26(c)) and "to narrow the areas of disagreement to the greatest possible extent" (as required by LR 37.1) until ChemImage's

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

November 16, 2006 letter made it clear no compromise was possible.[5] CRI's Memo [D.E. 93], pp. 7-8; Exs. 4, 5, and 6 thereto. The instant motion was filed on December 22, 2006.

CRI's motion was filed in a sufficiently timely fashion, guaranteeing that CRI first met its obligation under both the Federal and local rules to try to resolve discovery differences without court action. Moreover, none of the cases cited by ChemImage support the proposition that the instant motion for a protective order should be dismissed as untimely. In fact, the party being deposed in every one of ChemImage's cited cases *never* filed a motion for a protective order but rather forced the other party to file a motion to compel (or a motion for sanctions). See, e.g., *Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727, 731 (D. Mass. 1985) ("… counsel … unilaterally directed the witness not to answer and left it to the plaintiff to bring the matter before the court in the form of a motion for sanctions"); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175 (D. Mass. 1985); *AFL-CIO v. Westinghouse Elect. Corp.*, 91 F.R.D. 277, 278 (D.D.C. 1981); and *Quantachrome Corp. v. Micromeritics Instr. Corp.*, 189 F.R.D. 697, 698 (D. Fla. 1999).

There are many other errors of facts and law in ChemImage's eighteen page opposition to CRI's motion, and this Reply only responds to the most relevant ones. CRI is not replying to ChemImage's mudslinging (e.g., "From the start, [ChemImage] encountered problems securing Mr. Miller's deposition. … Then, after finally submitting Mr. Miller for deposition, [CRI's] counsel proceeded to interfere with [ChemImage's] questioning"— ChemImage's Opp. p. 5)

---

[5] By contrast, counsel for ChemImage has neither, more than two months after Nelson's deposition, moved for a protective order regarding the question counsel for ChemImage instructed Nelson not to answer (see footnote 4 above), nor conferred with CRI to resolve the dispute or narrow the area of disagreement. In fact, ChemImage has not responded *in any way* to CRI's correspondence concerning the question counsel for ChemImage instructed Nelson not to answer. See **Exhibit 1** hereto, CRI's December 20, 2006 letter, still unanswered as of today.

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

because it is believed such aspersions are not relevant to the issues; however, CRI's silence should not be interpreted as agreement with ChemImage's negative characterizations of CRI's conduct. If desired by the Court, CRI can reply to each of ChemImage's calumnies, but it is believed that reference to the Miller deposition transcript (filed in its entirety as Ex. 3 to CRI's Memo [D.E. 93], sealed at [D.E. 96]) will suffice to counter ChemImage's negative descriptions of CRI's conduct therein.

Examples of other *pertinent* errors of fact and law follow.

ChemImage repeatedly misstates or misconstrues CRI's position and/or allegations in this case. For example, ChemImage repeatedly states it is CRI's position that "by supplying an LCTF to its customer ChemImage for use in a chemical imaging system [CRI] can claim co-inventorship of the entire system." See, e.g., ChemImage's Opp., pp. 1, 2. CRI has never made this argument, or adopted this position. In the mid 1990's, CRI applied for, and subsequently received, a government grant for developing a chemical imaging system. *See, e.g.*, Complaint [D.E. 1], ¶¶7-9; and Exs. A-C thereto ("the SBIR proposal"). CRI collaborated with ChemImage on that project, which resulted in the chemical imaging system that is recited in, *inter alia*, Claims 3 and 4 of the '962 patent-in-suit. *See, e.g.*, Complaint [D.E. 1], ¶¶10-29; and Ex. F thereto (the '962 patent-in-suit). This collaboration and its results have always been the basis for CRI's co-inventorship position.

As another example, ChemImage states that CRI argues "that only counsel or a paid expert can answer questions regarding why Plaintiffs think they co-invented the '962 Patent." ChemImage's Opp., p. 14. CRI has never made this argument, the questions-in-dispute do not concern why CRI thinks CRI co-invented the '962 patent-in-suit, and, most importantly, Miller

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

*did* answer "questions regarding why Plaintiffs think they co-invented the '962 Patent". Nonetheless, based on this "straw man" argument, ChemImage cites cases that neither "approximate the facts here" nor provide support for forcing Miller to answer the questions-in-dispute. *Id.* For example, according to ChemImage, the court in *CellNet Data Systems, Inc. v. Itron, Inc.*, 178 F.R.D. 529 (N.D.Cal. 1998), "held that inventors may be required to testify about their understanding of words and phrases contained in the patent-in-suit"—i.e., claim construction. ChemImage's Opp., p. 14. But "[d]efendants' pending questions have nothing to do with claim construction", as ChemImage notes in its argument that *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959 (E.D.Pa. Mar. 23, 1994), is "inapposite" (see discussion of case below). ChemImage's Opp., p. 16.

ChemImage repeatedly misstates or misconstrues the cases cited in its opposition. For example, ChemImage says *Smithkline Beecham Corp.* "suggests contention interrogatories *because* the disputed questions concern claim construction." ChemImage's Opp., p. 16 (emphasis added). In *Smithkline Beecham Corp.*, Alphapharm was ordered to use contention interrogatories rather than depositions for three different categories of questions, only *one* of which, the court remarked in a footnote, "appears to be related to claim construction." *Smithkline Beecham Corp.*, 2004 WL 739959 at *3 n. 4. The other two categories concerned "[t]he analytical distinctions … over the prior art cited during the prosecution of the '423 … patent" and "[t]he bases for [SmithKline's] allegations … that Alphapharm infringes and will infringe the patents asserted…". *Id.* at *3, *4. For all three categories, the reason the court ordered the use of contention interrogatories was that "Alphapharm was asking SmithKline's witness to state legal positions". *Id.*

- 11 -

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

As another example, ChemImage asserts that "*McCormick-Morgan, Inc. v. Teledyne Indus.*, 134 F.R.D. 275 (N.D. Cal. 1999), found contention interrogatories appropriate because no one employee designated as a Rule 30(b)(6) deponent would have the requisite knowledge of all of that party's contentions as stated in its pleadings". ChemImage's Opp., p. 16. ChemImage refers to *one-half* of the decision—the half not relevant to the present motion. *McCormick-Morgan, Inc.*, 134 F.R.D. at 286. The second half of the decision supports CRI's position. *McCormick-Morgan, Inc.*, 134 F.R.D. at 286-7 ("Secondly, we are concerned about asking a non-lawyer to undertake this kind of task. … A non-lawyer deponent might have great knowledge about the products in issue here, but be quite ill-equipped to reason reliably about the legal implications…").

As yet another example, ChemImage says, referring to *Goss Int'l Americas, Inc. v. Man Roland, Inc.*, 2006 WL 1134930 (D.N.H. Apr. 28, 2006), "[t]he one case cited by Plaintiffs for the proposition that 'legal contentions are not a proper subject for fact discovery' *stands alone*." ChemImage's Opp., p. 15 (emphasis added). CRI cited *Goss Int'l Americas, Inc.* for the *exact quote* "legal contentions are not a proper subject for fact discovery"; CRI cited four more cases, including *Smithkline Beecham Corp.*, and *McCormick-Morgan, Inc.*, for the general proposition that a court may, for certain types of legal questions, require a party to use contention interrogatories rather than depositions because "contention interrogatories, rather than depositions of fact witnesses, are the appropriate means to obtain the legal contentions of the opponent." CRI's Memo [D.E. 93], p. 10.

As noted above, ChemImage repeatedly misstates or misconstrues the testimony at Miller's deposition. As another example, ChemImage states that "[m]oreover, Mr. Miller had

- 12 -

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

testified, only a moment before, that this [i.e., novelty] was part of his criteria for determining whether CRI was a co-inventor of the '962 Patent." ChemImage's Opp., p. 7. Miller had not been asked, and had not testified concerning, "his criteria for determining whether CRI was a co-inventor of the '962 patent." *See* Miller Deposition, Ex. 3 at [D.E. 96], pp. 86-94. In fact, the '962 patent-in-suit had not been discussed, mentioned, or even referred to (directly, indirectly, or obliquely), for almost 15 minutes. *Id.*

ChemImage was prevented from hearing the answers to only two questions-in-dispute: one is so vague and hypothetical as to be meaningless, and the other is on a topic whose relevance is, at the least, not established for the facts and circumstances of this case. To allow ChemImage, because it did not get answers to either of those two questions-in-dispute, to ask any directly relevant questions counsel for ChemImage *chose* not to ask in the first day of deposition testimony would be grossly unfair. ChemImage's Opp., pp. 8, 14, and 15. If this Court finds that Miller should be required to answer either or both of the questions-in-dispute in a second deposition, counsel for ChemImage should be limited to asking *only* the question(s)-in-dispute and any follow-up questions directly and immediately relevant to the answer(s) given to the question(s)-in-dispute.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

Plaintiffs' {*PROPOSED*} Reply to Defendants' Opposition to
Plaintiffs' Motion [D.E. 92] For a Protective Order
that the Discovery Sought by Defendants through Deposition Not be Had,
or, In the Alternative, Be Had through Contention Interrogatories
or, In the Alternative, Be Limited in Scope

By their attorneys:

Dated:  January 16, 2007         /s/ Teodor Holmberg
                                         Martin B. Pavane (admitted *pro hac vice*)
                                         Teodor J. Holmberg (BBO# 634708)
                                         COHEN PONTANI LIEBERMAN & PAVANE LLP
                                         551 Fifth Avenue
                                         New York, New York 10176
                                         Tel. (212) 687-2770
                                         E-mail: tidge@cplplaw.com

                                         Brian L. Michaelis (BBO# 555159)
                                         Erin E. McLaughlin (BBO# 647750)
                                         BROWN RUDNICK BERLACK ISRAELS LLP
                                         One Financial Center
                                         Boston, MA 02111
                                         Tel. (617) 856-8200
                                         E-mail:  BMichaelis@brownrudnick.com

## CERTIFICATE OF SERVICE

       I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: January 16, 2007         /s/ Teodor Holmberg
                                           Teodor J. Holmberg (BBO# 634708)



**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.
_____

Sidney R. Bresnick
Of Counsel
_____

Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas
_____

Enshan Hong
Technical Advisor

December 20, 2006

***VIA E-MAIL***

Paul D. Weller, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:   Motion for Protective Order for
      Nelson Deposition in
      Miller et al. v. Treado et al.
      Civ. No. 05-10367-RWZ (D.Mass.)
      Our File No.: 34250-60L

Dear Paul:

During the deposition of Matthew Nelson, you directed the witness not to answer a question on the grounds of relevance, and we indicated that we expected that you would file for a protective order. See, generally, Nelson Deposition, pp. 113-115. You have not done so. If you are not filing for a protective order, please give us a date when we may continue Mr. Nelson's deposition with the question he was instructed not to answer, and ask any follow-up questions.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/tdg

cc:   Kenneth L. Racowski, Esq.
      Anthony J. Fitzpatrick, Esq.
      Christopher S. Kroon, Esq.