## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK TREADO and CHEMIMAGE CORP., <br><br> Defendants. | CIVIL ACTION NO. 05-10367 RWZ |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER

### I.    INTRODUCTION

Before the Court is a motion of Defendants ChemImage Corporation ("ChemImage") and Patrick Treado (collectively, "Defendants") to amend the Scheduling Order in this case. The proposed order seeks to amend the Scheduling Order to provide that Defendants' expert reports will be due thirty days after Plaintiffs' provision of the information outlined below.

Plaintiffs filed their original Complaint on February 24, 2005. Thereafter, Plaintiffs abandoned four of the five claims in the Complaint. In the sole remaining count in their Complaint, Plaintiffs sought a declaration that Plaintiffs Peter J. Miller and Clifford Hoyt are co-inventors of U.S. Patent No. 6,734,962 (the "962 Patent"). Among other things, Plaintiffs claimed that they are co-inventors of the 962 Patent because they allegedly invented a so-called "Split Element Liquid Crystal Tunable Filter" that is a component part referenced in the 962

Patent. As a consequence, Plaintiffs carry the burden of proving that they are the co-inventors of the 962 Patent based on their claimed conception of the Split Element Liquid Crystal Tunable Filter.

As a result of a deposition of Plaintiff Peter J. Miller, Defendants first learned that Plaintiffs had not produced various design drawings concerning their Split Element Liquid Crystal Tunable Filter. Since that time, Defendants have repeatedly asked Plaintiffs to produce these drawings and other related information in advance of the February 5, 2007 deadline for Defendants' expert reports. *See* Exhs. A & B hereto (correspondence from defense counsel). These documents are highly relevant to opinions by Defendants' experts concerning Plaintiffs' claim of co-inventorship of the 962 Patent. In particular, the documents are likely to support the opinion by Defendants' experts that Plaintiffs' supposed Split Element Liquid Crystal Tunable Filter is neither novel nor a significant contribution to the invention set forth in the 962 Patent.

Instead of producing the requested drawings, Plaintiffs would not even allow Defendants to show any information marked "Confidential" to one of Defendants' experts, Dr. Kristina M. Johnson. *See* Exh. C hereto (objection by Plaintiffs' counsel). This information, as Plaintiffs well know, includes the entire deposition transcripts of Plaintiffs' alleged co-inventors, Peter M. Miller and Clifford Hoyt.

Plaintiffs' motive is readily apparent. Dr. Johnson, who is the Dean of Engineering at Duke University, is a named co-inventor of U.S. Patent No. 5,528,393 entitled "***Split Element Liquid Crystal Tunable Optical Filter***." This patent does not name either Plaintiffs Miller or Hoyt as co-inventors, contrary to their claim in this case that they invented the Split Element Liquid Crystal Tunable Filter. By withholding the Miller and Hoyt deposition transcripts and other information from Dr. Johnson, Plaintiffs are improperly seeking to prevent her (as well as

Defendants' other expert) from finalizing any opinion concerning whether Plaintiffs are co-inventors of the 962 Patent.

Accordingly, for the reasons more fully set forth below, Defendants now move this Court to extend the February 5th deadline for the submission of their expert reports. As soon as practicable, Defendants intend to file a motion to compel the production of the design drawings and other information related to the Split Element Liquid Crystal Tunable Filter withheld by Plaintiffs.

## II.    PROCEDURAL BACKGROUND

The Court's Scheduling Order dated March 30, 2006 ("March 30th Order") established deadlines for the exchange of the parties' respective expert reports according to which party bore the burden of proof in this litigation. A copy of the Court's March 30, 2006 Order is attached hereto as Exhibit D. The March 30th Order set a deadline of September 15, 2006 for "Opening Expert Reports – *i.e.*, for which the party has the burden of proof," and a deadline of October 15, 2006 for "Rebuttal Expert Reports."

On July 14, 2006, Plaintiffs filed a motion to extend the discovery schedule set forth in the March 30th Order. After conferring with Plaintiffs to establish a joint deposition schedule, rather than burden the Court, Defendants agreed to Plaintiffs' proposed order extending discovery.

The Court memorialized this new discovery schedule in its Order dated September 29, 2006 ("September 29th Order"). The September 29th Order set a deadline of January 5, 2007 for "Opening Expert Reports," and a deadline of February 5, 2007 for "Rebuttal Expert Reports." The September 29th Order also required that the parties simultaneously disclose the names of their respective retained experts on December 1, 2006.

Pursuant to another request by Plaintiffs for an extension of time, Defendants agreed to extend this deadline for disclosure of experts' names to December 8, 2006.

On December 8th, Plaintiffs identified Dr. Stephen D. Fantone and Dr. Michael Sowa as Plaintiffs' experts. Defendants concurrently designated two experts, Dr. Edmund Yeung and Dr. Kristina M. Johnson.

Well in advance of the February 5th deadline for Defendants' expert reports, on December 21, 2006, Defendants subsequently wrote to Plaintiffs seeking production of several categories of documents identified by Plaintiff Peter Miller during his deposition on October 17, 2006. *See* Exh. A hereto. These documents included design drawings for the "Split Element Liquid Crystal Tunable Filter" that Plaintiffs claim to have contributed to the subject matter of the '962 Patent. The design drawings would tend to show that Plaintiffs did not invent the Split Element Liquid Crystal Tunable Filter or the invention set forth in the 962 Patent. Accordingly, these documents are relevant to the subject matter of Defendants' expert reports.

Having received no response to their December 21st letter, on February 2, 2007, Defendants again requested the production of the design drawings and other documents previously identified by Mr. Miller at his deposition. *See* Exh. B hereto.

Rather than respond to either of Defendants' request, on February 1, 2007, Plaintiffs, for the first time, objected to Defendants disclosing various documents to their expert, Dr. Johnson. *See* Exh. C hereto. In particular, Plaintiffs objected to Defendants' disclosure to Dr. Johnson of any documents that had been produced by Plaintiffs and marked as "Confidential." This information included the entire deposition transcripts of the two CRI employees that it alleges are the supposed co-inventors of the '962 Patent, Peter Miller and Cliff Hoyt. If sustained,

Plaintiffs' objection would effectively prevent Dr. Johnson from reviewing information highly relevant to the completion of her expert report.

In light of the foregoing, Defendants seek a brief extension of time to submit their expert reports. Defendants respectfully request that the Court enter an Order granting Defendants an additional 30 days after the provision of the requested information to submit their expert reports.

## III.    ARGUMENT

### A.    There Is Good Cause For The Court To Amend The Scheduling Order.

Pursuant to Federal Rule of Civil Procedure 16(b), a schedule may be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b); *see also* 6A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990). This burden requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990); *see also* Fed. R. Civ. P. 16, 1983 Advisory Committee Notes; *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (reversing trial court's refusal to permit amendment of Complaint because abuse of discretion). The Court must "balance fairness to the parties with the need to manage crowded dockets." *See Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006). This good cause standard should be construed liberally in light of the fact that scheduling orders are entered early in the litigation. 6A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990); *see also* Fed. R. Civ. P. 16, 1983 Advisory Committee Notes. In this case, as the circumstances below demonstrate, despite their best efforts, Defendants will be unable to meet the current February 5th expert report deadline.

As a threshold matter, there is no question that certain events beyond Defendants' control have hindered their discovery in this case. First, despite the clear relevance of the information, Plaintiffs have still not produced documents that would permit Defendants' experts to complete their expert reports. Plaintiffs have alleged at various points that they should be declared co-inventors of the '962 Patent due to their contribution of the "Split Element Liquid Crystal Tunable Filter." Yet, Plaintiffs have refused to produce the design drawings and other documentary proof of this supposed invention that Plaintiff Peter Miller identified at his deposition.

Significantly, the documents withheld by Plaintiffs are likely important for Defendants' experts to finalize their expert reports in this case. Evidence of Plaintiffs' design of the Split Element Liquid Crystal Tunable Filter is relevant to an understanding of whether the very basis for Plaintiffs' co-inventorship claim is, in fact, novel, much less sufficient to rise to the level of co-inventorship of the invention set forth in the 962 Patent. Accordingly, there is no basis for Plaintiffs to withhold this information.

Plaintiffs also have improperly objected to any disclosure to Dr. Johnson of documents marked by Plaintiffs as "Confidential." Plaintiffs have marked the entire deposition transcripts of Mr. Miller and Mr. Hoyt as "Confidential" under the Protective Order in this case. Plaintiffs, however, have refused to allow the sharing of this information with Dr. Johnson.

This inability to share information with Dr. Johnson has had the intended effect of impairing Dr. Johnson's ability to finalize an expert report in this case. By refusing to allow her to review this "Confidential" information, Plaintiffs have deliberately prevented her from reviewing the deposition transcripts of the individuals who may be Plaintiffs' most important witnesses at trial. Because Defendants have been unable to provide this information to Dr.

Johnson before the February 5th expert report deadline, they have not been able to finalize her expert report.  By extending the deadline by which Defendants must provide their expert reports for a brief period of time, Defendants will have an adequate opportunity to finalize this expert report.

Based on the foregoing, there is more than sufficient cause to extend Defendants' February 5th expert report deadline.  The aforementioned conduct by Plaintiffs has prevented Defendants from finalizing their expert reports at the rate the Court had previously contemplated. Rather than unfairly delay this matter, a brief extension of the February 5th deadline will enable Defendants adequate time to finalize their expert reports, consistent with the original intent underlying the Court's Scheduling Order.

### B.    Plaintiffs Will Not Be Prejudiced If The Extension Is Granted

In contrast to Defendants, Plaintiffs will suffer no prejudice if the requested extension of the February 5th expert report deadline is granted.  Defendants are not seeking to impose any additional costs upon Plaintiffs that were not contemplated by the parties at the time the Scheduling Order was entered by the Court.  This is not the type of situation where Defendants are seeking to amend their pleadings to add new claims, thereby forcing Plaintiffs to defend additional claims and conduct additional discovery on the new claims.  *See Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003); s*ee also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999).  Defendants are merely seeking additional time to obtain the same discovery the parties contemplated at the time the Scheduling Order was entered.  Thus, there would be no additional or unexpected expense to Plaintiffs as a result of the proposed amendment.  Nor are Defendants seeking this amendment so late in the case that there is insufficient time before trial to conduct this discovery.  *See Ross v. Merrill Lynch Commodities, Inc.*, 107 F.R.D. 758 (S.D.N.Y. 1985)

(court denying motion to amend when plaintiff inexcusably filed motion on eve of trial). In this case, the Court has not yet set a trial date. Further, plaintiffs themselves have previously sought, either alone or with agreement of defendants, extensions of the deadlines for completion of fact and expert discovery. Therefore, amendment of the February 5th expert report deadline at this point would not prejudice Plaintiffs; nor would it substantially delay the trial of this case.

Furthermore, Plaintiffs can hardly complain about prejudice when the delay in finalizing Defendants' expert reports is attributable to Plaintiffs' own conduct. Plaintiffs' refusal to provide the design drawings and related information or to permit the sharing of "Confidential" information with Dr. Johnson accounts for this delay. Respectfully, the Court should not reward Plaintiffs for this type of obstructive conduct. Had Plaintiffs met their discovery obligations, Defendants would not be in the position that they currently are.

For these reasons, Plaintiffs will not be prejudiced by any extension of the discovery deadlines. Therefore, Defendants, for good cause shown, respectfully request that this Court enter the attached proposed order, granting Defendants an additional 30 days after the provision of the requested information to submit their expert reports.

## IV.    CONCLUSION

For the foregoing reasons and, Defendants respectfully request that the Court enter the attached proposed order.

PATRICK TREADO AND CHEMIMAGE CORP.
By their attorneys,

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO #564324)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: 857.488.4220
Fax: 857.488.4201
e-mail: ajfitzpatrick@duanemorris.com

Paul D. Weller (admitted *pro hac vice*)
Kenneth L. Racowski (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Fax: 215.963.5001
e-mail: pweller@morganlewis.com
e-mail: kracowski@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 5, 2007.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

# Exhibit A

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
C O U N S E L O R S   A T   L A W

**Kenneth L. Racowski**
215.963.5593
kracowski@morganlewis.com

December 21, 2006

**VIA E-MAIL**

Tidge Holmberg, Esquire
Cohen, Pontani, Lieberman and Pavane
551 Fifth Avenue
New York, NY 10176

RE:  **Miller, et al. v. Treado, et al.,**
     **No.: 05-10367 RWZ (D. Mass.)**
     **Plaintiffs' Document Production**

Dear Mr. Holmberg:

During the depositions of various employees of Cambridge Research Instrumentation, Inc.
("CRI"), we have learned of the existence of various documents which should have been
produced by Plaintiffs in response to our requests under Federal Rule of Civil Procedure 34.
Please either identify these documents in Plaintiffs' production, or immediately produce them.

The documents include the following (if we learn of others, we will let you know):

1.   Documents indicating that, by 1994, CRI had made NIR LCTFs commercially
     available.
     (See Miller 14:22 – 15:7).

2.   Design drawings or tuning sheets for filters relating to CRI's work with Dr.
     Treado.
     (See Miller 132:24 – 133:22).

3.   Drafts and other documents of Cliff Hoyt's input into the 1994 article described
     by Mr. Miller.

Philadelphia  Washington  New York  Los Angeles  San Francisco  Miami  Pittsburgh  Princeton
Chicago  Palo Alto  Dallas  Harrisburg  Irvine  Boston  London  Paris  Brussels  Frankfurt  Tokyo

I-PH/2551010.1

**Morgan Lewis**
COUNSELORS AT LAW

Tidge Holmberg, Esquire
December 21, 2006
Page 2

(See Miller 141:4 – 142:23).

4.  Documents regarding Mr. Hoyt's collaboration with Doug Benson and/or Dr.
    David Vintner.
    (See Miller 182:19 – 183:12).

5.  "[A] proposal or a final report or both" concerning Mr. Hoyt's work "on how the
    filter would be made and how it would be integrated into [a] microscope."
    (See Miller 183:13 – 183:24).

6.  Grant application, mechanical drawings, or other documents corroborating Mr.
    Hoyt's design of a chemical imaging microscope.
    (See Miller 185:19 – 186:4).

7.  Mr. Miller's memorandum memorializing his alleged conception of his version of
    the Evans LCTF.
    (See Miller 191:11 – 192:12).

8.  A 1988-1989 grant proposal regarding Mr. Hoyt's "integrating LCTFs into
    microscopes and making LCTFs that would work well in a fluorescence
    modality."
    (See Miller 212:6 – 213:1).

9.  The "wish list" that Mr. Miller created at the request of Peter Foukal.
    (See Miller 216:18 – 218:6).

10. Mr. Miller's lab notebooks prior to 1999.
    (See Miller 225:1 – 225:6).

11. Mr. Hoyt's lab notebooks.
    (See Miller 225:7 – 226:21).

12. Design drawings for the Evans split-element LCTF.
    (See Miller 227:14 – 227:23).

13. "Stack diagrams" for the Evans split-element LCTF.
    (See Miller 228:24 – 229:18).

14. Design drawings by Mr. Hoyt regarding the application of collimated beams to
    LCTFs.
    (See Miller 229:19 – 230:14).

**Morgan Lewis**
COUNSELORS AT LAW

Tidge Holmberg, Esquire
December 21, 2006
Page 3

15. An unredacted version of portions of Miller Exhibit 6.
(<u>See</u> Miller 231:2 – 232:4).

16. Design drawings of the chemical imaging system that Mr. Hoyt claims to have built at CRI.
(<u>See</u> Hoyt 188:23 – 189:5).

Sincerely,

Kenneth L. Racowski

# Exhibit B

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
### C O U N S E L O R S   A T   L A W

Kenneth L. Racowski
215.963.5593
kracowski@morganlewis.com

February 2, 2007

**VIA E-MAIL**

Tidge Holmberg, Esquire
Cohen, Pontani, Lieberman and Pavane
551 Fifth Avenue
New York, NY 10176

RE:   **Miller, et al. v. Treado, et al.,**
      **No.: 05-10367 RWZ (D. Mass.)**

Dear Mr. Holmberg:

I am writing in response to your letter dated February 1, 2007.

While we appreciate Plaintiffs' prompt response to our previous letter, we disagree with Plaintiffs' position regarding expert deadlines in this case. As made clear by the Court's September 29, 2006 Order, and its previous March 30, 2006 Order, the deadline for opening expert reports applied to the party with the burden of proof. Plaintiffs have the burden of proof in this case. Defendants have not asserted any counterclaims and have no burden of proof on any pending claims. Therefore, the January 5, 2007 deadline applied to Plaintiffs, not to Defendants.

Plaintiffs apparently chose not to submit expert report(s) on or before January 5, 2007. Nonetheless, Plaintiffs' failure to submit an opening report does not preclude Defendants from filing expert report(s) in rebuttal of Plaintiffs' anticipated evidence at trial. Since your February 1st letter is the first time Plaintiffs have indicated that they do not intend to serve expert report(s) (just 4 days before the deadline for rebuttal reports), Defendants' request for a brief extension of time in which to serve their own expert report(s), if any, is completely reasonable.

Defendants also reasonably request Plaintiffs' agreement to the proposed extension in light of Plaintiffs' unfounded objection preventing Defendants from disclosing certain documents to

Philadelphia   Washington   New York   Los Angeles   San Francisco   Miami   Pittsburgh   Princeton
Chicago   Palo Alto   Dallas   Harrisburg   Irvine   Boston   London   Paris   Brussels   Frankfurt   Tokyo

1-PH/2578752.1

Tidge Holmberg, Esquire
February 2, 2007
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

Kristina M. Johnson. Plaintiffs have requested a conference on this matter. Defendants agree to the requested conference. Moreover, Defendants request an extension of the deadline for their expert reports for purposes of resolving this Protective Order dispute with Plaintiffs.

Last, Plaintiffs continue to ignore our requests to produce design documents and certain other categories of documents that Peter Miller has already testified have not yet been produced in this litigation. To date, we have received no response to our letter of December 18, 2006. These design documents are an important category of documents for the preparation of expert reports by Defendants' designated experts.

For the foregoing reasons, we respectfully request that Plaintiffs reconsider their position and assent to Defendants' reasonable request for a three week extension of the deadline for Defendants' expert reports. Otherwise, you will leave Defendants with no choice other than to seek relief from the Court.

Again, given time constraints, we would appreciate the courtesy of a response by the close of business today.

Sincerely,

*Kenneth L. Racowski /emk*

Kenneth L. Racowski

# Exhibit C



**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.
Julia S. Kim
Alfred W. Froebrich
Lisa A. Ferrari
Alan J. Morrison

———————

Sidney R. Bresnick
Of Counsel

———————

Mindy H. Chettih
Vincent M. Fazzari
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas
F. Brice Faller
Marilyn Neiman

———————

Enshan Hong
Technical Advisor

February 1, 2007

***VIA E-MAIL***

Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:    Experts and Expert Reports in
       Miller et al. v. Treado et al.
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Ken:

Pursuant to Sect. D.4 of the Stipulated Protective Order in this action, plaintiffs object to Kristina M. Johnson being shown any Protected Material at least on the grounds that she is a "co-founder" of ColorLink, Inc., a competitor of plaintiffs. See Kristina M. Johnson's C.V., p. 3. Please indicate a convenient time to have a conference concerning this matter, pursuant to Sect. D.5 of the Stipulated Protective Order.

Regarding expert reports, if defendants had wished to file an expert report, they should have done so. Since neither party has filed an opening expert report, we see no need for agreeing to extend the deadline for rebuttal expert reports, since there is nothing to rebut. We do not agree to any extension of the deadline, nor to the filing of any "rebuttal" expert report.

Regarding your January 23, 2007 letter, plaintiffs may, or may not, rely on experts in this action. For example, if defendants obtain the Court's permission to file an opening expert report more than a month after the extended deadline, plaintiffs will have the right to file a rebuttal expert report, if plaintiffs deem it necessary.

Very truly yours,
COHEN PONTANI LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/tdg

cc:    Paul D. Weller, Esq.
       Anthony J. Fitzpatrick, Esq.
       Christopher S. Kroon, Esq.

24428_1.DOC

# Exhibit D

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual,<br>CLIFFORD HOYT, an individual, and<br>CAMBRIDGE RESEARCH AND<br>INSTRUMENTATION, INC.,<br>a Delaware corporation,<br><br>         Plaintiffs,<br><br>         v.<br><br>PATRICK TREADO, an individual, and<br>CHEMIMAGE CORP., a Delaware<br>corporation,<br><br>         Defendants. | Civil Action No. 05-10367-RWZ |

# [PROPOSED] AMENDED SCHEDULING ORDER

It is hereby ordered that the following schedule will replace and supersede the Court's
October 28, 2005 Scheduling Order [Docket Entry, "D.E.", 28]:

| Event | Dates |
|---|---|
| Completion of fact discovery: deadline for:<br>  - completion of non-expert depositions<br>  - responses to all discovery requests | August 1, 2006 |
| Identification of Experts<br>                (FRCP 26(a)(2)(A)) | August 15, 2006 |
| Opening Expert Reports - i.e., for which the<br>party has the burden of proof<br>                (FRCP 26(a)(2)(B)) | September 15, 2006 |
| Rebuttal Expert Reports<br>                (FRCP 26(a)(2)(B)) | October 15, 2006 |
| Completion of Expert Depositions | November 15, 2006 |
| Filing and service of<br>Motions for Summary Judgment | December 15, 2006 |
| Filing and service of oppositions to<br>Motions for Summary Judgment | January 12, 2007 |
| Filing and service of replies to oppositions<br>(5 page limit) | January 19, 2007 |

Dated: _____, 2006                    _____
                                            RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE