IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

PETER MILLER, CLIFFORD HOYT, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.

        Plaintiffs,

        v.

PATRICK TREADO and CHEMIMAGE CORP.

        Defendants.
_____

Case No. 05-10367 RWZ

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DENY KRISTINA M.
JOHNSON, AN EXPERT FOR THE DEFENDANTS,
<u>ACCESS TO PLAINTIFFS' PROTECTED MATERIAL</u>**

Defendants Patrick Treado and ChemImage Corp. respectfully submit that plaintiffs' Motion to Deny Defendants' Expert, Kristina M. Johnson, Access to Plaintiffs' Protected Material (Docket No. 102) ("Motion to Deny") should be denied as moot. While defendants believe that Prof. Johnson is entitled to access under the Stipulated Protective Order (Docket No.37), as a mark of good faith, defendants will withdraw Prof. Johnson as an expert.

Defendants further state as follows:

1.     Pursuant to Section D of the Stipulated Protective Order entered by the Court on May 1, 2006, plaintiffs have objected to defendants' proposed technical expert, Krista M. Johnson. Plaintiffs base their objection on the fact that Prof. Johnson is a co-founder of a third-party company, ColorLink, that plaintiffs assert is a "direct business competitor" of theirs. Defendants believe that granting access to Prof. Johnson would be appropriate because, although she is a co-founder of and shareholder in ColorLink, she is now a professor at Duke University

and holds no decision-making role or responsibility at ColorLink. *See Ares-Serono, Inc. v. Applied Research Systems ARS*, 153 F.R.D. 4, 7 (D. Mass. 1993) (allowing plaintiff's motion for approval of its expert, in part, because the proposed expert has no decision making authority in plaintiff's business). Nonetheless, to obviate plaintiffs' concerns and as a mark of good faith, defendants will withdraw Prof. Johnson as an expert in this matter. Accordingly, defendants respectfully request that the Court deny plaintiffs' motion as moot.

      2.      Counsel for defendants are diligently searching for a replacement expert to prepare an expert report as quickly as possible. Contrary to plaintiffs' assertion, defendants are entitled to submit expert reports and proffer expert testimony in this case. The use of experts is standard in patent cases, and has been contemplated by both the parties and the Court since the outset of this case. Indeed, the parties' scheduling proposals and motions in this case have consistently contemplated that the side bearing the burden of proof, *i.e.* plaintiffs would serve their expert reports first, and defendants would subsequently serve their reports. *See* Joint Statement and Proposed Pretrial Schedule (Docket No. 16) ("Opening Expert Reports - *i.e.,* for which the party has the burden of proof" to be served first); Joint Motion to Amend Scheduling Order (Docket No. 29) (same).

      3.      Simply because plaintiffs have decided not to rely on experts cannot mean that defendants may not utilize expert testimony, particularly given the complexity of the technology in this case. No such requirement can be found in any of the Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Federal patent law, or the practice in this District. Instead, defendants' anticipated use of expert reports and expert testimony falls squarely within the boundaries contemplated by the Rules, the law and this Court.

4. Because some fact discovery (including depositions) remains to be completed, and because additional time will now be required to complete a report from a replacement expert, defendants submit that allowance of defendants' Motion for Amend the Scheduling Order is even more appropriate. Just this week, plaintiffs produced more than 200 pages of documents. And at least three fact depositions of plaintiffs' witnesses remain to be taken or completed. Based on dates offered by plaintiffs, those depositions will not be completed until March 23 at the earliest. As such, defendants' requested extension of time would be in large part subsumed by plaintiffs' own delay in making witnesses available for deposition. Moreover, plaintiffs themselves have previously acknowledged that "[i]t is, of course, important to complete fact depositions before the expert report is prepared." Plaintiffs' Memorandum in Support of Motion to Extend Discovery Schedule (Docket No. 68), at 2. Plaintiffs cannot now deprive defendants of that same benefit.

5. Finally, plaintiffs will not be prejudiced by this brief extension of time. First, plaintiffs identified experts in December 2006, but then affirmatively decided not to use those experts and did not serve reports therefrom in January 2007. Again, simply because plaintiffs made that election does not mean that defendants are foreclosed from proffering expert testimony herein. Thus, plaintiffs cannot complain that they will be prejudiced by defendants being permitted to proffer expert testimony. Second, plaintiffs themselves have previously sought and the Court has granted extensions of the deadlines for fact and expert discovery in this case totaling six months. *See* Joint Motion to Amend Scheduling Order (Docket No. 29) (request for ninety-day extension of all deadlines, suggested by plaintiffs); Plaintiffs' Motion to Extend Discovery Schedule (Docket No. 67) (requesting further ninety-day extension of all discovery deadlines). Moreover, plaintiffs are responsible for causing the recent two-week delay in the

3

initial pre-trial conference which had been scheduled for March 8, 2007.  Thus, plaintiffs cannot be heard to complain about a short additional extension of the expert discovery period.

WHEREFORE, defendants respectfully request that the Court deny plaintiffs' Motion to Deny Access as moot.

>PATRICK TREADO AND CHEMIMAGE CORP.
>
>By their attorneys,
>
>/s/ Anthony J. Fitzpatrick
>Anthony J. Fitzpatrick (BBO # 564324)
>Christopher S. Kroon (BBO # 660286)
>Duane Morris LLP
>470 Atlantic Avenue, Suite 500
>Boston, MA 02210
>Telephone: 617.289.9220
>Fax: 617.289.9201
>e-mail:  ajfitzpatrick@duanemorris.com
>            cskroon@duanemorris.com
>
>Paul D. Weller (admitted *pro hac vice*)
>Morgan, Lewis & Bockius, LLP
>1701 Market Street
>Philadelphia, PA  19103
>Telephone:  215.963.5530
>eFax:  215.963.5001
>e-mail:  pweller@morganlewis.com

March 9, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 9, 2007.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

DM2\1072774.2