IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

PETER MILLER, CLIFFORD HOYT, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.

        Plaintiffs,

        v.

PATRICK TREADO and CHEMIMAGE CORP.

        Defendants.
_____

Case No. 05-10367 RWZ

Oral Argument Requested

**DEFENDANTS' ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

Defendants Patrick Treado and ChemImage Corp. respectfully move this Court, with the assent of Plaintiffs, under LR 7.1(B)(3) for leave to file a Reply Brief in Support of Defendants' Motion to Amend Scheduling Order (attached hereto as Exhibit A). As grounds for this request, Defendants state the following:

Defendants' opening brief demonstrates that good cause exists for amendment of the scheduling order in this case. In opposition to the proposed amendment, however, Plaintiffs have offered a series of arguments that are unsupported by either the law that governs this Court's decision or the facts of this case. For the reasons set forth in Defendants' Reply Brief, Plaintiffs' arguments are unfounded, incorrect, and based on a distorted review of the record.

Accordingly, Defendants respectfully assert that this Reply is necessary to address the litany of unfounded and unsupported assertions set forth by the Plaintiffs in their opposition.

Defendants' respectfully request the Court address Defendants' Motion to Amend Scheduling Order at the March 22, 2007 initial pre-trial scheduling conference.

        Respectfully submitted,

        PATRICK TREADO AND CHEMIMAGE CORP.

        By their attorneys,

        /s/ Christopher S. Kroon
        Anthony J. Fitzpatrick (BBO # 564324)
        Christopher S. Kroon (BBO # 660286)
        Duane Morris LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA 02210
        Telephone: 617.289.9220
        Fax: 617.289.9201
        e-mail: ajfitzpatrick@duanemorris.com
                cskroon@duanemorris.com

        Paul D. Weller (admitted *pro hac vice*)
        Morgan, Lewis & Bockius, LLP
        1701 Market Street
        Philadelphia, PA  19103
        Telephone:  215.963.5530
        eFax:  215.963.5001
        e-mail: pweller@morganlewis.com

March 21, 2007

## LOCAL RULE 7.1 CERTIFICATION

     Pursuant to 7.1(A)(2), the undersigned certifies that counsel for Defendants have conferred with counsel for Plaintiffs regarding the issues raised in the foregoing motion. Plaintiffs' counsel indicated they assent to this motion.

        /s/ Christopher S. Kroon
        Christopher S. Kroon

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 21, 2007.

/s/ Christopher S. Kroon
Christopher S. Kroon

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>PATRICK TREADO and CHEMIMAGE CORP.<br><br>　　　　　　　Defendants. | Case No. 05-10367 RWZ |

# REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

Defendants Patrick Treado and ChemImage Corporation (collectively "Defendants") submit this Reply Brief in support of their motion to amend the scheduling order in this case and in response to the opposition brief submitted by Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively "Plaintiffs").

I.  **ARGUMENT**

In their opening brief, Defendants demonstrated that good cause exists for amendment of the scheduling order in this case. By failing to produce various documents relating to Plaintiffs' co-inventorship claim and by failing to permit Defendants' expert to review information identified as confidential by Plaintiffs, Plaintiffs had effectively sought to prevent Defendants from preparing their expert case by the February 5, 2007 expert report deadline in the scheduling order. Absent an amendment of the scheduling order to provide a brief extension of this deadline pending resolution of the aforementioned issues, Defendants will suffer substantial prejudice.

In opposition to the proposed amendment, Plaintiffs have offered a series of arguments that do not withstand scrutiny. First, Plaintiffs claim that they produced the various co-inventorship documents sought by Defendants for their expert reports, despite deposition testimony by plaintiff Peter Miller to the contrary. *See* Exh. 3 to Plaintiffs' Motion for Protective Order [D.E. 93] at pp. 132:24-133:22, 191:11-192:12, 216:18-218:6, 227:14-227:23 and 228:24-229:18 (previously filed under seal). Notwithstanding repeated requests by Defendants that Plaintiffs identify the location of these documents in Plaintiffs' document production so that Defendants could meet their February 5th expert report deadline, Plaintiffs deliberately waited until **March 1, 2007** to identify those documents. *See* Exh. A hereto (Plaintiffs' March 1, 2007 letter). Even then, certain of the documents were missing. To compound this prejudice further, Plaintiffs then supplemented their earlier document production with approximately 200 pages of additional documents, well after the February 5th expert report deadline. Accordingly, Plaintiffs' claim that Defendants have no basis on which to seek an extension of time to prepare their expert reports is unfounded and based on a distortion of the record.

Equally meritless is Plaintiffs' argument that Defendants refused to provide an undertaking signed by one of their experts, Dr. Kristina Johnson, agreeing not to disclose confidential information produced by Plaintiffs. As Plaintiffs made clear, they refused to allow Dr. Johnson to review any confidential information, ***regardless*** of whether she signed an undertaking. *See* Exh. B hereto (Plaintiffs' February 1, 2007 letter). Thus, as a practical matter, Plaintiffs' position rendered meaningless any need for a signed undertaking from Dr. Johnson.

Plaintiffs also attempt to argue that, because Plaintiffs chose not to use an expert on the issue of inventorship, Defendants are automatically precluded from using an expert themselves. Defendants, however, know of no such authority, and Plaintiffs have cited none, that allows Plaintiffs to dictate whether Defendants may use an expert witness to address an issue on which

Plaintiffs carry the initial burden of proof. Such a result is contrary to the scheduling order in this case, the Federal Rules of Evidence, the Federal Rules of Civil Procedure, federal patent law, and the practice in this District.

Finally, Plaintiffs claim that Defendants have waited too long to request permission to show Dr. Johnson Plaintiffs' confidential information. In fact, however, Defendants had initially disclosed their expert, Dr. Johnson, who is the Dean of Duke University's Engineering School, in early December 2006. Thereafter, Defendants sought Plaintiffs' permission approximately two weeks in advance of the expert report deadline to disclose confidential information to Dr. Johnson. Because Plaintiffs never expressed a concern with Dr. Johnson since her initial designation in December 2006, Defendants had no basis on which to believe that Plaintiffs would object to the sharing of information with Dr. Johnson prior to receiving Plaintiffs' objection in early February 2007, just prior to the February 5th expert report deadline.

In short, Plaintiffs have failed to articulate a legitimate basis for denying the proposed amendment to the scheduling order. Focusing on the issue of prejudice, Plaintiffs will suffer none if the proposed amendment is granted. In contrast, the prejudice to Defendants will be substantial if the amendment is denied. Accordingly, Defendants respectfully request that this Court grant Defendants' motion to amend and provide Defendants with a brief extension of time to provide expert reports.

## II. CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant Defendants' motion to amend the scheduling order in this case.

Respectfully submitted,

PATRICK TREADO AND CHEMIMAGE CORP.

By their attorneys,

/s/ Christopher S. Kroon
Anthony J. Fitzpatrick (BBO # 564324)
Christopher S. Kroon (BBO # 660286)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: 617.289.9220
Fax: 617.289.9201
e-mail:  ajfitzpatrick@duanemorris.com
          cskroon@duanemorris.com

Paul D. Weller (admitted *pro hac vice*)
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5530
eFax: 215.963.5001
e-mail:  pweller@morganlewis.com

March 21, 2007

# EXHIBIT A



**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.
Julia S. Kim
Alfred W. Froebrich
Lisa A. Ferrari
Alan J. Morrison

Sidney R. Bresnick
Of Counsel

Mindy H. Chettih
Vincent M. Fazzari
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas
F. Brice Faller
Marilyn Neiman

Enshan Hong
Technical Advisor

March 1, 2007

***VIA E-MAIL***

Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:   Plaintiffs' Document Production in
      Miller et al. v. Treado et al.
      Civ. No. 05-10367-RWZ (D.Mass.)
      <u>Our File No.: 34250-60L</u>

Dear Ken:

As discussed in our February 8, 2006 teleconference, and in response to your letters of December 21, 2006; February 6, 2007; and February 20, 2007, this letter concerns the documents purportedly referred to by plaintiffs Peter Miller and Clifford Hoyt in their depositions, which defendants have alleged are being withheld by plaintiffs.

**First**, defendants' continual accusations and insinuations that plaintiffs or plaintiffs' counsel have engaged in litigation misconduct are unnecessary and unsupported. Your December 21, 2006 letter refers to "various documents which ***should*** have been produced by Plaintiffs", where the existence of these purportedly unproduced documents was revealed at "depositions of various employees". Your February 20, 2007 letter states that "the sworn testimony of CRI's witnesses makes clear that the documents have not been produced". Yet your very first example of these supposedly hidden documents cites deposition testimony where Mr. Miller unambiguously refers to "documents that I saw during document production". See your Dec. 21, 2006 letter; Miller Deposition, p. 15:4-7; and Item 1 below. In fact, like many of the other supposedly "unproduced" documents, the documents Mr. Miller referred to have already been produced.

Moreover, unlike our responses to your discovery accusations (such as the current letter, in which we respond in detail to each of your discovery concerns), you have ***never*** responded to our November 13, 2006 letter requesting a LR 37.1 teleconference concerning the unproduced documents revealed by the deposition testimony of your witnesses. On that basis alone, the motion which we will be filing to compel production of those documents should be granted. *See* LR 37.1(a) ("Failure of opposing counsel to respond to a request for a discovery teleconference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion."). If you maintain that there was a response to the November 13, 2006 letter, please identify it immediately.

**Second**, this response does ***not*** signify, in any way, shape, or form, that plaintiffs believe that: (a) the descriptions in your December 21, 2006 letter accurately characterize what was being discussed in the cited portions of the deposition testimony; (b) any of the described documents are relevant, responsive, and/or fall within any of defendants' document requests; and/or (c) it is

25039_3.DOC



Mr. Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
March 1, 2007
Page 2

plaintiffs' responsibility to point out documents in plaintiffs' production that defendants could easily find for themselves, or, indeed, that it is plaintiffs' responsibility to do anything more than produce relevant, responsive, and non-privileged/protected documents and things. Furthermore, the fact that we identify *some* of defendants' mischaracterizations in the detailed response below, does not indicate in any way that we have bothered to identify *all* of the mischaracterizations—i.e., our silence on any individual point indicates neither agreement nor acquiescence. The purpose of this response is to avoid any baseless, needless, and pointless discovery squabbles, and to show plaintiffs' good faith efforts regarding the same. This response satisfies that purpose—but plaintiffs will not continue to perform defendants' document review for them, especially considering defendants have never provided *any* answer to our November 13, 2006 letter.

Detailed responses to each of the document descriptions in your December 21, 2006 letter appear below.

1. **"Documents indicating that, by 1994, CRI had made NIR LCTFs commercially available. (See Miller 14:22-15:7)."**

    The deposition testimony refers to "documents that [Miller] saw during document production"—these include, *e.g.*, CRI-0431 through CRI-0460 and CRI-0226.

2. **"Design drawings or tuning sheets for filters relating to CRI's work with Dr. Treado. (See Miller 132:24 – 133:22)."**

    In response to the question "Do you have, Mr. Miller, any documents that memorialize what was done with Mr. Treado during this time period [1993]?", Mr. Miller testified that "At a minimum, it's memorialized in the article that was written about it for publication." Miller Deposition, pp. 132:24-133:5. This document has already been produced. *See, e.g.*, CRI-0142 through CRI-0164. When further asked "Do you have any design drawings or anything like that .... ?", Mr. Miller testified "there's a chance" and "we might or might not have that stuff." Miller Deposition, p. 133:7-18. Not only have such documents already been produced (*See, e.g.*, CRI-0504; CRI-0505), CRI's 30(b)(6) witness Dmitri Vinogradov was questioned extensively concerning them. *See, e.g.*, Vinogradov Deposition, pp. 63-96.

3. **"Drafts and other documents of Cliff Hoyt's input into the 1994 article described by Mr. Miller. (See Miller 141:4 – 142:23)."**

    These documents have already been produced. *See, e.g.*, CRI-0120 through CRI-0126.

4. **"Documents regarding Mr. Hoyt's collaboration with Doug Benson and/or David Vintner. (See Miller 182:19 – 183:12)."**

    Documents concerning the collaboration with Doug Benson have already been produced. *See, e.g.*, CRI-0717 through CRI-0720. Our client has conducted an additional search and located documents concerning the collaboration with Vintner; we will be producing these shortly (once again, this production is to avoid a useless and wasteful discovery dispute; it does not represent any indication of plaintiffs' position concerning whether these documents are, *inter alia*, either relevant to this action or responsive to any of defendants' discovery requests).



Mr. Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
March 1, 2007
Page 3

5. " '[A] proposal or a final report or both' concerning Mr. Hoyt's work 'on how the filter would be made and how it would be integrated into [a] microscope.' (See Miller 183:13 – 183:24)."

   The Phase I report has already been produced. *See, e.g.*, CRI-0092 through CRI-0116. Our client has conducted an additional search and located the Phase II proposal; we will be producing this shortly (once again, this production is to avoid a useless and wasteful discovery dispute; it does not represent any indication of plaintiffs' position concerning whether these documents are, *inter alia*, either relevant to this action or responsive to any of defendants' discovery requests).

6. "**Grant application, mechanical drawings, or other documents corroborating Mr. Hoyt's design of a chemical imaging microscope. (See Miller 185:19 – 186:4).**"

   This refers to the proposal in (5) above. *See also, e.g.*, CRI-0943 through CRI-0946; CRI-0797 through CRI-0780; CRI-0755 through CRI-0761; CRI-0857; CRI-0717 through CRI-0720; CRI-0983 through CRI-0989. As stated by Mr. Miller, "Yes, I believe there would be a grant application; possibly reports from it. I would say—I don't know whether we would be able to lay hands [on] the mechanical drawings. We changed computer systems and didn't have a server at that time." Miller Deposition, pp. 185:22-186:1. This testimony, like much of the other deposition testimony cited in your Dec. 21, 2006 letter, hardly constitutes an "[acknowledgement of] the existence of these documents and Plaintiffs' failure to produce them." Your Feb. 6, 2007 letter.

7. "**Mr. Miller's memorandum memorializing his alleged conception of his version of the Evans LCTF. (See Miller 191:11 – 192:12).**"

   In response to the question "Did you promptly memorialize your conception of the Evans in any form?", Mr. Miller testified that "I guess, depending on 'promptly', I certainly memorialized that I had this new design in a memo, I think, to file and to Pat, but I'm working on memory on that." Miller Deposition, p. 191:11-16. This document has already been produced. *See, e.g.*, CRI-0499 through CRI-0502.

8. "**A 1988-1989 grant proposal regarding Mr. Hoyt's 'integrating LCTFs into microscopes and making LCTFs that would work well in a fluorescence modality.' (See Miller 212:6 – 213:1).**"

   These documents have already been produced. *See, e.g.*, CRI-0092 through CRI-0116.

9. "**The 'wish list' that Mr. Miller created at the request of Peter Foukal. (See Miller 216:18 – 218:6).**"

   Mr. Miller explicitly testified: "It is not something that we found in the production activity." Miller Deposition, p. 217:16-17. Our client has searched again, and no such document has been found.

10. "**Mr. Miller's lab notebooks prior to 1999. (See Miller 225:1 – 225:6).**"
11. "**Mr. Hoyt's lab notebooks. (See Miller 225:7 – 226:21).**"

    Mr. Miller testified that "I don't know that I was able to find any lab notebooks prior to when we moved to our most recent building in 1999" and "I'm guessing in some cases



Mr. Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
March 1, 2007
Page 4

[these lab notebooks were] probably lost due to moves." Miller Deposition, pp. 224:3-5, 10-11. All existing notebooks were reviewed by Miller and Hoyt to "see whether there was anything that, you know, pertained to [the document request propounded by the defendants in this case]." Miller Deposition, pp. 225:5-6. Miller testified that "we produced whatever we found". Miller Deposition, p. 225:18-19.

12. "Design drawings for the Evans split-element LCTF. (See Miller 227:14 – 227:23)."
13. " 'Stack diagrams' for the Evans split-element LCTF. (See Miller 228:24 – 229:18)."

As stated by Mr. Miller, "I believe they're in the production." Miller Deposition, p. 227:19. *See, e.g.*, CRI-0467 through CRI-0475.

14. "Design drawings by Mr. Hoyt regarding the application of collimated beams to LCTFs. (See Miller 229:19 – 230:14)."

In response to the question "Do you know if Mr. Hoyt ever generated design drawings for this collimated beam application involving the LCTF?", Mr. Miller testified that "I don't know personally" and "I guess I would recommend that you ask him." Miller Deposition, p. 229:22-23.

15. "An unredacted version of portions of Miller Exhibit 6. (See Miller 231:2 – 232:4)."

The small redacted box on the first page of Miller Ex. 6 (the license agreement between CRI and ColorLink) is an "innocuous" attorney annotation unrelated to the substance of the license agreement. *See, e.g.*, Miller Deposition, p. 231:21-22.

16. "Design drawings of the chemical imaging system that Mr. Hoyt claims to have been built at CRI. (See Hoyt 188:23 – 189:5)."

In response to the question "... do you have design drawings of the system you built [in the 1991-1993 time period]?", Mr. Hoyt testified that "I don't know if I could find them, but we had design drawings and mechanical interfaces." Hoyt Deposition, pp. 188:23-189:4. Our client has searched for these documents, and no such documents were found.

Very truly yours,
COHEN PONTANI LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/MH

cc:   Paul D. Weller, Esq.
      Anthony J. Fitzpatrick, Esq.
      Christopher S. Kroon, Esq.

25039_3.DOC

# EXHIBIT B



**COHEN PONTANI LIEBERMAN & PAVANE LLP**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.
Julia S. Kim
Alfred W. Froebrich
Lisa A. Ferrari
Alan J. Morrison

Sidney R. Bresnick
Of Counsel

Mindy H. Chettih
Vincent M. Fazzari
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas
F. Brice Faller
Marilyn Neiman

Enshan Hong
Technical Advisor

February 1, 2007

***VIA E-MAIL***

Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:  Experts and Expert Reports in
     Miller et al. v. Treado et al.
     Civ. No. 05-10367-RWZ (D.Mass.)
     Our File No.: 34250-60L

Dear Ken:

Pursuant to Sect. D.4 of the Stipulated Protective Order in this action, plaintiffs object to Kristina M. Johnson being shown any Protected Material at least on the grounds that she is a "co-founder" of ColorLink, Inc., a competitor of plaintiffs. See Kristina M. Johnson's C.V., p. 3. Please indicate a convenient time to have a conference concerning this matter, pursuant to Sect. D.5 of the Stipulated Protective Order.

Regarding expert reports, if defendants had wished to file an expert report, they should have done so. Since neither party has filed an opening expert report, we see no need for agreeing to extend the deadline for rebuttal expert reports, since there is nothing to rebut. We do not agree to any extension of the deadline, nor to the filing of any "rebuttal" expert report.

Regarding your January 23, 2007 letter, plaintiffs may, or may not, rely on experts in this action. For example, if defendants obtain the Court's permission to file an opening expert report more than a month after the extended deadline, plaintiffs will have the right to file a rebuttal expert report, if plaintiffs deem it necessary.

Very truly yours,
COHEN PONTANI LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/tdg

cc:  Paul D. Weller, Esq.
     Anthony J. Fitzpatrick, Esq.
     Christopher S. Kroon, Esq.

24428_1.DOC