DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
WILMINGTON
PRINCETON
LAKE TAHOE

CHRISTOPHER S. KROON
DIRECT DIAL: 617.289.9276
E-MAIL: cskroon@duanemorris.com

www.duanemorris.com

March 21, 2007

**Filed via ECF**

Honorable Rya W. Zobel
U.S. District Court of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   Miller, et al. v. Treado, et al.,
      No.: 05-10367 RWZ (D. Mass.)

Dear Judge Zobel:

  For the sake of completeness, we are responding on behalf of defendants to the letter that plaintiffs sent to Your Honor yesterday regarding the above-referenced matter. We have responded pursuant to the numbered paragraphs set forth in plaintiffs' letter.

  (1) *The reissue proceeding*: As the Court may recall, a reissue proceeding related to the patent in suit has been pending before the Patent Office. The reissue proceeding is intended to address the proper scope of the patent, in view of the prior art. Previously, the Court had denied a motion for a preliminary injunction filed by plaintiffs, seeking to enjoin the reissue proceeding. As set forth in defendants' papers, plaintiffs had failed to demonstrate, *inter alia*, a likelihood of success on the merits or irreparable harm. Plaintiffs are now attempting to revisit the preliminary injunction motion again through their letter to Your Honor.

  As a pretext for doing so, plaintiffs contend in their letter that the Patent Office has been misled into believing that this action has been stayed. This is wrong. In fact, last year, plaintiffs themselves submitted a formal written protest to the Patent Office describing the nature of this lawsuit and the parties' dispute, and expressly informing the Patent Office that the matter had *not* been stayed. (A copy of this protest, without exhibits, is attached hereto as Exhibit A.)

DuaneMorris

Honorable Rya W. Zobel
March 21, 2007
Page 2

        For these reasons, we believe that plaintiffs' reasoning for resurrecting their prior preliminary injunction motion is pretextual and improper. Moreover, we believe that this motion, if filed again, would fail for the same reasons as before. However, if plaintiffs insist on pressing the issue, pursuant to Federal Rule of Civil Procedure 7(b), we believe that such a motion should be briefed, rather than addressed by way of an informal letter.

        (2)    *The malpractice lawsuit*: Plaintiffs are seeking the production of various documents related to a malpractice action currently pending between defendants and their former counsel. Plaintiffs previously served a subpoena on the former counsel. In response, plaintiffs received all publicly available, non-privileged documents concerning the malpractice litigation, including pleadings. Defendants have told plaintiffs that defendants have no other publicly available, non-privileged documents in their possession.

        (3)    *The protective order*: By its plain language, the protective order in this case provides that any expert retained by a party must be disclosed to the opposing side prior to the sharing of confidential information. Prior to reviewing any such information, the expert must sign an undertaking. While the protective order does permit two representatives of each party to see confidential information, the protective order does not require disclosure of the names of those persons to the opposing party. As the Court is well aware, this type of provision is commonplace in protective orders. Accordingly, we believe that no violation of the protective order has occurred. Having said this, however, defendants are willing to inform plaintiffs that the two representatives who reviewed confidential information are Pat Treado and Myles Berkman.

        (4)    *Deposition yet to be taken of Barry Logue*: In a highly unusual approach, plaintiffs are seeking a prospective limitation on the deposition of a fact witness, Barry Logue, that has not yet occurred. For Your Honor's edification, plaintiffs had expressly designated Mr. Logue in their discovery responses as a person having knowledge of plaintiffs' contributions to the patent in suit. Defendants, therefore, believe that it is inappropriate for plaintiffs to seek an advisory ruling from Your Honor on the scope of Mr. Logue's deposition, particularly where no questions have even been asked of Mr. Logue. Defendants, however, will assure plaintiffs and the Court that they have no desire to unduly prolong Mr. Logue's deposition with unnecessary questioning.

        (5)    *Defendants' motion to amend the scheduling order*: This matter has been fully briefed. Defendants have sought leave to file a short reply brief.

DuaneMorris

Honorable Rya W. Zobel
March 21, 2007
Page 3

Very truly yours,

Christopher S. Kroon

CSK
Attachment

cc: Teodor J. Holmberg, Esquire
    Anthony J. Fitzpatrick, Esquire
    Paul D. Weller, Esquire

# EXHIBIT A



Attorney Docket # 34250-60L
*(protester's docket no.)*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re <u>Reissue</u> Application of

**Patrick TREADO et al.**

of U.S. Pat. No. 6,734,962
    Issued: May 11, 2004
    Pat. App. Ser. No. 09/976,391
    Filed: October 12, 2001

Serial No.:    **11/103,423**

Filed:        **April 11, 2005**

For:      **Near Infrared Chemical Imaging Microscope**

Examiner: Lauchman, Layla G.
Group Art: 2877

I hereby certify that this correspondence is being facsimile transmitted to the U. S. Patent and Trademark Office (Fax No. **(571) 273-8300**)

on     October 13, 2006
      (Date of Deposit)

    **Teodor J. Holmberg**
Name of applicant, assignee or Registered Representative

*/signature/*
Signature

October 13, 2006
Date of Signature

## *Via Facsimile: (571) 273-8300*

### THIRD PARTY PROTEST UNDER 37 CFR §1.291

SIR:

     Pursuant to 37 C.F.R. **§1.291(b)**, this protest is being served upon the reissue applicant in accordance with 37 C.F.R. **§1.248(a)(4)**, namely, it is being transmitted by first class mail to Daniel Golub, the attorney of the applicant. In addition, a copy is being e-mailed to Mr. Golub. The proof of service required by 37 C.F.R. **§1.248(b)** is appended as the last page hereto.

     Because a final rejection has not issued and prosecution has not been closed for the above-identified reissue application, no petition for entry under 37 C.F.R. §1.182 of this protest is required. See, e.g., M.P.E.P. §1441.01. Furthermore, because this concerns a reissue application, the requirement under 37 C.F.R. §1.291(b) that this protest be filed prior to publication does not apply. See, e.g., *Id.*

     This is the first protest filed in this application by the real party in interest filing this protest, and, thus, the requirements of 37 C.F.R.§1.291(c)(5) do not apply. See, e.g., 37 C.F.R. §1.291(b) and M.P.E.P. §1901.01.

Attorney Docket # 34250-60L
*(protester's docket no.)*

3rd Party PROTEST in
Reissue App. Ser. No. **11/103,423**
concerning
Office Action dated September 25, 2006

An Office Action was mailed on September 25, 2006 in the above-identified reissue application. In the Office Action, the Examiner stated that (specifically using Form ¶14.07—see M.P.E.P. §1442.03) "[w]hile there is a stay of the concurrent litigation related to this reissue application, action in this reissue application will NOT be stayed or suspended because a stay of that litigation is in effect for the purpose of awaiting the outcome of these reissue proceedings." Sept. 25, 2006 Office Action, p.2.

*This is false*: the concurrent litigation *has never been stayed*.

## STATEMENT OF FACTS

On February 21, 2005, plaintiffs Peter J. Miller, Clifford Hoyt, and the company Cambridge Research & Instrumentation filed a complaint in the District Court of Massachusetts concerning U.S. Pat. No. 6,734,962 ("the '962 patent"), requesting, *inter alia*, that the Court correct under 35 U.S.C. §256 the inventorship of the '962 patent. That action was given Civ. Action No. 05-10367-RWZ. See, e.g., Complaint, attached as an appendix to reissue applicant's April 11, 2005 Preliminary Amendment, p. 7 ("Count 1: Correction of Inventorship").

Less than two months later, on April 11, 2005, the defendants in the above-identified civil action filed the instant reissue application. Although defendants/reissue applicants disclosed the existence of Civ. Action No. 05-10367-RWZ, as required by 37 C.F.R. §1.178(b) (see M.P.E.P. §1442.04), and attached copies of the complaint as an "appendix" to the April 11, 2005 Preliminary Amendment, defendants/reissue applicants did not submit a Form 1449 or PTO/SB/088 listing the complaint and other litigation-related materials attached to the April 11, 2005 Preliminary Amendment, and defendants/reissue applicants did not explain that the plaintiffs' complaint in Civ. Action No. 05-10367-RWZ included a claim under 35 U.S.C. §256 to correct the inventorship of the '962 patent.

Shortly thereafter, on April 29, 2005, defendants/reissue applicants filed a motion to, *inter alia*, stay the claim to correct inventorship of the '962 patent under 35 U.S.C. §256 (on the basis of

-2-

Attorney Docket # 34250-60L
(*protester's docket no.*)

3rd Party PROTEST in
Reissue App. Ser. No. **11/103,423**
concerning
Office Action dated September 25, 2006

the instant reissue proceeding) in Civ. Action No. 05-10367-RWZ. See **Exhibit A** hereto, defendants' April 29, 2005 motion to dismiss and stay.

On June 17, 2005, the Court *denied* defendants'/reissue applicants' motion to stay plaintiffs' inventorship claim in Civ. Action No. 05-10367-RWZ. See **Exhibit B** hereto, the Court's June 17, 2005 Minute Entry Order.

On August 21, 2006, the plaintiffs in Civ. Action No. 05-10367-RWZ filed a complaint in a *separate* action concerning the '962 patent in the District Court of Massachusetts, which asserted, *inter alia*, that defendants/reissue applicants committed fraud in the instant reissue application. See **Exhibit C** hereto, August 21, 2006 complaint. That action was given Civ. Action No. 06-11479-RWZ.

On September 29, 2006, the Court ruled to stay the, *inter alia*, fraud claims in the *new* action, Civ. Act. No. 06-11479-RWZ, until the inventorship claim concerning the '962 patent (in Civ. Act. No. 05-10367-RWZ) is resolved by the Court. See **Exhibit D** hereto, the Court's Sept. 29, 2006 Order.

*But* the claim under 35 U.S.C. §256 for correcting the inventorship of the '962 patent in Civ. Act. No. 05-10367-RWZ has *not* been stayed, and, in fact, the inventorship claim is being actively litigated and considered by the Court. See **Ex. D**, e.g., ¶¶2 and 4, showing discovery going forward on inventorship claim.

## PROTEST

The issuance of the September 25, 2006 Office Action is based on mistakes in fact concerning the concurrent litigation. The facts are (1) the claim for correcting the inventorship of the '962 patent under 35 U.S.C. §256 is being actively litigated; and (2) the Court has *never stayed* any claims in any litigation "for the purpose of awaiting the outcome of these reissue proceedings."

On this basis, it is respectfully requested that the September 25, 2006 Office Action be withdrawn, or, at the least, that "the examiner, in the next Office action, ... inquire regarding [the

- 3 -

Attorney Docket # 34250-60L
(*protester's docket no.*)

3rd Party PROTEST in
Reissue App. Ser. No. **11/103,423**
concerning
Office Action dated September 25, 2006

details of]" presently pending Civ. Act. No. 05-10367-RWZ. See, e.g., M.P.E.P. §1442.04 (suggesting use of Form paragraph 14.06).

Pursuant to 37 C.F.R. §1.291(c), the most relevant documents to this protest (the exhibits hereto) are listed below, with a concise explanation of their relevance:

**Ex. A:** <u>Defendant's Motion, to, *inter alia*, stay the inventorship claim on the '962 patent</u>

Defendants/reissue applicants moved to stay the concurrent litigation (Civ. Act. No. 05-10367-RWZ) in light of the instant reissue proceeding.

**Ex. B:** <u>June 17, 2005 Court Minute Entry Order</u>

The Court *denied* defendants'/reissue applicants' motion to stay the inventorship claim in Civ. Act. No. 05-10367-RWZ.

**Ex. C:** <u>Aug. 21, 2006 Complaint</u>

This initiated a *separate* action, labeled Civ. Act. No. 06-11479-RWZ, based on, *inter alia*, defendants'/reissue applicants' fraudulent conduct in attempting to delete the subject matter invented by plaintiffs in the '962 patent in the present reissue proceeding.

**Ex. D:** <u>September 29, 2006 Court Order</u>

This stayed the *separate* Civ. Act. No. 06-11479-RWZ, initiated on August 21, 2006, until the inventorship claim concerning the '962 patent (in Civ. Act. No. 05-10367-RWZ) is resolved by the Court.

**Ex. E:** <u>Docket Report on Civ. Act. No. 05-10367-RWZ</u>

This shows the current status of the inventorship claim concerning the '972 patent in Civ. Act. No. 05-10367-RWZ, *viz.*, pending and being actively litigated in front of the Court.

Attorney Docket # 34250-60L
(protester's docket no.)

3rd Party PROTEST in
Reissue App. Ser. No. **11/103,423**
concerning
Office Action dated September 25, 2006

Pursuant to M.P.E.P. §1901.03, a form PTO/SB/08A Invention Disclosure Statement listing the exhibits to this Protest is also attached, and it is respectfully requested that the examiner consider the exhibits, and acknowledge that she has considered the exhibits by initialing and returning the attached form PTO/SB/08A with the next Office action.

Respectfully submitted,

Dated: October 13, 2006

By _____
Teodor J. Holmberg
Reg. No. 50,140
COHEN, PONTANI, LIEBERMAN & PAVANE
551 Fifth Avenue, Suite 1210
New York, New York 10176
(212) 687-2770
tidge@cplplaw.com

Attorney Docket # 34250-60L  
*(protester's docket no.)*

3rd Party PROTEST in  
Reissue App. Ser. No. **11/103,423**  
concerning  
Office Action dated September 25, 2006

## PROOF OF SERVICE UNDER 37 C.F.R. §1.248

I hereby certify that copies of:

- 3rd Party Protest under 37 C.F.R. §1.291 in re: Reissue App. No. 11/103,423 (the foregoing document)

- IDS Form PTO/SB/08b (for protest exhibits pursuant to MPEP §1901.01)

- Ex. A: Reissue Applicant's Motion to, *inter alia*, Stay Inventorship Claim

- Ex. B: June 17, 2005 Minute Entry Order denying said stay

- Ex. C: Aug. 21, 2006 Complaint initiating new civil action

- Ex. D: Sept. 21, 2006 Court Order staying *new* action (while inventorship claim is still being resolved by the Court)

- Ex. E: Docket Report in Civ. Act. No. 05-10367-RWZ (showing that the inventorship claim is being actively litigated, i.e., has *not* been stayed)

have been transmitted, via first class mail, under 37 C.F.R. §1.248(a)(4), to the following attorneys representing the reissue applicant (and a courtesy copy via e-mail) on October 13, 2006:

Daniel Golub, Esq.  
Paul D. Weller, Esq.  
MORGAN, LEWIS & BOCKIUS LLP  
1701 Market Street  
Philadelphia, PA 19103  
215-963-5055 (phone-Golub)  
215-963-5530 (phone-Weller)  
215-963-5001 (fax)  
dgolub@morganlewis.com  
pweller@morganlewis.com

Anthony J. Fitzpatrick, Esq.  
DUANE MORRIS LLP  
470 Atlantic Avenue, Suite 500  
Boston, MA 02210  
617-289-9220 (phone)  
617-289-9201 (fax)  
ajfitzpatrick@duanemorris.com

_____  
Teodor J. Holmberg  
Reg. No. 50,140  
COHEN, PONTANI, LIEBERMAN & PAVANE  
551 Fifth Avenue, Suite 1210  
New York, New York 10176  
(212) 687-2770  
tidge@cplplaw.com

PTO/SB/08b (04-03)
Approved for use through 04/30/2003, OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

| Substitute for Form 1449/PTO<br>**INFORMATION DISCLOSURE STATEMENT FILED WITH PROTEST UNDER 37 C.F.R. §1.291**<br>(pursuant M.P.E.P. §1901.03) | | *Complete if Known* | |
|---|---|---|---|
| | | Application Number | 11/103,423 |
| | | Filing Date | April 11, 2005 |
| | | First Named Inventor | Patrick TREADO |
| | | Art Unit | 2877 |
| | | Examiner Name | LAUCHMAN, Layla G. |
| Sheet | 1 of 1 | Attorney Docket Number | 34250-60L (*protester's docket no.*) |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[2] |
| | A | Reissue Applicants' Treado and ChemImage's Motion to Dismiss Counts 2-5, and to Stay Count 1 (Inventorship of U.S. Pat. No. 6,734,962--subject of instant Reissue App. Ser. No. 11/103,423) Pending Completion of Reissue Proceedings Before the U.S. Patent & Trademark Office in Civ. Act. No. 05-10367-RWZ | n/a |
| | B | Page from the electronic Docket from the District Court of Massachusetts in Civ. Act. No. 05-10367-RWZ, with highlighted entry showing Court's order denying reissue applicants' Treado and ChemImage's motion (Ex. A) to stay the concurrent litigation | n/a |
| | C | Complaint filed on August 21, 2006 in the District Court of Massachusetts against reissue applicants Treado and ChemImage concerning, *inter alia*, U.S. Pat. No. 6,734,692 and the instant Reissue App. No. 11/103,423. | n/a |
| | D | September 29, 2006 Order from the District Court of Massachusetts, staying the new action initiated by Ex. C (Aug. 21, 2006 Complaint), and establishing discovery deadlines for the pending, active action concerning inventorship of U.S. Pat. No. 6,734,962 (subject of instant Reissue App. Ser. No. 11/103,423) in Civ. Act. No. 05-10367 | n/a |
| | E | Present Complete Electronic Docket from the District Court of Massachusetts in Civ. Act. No. 05-10367-RWZ showing pending active claim regarding the inventorship of U.S. Pat. No. 6,734,962 (subject of instant Reissue App. Ser. No. 11/103,423) | n/a |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST. 16 if possible. [6] Applicant is to place a check mark here if English-language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington,