IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO DISMISS THIS ACTION
<u>WITHOUT PREJUDICE UNDER RULE 41(A)(2)</u>**

Pursuant to LR 7.1(b)(1), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "plaintiffs") hereby present a memorandum of reasons, including citations of proper authorities, in support of plaintiffs' motion to dismiss this action without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

33995_3.DOC

Plaintiffs' Memo. in Supp. of<br>Plaintiffs' Motion to Dismiss<br>This Action Without Prejudice

## BACKGROUND

The sole pending claim[1] in this action is for correction under 35 U.S.C. §256 of the inventorship of U.S. Pat. No. 6,734,962 ("the '962 patent-in-suit") assigned to defendant ChemImage Corp., and of which defendant Patrick Treado is a named inventor, by adding plaintiffs Miller and Hoyt as named inventors.

After the present action was initiated, defendants filed an application with the Patent Office to reissue the '962 patent-in-suit. Plaintiffs asked the Court to stay the reissue proceeding because, *inter alia*, of the possibility that defendants would try to delete the subject matter invented by plaintiffs from the reissue claims, thereby extinguishing plaintiffs' rights in the '962 patent-in-suit.[2] *See* Pltf's Memo. in Supp. of Mot. to Enj. [D.E. 12], p. 5. Similarly, defendants asked the Court to stay the pending inventorship correction claim because the reissue proceeding could "moot" plaintiffs' inventorship claim. *See* Def's Memo. in Supp. of Mot. to Stay [D.E. 2], p. 10. The Court denied both motions, and both this action and the reissue proceeding continued in parallel. *See* Jun. 27, 2005 & Oct. 27, 2005 Elec. Orders.

---

[1] Plaintiffs filed a motion for leave to amend the complaint in this action, in which the amended complaint pled additional causes of action under state and federal law. *See*, *generally*, Pltff's Memo. in Supp. of Amd. Cmplt. [D.E. 41]. Because of concerns regarding possible statutory bars, plaintiffs also filed a new complaint stating the same new causes of action, thereby initiating another action. Both plaintiff's motion for leave and the other separate action were stayed by this Court. *See* Order [D.E. 83]. Because the motion for leave to file the amended complaint was never considered or ruled upon, the new causes of action stated in the proposed amended complaint never entered this action, and thus do not need to be dismissed. Furthermore, because this Court stayed the other action and defendants never served an answer, plaintiffs have dismissed the other action without prejudice under Rule 41(a)(1)(i). *See* **Exhibit 1** hereto, Pltf's Notice of Dismissal in Civil Action No. 06-11479.

[2] When a reissue application is issued, the original patent is "surrendered" under 35 U.S.C. §252— and any patent rights to a claim in the surrendered original patent which was deleted from the reissued patent are extinguished. *See*, *e.g.*, *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984) ("The original claims are dead.").

Recently, the Patent Office allowed the claims in defendants' reissue proceeding. Because defendants have deleted the subject matter invented by plaintiffs from the claims of the reissue application, the reissue patent will not claim plaintiffs' invention. *See* Pltff's Ltr [D.E. 127], p. 1.

Based on the recent allowance of the reissue proceeding, plaintiffs asked defendants to stipulate to dismissing this action under Rule 41(a)(1)(ii) without prejudice. Defendants refused.

## **ARGUMENT**

The purpose of Rule 41(a)(2) is to "freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) [hereinafter "*Leith*"] (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)); *accord Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). Where there is a lack of substantial prejudice, a district court "should normally exercise its discretion by granting a motion for voluntary dismissal without prejudice." *Read Corp. v. Bibco Equipment Co., Inc.*, 145 F.R.D. 288, 290 (D. N.H. 1993) (citing 5 Moore's Federal Practice ¶ 40.05 n.53, at 41-63 (2d ed. 1992)). A dismissal without prejudice is warranted, "unless the defendant will suffer prejudice beyond the prospect of a second lawsuit or a technical advantage." *Id*. (citing *Leith*, 668 F.2d at 50).

Here, there is no prejudice to Defendants. All of the parties were aware two years ago of the possibility that the reissue proceeding might moot plaintiffs' rights in the '962 patent-in-suit—moreover, mooting plaintiffs' inventorship claim was the defendants' stated goal for the reissue proceeding. Defendants cannot complain now that they have succeeded.

Courts also look to "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecution the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant," in deciding whether to allow a plaintiff to voluntarily dismiss an action without prejudice. *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000). These four factors are simply a guide for the trial judge, who need not analyze each factor nor limit her consideration to these factors. *Id*. The Court has great discretion in deciding a Rule 41(a)(2) motion, and where there is no prejudice to the defendant, dismissal without prejudice is "well within the [four factors announced in *Doe*]". *Less v. Berkshire Housing Services, Inc.*, No. 00-30033, 2000 WL 1349252, at *4 (D. Mass. Aug. 18, 2000).

The "explanation for the need to take the dismissal" is simple and dispositive—the recent allowance of claims in defendants' reissue proceeding which no longer cover plaintiffs' invention. There has been no delay or lack of diligence in plaintiffs' prosecution of this action, and defendants have not filed a motion for summary judgment. Although both parties have expended efforts and expense in the litigation thus far, this dismissal is the direct result of defendants' purposeful effort—now successful—to moot plaintiffs' inventorship claim. Furthermore, even if "the defendants had incurred substantial expense in litigating the present lawsuit", "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

There is a final reason why this dismissal should be granted without prejudice, rather than with prejudice. As was discussed at the September 27, 2006 teleconference with this Court, many of the state and federal law claims in plaintiffs' proposed but unentered amended

Plaintiffs' Memo. in Supp. of
Plaintiffs' Motion to Dismiss
This Action Without Prejudice

complaint[3] rely on whether plaintiffs invented the subject matter claimed in the '962 patent-in-suit. Although defendants have succeeded in extinguishing plaintiffs' rights as inventors to the claims in the '962 patent-in-suit (by surrendering it, and having it reissue without the claims to plaintiffs' invention), the inventorship of the '962 patent-in-suit as originally issued is still relevant to those state and federal law claims, which have never been litigated.

**THEREFORE**, plaintiffs respectfully request that this Court dismiss this action without prejudice under Rule 41(a)(2).

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: June 14, 2007

 /s/ Teodor Holmberg
Martin B. Pavane (*pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
David P. Badanes (*pro hac vice*)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail: EMcLaughlin@brownrudnick.com

---

[3] *See* Footnote 1.

...

Plaintiffs' Memo. in Supp. of<br>Plaintiffs' Motion to Dismiss<br>This Action Without Prejudice

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the date indicated below.

Dated: June 14, 2007                             /s/ Teodor Holmberg
                                                Teodor J. Holmberg (BBO# 634708)

- 6 -

# BROWN RUDNICK

Erin E. McLaughlin, Esq.
direct dial: 617-856-8297
emclaughlin@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

June 14, 2007

FILED
IN CLERK'S OFFICE

2007 JUN 14  A 11: 14

DISTRICT COURT
DISTRICT OF MASS

**VIA HAND DELIVERY**

Clerk's Office
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE: <u>Cambridge Research & Instrumentation (CRI) v. ChemImage, Inc.</u>
United States District Court for the District of Massachusetts, No. 06-11479-RWZ

Dear Sir/Madam:

Enclosed for filing please find Notice of Voluntary Dismissal in connection with the above referenced matter.

Kindly acknowledge receipt and filing of the same by date-stamping the enclosed copy of this letter and returning it to the undersigned in the self-addressed, stamped envelope enclosed for your convenience. Thank you.

Very truly yours,

**BROWN RUDNICK BERLACK ISRAELS LLP**

By: _____
Erin E. McLaughlin

EEM/jjk
Enclosures
cc: Anthony J. Fitzpatrick, Esq.
    Paul D. Weller, Esq.
    Martin B. Pavane, Esq.
    Teodor J. Holmberg, Esq.

# 1331914 v3 - MCLAUGEE - 025029/0001

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation, and PETER J. MILLER, an individual, and CLIFFORD HOYT, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHEMIMAGE CORP., a Delaware corporation, and PATRICK TREADO, an individual, <br><br> Defendants. | Civil Action No. 06-11479-RWZ |

## NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(i), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt, voluntarily dismiss Civil Action No. 06-11479-RWZ. This action was stayed on September 29, 2006, by Order [D.E. 83] in Civil Action No. 05-10367-RWZ. Because of this, defendants have never served an answer in this action. Thus, all requirements under Rule 41(a)(1)(i) have been met, and this action may be dismissed without an order from the court. Also pursuant to Fed. R. Civ. P. 41(a)(1)(i), this dismissal is without prejudice.

Respectfully submitted,

**CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., PETER J. MILLER, and CLIFFORD HOYT,**

By their attorneys:

Dated: June 14, 2007

*[signature]*

Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
Fax (212) 972-5487

Brian L. Michaelis (BBO# 555159)
Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
Tel. (617) 856-8200
Fax (617) 856-8201

### CERTIFICATE OF SERVICE

I hereby certify that on the date listed below a true copy of the foregoing **NOTICE OF VOLUNTARY DISMISSAL** was served upon the attorney of record for defendants by mail as follows:

Anthony J. Fitzpatrick, Esq.
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Paul D. Weller, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Dated: June 14, 2007

*[signature]*

Teodor J. Holmberg (BBO# 634708)