IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**PATRICK TREADO and CHEMIMAGE CORP.,**<br><br>**Defendants** | **CIVIL ACTION NO. 05 10367 RWZ** |

**DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendants ChemImage Corporation and Patrick Treado (collectively, "Defendants") respectfully move for summary judgment that Plaintiffs Peter J. Miller ("Miller") and Clifford Hoyt ("Hoyt") are not co-inventors of U.S. Patent No. 6,734,962 (the "'962 Patent").

Plaintiffs have repeatedly acknowledged to this Court that the co-inventorship allegations in Count 1, the only count still pending in this action, are limited to claims 1-6 of the '962 Patent. Moreover, the law is plain that Plaintiffs cannot prevail unless they prove, ***by clear and convincing evidence***, that Miller and Hoyt made a ***significant*** contribution to a ***patentable*** aspect of claims 1-6. *Levin v. Septodont, Inc.,* 34 Fed. Appx. 65, 72; 63 U.S.P.Q.2d 1395, 1400 (4th Cir. 2002); *Ethicon, Inc. v. U.S. Surgical Corp.,* 135 F.3d 1456, 1461 (Fed. Cir.), *cert. denied*, 525 U.S. 923 (1998).

In this case, the undisputable evidence demonstrates that: i) Plaintiffs filed their Complaint originally alleging, *inter alia*, that claims 1, 3 and 4 of the '962 Patent are

*unpatentable* for obviousness under 35 U.S.C. §103, ii) on September 25, 2006, the United States Patent and Trademark Office ("PTO") found that claims 1-6 of the '962 Patent were *unpatentable* for obviousness, and consequently those claims were deleted from the patent. Defendants' expert Dr. Edward Yeung also has confirmed what Plaintiffs have admitted and the PTO found, namely that claims 1-6 of the '962 Patent are *unpatentable* for obviousness.

Thus, in this case, it is beyond dispute that the system described in claims 1-6 is *unpatentable*. Even assuming *arguendo,* for purposes of this motion, that Plaintiffs Miller and Hoyt made contributions to claims 1, 3 and 4 of the '962 Patent, there is no dispute that these contributions did *not* make the claimed inventions *patentable*. Accordingly, for the reasons set forth in this motion and in Defendants' supporting memorandum, there are no issues of material fact and Defendants are entitled to summary judgment on Count 1 of the Complaint as a matter of law.

Respectfully submitted,

PATRICK TREADO AND CHEMIMAGE CORP.

By their attorneys,

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO #564324)
Christopher S. Kroon (BBO #660286)
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone: 857.488.4220
Fax: 857.488.4201
e-mail: ajfitzpatrick@duanemorris.com
          cskroon@duanemorris.com

Paul D. Weller (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5530

June 15, 2007

Fax: 215.963.5005
e-mail: pweller@morganlewis.com

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred on June 15, 2007, in an attempt to resolve or narrow the issues presented by this motion. Counsel for the Plaintiffs indicated they would oppose this motion.

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick

### CERTIFICATE OF SERVICE

I, Christopher S. Kroon, Esquire, hereby certify that this document filed through the ECF system will be sent electronically in accordance with the District of Massachusetts electronic filing procedures to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 15, 2007.

/s/ Christopher S. Kroon
Christopher S. Kroon