IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>                Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME
TO RESPOND TO
DEFENDANTS' MOTION [D.E. 134] FOR SUMMARY JUDGMENT,
<u>AND MEMORANDUM IN SUPPORT</u>**

    Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt (collectively, "plaintiffs") move for an extension of time to respond to defendants' motion [D.E. 134] for summary judgment.  Specifically, plaintiffs ask that the Court extend the current deadline, which is June 29, 2007, for filing plaintiffs' opposition until after the Court has decided plaintiffs' pending motion [D.E. 132] to dismiss the current action.  Grant of plaintiffs' pending motion [D.E. 132] to dismiss will render defendants' motion [D.E. 134] for summary judgment moot, and thus an opposition will not be required.

    Pursuant to LR 7.1(b)(1), a memorandum of reasons, including citations of proper authorities, is incorporated into this motion.

    Pursuant to LR 7.1(a)(2), counsel for plaintiffs certifies that counsel for plaintiffs conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, and defendants refused to assent to plaintiffs' requested relief.

Case 1:05-cv-10367-RWZ     Document 137     Filed 06/28/2007     Page 2 of 6

Plaintiff's Motion for an Ext. of Time
to answer Defs.' S.J. [D.E. 134],
and Memorandum in Supp.

## MEMORANDUM UNDER LR 7.1(b)(1)

### I. Introduction

This action is dead.  The only thing remaining is the death certificate—in the form of a reissue patent, which will issue any day now.  Once the reissue patent issues, dismissal of this action will be ***required*** as a matter of law because this Court will no longer have subject matter jurisdiction.

Because neither this Court nor the plaintiffs should be required to waste any more time and expense on this action, plaintiffs have filed a motion [D.E. 132] to dismiss this action.  The day after filing that motion, defendants filed a motion [D.E. 134] for summary judgment.

Plaintiffs ask the Court to extend the current deadline (June 29, 2007) for responding to defendants' motion [D.E. 134] for summary judgment until after the Court has decided plaintiffs' pending motion [D.E. 132] to dismiss this action, at least because defendants' soon-to-be-issued reissue patent will moot this action as a matter of law.

### II. Background

The sole pending claim[1] in this action is for correction under 35 U.S.C. §256 of the inventorship of U.S. Pat. No. 6,734,962 ("the '962 patent-in-suit") assigned to defendant

---

[1] Plaintiffs filed a motion for leave to amend the complaint in this action, in which the amended complaint pled additional causes of action under state and federal law.  *See*, *generally*, Pltff's Memo. in Supp. of Amd. Cmplt. [D.E. 41].  Because of concerns regarding possible statutory bars, plaintiffs also filed a new complaint stating the same new causes of action, thereby initiating another action. Both plaintiff's motion for leave and the other separate action were stayed by this Court.  *See* Order [D.E. 83].  Because the motion for leave to file the amended complaint was never considered or ruled upon, the new causes of action stated in the proposed amended complaint never entered this action, and thus do not need to be dismissed.  Furthermore, because this Court stayed the other action and defendants never served an answer, plaintiffs have dismissed the other action without prejudice under Rule 41(a)(1)(i).  *See* Notice of Dismissal, Ex. 1 to Pltff's Memo [D.E. 133] in Supp. of Mot. [D.E. 132].

Case 1:05-cv-10367-RWZ   Document 137   Filed 06/28/2007   Page 3 of 6

Plaintiff's Motion for an Ext. of Time
to answer Defs.' S.J. [D.E. 134],
and Memorandum in Supp.

ChemImage Corp., and of which defendant Patrick Treado is a named inventor, by adding plaintiffs Miller and Hoyt as named inventors.

After the present action was initiated, defendants filed an application with the Patent Office to reissue the '962 patent-in-suit. Plaintiffs asked the Court to stay the reissue proceeding because, *inter alia*, of the possibility that defendants would try to delete the subject matter invented by plaintiffs from the reissue claims, thereby extinguishing plaintiffs' rights in the '962 patent-in-suit. *See* Pltff's Memo. in Supp. of Mot. to Enj. [D.E. 12], p. 5. Similarly, defendants asked the Court to stay the pending inventorship correction claim because the reissue proceeding could "moot" plaintiffs' inventorship claim. *See* Def's Memo. in Supp. of Mot. to Stay [D.E. 2], p. 10 ("To the extent that the claims of the '962 patent are successfully narrowed in the reissue proceedings … , Plaintiffs' inventorship and invalidity claims will be <u>mooted</u>.") (emphasis in original).

The Court denied both motions, and both this action and the reissue proceeding continued in parallel. *See* Jun. 27, 2005 & Oct. 27, 2005 Elec. Orders.

Recently, the Patent Office allowed the claims in defendants' reissue proceeding. Because defendants had "successfully narrowed" the claims in the reissue application by deleting the subject matter invented by plaintiffs, the reissue patent will not claim plaintiffs' invention. *See* Pltff's Ltr [D.E. 127], p. 1. Based on the recent allowance of the reissue proceeding, plaintiffs asked defendants to stipulate to dismissing this action under Rule 41(a)(1)(ii) without prejudice. Defendants refused.

After defendants' refusal to stipulate to dismissal, plaintiffs filed a motion [D.E. 132] to dismiss this action under Rule 41(a)(2) without prejudice. That motion [D.E. 132] is presently pending.

Case 1:05-cv-10367-RWZ    Document 137    Filed 06/28/2007    Page 4 of 6

Plaintiff's Motion for an Ext. of Time
to answer Defs.' S.J. [D.E. 134],
and Memorandum in Supp.

The day after plaintiffs filed their motion [D.E. 132] to dismiss, defendants filed a motion [D.E. 134] for summary judgment. Because, *inter alia*, (a) the inventorship correction claim under §256 will be mooted by the soon-to-be-issued reissue patent (making the summary judgment motion irrelevant); and (b) if the Court grants plaintiffs' pending motion to dismiss, consideration of the summary judgment motion would be unnecessary, plaintiffs asked defendants to assent to this motion for an extension of time so the Court could rule on plaintiffs' pending motion [D.E. 132] to dismiss first. Defendants refused.

### III.  The Law

35 U.S.C. §256, the basis of the sole pending claim in this action, allows a Court to correct the inventorship of a patent, and to require the Patent Office to "issue a certificate accordingly".

35 U.S.C. §252 describes the legal effect on the original patent of the issuance of a reissue patent. When a reissue patent issues, the original patent is "surrendered" but "in so far as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing". 35 U.S.C. §252.

Insofar as the claims in the original and reissued patent are ***not*** substantially identical, any pending action or existing cause of action is rendered null and void by the issuance of the reissued patent. *See*, *e.g.*, *Seattle Box Co. v. Indus. Crating & Packing, Inc.,* 731 F.2d 818, 827 (Fed. Cir. 1984) ("Congress, in this statute, has explicitly limited claim continuity to claims in the reissued patent *identical* to claims in the original patent.") (emphasis in original). Any federal patent rights to a claim in a surrendered original patent which was deleted from the reissued patent are extinguished. *See*, *e.g.*, *id.* ("The statute does not allow the claims of the original patent some other form of survival. The original claims are dead.").

Case 1:05-cv-10367-RWZ   Document 137   Filed 06/28/2007   Page 5 of 6

Plaintiff's Motion for an Ext. of Time
to answer Defs.' S.J. [D.E. 134],
and Memorandum in Supp.

Thus, an action for inventorship correction under 35 U.S.C. §256, if directed to claims from a surrendered original patent which no longer appear in the reissued patent, is rendered moot when the reissued patent issues. *See*, *e.g.*, *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 U.S. Dist. LEXIS 24564, at *5 (N.D. Tex. Dec. 20, 2002) (after a reissue patent issued from the original patent on which the pending cause of action was based, the court granted a motion to dismiss under Rule 12(b)(6) "for failure to state a claim on which relief can be granted, because Aspex is suing in this case on a patent that has been surrendered").[2]

### IV.     The Argument

The salient facts are not in dispute: the claims in the original patent-in-suit covering the subject matter which plaintiffs co-invented have been deleted from the soon-to-be-issued reissued patent. Plaintiffs' right under §256 to seek correction of the '962 patent-in-suit will be extinguished when the '962 patent-in-suit is surrendered upon issuance of the reissued patent. There will be nothing to correct.

Soon there will be no "case or controversy" in this action. Plaintiffs respectfully request that they not be forced to waste any more time or money on an action that no longer has any relevance or meaning.

**THEREFORE**, plaintiffs respectfully request that this Court:

- extend the deadline for plaintiffs to respond to defendants' pending motion for summary judgment until after the Court rules on plaintiffs' pending (and previously-filed) motion [D.E. 132] to dismiss;
- grant plaintiffs' pending motion [D.E. 132] to dismiss; and
- grant such further and other relief as the Court deems just, equitable and proper.

---

[2] The court's ruling in that case provided relief identical to the relief plaintiffs seek in their pending motion [D.E. 132] to dismiss under Rule 41(a)(2). *See Aspex Eyewear, Inc.*, at *7 ("it is ordered and adjudged that this action is dismissed without prejudice as moot.").

Plaintiff's Motion for an Ext. of Time<br>
to answer Defs.' S.J. [D.E. 134],<br>
and Memorandum in Supp.

                                                      Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: June 28, 2007                      /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
David P. Badanes (admitted *pro hac vice*)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail: EMcLaughlin@brownrudnick.com

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for plaintiffs certifies that counsel for plaintiffs has conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, as is described *supra*.

                                                      /s/ Teodor Holmberg
                                                      Teodor J. Holmberg (BBO# 634708)

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the date indicated below.

Dated: June 28, 2007                       /s/ Teodor Holmberg
                                                      Teodor J. Holmberg (BBO# 634708)