IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
:
PETER MILLER, CLIFFORD HOYT, and            :
CAMBRIDGE RESEARCH AND                       :
INSTRUMENTATION, INC.                        :
                                             :
          Plaintiffs,                        :
                                             :   Case No. 05-10367 RWZ
     v.                                      :
                                             :
PATRICK TREADO and CHEMIMAGE CORP.           :
                                             :
          Defendants.                        :
_____:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR AN EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants ChemImage Corporation ("ChemImage") and Patrick Treado (collectively, "Defendants") hereby oppose the motion of Peter Miller ("Miller"), Clifford Hoyt ("Hoyt"), and Cambridge Research Instrumentation, Inc. (collectively "Plaintiffs" or "CRI") for an extension of time to respond to Defendants' Motion For Summary Judgment.

For two and a half years, Plaintiffs have forced Defendants to expend very significant resources (including more than $1.5 million in attorneys' fees and expenses) in defending against Plaintiffs' frivolous inventorship claim. Now, as the day of reckoning for that claim draws near, Plaintiffs want to have their cake and eat it too: they seek to avoid adjudication of their claim on the merits, by avoiding having to respond to Defendants' Motion for Summary Judgment; and they want to have their claim dismissed without prejudice so that they can re-assert it in later litigation as the basis for a battery of federal and state law claims including RICO and G.L. c. 93A.

In seeking to avoid a decision on the summary judgment motion, Plaintiffs make arguments that are flatly contradicted by arguments they have made throughout this case. Further, in the present motion, Plaintiffs do not contend that they need further discovery, or that the summary judgment motion is otherwise premature, contrary to Federal Rule of Civil Procedure 56(f). They simply want to avoid adjudication of their claim on the merits, so that they can withdraw it and use it as a threat against Defendants in the future. As Defendants have pointed out in their Opposition to Plaintiffs' Motion to Dismiss This Action Without Prejudice Under Rule 41(a)(2) [Docket No. 138], the law does not countenance such an outcome. Having litigated their frivolous claim for two and a half years, with trial little more than two months away, Plaintiffs cannot now pick up their ball and go home. Their claim must be adjudicated on the merits, or dismissed unconditionally and with prejudice.

**A.    Plaintiffs' Argument That This Action Is "Moot" Or "Dead" Is Contradicted By Their Earlier Positions And Arguments In This Case:**

Defendants' Motion For Summary Judgment seeks to dispose of the sole issue presented by Count 1 of the Complaint – namely, Plaintiffs' contention that Miller and Hoyt are co-inventors of certain claims of the '962 patent-in-suit *as originally issued*. Plaintiffs assert that they should not be required to file an opposition to the summary judgment motion because "[t]his action is dead." Memo. in Supp. of Plaintiffs' Motion For Ext. of Time, at 2. Yet in their motion to dismiss without prejudice, Plaintiffs explain that the inventorship of the '962 patent as originally issued *remains relevant:*

> There is a final reason why this dismissal should be granted without prejudice, rather than with prejudice. As was discussed at the September 27, 2006 teleconference with this Court, many of the state and federal law claims … rely on whether plaintiffs invented the subject matter claimed in the '962 patent-in-suit. … [T]he inventorship of the '962 patent-in-suit as originally issued *is still relevant* to those state and federal law claims, which have never been litigated.

2

Plaintiffs' Memo. in Supp. of Plaintiffs' Motion to Dismiss, at 4-5 (emphasis added).  Plaintiffs' admission that the inventorship of the '962 patent as originally issued remains relevant demonstrates that the issues in dispute are neither "moot" nor "dead."

Furthermore, Plaintiffs' contention that the case is "dead" is directly contradicted by the position they took as recently as March 2007, in connection with the initial pre-trial conference.  On March 20, 2007, Plaintiffs' counsel sent a letter to the Court acknowledging that they knew of the deletion of claims 1-6 in the reissue proceedings.  Docket No. 127 at 1.  They did not, however, contend that such deletion rendered the case "dead."  On the contrary, at the pretrial conference itself on March 22, 2007, Plaintiffs' counsel cited *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.,* 292 F.3d 1363, 1377 (Fed. Cir. 2002) and, based thereon, argued to the Court that the conclusion of the reissue proceedings would ***not*** moot Plaintiffs' inventorship claim as to claims 1, 3 and 4 of the '962 patent as originally issued.

It is also worth noting that, when Defendants moved early in this litigation for a stay pending the outcome of the reissue proceedings, Plaintiffs successfully opposed that motion, arguing *inter alia* that the reissue proceedings:

> cannot be used to resolve and determine the inventorship of a patent.  Thus, defendants' reissue proceeding is not the appropriate forum for resolving the parties inventorship dispute.  Rather, this Court is the appropriate forum for resolving Count 1.

Plaintiffs' Response To Defendants' Motion To Stay Count 1 And Dismiss Counts 2-5 [Docket No. 7], at 6. It is apparent that Plaintiffs' present argument that this case is "moot" or "dead" is a complete about-face on this issue of law to suit their present ends.

3

**B.     Plaintiffs' Seek To Avoid Responding To Defendants' Motion For Summary Judgment Because They Have No Plausible Opposition, And They Want To Preserve Their Inventorship Claim As A Future Threat Against Defendants:**

Through their motion to dismiss this action without prejudice, and the present motion to extend time to respond to Defendants' Motion for Summary Judgment, Plaintiffs seek to avoid the preclusive effect of an adverse ruling that would forever bar them from arguing that they were co-inventors of the '962 patent as originally issued. Plaintiffs' extensive effort to preserve this issue only underscores the fact that, absent a final adjudication of the issue on the merits in this action, Plaintiffs will raise this issue in a future litigation.

As set forth in Defendants' Motion For Summary Judgment, it is clear as a matter of law that Plaintiffs were not co-inventors of the '962 patent as originally issued. Plaintiffs' desire to avoid having to file a substantive response to the summary judgment motion is hardly surprising. It is quite apparent that Plaintiffs have no plausible substantive response to that motion. The issues presented in Defendants' summary judgment motion *are* ripe and should be decided. Plaintiffs do not assert that they need further discovery, or that the summary judgment motion is otherwise premature, contrary to Federal Rule of Civil Procedure 56(f). Further, Plaintiffs contradictory assertions that this action is "dead" or "moot" have been interposed to distract the Court from the merits of Defendants' Motion For Summary Judgment, and to avoid an adjudication on the merits.

Defendants have spent over two and a half years and in excess of $1.5 million litigating this case to the point that it is now ripe for final adjudication on the merits of Plaintiffs' frivolous contention that Miller and Hoyt were co-inventors of the '962 patent-in-suit as originally issued. A dismissal of the case without adjudication on the merits and without prejudice would expose Defendants to potentially having to re-litigate (at great expense) the identical patent co-inventorship question that is now ripe for adjudication. Such an outcome would also impose a

4

significant and unwarranted burden on the Court.  As Defendants have explained in their Opposition to Plaintiffs' Motion to Dismiss This Action Without Prejudice Under Rule 41(a)(2), such a result is contrary to the law.

C.     **Plaintiffs' Other Arguments Are Entirely Unpersuasive:**

Plaintiffs make far too much of Defendants' statement early in this litigation that the reissue proceedings had the potential to moot the issues in dispute.  Defendants made that statement over a year *before* Plaintiffs sought to amend their Complaint to include numerous new causes of action -- e.g., Breach of Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Intentional and/or Negligent Misrepresentation, Common Law Fraud, and/or Fraudulent Inducement, Breach of Fiduciary Duty, Conversion and/or Misappropriation of Patentable Invention, Unfair and/or Deceptive Acts Under Mass. Gen. L., Ch. 93A, §§ 2 and 11, Claims Under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, and Common Law Civil Conspiracy -- all of which are premised on Plaintiffs' frivolous assertion that Miller and Hoyt were co-inventors of the '962 patent-in-suit *as originally issued*.  As Plaintiffs themselves have conceded, the reissue proceedings clearly have not mooted the relevance of the inventorship question to these alleged causes of action, which Plaintiffs now seek to preserve.

Plaintiffs' arguments based on "lack of subject matter jurisdiction" are equally of no moment.  The reissue patent has not been issued by the U.S. Patent and Trademark Office – so none of Plaintiffs' arguments apply.   Plaintiffs cite no authority for delaying an action on the ground that, at some unspecified time in the future, the Court may lack subject matter jurisdiction.

5

**D.    Conclusion:**

In short, Plaintiffs cannot have it both ways: if this action is "dead," then Plaintiffs should promptly dismiss it unconditionally, *with prejudice;* otherwise, Plaintiffs should be required to respond promptly to Defendants Motion For Summary Judgment so that Plaintiffs' frivolous claim that they are co-inventors of the '962 patent-in-suit as originally issued can be finally adjudicated on the merits.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Motion For An Extension Of Time To Respond To Defendants' Motion For Summary Judgment, and instead require Plaintiffs to respond to the Motion For Summary Judgment forthwith.

                                                Respectfully submitted,

Date:   July 2, 2007                /s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO # 564324)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4220
ajfitzpatrick@duanemorris.com

Paul D. Weller (admitted *pro hac vice)*
Kenneth L. Racowski (admitted *pro hac vice)*
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5000
pweller@morganlewis.com
kracowski@morganlewis.com

Counsel for Defendants,
Patrick Treado and ChemImage Corp.

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on the above date.

                /s/ Anthony J. Fitzpatrick
                Anthony J. Fitzpatrick