## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

PETER J. MILLER, an individual,
CLIFFORD HOYT, an individual, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.,
a Delaware corporation,

               Plaintiffs,

               v.

PATRICK TREADO, an individual, and
CHEMIMAGE CORP., a Delaware
corporation,

               Defendants.

**Civil Action No. 05-10367-RWZ**

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## A REPLY TO DEFENDANTS' OPPOSITION [D.E. 138] TO
## PLAINTIFFS' MOTION [D.E. 132] TO DISMISS,
## IN ORDER TO, *INTER ALIA*, INFORM THE COURT OF
## PLAINTIFFS' SUBSEQUENT OFFER TO DISMISS *WITH* PREJUDICE,
## AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to LR 7.1(b)(3), plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt request leave to file a reply brief to the opposition [D.E. 138] of defendants ChemImage and Patrick Treado to plaintiffs' motion [D.E. 132] to dismiss this action without prejudice pursuant to Rule 41(a)(2).

Pursuant to LR 7.1.(b)(1), a memorandum of reasons why this motion should be granted is incorporated herein.

The {*proposed*} reply brief is attached hereto.

In support of this motion for leave, plaintiffs state as follows:

(1)      Since the filing of plaintiffs' motion [D.E. 132] to dismiss this action ***without*** prejudice, plaintiffs have offered to dismiss this action ***with*** prejudice, and defendants have rejected that offer.  *See* attached {Proposed} Reply, pp. 1-5.

(2)      Moreover, defendants' opposition [D.E. 138] to plaintiffs' motion [D.E. 132] to dismiss this action without prejudice pursuant to Rule 41(a)(2) contains errors of law and fact, as well as mischaracterizations of plaintiffs' position and conduct.  *See* attached {Proposed} Reply, pp. 4-11.

(3)      At least because (a) the details of plaintiffs' offer, and defendants' refusal, to dismiss this action with prejudice should be brought to the Court's attention; and (b) defendants' opposition [D.E. 138] contains errors and mischaracterizations, plaintiffs respectfully ask the Court's leave to file the attached {proposed} reply brief to defendants' opposition [D.E. 138] to plaintiffs' motion [D.E. 132] to dismiss.

(4)      Pursuant to LR 7.1(a), plaintiffs sought defendants' assent to the relief requested herein, and defendants refused.

WHEREFORE, plaintiffs respectfully ask this Court:

1) grant plaintiffs leave to file the attached reply to defendants' opposition [D.E. 138] to plaintiffs' motion [D.E. 132] to dismiss without prejudice; and

2) grant such further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated:  July 12, 2007

 /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
Tel. (212) 687-2770
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail:  EMcLaughlin@brownrudnick.com

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for plaintiffs conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion.  Counsel for defendants have not assented to this relief.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 12, 2007.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation, <br><br> Defendants. | Civil Action No. 05-10367-RWZ |

## PLAINTIFFS' {*PROPOSED*} REPLY TO
## DEFENDANTS' OPPOSITION [D.E. 138] TO
## PLAINTIFFS' MOTION [D.E. 132] TO DISMISS THIS ACTION WITHOUT
## PREJUDICE UNDER RULE 41(a)(2)

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt hereby present a {*proposed*} reply to the opposition [D.E. 138] of defendants ChemImage and Patrick Treado to plaintiffs' motion [D.E. 132] to dismiss this action without prejudice under Fed.R.Civ.P. 41(a)(2).

## I.   This Action Is Over

Instead of answering plaintiffs' substantive arguments, defendants' opposition makes empty accusations of plaintiffs' supposed misconduct.   Plaintiffs will respond to defendants' mudslinging below (*see* Sect. VI *supra*), but first consider what defendants do ***not*** dispute:

(1)   The subject matter plaintiffs invented has been deleted from defendants' recently allowed reissue application (on which the issue fee was paid in April, and will thus soon issue as a reissue patent). *See* Pltffs.' Memo. [D.E. 133] in Supp. of Mot./Dismiss [D.E. 132], p. 3.

(2)   Plaintiffs' sole pending claim in this action (for correction of inventorship of the '962 patent-in-suit under 35 U.S.C. §256) will be rendered moot upon issuance of the reissue patent, as a matter of law.  *See* Pltffs.' Memo. [D.E. 133], p. 2, n. 2; *see also* 35 U.S.C. §252; *Seattle Box Co. v. Indus. Crating & Packing, Inc.,* 731 F.2d 818, 827 (Fed. Cir. 1984) ("Congress, in this statute, has explicitly limited claim continuity to claims in the reissued patent *identical* to claims in the original patent.") (emphasis in original).  Thus, when the reissue patent issues, this action will be moot as a matter of law.  *See* Pltffs.' Memo. [D.E. 133], pp. 2, 3.

(3)   Defendants' stated goal for the reissue application was to moot the sole, pending inventorship correction claim in this action.  Def's Memo. in Supp. of Mot. to Stay [D.E. 2], p. 10 ("To the extent that the claims of the '962 patent are successfully narrowed in the reissue proceedings … , Plaintiffs' inventorship and invalidity claims will be <u>mooted</u>.") (emphasis in original); *see also* Pltffs.' Memo. [D.E. 133], pp.2, 3.

It is undisputed that this litigation is over, the only dispute is how it will end.  Plaintiffs have moved to dismiss the sole pending claim (for correcting the inventorship of the '962 patent-in-suit) without prejudice.  *See* Pltffs.' Mot./Dismiss [D.E. 132].  Defendants want the Court to either dismiss this action with prejudice, or, in the alternative, dismiss this action without prejudice, and order plaintiffs to pay defendants' costs. *See* Defs.' Opp. [D.E. 138], p. 16.

At least because it is undisputed that the dismissal of this action was the intended result of defendants' reissue proceeding, plaintiffs' motion [D.E. 132] to dismiss without prejudice should be granted.  However, after defendants objected to dismissing this action without prejudice, and

to avoid wasting more time, effort, and money, plaintiffs offered to dismiss this action **with** prejudice.  But defendants also rejected that offer, unless the unentered and unlitigated state and federal law claims in plaintiffs' proposed and unentered amended complaint were also "dismissed" with prejudice.  *See* Sect. IV *infra*; *see also* Defs.' Opp. [D.E. 138], p. 16 (asking the Court to "[dismiss] with prejudice Plaintiffs' Amended Complaint").[1]

This case should end, as both parties have agreed.  Plaintiffs urge the Court to dismiss the sole pending inventorship correction claim, either without prejudice (as requested in plaintiffs' motion), or with prejudice (as was offered to defendants, and discussed further *infra*).

## II.    Plaintiffs' Offer to Dismiss *With* Prejudice

Defendants objected to dismissal without prejudice because of defendants' alleged concern that they could be forced to "re-litigate" the sole pending claim to correct the inventorship of the '962 patent-in-suit, *i.e.*, that plaintiffs would retain the "right to bring the claim again".  Defs.' Opp. [D.E. 138], pp. 2, 3, 9.  This is impossible, of course, because there will soon be no '962 patent-in-suit to correct, and plaintiffs have admitted they did not invent the subject matter claimed in the soon-to-be-issued reissue patent.  However, to address defendants' concern with this "threat" of future "re-litigation", plaintiffs offered on June 28, 2007 to allay defendants' fears:

> Plaintiffs seek defendants' assent to a motion to dismiss with prejudice the sole claim for correction of inventorship under 35 U.S.C. 256 of the '962 patent-in-suit, because this inventorship correction claim will be mooted, by force of law,

---

[1] Defendants' repeated references to "Plaintiffs' Amended Complaint" are misleading: there is **no** amended complaint in this action.  Plaintiffs filed a motion for leave to file an amended complaint, and a **proposed** amended complaint with additional causes of action under state and federal law was attached to that motion.  *See*, *generally*, Pltff's Memo. in Supp. of Amd. Cmplt. [D.E. 41].  Plaintiffs' motion for leave was stayed by the Court.  *See* Order [D.E. 83].  Because plaintiffs' motion [D.E. 41] for leave to file the amended complaint was never considered or ruled upon, the causes of action stated in the proposed amended complaint were never entered this action.

> upon issuance of the reissue patent. Plaintiffs also agree to not sue defendants for
> correction of inventorship under 35 U.S.C. 256 of the soon-to-be-issued reissue
> patent, since, as we have already stated on the record, we did not invent the
> subject matter of the claims in the reissue patent.

T. Holmberg's Jun. 28, 2007 e-mail (**Exhibit 1** hereto).

Plaintiffs' offer removes any possibility of plaintiffs' ever suing defendants again for correction of the inventorship of the soon-to-be-dead '962 patent-in-suit or for correction of inventorship of the soon-to-issue reissue patent, while also making clear that the dismissal is limited to the sole pending inventorship correction claim, and has no affect on the unentered and unlitigated state and federal claims in plaintiffs' proposed amended complaint.

### III.  Defendants Reject Plaintiffs' Offer to Dismiss *With* Prejudice

Defendants rejected plaintiffs' offer, stating that they wanted ***all*** causes of action related to the inventorship of the '962 patent-in-suit dismissed with prejudice.  *See* A. Fitzpatrick's Jul. 5, 2007 e-mail (**Exhibit 2** hereto).  In other words, defendants do not merely want dismissal with prejudice of the sole pending inventorship correction claim (which defendants do not dispute will be mooted by the reissue as a matter of law), but also dismissal with prejudice of the causes of action asserted in plaintiffs' proposed amended complaint—claims which were never even entered into this action, much less litigated.

Defendants' demand that the unentered and unlitigated causes of action in plaintiffs' proposed amended complaint be "dismissed" with prejudice is unreasonable.  Those counts were never entered in this action, and thus cannot be "dismissed".  Moreover, dismissal with prejudice is only warranted for claims against which defendants have been forced to "invest substantial resources to defend itself" by, *e.g.*, preparing and filing an answer to the complaint, performing discovery, engaging in motion practice, etc.  *Fremaint v. Ford Motor Co.*, 258 F.Supp.2d 24

(D.P.R. 2003) (quoted on p. 11 of Defs' Opp. [D.E. 138]). Defendants have never had to file an answer to plaintiffs' proposed amended complaint (because it was never entered), have never had to do any discovery on the unentered and unlitigated claims in plaintiffs' unentered amended complaint, and never had to engage in any motion practice regarding the unentered and unlitigated claims in plaintiffs' unentered amended complaint (except to oppose the entry of the proposed amended complaint).

### IV.  No Money Should Change Hands, and No More Money Should Be Wasted

To the extent that defendants can be considered the victims they describe themselves as in their opposition [D.E. 138], they are the victims of their own success, and ***not*** the victims of any conduct on plaintiffs' part. Defendants "successfully narrowed" the claims in the reissue application of the '962 patent-in-suit by deleting the subject matter invented by plaintiffs, thereby mooting the sole pending claim in this action (for correction of the inventorship of the '962 patent-in-suit)—***which was defendants' stated goal for the reissue proceeding***. *See* Def's Memo. in Supp. of Mot. to Stay [D.E. 2], p. 10 ("To the extent that the claims of the '962 patent are successfully narrowed in the reissue proceedings … , Plaintiffs' inventorship and invalidity claims will be <u>mooted</u>.") (emphasis in original).

After defendants stated that the goal for the reissue proceeding was to moot the sole pending inventorship correction claim, plaintiffs asked the Court to stay the reissue proceeding in order to, *inter alia,* avoid the possible mooting of plaintiffs' inventorship correction claim. *See* Pltff's Memo. in Supp. of Mot. to Enj. [D.E. 12], pp. 5, 11. The Court declined to do so, whereupon this litigation and the reissue proceeding continued in parallel. *See* Jun. 27, 2005 & Oct. 27, 2005 Elec. Orders.

Contrary to defendants' accusations that "plaintiffs have offered no legitimate explanation for their 'need' to take a dismissal" (Defs.' Opp. [D.E. 138], p. 10) or that plaintiffs have moved to dismiss this action "to avoid Defendants' motion for summary judgment" (*Id.*, p. 11), the "need" for this dismissal is clear and ***undisputed***: defendants' reissue proceeding has wrought defendants' ***intended*** result of mooting the sole, pending inventorship correction claim in this action.  The question should be, why do plaintiffs want to keep on fighting?

Contrary to all of the cases cited by defendants, the dismissal in ***this*** case was the deliberate and planned result of ***defendants'*** actions.  This one fact should be dispositive in granting plaintiffs' motion to dismiss.  And this one fact is poison to any argument that plaintiffs should pay any of defendants' costs, fees, or expenses.  Such a result is abhorrent to any sense of fairness and decency.  Moreover, if the Court grants dismissal of the sole, pending inventorship correction claim ***with*** prejudice (as discussed above), defendants will have no right to any fees or costs.  *See*, *e.g.*, *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 43 (D. Puerto Rico 1996); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again.")

## V.    <u>Defendants' Attacks on Plaintiffs' Motives and Conduct are Baseless</u>

Plaintiffs respond below to the most egregious of the misstatements, misrepresentations, and false implications put forth in defendants' opposition.  However, if the Court has any further questions concerning plaintiffs' conduct or motives regarding any aspect of this litigation, plaintiffs respectfully request that the Court grant defendants' pending motion [D.E. 141] for a hearing with the limited purpose of allowing plaintiffs to rebut any implication that plaintiffs' claims were "vexatious", "meritless", "frivolous", "specious", suffered from an "utter lack of proof", etc.

Defendants' allegations concerning plaintiffs' responses to interrogatories range from outright falsehood to deliberately misleading half-truth.  *See* Defs.' Opp. [D.E. 138], pp. 5, 7-8.  First, defendants **never** filed a motion to compel plaintiffs' responses to defendants' contention interrogatories on inventorship.  *Cf.* Defs.' Opp. [D.E. 138], p. 5.  Second, plaintiffs **never** "evaded responding to Defendants' contention interrogatory requesting Plaintiffs to identify the bases for their claim of co-inventorship".  Defs.' Opp. [D.E. 138], p. 5.  As is often done, plaintiffs' initial response stated that "this Interrogatory is premature, as discovery has just begun and no schedule for the exchange of contention interrogatories has been entered.  Plaintiffs [will] provide the following preliminary answers, subject to further elucidation and explanation at the appropriate time."  Ex. D to Defs. Opp. [D.E. 138], p. 4.  Exactly as promised, plaintiffs subsequently supplemented their response with pages and pages of detail.  *See*, *e.g.*, Ex. E to Defs. Opp. [D.E. 138], pp. 6-12.  Third, defendants' accusation that "[p]laintiffs failed to identify any specific contribution that they made to the claims of the '962 Patent" (Defs.' Opp. [D.E. 138], p. 5) is patently ridiculous: this litigation **began** by plaintiffs explicitly identifying the specific contributions of "Miller's conception of the use of an Evans Split-Element liquid crystal tunable filter ... as recited in claim 4 of the '962 patent" and "Hoyt's conception of the use of a refractive type infinity-corrected microscope objective as the collecting/collimating device ... as recited in claim 3 of the '962 patent" *in the complaint*.  *See* Cmplt. [D.E. 1], p. 7, ¶¶ 32-33.

Fourth, defendants imply that the narrowing of plaintiffs' contentions over the course of this litigation proves some sort of malevolent intent.  *See* Defs.' Opp. [D.E. 138], p 5.  Plaintiffs did narrow their contention of inventorship from 13 claims in the '962 patent-in-suit down to essentially three claims—Claims 1, 3, and 4, the only claims discussed in the complaint, and the claims around which almost all discovery revolved.  This evolution is neither surprising nor

unusual, as one purpose of discovery and pretrial practice is to narrow down the parties'

contentions for trial.  Defendants' contentions have also evolved over time.  For example:

(1)    Defendants initially contended that the additional claims in plaintiffs' proposed amended complaint "redress a completely different injury to Plaintiffs than the co-inventorship claim alleged in the initial complaint" and that those unentered and unlitigated claims do not "sustain or relate to" the sole pending inventorship correction claim (Defs.' Opp. [D.E. 55] to Amd. Cmplt., p. 22); now defendants argue that those claims must be dismissed with prejudice because those claims ***do*** relate to the inventorship correction claim (s*ee*, *e.g.*, Defs. Opp. [D.E. 138], pp. 2,6).

(2)    Although defendants stopped their own deponent (a named inventor on the '962 patent-in-suit) from testifying concerning novelty on the grounds that novelty was irrelevant to the sole, pending inventorship claim (s*ee* Pltffs.' Memo. [D.E. 93], pp. 2-3; and Ex. 1 thereto); defendants later argued that plaintiff Miller must answer a similar question on novelty in his deposition (*id*.).  Moreover, although the Court later found that novelty was indeed irrelevant (*see* Feb. 7, 2007 Elec. Order), defendants have relied on arguments concerning novelty in their recent motion [D.E. 134] for summary judgment.  *See*, *generally*, Defs.' Memo  [D.E. 135], pp. 8-9 (and n. 4 therein).

(3)    Although defendants have repeatedly contended that defendants' reissue proceeding was filed "in response to Plaintiffs' allegations (in Count 5 [of the original complaint]) that the '962 patent was invalid over the prior art" (Defs.' Opp. [D.E. 138], p. 4), Count 5 (which has been dismissed without prejudice) alleged that the '962 patent-in-suit was invalid because of the "offer for sale" statutory bar of 35 U.S.C. §102(b) (Cmplt. [D.E. 1], pp. 10-11), *i.e.*, that defendants' sales of imaging microscopes before October 13, 1999 rendered the '962 patent-in-suit invalid.  Defendants have never brought the pre-October 13, 1999 sales of, *e.g.*, defendants' Falcon Imaging System to the attention of the Patent Office during the reissue proceeding.

Returning to the spurious allegations in defendants' opposition: defendants next provide a

chart of "the inconsistencies between Plaintiffs' written discovery responses and their sworn

testimony" and allege that defendants "expended significant time and resources investigating and

preparing for depositions of" individuals which defendants had been misled by plaintiffs to

believe knew "of Plaintiffs' alleged contribution(s) to the invention of the '962 Patent".  Defs.'

Opp. [D.E. 138], pp. 7-8.  First, defendants only deposed one (Barry Logue) of the six people

listed in the chart, and, perhaps more importantly, plaintiffs over a period of months ***repeatedly*** advised defendants that Logue's deposition was unnecessary and sought ways to avoid it.  *See*, *e.g.*, Nov. 13, 2006 and Oct. 30, 2006 T. Holmberg e-mails (**Exhibit 3** hereto).  Second, defendants' interrogatory asked plaintiffs to "[i]dentify each person who has knowledge regarding the matters alleged in the Complaint, and separately identify the subjects of that person's knowledge".  Ex. E to Defs.' Opp. [D.E. 138], p. 1.  As shown in defendants' exhibit, plaintiffs answered that question in detail and made it very clear what each of these people knew.  *Id.*, pp. 1-2.  Third, and most importantly, the deposition quotes in defendants' chart are not only consistent with, but in most cases they also ***support***, the description of each witnesses' knowledge given in plaintiffs' written responses.[2]  There is not an iota of evidence that plaintiffs misled defendants in any way regarding the knowledge of these individuals.

Although defendants allege that it took "years of discovery, including 9 depositions, numerous interviews with third-party witnesses, and consultation with expensive experts for Defendants to confirm the utter irrelevance of … [documents identified in plaintiffs' responses to interrogatories] that Plaintiffs originally contended were supportive of their claims" (Defs.' Opp. [D.E. 138], p. 5), defendants do not bother to identify a single one of these supposedly utterly irrelevant documents.

---

[2] For example, plaintiffs' written response states: "Dr. Greg Bearman has knowledge of the Plaintiffs' proposals for, and reduction to practice of, NIR LCTFs for use in remote imaging chemical systems, and has knowledge of his own use of chemical imaging systems using NIR LCTFs provided by Plaintiffs Hoyt and Miller".  Ex. E to Defs.' Opp. [D.E. 138], p. 2.  Defendants' allegedly incriminating quote from Miller's deposition: "He would know about the conception and development of other microscopic near infrared imaging systems that I developed for the jet propulsion lab, but not using the Evans design".  Defs.' Opp. [D.E. 138], chart entry on p. 8.  As another example, plaintiffs' written response states: "Barry Logue has knowledge of technical, programmatic, and sales discussions between Treado and CRI personnel including the Plaintiffs".  Ex. E to Defs.' Opp. [D.E. 138], p. 2.  Defendants' allegedly incriminating quote from Logue's deposition: "Q. Do you know one way or the other, sitting here today, whether Peter Miller or Clifford Hoyt may have invented any aspect of a chemical imaging system? A. No."  Defs.' Opp. [D.E. 138], chart entry on p. 8.

Defendants argue that plaintiffs have an "utter lack of proof" for plaintiffs' sole, pending inventorship correction claim because plaintiffs "have failed to produce even a single laboratory notebook entry evidencing their alleged work" and, as usual, imply that plaintiffs are lying ("Plaintiff Miller testified that he had 'lost' his purported laboratory notebook"). Defs.' Opp. [D.E. 138], pp. 1-2. Any implication that plaintiffs have not produced evidence of their inventorship claim is manifestly and patently false. Plaintiffs have produced reams of documents and elicited pages upon pages of deposition testimony "evidencing their alleged work", including, *inter alia*, the 1996 SBIR Phase II Proposal (produced as Exhibit A to the original complaint), which details the results of the collaboration between plaintiffs and defendants (an undisputed fact), was co-written by plaintiffs and defendants (an undisputed fact), and describes the invention claimed in the '962 patent-in-suit; and the deposition testimony of both defendant Treado and plaintiff Miller, which provide very detailed accounts of "plaintiffs' work".

Defendants spin a fanciful tale about how plaintiffs *forced* "defendants to expend substantial resources on expert reports". Defs.' Opp., p. 8. This is as ridiculous as it sounds. Because the pertinent claim construction in the '962 patent-in-suit is relatively straightforward, plaintiffs' position has always been that expert reports were unnecessary—in fact, plaintiffs made this very argument at the March 22, 2007 status conference *before this Court* (defendants were arguing for an extension of time to file "rebuttal" expert reports, even though plaintiffs had not filed any opening expert reports). Defendants manage to argue that plaintiffs' "inexplicabl[e] fail[ure] to serve expert reports" combined with plaintiffs' designation of possible expert witnesses forced defendants to prepare and serve expert reports, *five months after* plaintiffs declined to file any opening expert reports, *four months after* plaintiffs explicitly told defendants that plaintiffs were not filing expert reports, and *two months after* the March 22, 2007 status conference.

**VII. <u>Conclusion</u>**

At least for the reasons above and in plaintiffs' moving papers, the Court should dismiss the sole pending inventorship correction claim, either without prejudice (as requested in plaintiffs' motion), or with prejudice (as discussed *supra*).

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated:  July 12, 2007

  /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
David P. Badanes (admitted *pro hac vice*)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail:  EMcLaughlin@brownrudnick.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 12, 2007

  /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

## Tidge Holmberg

| From: | Tidge Holmberg |
|---|---|
| **Sent:** | Thursday, June 28, 2007 4:51 PM |
| **To:** | 'Fitzpatrick, Anthony J.' |
| **Cc:** | Martin B. Pavane; pweller@morganlewis.com; dgolub@morganlewis.com |
| **Subject:** | RE: Miller, et al. v. Treado, et al. |
| **Importance:** | High |

Tony:

Having conferred with our client, we can offer the following proposal:

> Plaintiffs seek defendants' assent to a motion to dismiss with prejudice the sole claim for correction of inventorship under 35 U.S.C. 256 of the '962 patent-in-suit, because this inventorship correction claim will be mooted, by force of law, upon issuance of the reissue patent. Plaintiffs also agree to not sue defendants for correction of inventorship under 35 U.S.C. 256 of the soon-to-be-issued reissue patent, since, as we have already stated on the record, we did not invent the subject matter of the claims in the reissue patent.

We await your clients' response.

Tidge



> -----Original Message-----
> **From:** Fitzpatrick, Anthony J. [mailto:AJFitzpatrick@duanemorris.com]
> **Sent:** Tuesday, June 26, 2007 12:25 PM
> **To:** Martin B. Pavane
> **Cc:** Tidge Holmberg; pweller@morganlewis.com; dgolub@morganlewis.com
> **Subject:** Miller, et al. v. Treado, et al.
>
> Marty:
>
> I am writing to confirm the voicemail message that I left for you yesterday afternoon, addressing the questions that you raised when you called me on Friday.  First, the defendants will not agree to your request to defer the plaintiffs' response to our summary judgment motion until after the Court decides their motion to dismiss without prejudice.  As I explained when we spoke, this case is ripe for adjudication on the merits.  That is why we filed our motion for summary judgment.  Further, as you know, trial is set to begin in just over two months, and pre-trial deadlines are impending.  The defendants do not wish to delay adjudication of the case on the merits, either by summary judgment or trial.
>
> Second, if your clients wish to make a proposal for dismissal of the case with prejudice, please put such a proposal in writing and the defendants will consider it promptly.
>
> Tony



> **Anthony J. Fitzpatrick**
> Partner
> Duane Morris LLP

470 Atlantic Avenue, Suite 500
Boston, MA 02210
P: 857.488.4220
F: 857.488.4201

● BIO
● E-MAIL
● WEB SITE
● VCARD

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Tidge Holmberg

| | |
|---|---|
| **From:** | Fitzpatrick, Anthony J. [AJFitzpatrick@duanemorris.com] |
| **Sent:** | Thursday, July 05, 2007 11:06 AM |
| **To:** | Tidge Holmberg; Martin B. Pavane |
| **Cc:** | pweller@morganlewis.com; dgolub@morganlewis.com |
| **Subject:** | RE: Miller, et al. v. Treado, et al. |

Tidge and Marty:

In the past, we have discussed our settlement position with you. Accordingly, your latest settlement proposal is not acceptable. To be perfectly clear, any settlement between our respective clients cannot preserve, for another day, any cause of action or defense that your clients may claim to have based on inventorship of the '962 patent.

As the parties' most recent briefing reflects, your clients are in an untenable position. If put to the issue, your clients will lose the pending motion for summary judgment. Even if your clients succeed on their Rule 41(a)(2) motion to dismiss gambit (which they should not), they, including the individual plaintiffs, Peter Miller and Clifford Hoyt, will be forced to pay our clients approximately $1.5 million in legal fees and expenses.

With all due respect intended, your clients need to come to grips with the situation and make an offer that resolves all disputes concerning inventorship of the '962 patent with prejudice. This needs to be done sooner, rather than later, as our clients' legal fees continue to mount.

Tony





---

**From:** Tidge Holmberg [mailto:THolmberg@cplplaw.com]
**Sent:** Thursday, June 28, 2007 4:51 PM
**To:** Fitzpatrick, Anthony J.
**Cc:** Martin B. Pavane; pweller@morganlewis.com; dgolub@morganlewis.com
**Subject:** RE: Miller, et al. v. Treado, et al.
**Importance:** High

Tony:

Having conferred with our client, we can offer the following proposal:

Plaintiffs seek defendants' assent to a motion to dismiss with prejudice the sole claim for correction of inventorship under 35 U.S.C. 256 of the '962 patent-in-suit, because this inventorship correction claim will be mooted, by force of law, upon issuance of the reissue patent. Plaintiffs also agree to not sue defendants for correction of inventorship under 35 U.S.C. 256 of the soon-to-be-issued reissue patent, since, as we have already stated on the record, we did not invent the subject matter of the claims in the reissue patent.

We await your clients' response.

Tidge

-----Original Message-----
**From:** Fitzpatrick, Anthony J. [mailto:AJFitzpatrick@duanemorris.com]
**Sent:** Tuesday, June 26, 2007 12:25 PM
**To:** Martin B. Pavane
**Cc:** Tidge Holmberg; pweller@morganlewis.com; dgolub@morganlewis.com
**Subject:** Miller, et al. v. Treado, et al.

Marty:

I am writing to confirm the voicemail message that I left for you yesterday afternoon, addressing the questions that you raised when you called me on Friday. First, the defendants will not agree to your request to defer the plaintiffs' response to our summary judgment motion until after the Court decides their motion to dismiss without prejudice. As I explained when we spoke, this case is ripe for adjudication on the merits. That is why we filed our motion for summary judgment. Further, as you know, trial is set to begin in just over two months, and pre-trial deadlines are impending. The defendants do not wish to delay adjudication of the case on the merits, either by summary judgment or trial.

Second, if your clients wish to make a proposal for dismissal of the case with prejudice, please put such a proposal in writing and the defendants will consider it promptly.

Tony



Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately

07/12/2007

return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

# cplp

**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

───────────

Sidney R. Bresnick
Of Counsel

───────────

Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas

───────────

Enshan Hong
Technical Advisor

October 30, 2006

***VIA E-MAIL***

Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:    Stipulation for Third-Party Witnesses in
       Miller et al. v. Treado et al.
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>



Dear Ken:

We have reviewed your suggested stipulation concerning witnesses Barry Logue, Tracey Golini, and Dmitri Vinogradover (who is a present C.R.I. employee whom we intended as one of the "three-in-a-row" witnesses during the week of Nov. 13-17), and, although we share your earnest desire to avoid the cost and expense of Logue's and Golini's depositions, our clients, the plaintiffs in this suit, cannot sign a stipulation attesting to the "personal knowledge" of Barry Logue and Tracey Golini.  As we have previously noted, however, our clients can attest that they will not call these witnesses at trial because they do not believe that these witnesses have any material knowledge concerning the inventorship issue.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/tdg

cc:    Paul D. Weller, Esq.
       Anthony J. Fitzpatrick, Esq.
       Christopher S. Kroon, Esq.

# cplp

**COHEN PONTANI LIEBERMAN & PAVANE**
551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen (1927-2005)
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Teodor J. Holmberg
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Mher Hartoonian
Alphonso A. Collins
Douglas D. Zhang
Edward V. DiLello
Edward M. Reisner
Bradley M. Marazas

Enshan Hong
Technical Advisor

November 13, 2006

***VIA E-MAIL***

Kenneth L. Racowski, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

Re:    Third Party Depositions in
       Miller et al. v. Treado et al.
       Civ. No. 05-10367-RWZ (D.Mass.)
       <u>Our File No.: 34250-60L</u>

Dear Ken:

We have learned from Mr. Foukal's attorney that you have suggested having an informal telephone interview with Mr. Foukal in order to determine whether his deposition is truly necessary. We, of course, would be included on that telephone call.

We suggest using the same approach to assessing the need for the depositions of Tracey Golini and Barry Logue. Please let us know if you agree with our suggestion of using informal telephone interviews to avoid the depositions of Golini and Logue.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE LLP

/s/ Tidge Holmberg

MBP/TJH/tdg

cc:    Paul D. Weller, Esq.
       Anthony J. Fitzpatrick, Esq.
       Christopher S. Kroon, Esq.

18862_1.DOC