IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>                Defendants. | Civil Action No. 05-10367-RWZ |

**PLAINTIFFS' MOTION TO AMEND
THE COURT'S MARCH 23, 2007 ELECTRONIC SCHEDULING ORDER,
AND MEMORANDUM IN SUPPORT**

Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt move to amend the Court's March 23, 2007 electronic scheduling order, *viz.*, to withdraw the currently scheduled dates for the pretrial conference (August 15, 2007) and trial (September 9, 2007) so that the parties will not have to engage in needless pretrial preparations, which would otherwise begin now. Both parties agree the pending motions will end this action, and a trial is very likely no longer necessary.

Pursuant to LR 7.1(b)(1), a memorandum of reasons, including citations of proper authorities, is incorporated into this motion.

Pursuant to LR 7.1(a)(2), counsel for plaintiffs certifies that counsel for plaintiffs conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, and defendants refused to assent to plaintiffs' requested relief.

Plaintiff's Motion to Amend
The Court's Mar. 23, 2007 Elec. Sched. Order,
and Memorandum in Support

## **MEMORANDUM UNDER LR 7.1(b)(1)**

Both parties agree that this action is over, that its dismissal should be swift, and that pretrial preparations will be a significant and very likely an unnecessary burden. *See*, *e.g.*, Defs.' Mot./Hearing [D.E. 141], pp. 1,2 ("All parties believe … that the case can and should be resolved before trial … . A decision on the pending motions will likely avoid the significant burden on the Court and the parties that these [pretrial] deadlines and the subsequent bench trial would involve").

This Court's March 23, 2007 electronic order scheduled the pretrial conference on August 15, 2007, and the trial on September 10, 2007. *See* Mar. 27, 2007 Elec. Sched. Order. Thus, the parties' Fed.R.Civ.P. 26(a)(3) and LR 16.5(c) disclosures are due this coming Monday, July 16, 2007; the parties' LR 16.5(c) & 26.4(a) objections thereto are due by July 31, 2007; the parties must meet and confer in order to prepare the joint pretrial memorandum before July 31, 2007; and the joint pretrial memorandum must be filed with the Court by August 10, 2007.[*]

This is an awful lot of work for a trial the parties agree is very unlikely to happen. At least on this basis, plaintiffs respectfully request that the Court withdraw the dates for the pretrial conference and trial set in the Court's March 23, 2007 electronic scheduling order. The Court may order, at its own discretion, new dates for the trial and pretrial conference (if such proceedings are still necessary after the Court rules upon plaintiffs' pending and fully-briefed motion [D.E. 132] to dismiss).

---

[*] For purposes of these immediately upcoming deadlines (which are not set by the Court, but automatically calculated under the rules from dates set by the Court), plaintiffs intend this motion to also act as a request for an enlargement of time under Fed.R.Civ.P. 6(b)(1)—*i.e.*, if the Court does not withdraw the dates for the pretrial conference and trial, plaintiffs respectfully request that the automatically calculated pretrial disclosure dates be adjusted so that plaintiffs may still make the appropriate pretrial submissions to the Court before trial. *See* Fed.R.Civ.P. 6(b)(1) (the district court "for cause shown may at any time in its discretion . . . order the [time] period [for complying with court-imposed or other deadlines] enlarged if request therefor is made ***before*** the expiration of the period originally prescribed") (emphasis added); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994) (district courts have "great leeway in granting or refusing enlargements [under Rule 6(b)] and its decisions are reviewable only for abuse of that discretion").

Plaintiff's Motion to Amend
The Court's Mar. 23, 2007 Elec. Sched. Order,
and Memorandum in Support

Although defendants "wish to bring this matter to a conclusion expeditiously" and have complained about the amount of money that they have expended in this case, defendants nevertheless "cannot agree to [plaintiffs'] suggestion to postpone the pretrial and trial dates" because those dates "were set in March, at a time when Plaintiffs already knew about the allowance of the reissue claims" and "[w]e do not believe that anything has changed since that time". ¶3 of A. Fitzpatrick's Jul. 11, 2007 e-mail on p. 2 of **Exhibit 1** hereto (a complete e-mail chain having both plaintiffs' and defendants' correspondence). Contrary to defendants' allegation, the Patent Office issued its Notice of Allowability on April 2, 2007, and plaintiffs first became aware of it shortly after that. When counsel for plaintiffs attended the Court's March 22, 2007 status conference (where the trial and pretrial dates were discussed and set), plaintiffs still believed defendants' reissue application was being prosecuted. *See*, *e.g.*, Pltffs.' Mar. 20, 2007 Ltr. to the Court [D.E. 127]. Thus, as far as plaintiffs are concerned, everything has "changed since that time".

More importantly, it is difficult to see how plaintiffs' belief or knowledge in March about whether or not defendants' reissue application had been allowed affects whether the Court and the parties should waste more time, effort, and expense preparing for a trial neither defendants nor plaintiffs believe will take place.

**THEREFORE**, plaintiffs respectfully request that the Court:

- withdraw the dates for the pretrial conference and the trial set in the Court's March 23, 2007 electronic scheduling order;
- order, at the Court's discretion, new dates for the trial and pretrial conference, if such proceedings are still necessary after the Court rules upon plaintiffs' pending and fully-briefed motion [D.E. 132] to dismiss; and
- grant such further and other relief as the Court deems just, equitable and proper.

Plaintiff's Motion to Amend
The Court's Mar. 23, 2007 Elec. Sched. Order,
and Memorandum in Support

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: July 13, 2007          /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
David P. Badanes (admitted *pro hac vice*)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail: EMcLaughlin@brownrudnick.com

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for plaintiffs certifies that counsel for plaintiffs has conferred with counsel for defendants in a good faith attempt to resolve or narrow the issue presented in this motion, as is described *supra*.

 /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

## CERTIFICATE OF SERVICE

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the date indicated below.

Dated: July 13, 2007          /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)

## Tidge Holmberg

**From:** Martin B. Pavane
**Sent:** Wednesday, July 11, 2007 2:32 PM
**To:** 'Fitzpatrick, Anthony J.'
**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.; Tidge Holmberg
**Subject:** RE: Miller, et al. v. Treado, et al.

Tony:

I am frankly somewhat shocked by your attribution of motive to our responses without knowledge of the facts. You are free to assume what you wish, but the assumptions in your email are just wrong. As to your numbered paragraphs:

1. Please let us see your revised language indicating our "partial assent" to your motion for a hearing. As for deposing experts, we can't fathom why we should do that if all parties agree the case should be dismissed. Does your client understand that you are trying to run up fees for no logical reason?

2. I never said Tidge and I are unavailable on all those dates. I am unavailable, except on the dates noted, and as lead counsel I need to be at any hearing on these motions. Of course, if the Court cannot conduct a hearing on those dates, I will see what I can do to move some other things around.

3. Your suggestion that we wish to delay matters is only partially correct; we do wish to delay, indeed avoid, unnecessary expense. Apparently your client doesn't care about spending money for no reason. Again, all parties agree the case should be dismissed; we are only arguing about the form of that dismissal. Why your client would want to proceed with costly trial preparation under these circumstances is impossible to understand.

4. Your lack of consent is noted.

Martin B. Pavane
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, NY 10176
(212) 687-2770 - p
(212) 972-5487 - f
mpavane@cplplaw.com
www.cplplaw.com



This message and any attachments are solely for the use of the intended recipients. They may contain privileged and/or confidential information, attorney work product or other information protected from disclosure. If you are not an intended recipient, you are hereby notified that you received this email in error, and that any review, dissemination, distribution or copying of this email and any attachment is strictly prohibited. If you have received this email in error, please contact the sender and delete the message and any attachment from your system. Thank you for your cooperation.

-----Original Message-----
**From:** Fitzpatrick, Anthony J. [mailto:AJFitzpatrick@duanemorris.com]
**Sent:** Wednesday, July 11, 2007 2:18 PM
**To:** Martin B. Pavane
**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.; Tidge Holmberg
**Subject:** RE: Miller, et al. v. Treado, et al.

Marty:

In response to the points in your e-mail of last evening:

1. As you know from our opposition to Plaintiffs' motion to extend, Defendants believe that the motion for summary judgment should not be deferred until after Plaintiffs' motion to dismiss without prejudice is decided. We will request a hearing on all motions, and will note Plaintiffs' partial assent as described in your e-mail. Further, I note that we have offered to make our experts available for deposition in accordance with the rules, but Plaintiffs have not responded. If you wish to depose our experts, in accordance with the rules, please let us know promptly so that the depositions may occur without further delay.

2. We all have busy calendars, but frankly it is difficult to believe that you and Tidge are available on just one day and one morning during the next four weeks. This lack of availability perhaps suggests that Plaintiffs are not serious about wanting a hearing.

3. Defendants wish to bring this matter to a conclusion expeditiously. The dates for trial and the final pretrial conference were set in March, at a time when Plaintiffs already knew about the allowance of the reissue claims. We do not believe that anything has changed since that time to justify any further delay in resolving the case. Thus, we cannot agree to your suggestion to postpone the pretrial and trial dates. Moreover, this suggestion combined with the apparent lack of availability for a hearing suggests that Plaintiffs merely wish to delay, rather than bringing this matter to resolution.

4. We believe that the motion to dismiss has been more than adequately briefed, and we do not see any reason for a reply. If you wish to send us your reply for review, we may re-consider depending on the content thereof. Barring that, however, we cannot assent to your request to file a reply brief.

Tony



**DuaneMorris**

**Anthony J. Fitzpatrick**
Partner

Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
P: 857.488.4220
F: 857.488.4201

- BIO
- E-MAIL
- WEB SITE
- VCARD

**From:** Martin B. Pavane [mailto:MPavane@cplplaw.com]
**Sent:** Tuesday, July 10, 2007 6:57 PM
**To:** Fitzpatrick, Anthony J.

07/13/2007

**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.; Tidge Holmberg
**Subject:** Miller, et al. v. Treado, et al.

Tony:

Plaintiffs will assent to a hearing on the pending motions to dismiss [132] and for an extension [137], but plaintiffs do not assent to a hearing on defendants' motion [134] for summary judgment, at least not before the Court rules on the other pending motions (which may moot defendants' summary judgment motion), plaintiffs depose defendants' experts (if it becomes necessary), and plaintiffs file an opposition (if it becomes necessary).

Because of other commitments, in the next four weeks we are available for a hearing only on July 16th and in the morning of July 25th. We are unavailable on all other dates in that time frame.

We are waiting for your response to our suggestion of pushing back all the pretrial and trial dates pending determination of the motions. It would seem that if ChemImage is interested in avoiding unnecessary expense, this suggestion should make sense. Please let us hear from you on this point.

We also asked if defendants would assent to a motion for leave to file a reply to defendants' opposition [138] to plaintiffs' motion [132] to dismiss. Please let us hear from you on that point as well.

Best Regards,


Martin B. Pavane
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, NY 10176
(212) 687-2770 - p
(212) 972-5487 - f
mpavane@cplplaw.com
www.cplplaw.com

This message and any attachments are solely for the use of the intended recipients. They may contain privileged and/or confidential information, attorney work product or other information protected from disclosure. If you are not an intended recipient, you are hereby notified that you received this email in error, and that any review, dissemination, distribution or copying of this email and any attachment is strictly prohibited. If you have received this email in error, please contact the sender and delete the message and any attachment from your system. Thank you for your cooperation.


-----Original Message-----
**From:** Fitzpatrick, Anthony J. [mailto:AJFitzpatrick@duanemorris.com]
**Sent:** Tuesday, July 10, 2007 3:54 PM
**To:** Tidge Holmberg; Martin B. Pavane
**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.
**Subject:** RE: Miller, et al. v. Treado, et al.

The motion is attached.

**From:** Tidge Holmberg [mailto:THolmberg@cplplaw.com]
**Sent:** Tuesday, July 10, 2007 3:35 PM
**To:** Fitzpatrick, Anthony J.; Martin B. Pavane
**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.
**Subject:** RE: Miller, et al. v. Treado, et al.
**Importance:** High

We are still awaiting the draft of defendants' proposed motion, in accordance with our agreement this morning, so that plaintiffs may finalize their assent thereto.

-----Original Message-----
**From:** Fitzpatrick, Anthony J. [mailto:AJFitzpatrick@duanemorris.com]
**Sent:** Friday, July 06, 2007 11:45 AM
**To:** Martin B. Pavane; Tidge Holmberg
**Cc:** pweller@morganlewis.com; dgolub@morganlewis.com; Kroon, Christopher S.
**Subject:** Miller, et al. v. Treado, et al.

Counsel:

The defendants intend to request a hearing on the presently-pending motions, at the Court's earliest convenience. Please advise as to the plaintiffs' position on such a request, including whether they will assent to or join in the request. Also, please identify any dates in the coming 2-3 weeks when you are unavailable for such a hearing.

We plan to file our request no later than Tuesday, July 10, so please provide your response by the close of business on Monday, July 9.



**Anthony J. Fitzpatrick**
Partner

Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
P: 857.488.4220
F: 857.488.4201

- BIO
- E-MAIL
- WEB SITE
- VCARD

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this

transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

07/13/2007