IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. MILLER, an individual, CLIFFORD HOYT, an individual, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC., a Delaware corporation,<br><br>     Plaintiffs,<br><br>  v.<br><br>PATRICK TREADO, an individual, and CHEMIMAGE CORP., a Delaware corporation,<br><br>     Defendants. | Civil Action No. 05-10367-RWZ |

PLAINTIFFS' PARTIAL OPPOSITION
TO
DEFENDANTS' MOTION [D.E. 141] FOR A HEARING

  Plaintiffs Cambridge Research and Instrumentation, Inc., Peter J. Miller, and Clifford Hoyt hereby submit this partial opposition to defendants' motion [D.E. 141] for a hearing on pending motions.

  A hearing is unnecessary, as the law is clear and the pertinent facts are not in dispute. However, to the extent that the Court believes such a hearing may be helpful (as discussed herein), plaintiffs do not oppose a hearing on plaintiffs' pending and fully briefed motion [D.E. 132] for dismissal without prejudice and/or on plaintiffs' subsequent offer to defendants to dismiss this action with prejudice. Plaintiffs oppose a hearing on defendants' motion [D.E. 134] for summary judgment at least on the grounds that (a) defendants' motion [D.E. 134] has been rendered moot by the soon-to-issue reissue patent; and (b) defendants' motion [D.E. 134] has not been fully briefed by the parties. *See*, *e.g.*, Pltffs.' Mot/Ext. [D.E. 137].

  Pursuant to LR 7.1(b)(2), a memorandum of reasons, including citations of proper authorities, is incorporated herein.

Plaintiff's Partial Opp. to<br>Defs.' Mot./Hearing [D.E. 141]

## INTRODUCTION

Plaintiffs and defendants agree this litigation is over; the only argument is over how to end it.  In response to defendants' arguments against plaintiffs' motion [D.E. 132] to dismiss *without* prejudice, plaintiffs have offered to dismiss *with* prejudice the sole pending inventorship correction claim (because the claim has been mooted and can never be brought again as a matter of law).  Defendants refused plaintiffs' offer, and demanded that the unentered and unlitigated causes of action in plaintiffs' proposed but unentered amended complaint also be "dismissed"[1] with prejudice.

Plaintiffs urge the Court to dismiss the sole pending claim to correct the inventorship of the soon-to-be-dead '962 patent-in-suit, either without prejudice (as requested in plaintiffs' motion [D.E. 132]) or with prejudice (as plaintiffs have offered and defendants have unreasonably rejected).  Plaintiffs oppose defendants' motion [D.E. 141] for a hearing, at least because any further action in this lawsuit is an unnecessary waste of the Court's and the parties' time, money, and resources on a legal claim which defendants have deliberately rendered moot by their parallel reissue proceeding before the Patent Office.  Of course, to the extent the Court believes it would be helpful to have a hearing on any aspect of the arguments concerning, and/or the conditions under which, a dismissal should be promptly granted, plaintiffs are prepared to attend.

## BACKGROUND

(1)     Shortly after plaintiffs filed the complaint in this action, defendants filed a reissue application on the '962 patent-in-suit with the Patent Office for the express purpose of "mooting" the sole presently pending inventorship correction claim in this action.  Def's Memo. in Supp. of Mot. to Stay [D.E. 2], p. 10 ("To the extent that the claims of the '962 patent are successfully

---

[1] It is unclear how an unentered claim, which is legally non-existent, can be "dismissed".

narrowed in the reissue proceedings … , Plaintiffs' inventorship and invalidity claims will be mooted.") (emphasis in original); *see also* Pltffs.' Memo. [D.E. 133] in Supp. of Mot./Dismiss [D.E. 132], pp.2, 3.

(2)   Seeing that defendants might succeed in their express goal, plaintiffs asked the Court to stay defendants' reissue proceedings so that, *inter alia*, defendants' reissue proceeding would not "moot" the present action as defendants expressly intended. *See*, *e.g.*, Pltff's Memo. in Supp. of Mot. to Enj. Reissue [D.E. 12], pp. 5, 11.

(3)   Upon denial of plaintiffs' motion to stay, this action and defendants' reissue proceeding continued in parallel. *See* Oct. 27, 2005 Elec. Order.

(4)   Later, defendants did indeed "successfully narrow" the claims in defendants' reissue proceeding, by deleting Claims 1, 3, and 4 of the '962 patent-in-suit, which described the subject matter plaintiffs invented. *See*, *e.g.*, Pltffs.' Memo. [D.E. 133], p. 3.

(5)   Recently, the Patent Office ended the prosecution of defendants' reissue application by issuing a Notice of Allowability. *See*, *e.g.*, Pltffs.' Memo. [D.E. 133], p. 3. Defendants paid the issue fee in April, and thus the reissue patent will issue shortly.

(6)   As a matter of law, when the reissue patent issues, the '962 patent-in-suit will cease to exist, and any cause of action based on any original claims which were deleted during the reissue proceeding will also cease to exist. *See*, *e.g.*, 35 U.S.C. §252; *Seattle Box Co. v. Indus. Crating & Packing, Inc.,* 731 F.2d 818, 827 (Fed. Cir. 1984) ("Congress, in this statute, has explicitly limited claim continuity to claims in the reissued patent *identical* to claims in the original patent.") (emphasis in original). Thus, the sole pending claim in this action, for correction under 35 U.S.C. §256 of the inventorship of the '962 patent-in-suit, has been rendered moot by defendants' soon-to-issue reissue patent. *See*, *e.g.*, Pltffs.' Memo. [D.E. 133], pp. 2, 3.

Plaintiff's Partial Opp. to<br>Defs.' Mot./Hearing [D.E. 141]

(7)  Because of this, plaintiffs moved to dismiss without prejudice the sole pending claim for correcting the inventorship of the soon-to-be-dead '962 patent-in-suit.  *See* Pltffs.' Mot./Dismiss [D.E. 132].

(8)  Defendants objected to plaintiffs' motion [D.E. 132] to dismiss without prejudice, arguing that plaintiffs would retain the "right to bring the claim again", *i.e.*, that defendants could be forced to "re-litigate" the sole pending claim to correct the inventorship of the '962 patent-in-suit.  Defs.' Opp. [D.E. 138], pp. 2, 3, 9.  Defendants also argued that, if this action was dismissed without prejudice, plaintiffs should pay defendants' costs and expenses.  Defs.' Opp. [D.E. 138], pp. 15-16.[2]

(9)  In response to defendants' arguments, plaintiffs offered to dismiss this action ***with*** prejudice:

> Plaintiffs seek defendants' assent to a motion to dismiss with prejudice the sole claim for correction of inventorship under 35 U.S.C. 256 of the '962 patent-in-suit, because this inventorship correction claim will be mooted, by force of law, upon issuance of the reissue patent. Plaintiffs also agree to not sue defendants for correction of inventorship under 35 U.S.C. 256 of the soon-to-be-issued reissue patent, since, as we have already stated on the record, we did not invent the subject matter of the claims in the reissue patent.

T. Holmberg's Jun. 28, 2007 e-mail (Ex. 1 to Pltffs.' {Proposed} Reply at [D.E. 142]).

(10)  Defendants refused plaintiffs' offer to dismiss with prejudice and demanded that the unentered and unlitigated claims in plaintiffs proposed but unentered amended complaint also be "dismissed with prejudice".  *See*, *e.g.*, Pltffs.' {Proposed} Reply at [D.E. 142], §III, pp. 4-5; and Ex. 2 thereto (A. Fitzpatrick's Jul. 5, 2007 e-mail response).

---

[2] Defendants are correct that they would not be entitled to any fees, costs, or expenses as a matter of law upon dismissal of this action with prejudice.

## **ARGUMENT**

The law is clear and the pertinent facts are not in dispute: this action has been "mooted" as a direct and deliberate result of defendants' actions in defendants' reissue proceeding. Although plaintiffs are entitled to dismissal without prejudice at least on this basis, plaintiffs have offered, in order to, *inter alia*, avoid wasting time, money, and resources on a now moot and pointless litigation, to dismiss with prejudice plaintiffs' claim under 35 U.S.C. §256 to correct the inventorship of either the soon-to-be-dead '962 patent-in-suit or the soon-to-issue reissue patent. Because such a dismissal is *with* prejudice, there would be no legal basis to argue that plaintiffs should pay defendants' costs, fees, or expenses. *See*, *e.g.*, *Nippy, Inc. v. Pro Rok, Inc.*, 932 F.Supp. 41, 43 (D. Puerto Rico 1996); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again."). Plaintiffs' offer to dismiss with prejudice is fair and fully supported by the law.

Plaintiffs urge the Court to promptly dismiss this action. To the extent the Court believes it would be helpful to have a hearing on any aspect of the arguments[3] concerning, and/or the conditions under which, a dismissal should be granted, plaintiffs are prepared to attend. Otherwise, no hearing is necessary.

**THEREFORE**, plaintiffs respectfully request that the Court:

- dismiss without prejudice the sole, pending claim under 35 U.S.C. §256 for correcting the inventorship of the soon-to-be-dead '962 patent-in-suit (as requested in Pltffs.' Mot./Dismiss [D.E. 132]), and rule that plaintiffs do not have to pay any of defendants' fees, expenses, or costs; *or*

---

[3] For example, plaintiffs would enjoy the opportunity to rebut, in detail and with evidentiary support, each and every one of defendants' scurrilous accusations concerning plaintiffs' motives and conduct in this litigation, if the Court believes such a hearing would be helpful in making the decision to dismiss this action.

Plaintiff's Partial Opp. to<br>Defs.' Mot./Hearing [D.E. 141]

- in the alternative, dismiss with prejudice the sole, pending claim under 35 U.S.C. §256 for correcting the inventorship of the soon-to-be-dead '962 patent-in-suit, and with prejudice to any future claim by plaintiffs under 35 U.S.C. §256 for correcting the inventorship of the soon-to-issue reissue patent, and rule that plaintiffs do not have to pay any of defendants' fees, expenses, or costs; *or*

- in the alternative, grant defendants' motion [D.E. 141] for a hearing with the limited purpose of discussing the arguments concerning, and/or the terms and conditions for, dismissing this action, if the Court believes such a hearing would be helpful; and

- grant such further and other relief as the Court deems just, equitable and proper.

Respectfully submitted,

**PETER J. MILLER, CLIFFORD HOYT, and CAMBRIDGE RESEARCH AND INSTRUMENTATION, INC.,**

By their attorneys:

Dated: July 25, 2007      /s/ Teodor Holmberg
Martin B. Pavane (admitted *pro hac vice*)
Teodor J. Holmberg (BBO# 634708)
David P. Badanes (admitted *pro hac vice*)
COHEN PONTANI LIEBERMAN & PAVANE LLP
551 Fifth Avenue
New York, New York 10176
E-mail: tidge@cplplaw.com

Erin E. McLaughlin (BBO# 647750)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
E-mail: EMcLaughlin@brownrudnick.com

**CERTIFICATE OF SERVICE**

I hereby certify that the document identified in the top right-hand portion of this page and filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the date indicated below.

Dated: July 25, 2007      /s/ Teodor Holmberg
Teodor J. Holmberg (BBO# 634708)