UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 05-10367-RWZ
06-11479-RWZ

PETER J. MILLER, et al.

v.

PATRICK TREADO, et al.

ORDER

July 25, 2007

ZOBEL, D.J.

I.   Background

Plaintiffs Peter J. Miller, Clifford Hoyt, and Cambridge Research and Instrumentation, Inc., brought suit in February 2005 by filing a five-count complaint seeking, inter alia, declaratory judgment that plaintiffs are the co-inventors of claims of a patent, U.S. Patent No. 6,734,962 (the '962 Patent) (which describes a chemical imaging system that detects chemical images from near infrared light).  Plaintiffs also contend that those patent claims are invalid and unenforceable because they misrepresent inventorship and violate the non-obviousness requirement of 35 U.S.C. § 103.  (Docket # 1, Complaint.)

Plaintiffs earlier agreed to dismiss Counts 2 through 5 and agreed to proceed only on Count 1 (the inventorship claim).  (See Docket # 2 and Electronic Order, 6/17/05.)  Thereafter, they sought to amend their complaint to add additional claims.

(Docket # 41.)  In a separate proceeding before the U.S. Patent and Trademark Office ("Patent Office"), defendants Patrick Treado and ChemImage Corp. sought reissuance of the patent in order to delete the subject matter allegedly invented by the plaintiffs.

At a status conference in September 2006, the parties agreed that the court would first resolve the inventorship issue.  Accordingly, the court stayed plaintiffs' motion to amend the complaint (Docket # 41) and plaintiffs' motion to consolidate the cases (Docket # 77) pending resolution of the inventorship issue.  (Docket # 83.)

## II.    Pending Motions

On March 17, 2007, the Patent Office allowed the claims in defendants' reissue proceeding.  (See Docket # 136-6, Decl. of Anthony J. Fitzpatrick in Supp. of Defs.' Mot. for Summ. J., Ex. E).  In particular, the reissue patent does not claim plaintiffs' alleged invention.  Plaintiffs now move to dismiss the action in its entirety (Docket # 133) on the ground that the reissuance of the patent with the deleted claims moots the inventorship issue.  Defendants oppose dismissal, and instead seek summary judgment essentially on the theory that the inventorship issue is not moot because plaintiffs' proposed amended complaint contains claims that derive from the inventorship dispute.[1]  (Docket # 134.)

As the inventorship of the original patent is no longer in issue in this case (because the reissued patent does not include plaintiffs' claims), there is no longer a

---

[1] In their proposed Amended Complaint, plaintiffs added several state law claims seeking damages arising from defendants' use of its invention.  Because those claims derive from the now moot inventorship claim, the motion to amend the complaint (Docket # 41) is denied.

case or controversy.  See Seattle Box Co. v. Indus. Crating & Packing, Inc., 731 F.2d 818, 827 (Fed. Cir. 1984) (original patent is surrendered under 35 U.S.C. § 252 when Patent Office reissues a patent).  Accordingly, dismissal is warranted.

### III.    Conclusion

Plaintiffs' motion to dismiss (Docket # 132) is ALLOWED and defendants' motion for summary judgment (Docket # 134) is DENIED.  Plaintiffs' motion to amend the complaint (Docket # 41) is DENIED.  Judgment may be entered dismissing Civil Action Nos. 05-10367-RWZ and 06-11479-RWZ.[2]

|       July 25, 2007       |       /s/Rya W. Zobel       |
|:-:|:-:|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2]  Due to concerns regarding the statute of limitations, plaintiffs filed a separate action, Cambridge Research and Instrumentation, Inc. v. ChemImage Corp., 06-11479-RWZ, alleging the same claims as in the proposed amended complaint in the instant action.  Plaintiffs have filed a notice of voluntary dismissal in the separation action.  Thus, Civil Action No. 06-11479-RWZ is dismissed as well.