IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____

PETER MILLER, CLIFFORD HOYT, and
CAMBRIDGE RESEARCH AND
INSTRUMENTATION, INC.

         Plaintiffs,

                  Case No. 05-10367 RWZ

    v.

PATRICK TREADO and CHEMIMAGE CORP.

         Defendants.
_____

## DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

Defendants ChemImage Corporation and Patrick Treado (collectively "Defendants") move pursuant to Fed. R. Civ. P. 59(e) for an order that this case be dismissed with prejudice, on the following grounds:

    a.    The Patent Office has not yet issued a reissue patent. Thus, the original '962 patent in suit remains in effect, and there is still a justiciable controversy between the parties.

    b.    Plaintiffs have requested that the action be dismissed with prejudice. In view of that request, caselaw dictates that the action be dismissed with prejudice.

The Court's July 25, 2007 Order and the July 26 Judgment apparently dismiss this action without prejudice. As more fully set forth below, Defendants ask that the Court re-visit its July 25, 2007 Order, because that decision appears to be based on a misunderstanding of the current status of the reissue proceedings related to the '962 patent. Furthermore, given that Plaintiffs have requested dismissal with prejudice (*see* Docket No. 142-1 – Plaintiffs' Reply Brief in support of

Motion to Dismiss, at pp. 3 and 11 (requesting that Count 1 be dismissed with prejudice)), this action should be dismissed with prejudice.

In support of this motion, Defendants state as follows:

1. As the Court is aware, Plaintiffs commenced this action based on the contention that they were co-inventors of certain claims of the '962 patent as originally issued by the United States Patent and Trademark Office ("PTO"). Presently, the '962 patent -- in its original form -- is the *only* patent that exists as a matter of law. In its July 25, 2007 decision, the Court accepted Plaintiffs' contention that this action should be dismissed because Plaintiffs do not claim co-inventorship of any revised patent that might emerge at some point in the future from the reissue proceedings related to the '962 patent. In doing so, the Court concluded that no case or controversy existed.

2. The basis for the Court's conclusion that no case or controversy existed is that the '962 patent (as originally issued) had been surrendered:

> As the inventorship of the original patent is no longer in issue in this case (because the reissued patent does not include plaintiffs' claims), there is no longer a case or controversy. *See Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984) (original patent is surrendered under 35 U.S.C. §252 when Patent Office reissues a patent).

Order dated July 25, 2007 at 2-3.

3. In fact, however, no such surrender has yet occurred. While the PTO has provided a "Notice of Allowance" in connection with the reissue proceedings related to the '962 patent, the reissue application is ***still pending*** and ***no reissued version of the '962 Patent has been granted*** by the PTO. Unless and until the PTO formally issues the reissue patent, at some indeterminate time in the future, no "reissued patent" legally exists. *See* 35 U.S.C. §252 ("The surrender of the original patent shall take effect upon the *issue* of the reissued patent... .")

2

(emphasis added); *In re Clement*, 131 F.3d 1464, 1472 (Fed. Cir. 1997) (the "original claims... continue to exist with their normal presumption of validity").

4.   The Court should not ignore this fundamental legal principle. Importantly, without the issuance of any reissue patent, there still remains a justiciable controversy concerning the original '962 patent because that patent is the only one that presently exists. As set forth in the Complaint filed in this case, Plaintiffs have always maintained that they co-invented certain claims of the original '962 patent. Given the continued existence of this dispute, Defendants submit that the dismissal of the action without prejudice is improper.

5.   At a minimum, this action should be dismissed ***with prejudice*** as Plaintiffs requested in their Reply Brief in support of their Motion to Dismiss. In their Reply Brief, Plaintiffs requested dismissal with prejudice. *See* Plaintiffs' Reply Brief at pp. 3 and 11. Defendants do not object to dismissal with prejudice.[1] Such a result would properly and finally adjudicate the one remaining count in this case, namely the claim of co-inventorship of the '962 patent. Furthermore, courts have held that when a plaintiff requests dismissal of a case with prejudice, the court is without discretion and the case must be so dismissed. *Century Mfg. Co. v. Central Transport Intern.,* 209 F.R.D. 647, 648 (D. Mass. 2002) (Dein, U.S.M.J.); *Shepard v. Egan,* 767 F. Supp. 1158, 1165 (D. Mass. 1990) (Freedman, U.S.D.J.) ("In this case, plaintiff has moved to dismiss her own claim with prejudice. At least one court has held that under these

---

[1]   Defendants' concern had been that Plaintiffs' original offer to dismiss the case with prejudice appeared to be limited to the <u>remedy</u> of an order correcting inventorship under 35 U.S.C. § 256, rather than the <u>substance</u> of the inventorship claim itself. *See e.g.* Plaintiffs' Reply Brief in support of Motion to Dismiss at 3-4 (referring only to remedy of inventorship correction under section 256). It now appears, however, that Plaintiffs agree to dismissal of the entire action with prejudice. *See* Plaintiffs' Partial Opposition to Defendants' Motion for a Hearing [Docket No. 146, filed July 26, 2007], at 4 ("plaintiffs offered to dismiss this action *with prejudice*") (emphasis in original).

3

circumstances, the court is without discretion, and must grant the motion. The Court finds this position highly persuasive . . . .") (citations omitted).

6.  Given Plaintiffs' explicit acknowledgment that it is appropriate to dismiss this action with prejudice, Defendants respectfully request that the Court re-visit its prior decision dismissing this action without prejudice. To that end, Defendants have submitted herewith a Proposed Order of Dismissal with Prejudice, for the Court's execution.

WHEREFORE, Defendants respectfully request that the Court vacate the Order dated July 25, 2007 and enter the Proposed Order submitted herewith, dismissing the remaining count in this case with prejudice in its entirety.

Respectfully submitted,

Date:  August 2, 2007

/s/ Anthony J. Fitzpatrick
Anthony J. Fitzpatrick (BBO # 564324)
Christopher S. Kroon (BBO # 660286)
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210
857.488.4220

Paul D. Weller (admitted *pro hac vice*)
Kenneth L. Racowski (admitted *pro hac vice*)
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5000

Counsel for Defendants,
Patrick Treado and ChemImage Corp.

**Certification Pursuant to Local Rule 7.1(A)(2)**

I, Christopher S. Kroon, Esquire, hereby certify that, before filing this motion, counsel for the parties conferred regarding the subject of this motion. As a result, counsel for Plaintiffs has advised that Plaintiffs do not assent to this motion.

/s/ Christopher S. Kroon
Christopher S. Kroon


**CERTIFICATE OF SERVICE**

I, Christopher S. Kroon, Esquire, hereby certify that this document filed through the ECF system will be sent electronically in accordance with the District of Massachusetts electronic filing procedures to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 2, 2007.

/s/ Christopher S. Kroon
Christopher S. Kroon

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

_____
:
PETER MILLER, CLIFFORD HOYT, and :
CAMBRIDGE RESEARCH AND :
INSTRUMENTATION, INC. :
:
                Plaintiffs, :
: Case No. 05-10367 RWZ
      v. :
:
PATRICK TREADO and CHEMIMAGE CORP. :
:
                Defendants. :
_____:

## [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE

    1.    The sole claim pending before the Court is Count 1, which alleges that Plaintiffs Peter Miller and Clifford Hoyt are co-inventors of U.S. Patent No. 6,734,962, as originally issued by the U.S. Patent Office on May 11, 2004 ("the Sole Pending Claim").

    2.    Plaintiffs have stipulated that they are not inventors of any claims now pending in the application to reissue United States Patent No. 6,734,962 currently pending before the U.S. Patent and Trademark Office, and Plaintiffs have requested that the Court dismiss the Sole Pending Claim with prejudice.  *See* Plaintiffs' Reply To Defendants' Opposition To Plaintiffs' Motion To Dismiss This Action Without Prejudice, at 11 ("the Court should dismiss the sole pending inventorship correction claim … with prejudice").

    3.    Defendants have consented to dismissal of the Sole Pending Claim with prejudice, provided that the dismissal will be deemed to constitute an adjudication on the merits with respect to such claim.

    WHEREFORE, it is ORDERED as follows:

2

1.     This action is hereby dismissed with prejudice.  This dismissal shall be deemed to constitute an adjudication on the merits with respect to the Sole Pending Claim.

2.     Each party shall bear its own costs.

SO ORDERED.

_____
Rya W. Zobel, United States District Judge